UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY BOND, Individually and On Behalf of All Others Similarly Situated, | Case No. 3:21-cv-00096 |
| Plaintiff, | Honorable Aleta A. Trauger |
| v. | <u>CLASS ACTION</u> |
| CLOVER HEALTH INVESTMENTS CORP., CHAMATH PALIHAPITIYA, VIVEK GARIPALLI, and ANDREW TOY, | |
| Defendants. | |
| BRINAL KAUL, Individually and On Behalf of All Others Similarly Situated, | Case No. 3:21-cv-00101 |
| Plaintiff, | Honorable Aleta A. Trauger |
| v. | <u>CLASS ACTION</u> |
| CLOVER HEALTH INVESTMENTS, CORP. f/k/a/ SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. III, VIVEK GARIPALLI, JOSEPH WAGNER, CHAMATH PALIHAPITIYA, STEVEN TRIEU, IAN OSBORNE, JACQUELINE D. RESES, and JAMES RYANS, | |
| Defendants. | |

010985-11/1460628 V1

| | |
|---|---|
| MATTHEW YANIV, Individually and On Behalf of All Others Similarly Situated, | Case No. 3:21-cv-00109 |
| Plaintiff, | Honorable Aleta A. Trauger |
| v. | <u>CLASS ACTION</u> |
| CLOVER HEALTH INVESTMENTS, CORP., VIVEK GARIPALLI, ANDREW TOY, and JOSEPH WAGNER, | |
| Defendants. | |
| JEAN-NICOLAS TREMBLAY, Individually and On Behalf of All Others Similarly Situated, | Case No. 3:21-cv-00138 |
| Plaintiff, | Honorable Aleta A. Trauger |
| v. | <u>CLASS ACTION</u> |
| CLOVER HEALTH INVESTMENTS, CORP. f/k/a SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. III, VIVEK GARIPALLI, ANDREW TOY, CHAMATH PALIHAPITIYA, STEVEN TRIEU, IAN OSBORNED, JACQUELINE D. RESE, and JAMES RYANS, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF PRABHJOT AHLUWALIA TO: (1) CONSOLIDATE THE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**

<u>**WAIVER OF MEET AND CONFER REQUIREMENT OF LR 7.01 REQUESTED**</u>

010985-11/1460628 V1

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................1

II. BACKGROUND ...................................................................................................2

III. ARGUMENT.........................................................................................................4

    A. The Related Actions Should Be Consolidated.....................................................4

    B. Movant Should Be Appointed Lead Plaintiff .......................................................5

        1. Movant's Motion Is Timely. .......................................................................6

        2. Movant Has The Largest Financial Interest In The Relief Sought By The Class...............................................................................6

        3. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure................................................................8

    C. Movant's Selection of Counsel Should Be Approved ..........................................9

IV. CONCLUSION.....................................................................................................9

010985-11/1460628 V1

# TABLE OF AUTHORITIES

## CASES

*3D Enters. Contr. Corp. v. Harpeth Valley Utils. Dist.*,
 2006 WL 8457621 (M.D. Tenn. Oct. 11, 2006) ........................................................................5

*Advey v. Celotex Corp.*,
 962 F.2d 1177 (6th Cir. 1992) .................................................................................................5

*Cantrell v. GAF Corp.*,
 999 F.2d 1007 (6th Cir. 1993) .................................................................................................4

*Franchi v. SmileDirectClub, Inc.*,
 2020 WL 6479561 (M.D. Tenn. Jan. 27, 2020)......................................................................2, 5

*French v. CBL & Assocs. Props., Inc.*,
 2016 WL 7668501 (E.D. Tenn. Sept. 26, 2016) ......................................................................5

*Norfolk Cty. Ret. Sys. v. Cmty. Health Sys., Inc.*,
 No. 3:11-CV-0433, 2011 WL 6202585 (M.D. Tenn. Nov. 28, 2011) .....................................9

*In re Regions Morgan Keegan Closed-End Fund Litig.*,
 2010 WL 5173851 (W.D. Tenn. Dec. 15, 2010) ......................................................................8

*Ret. Sys. v. Psychiatric Sols., Inc.*,
 2010 WL 1790763 (M.D. Tenn. Apr. 30, 2010).......................................................................7

*St. Clair Cty Emps. Ret. System v. Acadia Healthcare Co.*,
 2019 WL 494129 (M.D. Tenn. Jan. 9, 2019).........................................................................7, 9

## STATUTES

15 U.S.C. § 77z–1(a)(3)(B)(v)....................................................................................................1

15 U.S.C. §77z-1(a)(3)(B)(ii) .....................................................................................................4

15 U.S.C. § 78u–4(a)(3)(B)(i).....................................................................................................1

15 U.S.C. § 78u–4(a)(3)(B)(iii)(I) ..............................................................................................1

15 U.S.C. § 78u-4(a)(3)(A)(i).....................................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(i) .....................................................................................................2

15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).........................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(iii) ...................................................................................................6

010985-11/1460628 V1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ...................................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)............................................................................................8

15 U.S.C. § 78u-4(a)(3)(B)(v) ...................................................................................................2, 9

### OTHER AUTHORITIES

Fed. R. Civ. P. 42(a) .................................................................................................................1, 4

010985-11/1460628 V1

## I.    INTRODUCTION

Presently pending before this Court are the four related securities class actions (the "Related Actions") brought on behalf of purchasers of securities issued by Clover Health Investments Corp. ("Clover" or the "Company"), formerly known as Social Capital Hedosophia Holdings Corp. III ("SCH"), against the Company, certain senior officers and directors for alleged violations of the Securities Exchange Act of 1934 (the "Exchange Act"): (1) *Bond v. Clover Health Investments Corp.*, No. 3:21-cv-00096 (filed on February 5, 2021); (2) *Kaul v. Clover Health Investments Corp.*, No. 3:21-cv-00101 (filed on February 5, 2021); (3) *Yaniv v. Clover Health Investments Corp.*, No. 3:21-cv-00109 (filed on February 10, 2021); and (4) *Tremblay v. Clover Health Investments Corp.*, No. 3:21-cv-00138 (filed on February 22, 2021).[1]

The PSLRA requires district courts to resolve consolidation before appointing a lead plaintiff in securities cases. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).[2]  Since the Related Actions involve substantially similar issues of law and fact, the cases should be consolidated. See Fed. R. Civ. P. 42(a).

As soon as practicable after its decision on consolidation, the court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. § 78u–4(a)(3)(B)(i). The lead plaintiff is the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 77z–1(a)(3)(B)(v).

---

[1] In addition to claims under the Exchange Act, the *Kaul* action asserts claims for alleged violations Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act").

[2] Because the Private Securities Litigation Reform Act of 1995's ("PSLRA") lead plaintiff provisions applicable to the Exchange Act and Securities Act are virtually identical, only the Exchange Act provisions are cited herein.

- 1 -

Here, Prabhjot Ahluwalia, a Los Angeles-based software developer with significant investment experience, respectfully submits that he is the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff. Movant's motion is timely, and his losses of approximately $112,420.13 in connection with his purchases of Clover Health securities during the relevant time period represent the largest known financial interest in the relief sought by the class. *See* Declaration of Lucas E. Gilmore in Support of the Motion of Prabhjot Ahluwalia for Consolidation of Related Cases, Appointment as Lead Plaintiff and Approval of His Selection of Counsel ("Gilmore Decl."), Exs. A & B. In addition, Movant satisfies the relevant requirements of Rule 23 because his claims are typical of all members of the class and because he will fairly and adequately represent the class. *See infra* Section III.3.a., b.

Finally, Movant's selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as lead counsel should be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).[3]

## II.  BACKGROUND

Clover purports to be a Medicare Advantage insurer that uses its software platform, the Clover Assistant, to provide America's seniors with PPO and HMO insurance plans. On October 6, 2020, Clover issued a press release announcing plans to become a publicly traded company

---

[3] As set forth in the accompanying Notice of Motion, Movant requests waiver of the meet and confer Requirement of LR 7.01 given that this action is governed by the PSLRA. The PSLRA allows any purported class member (including a class member who is not individually named in the complaint) to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). Movant cannot determine which, if any, other parties will also move for appointment until after the deadline to file has expired. It is neither possible for Movant to know whom to contact for a conference nor to resolve the motion without Court involvement. Accordingly, Movant submits that the Court should waive the requirement to comply with LR 7.01(a) in this instance. *See Franchi v. SmileDirectClub, Inc.*, 2020 WL 6479561, at *2 (M.D. Tenn. Jan. 27, 2020) (waiving LR 7.01(a) meet and confer requirements because it conflicts with the provisions of the PSLRA).

- 2 -

via a merger with SCH. SCH was setup as a special purpose acquisition company (also known as a SPAC). SCH's shares traded on the New York Stock Exchange under the ticker symbol "IPOC." Clover's October 6, 2020 release provided, in relevant part, that the transaction valued Clover at an enterprise value of approximately $3.7 billion, and the transaction was expected to deliver up to $1.2 billion in gross proceeds.

On January 7, 2021, Clover and SCH announced that their anticipated business combination had been completed, and shares of Clover would begin trading on NASDAQ under the ticker symbol CLOV the next day.

The Related Actions allege Defendants made false and/or misleading statements during the alleged Class Period.[4]  Specifically, the Related Actions allege that Defendants misrepresented and concealed that: (i) Clover was the recipient of a Civil Investigative Demand from the DOJ; (ii) much of Clover's sales are driven by a major related party deal that Clover not only failed to disclose but took active steps to conceal; (iii) Clover's subsidiary Seek Insurance failed to disclose its relationship with Clover and misled consumers as to its purported independence; (iv) Clover's software was in fact rudimentary; and (v) as a result, the Company's public statements were materially false and misleading at all relevant times.

On February 4, 2021, analyst Hindenburg Research published a report entitled "Clover Health: How the 'King of SPACs' Lured Retail Investors Into a Broken Business Facing an Active, Undisclosed DOJ Investigation." In this report, Hindenburg "reveal[ed] how Clover Health and its Wall Street celebrity promoter, Chamath Palihapitiya, misled investors about critical aspects of Clover's business in the run-up to the company's SPAC go-public transaction

---

[4] The *Bond*, *Yoniv*, and *Tremblay* actions allege a class period of October 6, 2020 – February 3, 2021.  The *Kaul* action, however, extends the class period by one day, pleading a relevant time period of October 6, 2020 – February 4, 2021.

- 3 -

last month." Hindenburg stated that its investigation "spanned almost 4 months and has included more than a dozen interviews with former employees, competitors, and industry experts," as well as "dozens of calls to doctor's offices, and a review of thousands of pages of government reports, insurance filings, regulatory filings, and company marketing materials."

Hindenburg further noted: "[c]ritically, Clover has not disclosed that its business model and its software offering, called the Clover Assistant, are under active investigation by the Department of Justice (DOJ), which is investigating at least 12 issues ranging from kickbacks to marketing practices to undisclosed third-party deals, according to a Civil Investigative Demand . . . we obtained." Hindenburg wrote that the DOJ's "Civil Investigative Demand and the corresponding investigation present a potential existential risk for a company that derives almost all of its revenue from Medicare, a government payor. Our research indicates that the investigation has merit."

On this news, shares of Clover common stock declined from their February 3, 2021 closing price of $13.95 per share to just $12.23 per share on February 4, 2021, representing a one day drop of approximately 12.3%.

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §77z-1(a)(3)(B)(ii). Consolidation is appropriate where actions involve common questions of law or fact. See Fed. R. Civ. P. 42(a).

Consolidation is a matter for the trial court's discretion. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). Cases that have common questions of law or fact can be

- 4 -

consolidated "for the economy and convenience of the court and of the parties." *3D Enters. Contr. Corp. v. Harpeth Valley Utils. Dist.*, 2006 WL 8457621, at *1 (M.D. Tenn. Oct. 11, 2006). "Courts have found that consolidation is particularly appropriate in securities class action litigation." *French v. CBL & Assocs. Props., Inc.*, 2016 WL 7668501, at *1 (E.D. Tenn. Sept. 26, 2016). The underlying objective of consolidation is "to administer the court's business with expedition and economy while providing justice to the parties." *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992).

Here, consolidation is appropriate because the Related Actions rely on the same underlying facts and assert the same false and misleading statements and omissions. Moreover, the Related Actions all bring claims under the federal securities laws against substantially overlapping defendants.[5] Consolidation would preserve judicial resources and promote efficient prosecution of the litigation. Accordingly, the Court should consolidate these cases. *See Franchi v. SmileDirectClub, Inc.*, 2020 WL 6479561, at *3 (M.D. Tenn. Jan. 27, 2020) (consolidating three related securities class actions).

**B.      Movant Should Be Appointed Lead Plaintiff**

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

---

[5] Any minor differences between the Related Actions will be reconciled with the filing of a consolidated complaint.

- 5 -

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all of these criteria and is thus entitled to the presumption that he is the most adequate plaintiff of the class, and that, as a result, Movant should be appointed as Lead Plaintiff.

### 1. Movant's Motion Is Timely.

The pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. § 78u-4(a)(3)(A)(i). The notice published in this action on February 8, 2021 advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff by the lead plaintiff deadline. *See* Published Notice, Gilmore Decl., Exhibit C. Because Movant filed the motion within sixty days of publication of the notice of action, the motion is timely.

### 2. Movant Has The Largest Financial Interest In The Relief Sought By The Class.

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the movant with the "largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). "[T]he method used and the factors considered in determining each movant's financial interest remain

- 6 -

fully within the discretion of the district court." *St. Clair Cty Emps. Ret. System v. Acadia Healthcare Co.*, 2019 WL 494129, at *2 (M.D. Tenn. Jan. 9, 2019), quoting *Garden City Emps.' Ret. Sys. v. Psychiatric Sols., Inc.*, 2010 WL 1790763, at *3 (M.D. Tenn. Apr. 30, 2010).

Many courts determine the greatest financial interest by applying the "*Olsten-Lax* factors," which direct a court to consider, for each potential lead plaintiff:

> (1) the number of shares purchased; (2) the number of net shares purchased (the difference between shares purchased and shares sold); (3) the total net funds expended (the difference between the amount spent on shares and the amount received from sale of shares); and (4) the approximate losses suffered.

*St. Clair*, 2019 WL 494129, at *4. While courts vary in terms of the emphasis they give to each or any of these factors, this Court has adopted a policy of "acknowledging the potential relevance of the first three *Olsten – Lax* factors, but giving the fourth factor the greatest weight." *Id.* at *4, citing *Blitz v. AgFeed Indus., Inc.*, 2012 WL 1192814, at *7-8 (M.D. Tenn. Apr. 10, 2012) (collecting cases for the proposition that, of the four factors, alleged loss is the most important and concluding that the presumptive lead plaintiff had the largest financial interest "simply on the basis of the losses stated in [the movants'] initial Motions").

Here, Movant suffered substantial losses of $112,420.13 on his purchases of Clover Health securities during the alleged relevant period. *See* Gilmore Decl., Exs. A & B. Specifically, Movant purchased 62,550 shares of Clover Health securities, retaining 37,550 of those shares, at a net cost of $518,446.96. *See id.* To the best of Movant's knowledge, there are no other applicants seeking Lead Plaintiff appointment that have a larger financial interest in this litigation. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

- 7 -

**3.** **Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure.**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *In re Regions Morgan Keegan Closed-End Fund Litig.*, 2010 WL 5173851, at \*5 (W.D. Tenn. Dec. 15, 2010). Moreover, "Rule 23 establishes two requirements for appointing a lead plaintiff . . . 'typicality' and 'adequacy.'" *Id.*

Movant fulfills the requirements of Rule 23. Movant's claims share substantially similar questions of law and fact with the members of the Class, and his claims are typical of those of the members of the Class. Movant and all members of the Class allege that Defendants violated the Exchange Act by failing to disclose material facts about Clover's business and financial condition. Movant, as did all of the members of the Class, purchased Clover securities at prices artificially inflated by Defendants' misstatements and omissions, and was damaged thereby. These shared claims satisfy the requirement that the claims of the

- 8 -

representative parties be typical of the claims of the Class. *See Garden City Emps.' Ret. Sys.*, 2012 WL 1071281, at *37.

Movant is an adequate representative for the Class. There is no antagonism between the interests of Movant and those of the Class, and his losses demonstrate that he has a sufficient interest in the outcome of this litigation. Thus, the close alignment of interests between Movant and other Class members, as well as the strong desire of the proposed Lead Plaintiff to prosecute this action on behalf of the Class, provide ample reasons to grant Movant's motion to serve as Lead Plaintiff. *See St. Clair*, No. 2019 WL 494129, at *5.

## C. Movant's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). Lead plaintiff's choice of counsel will be honored unless the court finds that counsel to be unqualified, inexperienced, or otherwise incapable of adequately conducting the litigation. *See id*. § 78u-4(a)(3)(B)(v); *Norfolk Cty. Ret. Sys. v. Cmty. Health Sys., Inc*., No. 3:11-CV-0433, 2011 WL 6202585, at *8 (M.D. Tenn. Nov. 28, 2011).

Here, Movant has selected and retained Hagens Berman as the proposed Lead Counsel for the Class. Hagens Berman has extensive experience in successfully prosecuting complex securities class actions such as this one and are well-qualified to represent the Class. See Gilmore Decl. Ex. E. If this motion is granted, Hagens Berman will provide members of the Class with the highest caliber of representation available. Accordingly, the Court should approve Movant's selection of lead counsel.

## IV. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidated the above-captioned actions; (2) appointing Movant as Lead Plaintiff for the Class;

- 9 -

and (3) approving Lead Plaintiff's selection of Hagens Berman as Lead Counsel and Sutherland & Belk as Liaison Counsel for the Class.

Dated: April 6, 2021                                  Respectfully submitted,

SUTHERLAND & BELK, PLC

*/s/Russell Belk*

Russell Belk, B.P.R. No. 027960
Taylor Sutherland, B.P.R. No. 026624
2505 21st Avenue South, Suite 400
Nashville, TN, 37212
Phone: (615) 846-6200
Fax: (615) 208-2255
russell@sbinjurylaw.com
taylor@sbinjurylaw.com

*Counsel for Movant and Proposed Liaison Counsel for the Class*

HAGENS BERMAN SOBOL SHAPIRO LLP
Reed R. Kathrein (*pro hac vice* forthcoming)
Lucas E. Gilmore (*pro hac vice* forthcoming)
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

HAGENS BERMAN SOBOL SHAPIRO LLP
Steve W. Berman
1301 Second Avenue, Suite 3000
Seattle, WA  98101
Telephone: (206)
Facsimile:  (206)
steve@hbsslaw.com

*Counsel for Movant and Proposed Lead Counsel for the Class*

- 10 -

## CERTIFICATE OF SERVICE

This is to certify I have this date served the above and foregoing *Memorandum* on the

Court's electronic filing system, which will serve counsel of record.

SO CERTIFIED this 6th day of April 2021

SUTHERLAND & BELK, PLC

*/s/Russell Belk*
Russell Belk, B.P.R. No. 027960
Taylor Sutherland, B.P.R. No. 026624
2505 21st Avenue South, Suite 400
Nashville, TN, 37212
Phone: (615) 846-6200
Fax: (615) 208-2255
russell@sbinjurylaw.com
taylor@sbinjurylaw.com

- 1 -

010985-11/1460628 V1