UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY BOND, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CLOVER HEALTH INVESTMENTS, CORP., CHAMATH PALIHAPITIYA, VIVEK GARIPALLI, and ANDREW TOY, <br><br> Defendants. | Case No.: 3:21-cv-00096 <br><br> CLASS ACTION <br><br> Judge Aleta A. Trauger <br><br> ORAL ARGUMENT REQUESTED |
| BRINAL KAUL, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CLOVER HEALTH INVESTMENTS, CORP. f/k/a SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. III, VIVEK GARIPALLI, JOSEPH WAGNER, CHAMATH PALIHAPITIYA, STEVEN TRIEU, IAN OSBORNE, JACQUELINE D. RESES, and JAMES RYANS, <br><br> Defendants. | Case No.: 3:21-cv-00101 <br><br> Judge Aleta A. Trauger |
| MATTHEW YANIV, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CLOVER HEALTH INVESTMENTS, CORP., VIVEK GARIPALLI, ANDREW TOY and JOSEPH WAGNER, <br><br> Defendants. | Case No.: 3:21-cv-00109 <br><br> Judge Aleta A. Trauger |

| | |
|---|---|
| JEAN-NICOLAS TREMBLAY, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>      v.<br><br>CLOVER HEALTH INVESTMENTS, CORP. f/k/a SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. III, VIVEK GARIPALLI, ANDREW TOY, CHAMATH PALIHAPITIYA, STEVEN TRIEU, IAN OSBORNE, JACQUELINE D. RESES, and JAMES RYANS,<br><br>          Defendants. | Case No. 3:21-cv-00138<br><br>Judge Aleta A. Trauger |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
DWIGHT G. METCALF FOR CONSOLIDATION, APPOINTMENT
<u>AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL</u>**

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ..................................................................................................... 1

FACTUAL BACKGROUND ......................................................................................................... 3

ARGUMENT .................................................................................................................................. 5

I.     THE ACTIONS SHOULD BE CONSOLIDATED ............................................................ 5

II.    MR. METCALF SHOULD BE APPOINTED LEAD PLAINTIFF ................................. 6

       A.    The PSLRA Standard for Appointing Lead Plaintiff............................................. 6

       B.    Mr. Metcalf Is the "Most Adequate Plaintiff" ..................................................... 7

             1.    Mr. Metcalf's Motion Is Timely ................................................................. 7

             2.    Mr. Metcalf Has a Substantial Financial Interest........................................ 8

             3.    Mr. Metcalf Satisfies Rule 23's Typicality and Adequacy
                   Requirements ........................................................................................... 9

                   a.    Mr. Metcalf's Claims Are Typical of Those of the Class............... 9

                   b.    Mr. Metcalf Satisfies the Adequacy Requirement of
                         Rule 23 ................................................................................. 9

III.   MR. METCALF'S SELECTION OF LEAD COUNSEL MERITS APPROVAL .......... 11

CONCLUSION............................................................................................................................. 13

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ali v. Intel Corp.*,
  No. 18-cv-00507-YGR, 2018 WL 2412111 (N.D. Cal. May 29, 2018) ....................................1

*Bailey v. Esperion Therapeutics, Inc.*,
  No. 18-11438, 2018 WL 4509531 (E.D. Mich. Sept. 20, 2018) ................................................8

*Beattie v. Century Tel, Inc.*,
  511 F.3d 554 (6th Cir. 2007) ...................................................................................................9

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ...................................................................................................11

*Franchi v. SmileDirectClub, Inc.*,
  No. 3:19-cv-00962, 2020 WL 6479561 (M.D. Tenn. Jan. 27, 2020) .......................................6

*French v. CBL & Assocs. Props., Inc.*,
  No. 1:16-cv-165-TWP-CHS, 2016 WL 7668501 (E.D. Tenn. Sept. 26, 2016) ........................5

*In re Regions Morgan Keegan Closed–End Fund Litig.*,
  No. 07–02830, 2010 WL 5173851 (W.D. Tenn. Dec. 15, 2010) ..........................................5, 9

*Ret. Sys. v. Acadia Healthcare Co.*,
  No. 3:18-cv-00988, 2019 WL 494129 (M.D. Tenn. Jan. 9, 2019) ...................................6, 7, 8

*Ret. Sys. v. Psychiatric Sols., Inc.*,
  No. 3:09-00882, 2012 WL 1071281 (M.D. Tenn. Mar. 29, 2012) .....................................9, 10

*Ross v. Abercrombie & Fitch Co.*,
  257 F.R.D. 435 (S.D. Ohio 2009) .............................................................................................9

**Rules & Statutes**

Fed. R. Civ. P. 23 ........................................................................................................... *passim*

Fed. R. Civ. P. 42(a) .............................................................................................................5, 6

15 U.S.C. § 77k ......................................................................................................................1, 2

15 U.S.C. § 78u-4 *et seq.* ............................................................................................. *passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
No. 04-cv-08141 (S.D.N.Y.)..................................................................................11

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
No. 08-md-01963 (S.D.N.Y.) ...............................................................................11

*In re Fannie Mae 2008 Sec. Litig.*,
No. 08-cv-07831 (S.D.N.Y.).................................................................................12

*Hosp. Auth. of Metro. Nashville and Davidson Cty., Tenn.. v. Momenta Pharm.*,
No. 15-cv-1100 (M.D. Tenn.)................................................................................12

*In re Satyam Comput. Servs. Ltd. Sec. Litig.*,
No. 09-md-02027 (S.D.N.Y.) ...............................................................................12

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ................................11

Proposed Lead Plaintiff Dwight G. Metcalf ("Mr. Metcalf"), respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of his Motion for the entry of an Order: (1) consolidating the above-captioned actions (the "Actions"); (2) appointing Mr. Metcalf as Lead Plaintiff; (3) approving Mr. Metcalf's selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class and Spragens Law PLC ("Spragens Law") as Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

For the reasons discussed herein, Mr. Metcalf respectfully submits that he should be appointed Lead Plaintiff in the Actions. The Actions have been brought on behalf of all persons or entities who purchased or otherwise acquired Clover Health Investments, Corp. ("Clover" or the "Company") (formerly known as Social Capital Hedosophia Holdings Corp. III ("SCH")) securities between October 6, 2020 and February 4, 2021, inclusive (the "Class Period"),[1] and allege violations of the federal securities laws[2] against the Company and certain of its current and former executive officers (collectively, "Defendants").

---

[1] The Actions assert slightly different class periods and definitions. Generally, for the purposes of lead plaintiff appointment, the longest, most inclusive class period governs. *See, e.g., Ali v. Intel Corp.*, No. 18-cv-00507-YGR, 2018 WL 2412111, at *2 n.6 (N.D. Cal. May 29, 2018) (collecting cases that use of "longer, most inclusive class period" is appropriate at lead plaintiff stage) (citation omitted).

[2] All Actions allege violations of the Securities Exchange Act of 1934. The second-filed case captioned *Kaul v. Clover Health Investments, Corp.*, No. 21-cv-00101 (M.D. Tenn.) ("*Kaul* Action") has also alleged claims under the Securities Act of 1933 in connection with legacy Clover's December 2020 merger which SCH. Lead plaintiff appointment procedure under the

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class, and also whether such movant has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

For the reasons discussed herein, Mr. Metcalf respectfully submits that he is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. Mr. Metcalf incurred losses of *$136,741.24* on his Class Period transactions in Clover securities as calculated on a last-in-first-out ("LIFO") basis.[3] Accordingly, Mr. Metcalf has a substantial financial interest in directing this litigation and recovering losses attributable to Defendants' violations of federal securities laws—an interest believed to be greater than that of any other qualified movant. In addition to asserting a substantial financial interest in this litigation, Mr. Metcalf also meets the typicality and adequacy requirements of Rule 23 because his claims rely on the same facts and legal theories as those of the proposed class, and because he has retained experienced counsel and is committed to vigorously prosecuting the Action.

Finally, pursuant to the PSLRA, Mr. Metcalf respectfully requests that the Court approve his selection of Labaton Sucharow as Lead Counsel for the Class and Spragens Law as Liaison Counsel to the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall,

---

Securities Act of 1933 is identical to that under the Exchange Act. *See* 15 U.S.C. § 77k; 15 U.S.C. § 78u-4.

[3] A copy of the signed Certification of Mr. Metcalf is attached as Exhibit A to the Declaration of John Spragens (the "Spragens Decl."). The Certification sets forth all transactions of Mr. Metcalf in Clover securities during the Class Period. In addition, a table reflecting the calculation of financial losses sustained by Mr. Metcalf on his relevant transactions in Clover securities ("Loss Analysis") is attached as Exhibit B to the Spragens Decl.

2

subject to the approval of the court, select and retain counsel to represent the class"). Labaton Sucharow is a nationally recognized securities class action firm that has recovered billions of dollars for the benefit of injured investors and has the expertise and resources necessary to handle litigation of this complexity and scale. Spragens Law PLC is located in this District and proposed liaison counsel John Spragens has extensive experience with national class action litigation, including a recent "exceptional result" in this District.

Accordingly, Mr. Metcalf respectfully requests that the Court appoint him as Lead Plaintiff for the Class and approve his choice of Lead Counsel.

## FACTUAL BACKGROUND

Clover purports to be "a next-generation Medicare Advantage insurer" that seeks to "leverage [its] flagship software platform, the Clover Assistant, to provide America's seniors with PPO and HMO plans that are the obvious choice for Medicare-eligible consumers."

On October 6, 2020, Clover issued a press release announcing plans to become a publicly traded company via a merger with SCH. SCH was setup as a special purpose acquisition company (also known as a SPAC). SCH's shares traded on the New York Stock Exchange under the ticker symbol "IPOC." Clover's October 6, 2020 release provided, in relevant part, that the transaction valued Clover at an enterprise value of approximately $3.7 billion, and the transaction was expected to deliver up to $1.2 billion in gross proceeds.

On January 7, 2021, Clover and SCH announced that their anticipated business combination had been completed, and shares of Clover would begin trading on NASDAQ under the ticker symbol CLOV the next day. During the Class Period, shares of IPOC/CLOV common stock traded as high as $17.45 each.

3

On February 4, 2021, an analyst Hindenburg Research published a report entitled "Clover Health: How the 'King of SPACs' Lured Retail Investors Into a Broken Business Facing an Active, Undisclosed DOJ Investigation."  In this report, Hindenburg "reveal[ed] how Clover Health and its Wall Street celebrity promoter, Chamath Palihapitiya, misled investors about critical aspects of Clover's business in the run-up to the company's SPAC go-public transaction last month."  Hindenburg stated that its investigation "spanned almost 4 months and has included more than a dozen interviews with former employees, competitors, and industry experts," as well as "dozens of calls to doctor's offices, and a review of thousands of pages of government reports, insurance filings, regulatory filings, and company marketing materials."

Hindenburg continued: "[c]ritically, Clover has not disclosed that its business model and its software offering, called the Clover Assistant, are under active investigation by the Department of Justice (DOJ), which is investigating at least 12 issues ranging from kickbacks  to marketing practices to undisclosed third-party deals, according to a Civil Investigative Demand . . . we obtained."  Hindenburg wrote that the DOJ's "Civil Investigative Demand and the corresponding investigation present a potential existential risk for a company that derives almost all of its revenue from Medicare, a government payor.  Our research indicates that the investigation has merit."

On this news, shares of Clover common stock plummeted from their February 3, 2021 closing price of $13.95 per share to just $12.23 per share on February 4, 2021, representing a one day drop of approximately 12.3%.  This represents a loss of approximately $700 million in market capitalization.  Moreover, shares traded as low as $11.86 per share intraday on February 4, 2021.

Based on the foregoing, the Actions allege that throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Clover was the recipient of a Civil Investigative Demand from the DOJ; (2) much of Clover's sales are driven by a major related party deal that Clover not only failed to disclose but took active steps to conceal; (3) Clover's subsidiary Seek Insurance failed to disclose its relationship with Clover and misled consumers as to its purported independence; (4) Clover's software was in fact rudimentary; and (5) as a result, the Company's public statements were materially false and misleading at all relevant times.

## ARGUMENT

### I. THE ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Consolidation pursuant to Rule 42(a) is appropriate when actions "involve common questions of law or fact." *French v. CBL & Assocs. Props., Inc.*, No. 1:16-cv-165-TWP-CHS, 2016 WL 7668501, at *1 (E.D. Tenn. Sept. 26, 2016); *see also In re Regions Morgan Keegan Closed–End Fund Litig.*, No. 07–02830, 2010 WL 5173851, at *14 (W.D. Tenn. Dec. 15, 2010). "[C]onsolidation is particularly appropriate in securities class action litigation." *CBL & Assocs. Props., Inc.*, 2016 WL 7668501, at *1. "[D]ifferences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation" *Id.* (quoting *In re Gen. Elec. Sec. Litig.*, No. 09 civ.

1951(DC), 2009 WL 2259502, at *2 (S.D.N.Y. July 29, 2009)); *see also Franchi v. SmileDirectClub, Inc.*, No. 3:19-cv-00962, 2020 WL 6479561, at *2 (M.D. Tenn. Jan. 27, 2020) (same).

Here, the Actions are well-suited for consolidation.  The complaint filed in each of the Actions allege that Defendants violated the federal securities laws.  Each action sets forth overlapping allegations relating to similar parties, transactions, and events.  Because consolidation will promote judicial efficiency and conserve the resources of all parties, consolidation is appropriate pursuant to Rule 42(a).  Accordingly, Mr. Metcalf respectfully requests that the Court consolidate the Actions, and any other subsequently filed action.

## II.    MR. METCALF SHOULD BE APPOINTED LEAD PLAINTIFF

Mr. Metcalf respectfully submits that he should be appointed Lead Plaintiff because he filed the instant motion in a timely manner, has a substantial financial interest in this litigation, and satisfies the typicality and adequacy requirements of Rule 23.

### A.    The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Securities or Exchange Acts] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff); *St. Clair Cty. Emps.' Ret. Sys. v. Acadia Healthcare Co.*, No. 3:18-cv-00988, 2019 WL 494129, at *2–3 (M.D. Tenn. Jan. 9, 2019) (discussing step-by-step procedure for appointing lead plaintiff).

First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire

6

> service, a notice advising members of the purported plaintiff class –
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (1) filed a complaint or timely filed a motion to serve as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) who otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Acadia Healthcare Co.*, 2019 WL 494129, at *2. Under the framework established by the PSLRA, Mr. Metcalf is the most adequate plaintiff and should be appointed Lead Plaintiff.

### B. Mr. Metcalf Is the "Most Adequate Plaintiff"

#### 1. Mr. Metcalf's Motion Is Timely

Mr. Metcalf filed this motion to serve as Lead Plaintiff in a timely manner. Pursuant to the PSLRA, the plaintiff in the second-filed *Kaul* Action issued notice on February 5, 2021 regarding the pending nature of this case on *Globe Newswire,* a widely-circulated, national, business-oriented news wire service, informing members of the proposed class they could file a

7

motion for appointment as Lead Plaintiff on or before April 6, 2021. *See* Spragens Decl., Ex. C. Thereafter, plaintiff in the first-filed case caused notice to be published on February 8, 2021 on *Globe Newswire* reiterating the April 6, 2021 filing deadline. *See id.* Ex. D. Therefore, under PSLRA lead plaintiff procedure, any person who is a member of the proposed class may apply to be appointed Lead Plaintiff within sixty days after publication of the notice, *i.e.*, on or before April 6, 2021.

Mr. Metcalf filed his motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA. *See Acadia Healthcare Co.*, 2019 WL 494129, at *3 (finding notice requirement satisfied where notice was published in *BusinessWire* the day after the filing of the complaint and movants timely filed motions); *see also Bailey v. Esperion Therapeutics, Inc.*, No. 18-11438, 2018 WL 4509531, at *1 (E.D. Mich. Sept. 20, 2018) (finding notice requirement satisfied).

### 2. Mr. Metcalf Has a Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Acadia Healthcare Co.*, 2019 WL 494129, at *3; *Esperion Therapeutics*, 2018 WL 4509531, at *1.

Mr. Metcalf incurred losses of ***$136,741.24*** on his Class Period transactions in Clover securities as calculated on a LIFO basis. *See* Loss Analysis, Spragens Decl., Ex. B. Accordingly, Mr. Metcalf has a substantial financial interest as a qualified movant seeking Lead Plaintiff status, and for the reasons that follow, because he also satisfies the requirements of Rule 23 of the federal rules of civil procedure ("Rule 23"), he is the presumptive "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Acadia Healthcare Co.*, 2019 WL 494129, at *2–5) (finding movant with largest financial interest to be "most adequate plaintiff").

8

### 3. Mr. Metcalf Satisfies Rule 23's Typicality and Adequacy Requirements

The PSLRA provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must make a *prima facie* showing that it satisfies the typicality and adequacy requirements of Rule 23. *See In re Regions Morgan Keegan Closed-End Fund Litig.*, 2010 WL 5173851, at *5. Here, Mr. Metcalf unquestionably satisfies both requirements.

### a. Mr. Metcalf's Claims Are Typical of Those of the Class

"In the Sixth Circuit, the test for typicality is whether a named plaintiff's claims 'arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" *Garden City Emps.' Ret. Sys. v. Psychiatric Sols., Inc.*, No. 3:09-00882, 2012 WL 1071281, at *37 (M.D. Tenn. Mar. 29, 2012) (certifying securities class action) (citation omitted); *see also Beattie v. Century Tel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) (same). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *See Ross v. Abercrombie & Fitch Co.*, 257 F.R.D. 435, 444 (S.D. Ohio 2009) (collecting cases).

Mr. Metcalf's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Mr. Metcalf alleges that Defendants made material misstatements and omissions regarding the statements made in related to Clover. Mr. Metcalf, as did all of the members of the Class, purchased Clover securities during the Class Period in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, the typicality requirement is satisfied.

### b. Mr. Metcalf Satisfies the Adequacy Requirement of Rule 23

Mr. Metcalf likewise satisfies the adequacy requirement of Rule 23. The adequacy of

9

representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Courts in this District assess a movant's adequacy based on whether: "(1) the representative[s] . . . have common interests with unnamed members of the class, and (2) it [ ] appear[s] that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Psychiatric Sols., Inc.*, 2012 WL 1071281, at *37 (alteration in original) (internal quotation marks and citation omitted)

Mr. Metcalf will fairly and adequately represent the interests of the proposed Class. No antagonism exists between Mr. Metcalf's interests and those of the absent Class members; rather, the interests of Mr. Metcalf and Class members are squarely aligned. Mr. Metcalf suffered substantial losses due to Defendants' alleged misconduct, and therefore has a sufficient interest in the outcome of this case to ensure its zealous prosecution through the oversight of his choice of counsel. Finally, there is no proof that Mr. Metcalf is "subject to unique defenses that render such plaintiff incapable of representing the class," because no such proof exists. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Finally, as detailed herein, Mr. Metcalf has retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, *see infra* Section III.

Mr. Metcalf, an Arizona resident, is a sophisticated investor with more than 30 years of investing experience and has earned a bachelor's degree and master's degree in engineering from Arizona State University. *See* Declaration, Spragens Decl. Ex. E, ¶¶ 3, 4. Mr. Metcalf is trained as a civil engineer and engaged in heavy civil contracting as a profession. *Id.* ¶ 3. In this role, Mr. Metcalf has experience overseeing attorneys. *Id.* ¶ 6. Further, as detailed in his Declaration, Mr. Metcalf determined to seek the role of Lead Plaintiff because he believes in the importance

of this matter in that it alleges serious misconduct that caused substantial losses to investors and raises significant corporate governance concerns. *Id.* ¶¶ 2, 4. Mr. Metcalf is strongly motivated to recover investment losses in Clover securities on behalf of himself and the Class, and therefore believes it is necessary this litigation be entrusted to highly qualified counsel as Lead Counsel. *Id.* ¶ 4. In this regard, Mr. Metcalf is aware of the fiduciary duties he will assume if appointed as Lead Plaintiff, including the selection and continued oversight of counsel. *Id.* ¶¶ 6, 7. Mr. Metcalf has already taken steps in directing his selection of counsel, including through the negotiation of a retainer and fees should the Actions settle. *Id.* Accordingly, the adequacy requirement is satisfied.

### III. MR. METCALF'S SELECTION OF LEAD COUNSEL MERITS APPROVAL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the Reform Act evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the plaintiff class." *See* H.R. Conf. Rep. No. 104-369, at 35 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Mr. Metcalf has selected the law firm of Labaton Sucharow to represent the Class. Labaton Sucharow has excelled as lead counsel in numerous actions on behalf of defrauded investors. For example, Labaton Sucharow served as lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-08141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors; and secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No.

08-md-01963 (S.D.N.Y.), in which the Firm served as co-lead counsel. Labaton Sucharow also served as co-lead counsel in *In re Satyam Computer Services Ltd. Securities Litigation*, No. 09-md-02027 (S.D.N.Y.), through which it helped recover from the company and its auditors a total of $150.5 million for class members, and secured a $170 million recovery as co-lead counsel in *In re Fannie Mae 2008 Securities Litigation*, No. 08-cv-07831 (S.D.N.Y.). Labaton Sucharow presently serves as lead or co-lead counsel in several significant investor class actions. *See* Labaton Sucharow Firm Resume, Spragens Decl., Ex. F.

Likewise, Spragens Law is well qualified to represent the Class as Liaison Counsel. Spragens Law maintains an office in this District and has substantial litigation experience in this court. Spragens Law has extensive experience with national class action litigation and recently resolved a hotly contested, five-year class action case in this court, achieving a $120 million settlement Chief Judge Waverly D. Crenshaw characterized as an "extraordinary result" for the class. *See Hosp. Auth. of Metro. Nashville and Davidson Cty., Tenn.. v. Momenta Pharm.*, No. 15-cv-1100 (M.D. Tenn.). Thus, the firm is well qualified to represent the Class as Liaison Counsel. *See* MANUAL FOR COMPLEX LITIGATION (Fourth) § 10.221 (2004) (discussing role of liaison counsel and noting that "[l]iaison counsel will usually have offices in the same locality as the court.").

In light of the foregoing, the Court should approve Mr. Metcalf's selection of Labaton Sucharow as Lead Counsel for the Class and Spragens Law as Liaison Counsel for the Class. The Court can be assured that, by approving Mr. Metcalf's choice of counsel, the Class will receive the highest caliber of representation.

**CONCLUSION**

For the foregoing reasons, Mr. Metcalf respectfully requests that the Court grant his motion and enter an Order: (1) consolidating the Actions; (2) appointing Mr. Metcalf as Lead Plaintiff; (3) approving Mr. Metcalf's selection of Labaton Sucharow as Lead Counsel for the Class and Spragens Law as Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

13

DATED:  April 6, 2021

Respectfully submitted,

*/s/ John Spragens*
John Spragens (Bar No. 031445)
**SPRAGENS LAW PLC**
311 22nd Avenue N.
Nashville, Tennessee 37203
Telephone: (615) 983-8900
Facsimile: (615) 682-8533
john@spragenslaw.com

*Local Counsel for Lead Plaintiff Movant Dwight G.
Metcalf and Proposed Liaison Counsel for the Class*

Christopher J. Keller
Eric J. Belfi
Francis P. McConville
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Lead Plaintiff Movant Dwight G. Metcalf,
and Proposed Lead Counsel for the Class*

Guillaume Buell
**THORNTON LAW FIRM LLP**
1 Lincoln Street
Boston, Massachusetts 02111
Telephone: (617) 531-3933
Facsimile: (617) 720-2445
Email: gbuell@tenlaw.com

*Additional Counsel for Dwight G. Metcalf*

14

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify under penalty of perjury that on April 6, 2021, I authorized the electronic filing of the MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DWIGHT G. METCALF FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

Respectfully submitted,

*/s/ John Spragens*
JOHN SPRAGENS

# Mailing Information for a Case 3:21-cv-00096 Bond v. Clover Health Investments, Corp. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey C. Block**
  jeff@blockleviton.com

- **Benjamin A. Gastel**
  beng@bsjfirm.com,nicolev@bsjfirm.com,mariahy@bsjfirm.com,gerards@bsjfirm.com,ecf-processor@bsjfirm.com,jims@bsjfirm.com

- **James Gerard Stranch , IV**
  gerards@bsjfirm.com,ecf-processor@bsjfirm.com,jennifers@bsjfirm.com

- **Stephen J. Teti**
  steti@blockleviton.com

- **Jacob A. Walker**
  jake@blockleviton.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

Case 3:21-cv-00096     Document 20     Filed 04/06/21     Page 21 of 21 PageID #: 186