# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY BOND, Individually and on Behalf of All Others Similarly Situated, ) ) ) | 3:21-cv-00096-AAT |
| Plaintiff, ) | Honorable Aleta A. Trauger |
| vs. ) ) | |
| CLOVER HEALTH INVESTMENTS, CORP., CHAMATH PALIHAPITIYA, VIVEK GARIPALLI, and ANDREW TOY, ) ) ) ) ) | |
| Defendants. ) ) | |

| | |
|---|---|
| BRINAL KAUL, Individually and on Behalf of All Others Similarly Situated, ) ) ) | 3:21-cv-00101-AAT |
| Plaintiff, ) ) | |
| vs. ) ) | |
| CLOVER HEALTH INVESTMENTS CORP., f/k/a/ SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. III, VIVEK GARIPALLI, JOSEPH WAGNER, CHAMAPTH PALIHAPITAYA, STEVEN TRIEU, IAN OSBORNE, JACQUELINE D. RESES, and JAMES RYANS, ) ) ) ) ) ) ) ) ) | |
| Defendants. ) ) ) | |

| | |
|---|---|
| MATTHEW YANIV, Individually and on Behalf of All Others Similarly Situated, ) ) ) | 3:21-cv-00109-AAT |
| Plaintiff, ) ) | |
| vs. ) ) | |
| CLOVER HEALTH INVESTMENTS, CORP., VIVEK GARIPALLI, ANDREW TOY, and JOSEPH WAGNER, ) ) ) ) | |
| Defendants. ) ) ) | |

| | |
|---|---|
| JEAN NICOLAS TREMBLAY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CLOVER HEALTH INVESTMENTS CORP., f/k/a/ SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. III, VIVEK GARIPALLI,  ANDREW TOY CHAMATH PALIHAPITIYA, STEVEN TRIEU, IAN OSBORNE, JACQUELINE D. RESES and JAMES RYANS,<br><br>Defendants. | 3:21-cv-00138-AAT |

## MEMORANDUM OF LAW IN SUPPORT OF
## LORI BRENNAN'S MOTION TO CONSOLIDATE RELATED ACTIONS AND FOR
## APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL

Class member Lori Brennan ("Movant") respectfully submits this memorandum of law in support of her motion for:

(a) consolidation of the above-captioned related actions pursuant to Federal Rule of Civil Procedure 42(a);

(b) appointment as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), and Section 27 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77z-1(a)(3), both as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and

(c) approval of Movant's selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel for the litigation and of Holifield and Janich PLLC ("Holifield & Janich").

## PRELIMINARY STATEMENT

Presently pending in this District are the above-captioned related securities class actions (the "Actions") alleging virtually identical violations of the Securities Act and the Exchange Act[1] brought on behalf of all persons or entities (the "Class") who purchased the securities of Clover Health Investments Corp., f/k/a Social Capital Hedosophia Holdings Corp. III ("Clover" or the "Company") between October 6, 2020, and February 4, 2021 (the "Class Period").[2] Movant moves

---

[1] The *Kaul v. Clover Health Investments, Corp.,* No. 3:21-cv-00101 Dkt No. 1 (M.D. Tenn.) complaint, in addition to alleging claims under Exchange Act, alleges claims under the Securities Act of 1933 ("Securities Act") on behalf of all investors who purchased or acquired Clover securities pursuant or traceable to the Company's registration statement and prospectus in issued in connection with the December 2020 Merger.

[2] The *Bond v. Clover Health Investments, Corp.*, No. 3:21-cv-00096 Dkt No. 1 (M.D. Tenn.), *Yaniv v. Clover Health Investments Corp.*, No. 3:21-cv-00109 Dkt No. 1 (M.D. Tenn.), and the *Tremblay v. Clover Health Investments, Corp.*, No. 3:21-cv-00138 Dkt No. 1 (M.D. Tenn.) complaints allege a class period of October 6, 2020, through February 3, 2021. The *Kaul v. Clover Health Investments, Corp.,* No. 3:21-cv-00101 Dkt No. 1 (M.D. Tenn.) alleges a class period on behalf of all persons or entities who otherwise acquired publicly traded Clover securities between October 6, 2020 and February 4, 2021.

1

for these Actions to be consolidated pursuant to Federal Rule of Civil Procedure 42(a) because they involve common questions of law and fact and because consolidation here would promote judicial economy.

Under the PSLRA, class action complaints alleging violations of the Securities Act and the Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action (the "Lead Plaintiff"). The presumptive lead plaintiff is the movant that has both the largest financial interest in the litigation and has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.

As set forth more fully herein, Movant, an investor with 12 years of investing experience residing in Florida, satisfies these requirements and should be appointed Lead Plaintiff of the Actions. First, Movant lost $40,059.71 on her purchases of Clover securities during the Class Period. Movant believes that her loss is the largest financial loss in the Actions and her substantial financial interest will ensure her vigorous prosecution of the Class' claims. Second, Movant satisfies Federal Rules 23(a)(3) and (a)(4), as her claims are typical of the claims of the Class, she has no interests that are antagonistic to the Class, and she will fairly and adequately represent the interests of the Class. Additionally, Movant selected experienced and qualified counsel that can adequately represent the Class here and has negotiated a favorable fee for the benefit of the Class with her chosen counsel in connection with that representation.

Accordingly, Movant respectfully requests that the Court grant her motion to consolidate the Actions, to appoint her as Lead Plaintiff, and to approve her selection of Bernstein Liebhard as Lead Counsel and Holifield Janich as Liaison Counsel.

**SUMMARY OF THE COMPLAINT**

Clover purports to be a "next-generation Medicare Advantage insurer" that seeks to "leverage [its] flagship software platform, the Clover Assistant, to provide America's seniors with PPO and HMO plans that are the obvious choice for Medicare-eligible customers."

The Actions allege that, during the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Clover was the recipient of a Civil Investigative Demand from the Department of Justice ("DOJ"); (ii) much of Clover's sales are driven by a major related party deal that Clover not only failed to disclose but took active steps to conceal; (iii) Clover's subsidiary Seek Insurance failed to disclose its relationship with Clover and misled consumers as to its purported independence; (iv) Clover's software was in fact rudimentary; and (v) as a result, the Company's public statements were materially false and misleading at all relevant times.

On February 4, 2021, analyst Hindenburg Research, published a report entitled "Clover Health: How the 'King of SPACs' Lured Retail Investors Into a Broken Business Facing an Active, Undisclosed DOJ Investigation." In this report, Hindenburg "reveal[ed] how Clover Health and its Wall Street celebrity promoter, Chamath Palihapitiya misled investors about critical aspects of Clover's business in the run-up to the company's SPAC go-public transaction last month."

On this news, shares of Clover common stock plummeted from their February 3, 2021 closing price of $13.95 per share to just $12.23 per share on February 4, 2021, representing a one day drop of approximately 12.3%.

**ARGUMENT**

**I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in

3

adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). *See French v. CBL & Associates Properties, Inc.*, 1:16-CV-165-TWP-CHS, 2016 WL 7668501, at *1 (E.D. Tenn. Sept. 26, 2016) ("Cases should be consolidated where there is more than one action on behalf of a class asserting substantially the same claim or claims.") (internal citations omitted). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the Actions has been filed in this District alleging substantially similar factual and legal grounds to support allegations of violations of the Exchange Act by the Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the Actions should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II. THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF

### A. The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B); Section 27 of the Securities Act of 1933 and 15 U.S.C. §§ 77z-1(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency

4

of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. 15 U.S.C. § 78u-4(a)(3)(A)(i); 15 U.S.C. § 77z-1(a)(3)(A)(i). Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B); 15 U.S.C. § 77z-1 (a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i); 15 U.S.C. § 77z-1(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person that:

i)      has either filed the complaint or made a motion in response to an Early Notice;

ii)     in the determination of the court, has the largest financial interest in the relief sought by the class; and

iii)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

As set forth *infra*, Movant meets the foregoing criteria, and therefore is entitled to the presumption of being the "most adequate plaintiff" of the Class.

**B.      Movant is the Most Adequate Plaintiff**

Movant respectfully submits that she is presumptively the "most adequate plaintiff" because she has made a motion in response to an Early Notice, believes she has  the largest

financial interest in the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### 1.      Movant's Motion is Timely

On February 8, 2021, the Early Notice was published via *GlobeNewswire. See* Declaration of Al Holifield ("Holifield Decl."), Ex. A. Accordingly, putative class members had until April 6, 2021 to file their lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class."); 15 U.S.C. § 77z-1(a)(3)(A)(i)(II).

Movant has timely filed her motion in response to the Early Notice. Additionally, she  has filed a sworn certification, pursuant to 15 U.S.C. § 78u-4(a)(2)(A); and 15 U.S.C. § 77z-1 (a)(2)(A), attesting to her review of the complaint in this Action and her willingness to serve as a representative of the Class, including providing testimony at deposition and trial, if necessary. *See* Holifield Decl., Ex. B. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2.      Movant Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

Movant suffered a substantial loss of $40,059.71 in connection with her purchases of Clover securities during the Class Period. *See* Holifield Decl., Ex. C. Movant is not aware of any other movant that has suffered greater losses in Clover securities during the Class Period. Accordingly, Movant has the largest financial interest in this litigation.

6

### 3. Movant Meets the Requirements of Fed. R. Civ. P. 23

At this stage of the litigation, in determining whether a movant is the presumptive lead plaintiff under the PSLRA, only a *prima facie* showing that the requirements of Rule 23 are met is necessary. *See Franchi v. SmileDirectClub, Inc.*, 3:19-CV-00962, 2020 WL 6479561, at *4 (M.D. Tenn. Jan. 27, 2020) ("The next step [after identifying the movant with the largest financial interest] is to determine whether [the movant] satisfies the typicality and adequacy factors set forth in Rule 23."). Movant, an investor with 12 years of investing experience residing in Florida, satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure.

### (a) Movant's Claims Are Typical of Those of the Class

A lead plaintiff movant is typical of other proposed class members under Rule 23 if its claims…arise from purchases made in reliance on the same alleged misstatements and omissions that the complainants and other movants base their claims on, and they also seek the same relief, based on the same legal theories. *See St. Clair County Employees' Ret. Sytem v. Acadia Healthcare Co., Inc.,* 3:18-CV-00988, 2019 WL 494129, at *5 (M.D. Tenn. Jan. 9, 2019) (finding a movant was typical where its "claims arise "from the same event or practice or course of conduct that gives rise to the claims of other class members" and involve the same legal theory."). Movant's claims are typical of the Class in that she: (i) suffered the same injuries as a result of the same, or substantially the same, course of conduct by the named defendants; and (ii) bases her claims on the same, or substantially the same, legal theories as the Class.

Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include whether:

- Defendants violated the federal securities laws; and

7

- the members of the Class sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to Movant as to all members of the Class. Since Movant's claims have the same essential characteristics as those of the other Class members, the typicality requirement is satisfied.

### (b) Movant Will Fairly and Adequately Protect the Interests of the Class

"The adequacy requirement ensures that there are no conflicts of interest between the proposed lead plaintiff and other class members, and ensures that the proposed lead plaintiff "will vigorously prosecute the interests of the class through qualified counsel,'" *City of Taylor Gen. Employees Ret. System v. Astec Industries, Inc.*, 1:19-CV-24-PLR-CHS, 2019 WL 2611013, at *3 (E.D. Tenn. June 26, 2019) (internal citations omitted). Movant is an adequate Lead Plaintiff. Movant and members of the Class have the same interest: to maximize the recovery from Defendants as a result of the alleged fraud. Because of Movant's substantial financial stake in the litigation, Class members can be assured that Movant has the incentive to vigorously prosecute the claims.

Additionally, Movant has demonstrated her adequacy through her selection of Bernstein Liebhard as Lead Counsel and Holifield & Janich as Liaison Counsel for the proposed Class. As discussed more fully below, Bernstein Liebhard is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class action lawsuits nationwide.

## III.   THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v).

8

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Holifield Decl., Ex. D (Firm Résumé of Bernstein Liebhard). Accordingly, the Court may be assured that by approving Bernstein Liebhard as Lead Counsel, the Class is receiving high-caliber legal representation.

Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country. Some of the firm's most recent Lead Counsel appointments include *In re Hexo Corp Sec. Litig.*, No. 1:19-cv-10965-NRB (S.D.N.Y.) and *In re Fiat Chrysler Automobiles N.V. Sec. Litig.*, No. 1:19-cv-06770-ERK (E.D.N.Y.).

Bernstein Liebhard has also frequently appeared in major actions in numerous courts throughout the country. *The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. In 2016, Bernstein Liebhard was listed for the eleventh consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years. Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *In re Fannie Mae Securities Litigation*, No. 04-1639 (FJL) (D.D.C. 2013) ($153 million settlement);

9

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million); and

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

Additionally, proposed Liaison Counsel, Holifield & Janich, maintains offices in this District, and has extensive securities class action experience. *See* Holifield Decl., Ex. E (Firm Résumé of Holifield & Janich).

### CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the related Actions; (2) appoint her as Lead Plaintiff of the consolidated Actions, and all subsequently-filed, related actions; and (3) approve Movant's selection of Bernstein Liebhard as Lead Counsel and Holifield & Janich as Liaison Counsel for the litigation.

10

Dated: April 6, 2021                              Respectfully submitted,

**HOLIFIELD & JANICH, PLLC**

/s/ *Al Holifield*
Al Holifield (BPR # 015494)
11907 Kingston Pike, Suite 201
Knoxville, TN 37934
Telephone: (865) 566-0115
Facsimile: (865) 566-0119
Email: Aholifield@holifieldlaw.com

*Liaison Counsel for Movant and [Proposed]*
*Liaison Counsel for the Class*

**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson
Matthew E. Guarnero
10 East 40th Street
28th Floor
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email:  lhasson@bernlieb.com
          mguarnero@bernlieb.com

*Counsel for Movant and [Proposed] Lead*
*Counsel for the Proposed Class*
*PRO HACE VICE APPLICATION TO BE*
*SUBMITTED*

11

<strong>CERTIFICATE OF SERVICE</strong>

I hereby certify under penalty of perjury that on April 6, 2021, I authorized the electronic filing of the **MEMORANDUM OF LAW IN SUPPORT OF LORI BRENNAN'S MOTION TO CONSOLIDATE RELATED ACTIONS AND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** with the Clerk of the Court using the CM/ECF system which will send notification to such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

/s/ *Al Holifield*

AL HOLIFIELD
HOLIFIELD & JANICH, PLLC
11907 Kingston Pike, Suite 201
Knoxville, TN 37934
Telephone: (865) 566-0115
Facsimile: (865) 566-0119
aholifield@holifieldlaw.com

**Mailing Information for Case 3:21-cv-00096-AAT Bond v. Clover Health Investments, Corp. et al**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive email notices for this case.

Benjamin A. Gastel
Email: beng@bsjfirm.com

Jacob A. Walker
Email: jake@blockleviton.com

12

James Gerard Stranch , IV
Email: gerards@bsjfirm.com

Jeffrey C. Block
Email: jeff@blockleviton.com

Stephen J. Teti
Email: steti@blockleviton.com

**Manual Notice List**

No manual recipients

### Mailing Information for Case 3:21-cv-00109-AAT Yaniv v. Clover Health Investments, Corp. et al

**Electronic Mail Notice List**

The following are those who are currently on the list to receive email notices for this case.

Christopher M. Wood
Email: cwood@rgrdlaw.com

Jerry E. Martin
Email: jmartin@barrettjohnston.com

Mark S. Reich
Email: mreich@rgrdlaw.com

Mary K. Blasy
Email: mblasy@rgrdlaw.com

Samuel H. Rudman
Email: srudman@rgrdlaw.com

**Manual Notice List**

No manual recipients

### Mailing Information for Case 3:21-cv-00138-AAT Tremblay v. Clover Health Investments, Corp. et al

**Electronic Mail Notice List**
The following are those who are currently on the list to receive email notices for this case.

Corey D. Holzer

13

Email: cholzer@holzerlaw.com


J. Alexander Hood , II
Email: ahood@pomlaw.com

Jeremy A. Lieberman
Email: jalieberman@pomlaw.com

Patrick V. Dahlstrom
Email: pdahlstrom@pomlaw.com

Paul Kent Bramlett
Email: pknashlaw@aol.com

Robert P. Bramlett
Email: robert@bramlettlawoffices.com

**Manual Notice List**

No manual recipients

14