# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY BOND, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CLOVER HEALTH INVESTMENTS, CORP., CHAMATH PALIHAPITIYA, VIVEK GARIPALLI, and ANDREW TOY,<br><br>Defendants. | Case No. 3:21-cv-00096-AAT<br><br>CLASS ACTION |
| BRINAL KAUL, Individually and on Behalf of All others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CLOVER HEALTH INVESTMENTS, CORP. f/k/a SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. III, VIVEK GARIPALLI, JOSEPH WAGNER, CHAMATH PALIHAPITIYA, STEVEN TRIEU, IAN OSBORNE, JACQUELINE D. RESES, and JAMES RYANS,<br><br>Defendants. | Case No. 3:21-cv-00101-AAT<br><br>CLASS ACTION |
| MATTHEW YANIV, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>[Caption Continued on Next Page.] | Case No. 3:21-cv-00109-AAT<br><br>CLASS ACTION |

CLOVER HEALTH INVESTMENTS, CORP., VIVEK GARIPALLI, ANDREW TOY and JOSEPH WAGNER,

Defendants.

JEAN-NICOLAS TREMBLAY, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

vs.

CLOVER HEALTH INVESTMENTS, CORP. f/k/a SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. III, VIVEK GARIPALLI, ANDREW TOY, CHAMATH PALIHAPITIYA, STEVEN TRIEU, IAN OSBORNE, JACQUELINE D. RESES, and JAMES RYANS,

Defendants.

Case No. 3:21-cv-00138-AAT-JSF

CLASS ACTION

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE CLOVER INVESTOR GROUP FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND................................................................................................... 3

ARGUMENT............................................................................................................................. 5

I.      CONSOLIDATION OF THE ACTION IS APPROPRIATE ......................................... 5

II.     THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF.......................... 6

      A.     The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff............. 6

      B.     Movant Satisfies the Lead Plaintiff Provisions of the PSLRA .............................. 8

            1.     Movant Has the Largest Financial Interest in the Relief Sought ................ 8

            2.     Movant Meets Rule 23's Typicality and Adequacy Requirements ............ 9

                   (i)     Movant's Claims Are Typical of the Claims of the Class ............ 10

                   (ii)    Movant Is An Adequate Representative of the Class ................... 11

III.    MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED.............................. 12

CONCLUSION....................................................................................................................... 13

Case 3:21-cv-00096    Document 26    Filed 04/06/21    Page 3 of 20 PageID #: 426

# TABLE OF AUTHORITIES

**Cases**

*Blitz v. AgFeed Indus., Inc.*,
   No. 3:11-0992, 2012 U.S. Dist. LEXIS 49849 (M.D. Tenn. Apr. 10, 2012) ............................. 7

*Farrah v. Provectus Biopharmaceuticals, Inc.*,
   68 F. Supp. 3d 800 (E.D. Tenn. 2014) ................................................................................. 8, 9

*French v. CBL & Assocs. Props., Inc.*,
   No. 1:16-cv-165-TWP-CHS, 2016 U.S. Dist. LEXIS 182649 (E.D. Tenn. Sept. 26, 2016) ...... 5

*Garden City Emps. Ret. Sys. v. Psychiatric Sols., Inc.*,
   No. 3:09-cv-00882, 2010 U.S. Dist. LEXIS 42915 (M.D. Tenn. Apr. 30, 2010)................. 5, 10

*Garden City Emps. Ret. Sys. v. Psychiatric Sols., Inc.*,
   No. 3:09-cv-00882, 2012 U.S. Dist. LEXIS 44445 (M.D. Tenn. Mar. 29, 2012) .................... 11

*In re Gentiva Sec. Litig.*,
   281 F.R.D. 108 (E.D.N.Y. 2012) ............................................................................................ 2

*Guild Assocs., Inc. v. Bio-Energy (Wash.), LLC*,
   309 F.R.D. 436 (S.D. Ohio 2015) ........................................................................................... 6

*Owens v. FirstEnergy Corp.*,
   No. 2:20-cv-03785, 2020 U.S. Dist. LEXIS 219573 (S.D. Ohio Nov. 23, 2020)...................... 5

*In re Regions Morgan Keegan Closed-End Fund Litig.*,
   No. 07-02830, 2010 U.S. Dist. LEXIS 132902 (W.D. Tenn. Dec. 15, 2010).................. 5, 9, 12

*Ross v. Abercrombie & Fitch Co.*,
   257 F.R.D. 435 (S.D. Ohio 2009) ......................................................................................... 10

*St. Clair Cty. Emps. Ret. System v. Acadia Healthcare Co.*,
   No. 3:18-cv-00988, 2019 U.S. Dist. LEXIS 22095 (M.D. Tenn. Jan. 9, 2019)..................... 7, 8

**Statutes**

15 U.S.C. § 77z-1(a)(3).............................................................................................................. 1

15 U.S.C. § 78u-4 ............................................................................................................. passim

**Rules**

Fed. R. Civ. P. 42(a) ............................................................................................................... 5, 6

Fed R. Civ. P. 23 ................................................................................................................ passim

Andrew Trefonas, Nish Patel, Birgitta Edberg and Rolf Edberg (sister and brother), and Jeong Yeon Rhee (together, the "Clover Investor Group" or "Movant") respectfully submit this Memorandum of Law in support of its Motion for Consolidation of Actions, Appointment as Lead Plaintiff, and Approval of Selection of Bragar Eagel & Squire, P.C. ("BES") as Lead Counsel and Glankler Brown, PLLC as Local Counsel pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), codified as Section 27(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3) (2013), and/or Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3).[1]

## PRELIMINARY STATEMENT

Presently pending before the Court are four securities class action lawsuits (the "Action")[2] brought under Sections 11 and 15 of the Securities Act, 15 U.S.C. §§ 77k and 77o, and Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Clover Health Investments, Corp. ("Clover" or the "Company") and certain of its executive officers and members of the board of directors of Social Capital Hedosophia Holdings Corp. III ("SCH")[3] (collectively, "Defendants").[4]  The Action is brought on behalf of all persons and entities other

---

[1]  Because the lead plaintiff provisions of the Securities Act and the Exchange Act are identical, only citations to the Exchange Act are provided herein.

[2]  The actions pending in this Court are *Bond v. Clover Health Investments, Corp., et al.*, Case No. 3:21-cv-00096-AAT, filed on February 5, 2021 (the "*Bond* Action"); *Kaul v. Clover Health Investments, Corp., et al.*, Case No. 3:21-cv-00101-AAT, filed on February 5, 2021 (the "*Kaul* Action"); *Yaniv v. Clover Health Investments, Corp., et al.*, Case No. 3:21-cv-00109-AAT, filed on February 10, 2021 (the "*Yaniv* Action"); and, *Tremblay v. Clover Health Investments, Corp., et al.*, Case No. 3:21-cv-00138-AAT-JSF, filed on February 22, 2021 (the "*Tremblay* Action").

[3]  Clover was taken public through a reverse merger with SCH, a Special Purpose Acquisition Company ("SPAC").

[4]  The *Bond* Action, *Yaniv* Action, and *Tremblay* Action allege claims under the Exchange Act with a class period between October 6, 2020 and February 3, 2021, inclusive, while the *Kaul*

1

than Defendants who purchased or otherwise acquired: (a) publicly traded Clover securities between October 6, 2020 and February 4, 2021, inclusive (the "Class Period")[5]; and/or (b) Clover securities pursuant or traceable to the Company's registration statement and prospectus issued in connection with the December 2020 Merger (collectively, the "Class").

The PSLRA governs the selection of lead plaintiff in class actions asserting claims under the federal securities laws. The PSLRA, as amended, 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant who has the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. Movant has lost $52,890.21 as a result of the alleged fraud during the Class Period.[6] Movant believes that it has the largest financial interest in the outcome of this Action. Moreover, Movant satisfies the requirements of Rule 23 in that its claims are typical of the claims of the Class, and it will fairly and adequately represent the interests of the Class.

Accordingly, the Court should grant Movant's Motion in its entirety.

---

Action alleges claims under both the Exchange Act and the Securities Act with a class period between October 6, 2020 and February 4, 2021, inclusive.

[5] Movant adopts the longer Class Period because it is the "larger, most inclusive class period." *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113 (E.D.N.Y. 2012) (finding the most inclusive class period proper in analyzing lead plaintiff motion).

[6] The PSLRA certifications of Andrew Trefonas, Nish Patel, Birgitta Edberg and Rolf Edberg (sister and brother), and Jeong Yeon Rhee identifying their transactions in Clover, as well as a chart identifying their losses, and a joint declaration executed by movants evidencing their intention to pursue the Action in a cohesive and collaborative manner, are attached to the Declaration of Melissa A. Fortunato, dated April 6, 2021 ("Fortunato Decl."), as Exhibits 1, 2, and 3, respectively.

## FACTUAL BACKGROUND[7]

Clover is a "next-generation Medicare Advantage insurer" that seeks to "leverage [its] flagship software platform, the Clover Assistant, to provide America's seniors with PPO and HMO plans that are the obvious choice for Medicare-eligible consumers." ¶¶ 2, 22. Clover is a Delaware corporation headquartered in Tennessee. ¶¶ 2, 15.

On October 6, 2020, Clover issued a press release announcing plans to become a publicly traded company via a merger with SCH. ¶¶ 3, 22. SCH was setup as a special purpose acquisition company (also known as a SPAC). ¶ 3. SCH's shares traded on the New York Stock Exchange under the ticker symbol "IPOC." ¶¶ 3, 21. Clover's October 6, 2020 release provided, in relevant part, that the transaction valued Clover at an enterprise value of approximately $3.7 billion, and the transaction was expected to deliver up to $1.2 billion in gross proceeds. ¶¶ 3, 23.

On January 7, 2021, Clover and SCH announced that their anticipated business combination had been completed, and shares of Clover would begin trading on NASDAQ under the ticker symbol CLOV the next day. ¶¶ 4, 34. During the Class Period, shares of IPOC/CLOV common stock traded as high as $17.45 each. ¶ 4.

On February 4, 2021, analyst Hindenburg Research published a report entitled "Clover Health: How the 'King of SPACs' Lured Retail Investors Into a Broken Business Facing an Active, Undisclosed DOJ Investigation." ¶¶ 5, 37. In this report, Hindenburg "reveal[ed] how Clover Health and its Wall Street celebrity promoter, Chamath Palihapitiya, misled investors about critical aspects of Clover's business in the run-up to the company's SPAC go-public transaction last

---

[7] Citations to "¶ __" are to paragraphs in the *Bond* Class Action Complaint (the "Complaint") filed in this Action (ECF No. 1). Unless otherwise defined, capitalized terms shall have the same meaning as set forth in the Complaint. The facts set forth in the Complaint are incorporated herein by reference.

month." *Id*. Hindenburg stated that its investigation "spanned almost 4 months and has included more than a dozen interviews with former employees, competitors, and industry experts," as well as "dozens of calls to doctor's offices, and a review of thousands of pages of government reports, insurance filings, regulatory filings, and company marketing materials." *Id*.

Hindenburg continued: "[c]ritically, Clover has not disclosed that its business model and its software offering, called the Clover Assistant, are under active investigation by the Department of Justice (DOJ), which is investigating at least 12 issues ranging from kickbacks to marketing practices to undisclosed third-party deals, according to a Civil Investigative Demand . . . we obtained." ¶¶ 6, 38. Hindenburg wrote that the DOJ's "Civil Investigative Demand and the corresponding investigation present a potential existential risk for a company that derives almost all of its revenue from Medicare, a government payor. Our research indicates that the investigation has merit." *Id*.

On this news, shares of Clover common stock plummeted from their February 3, 2021 closing price of $13.95 per share to just $12.23 per share on February 4, 2021, representing a one day drop of approximately 12.3%. ¶¶ 7, 46. This represents a loss of approximately $700 million in market capitalization. Moreover, shares traded as low as $11.86 per share intraday on February 4, 2021. *Id*.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Clover was the recipient of a Civil Investigative Demand from the DOJ; (ii) much of Clover's sales are driven by a major related party deal that Clover not only failed to disclose but took active steps to conceal; (iii) Clover's subsidiary Seek Insurance failed to disclose its relationship with Clover and misled consumers as to its purported

4

independence; (iv) Clover's software was in fact rudimentary; and (v) as a result, the Company's public statements were materially false and misleading at all relevant times. ¶ 8.

<u>**ARGUMENT**</u>

**I.      CONSOLIDATION OF THE ACTION IS APPROPRIATE**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-chapter] has been filed," the court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id; Garden City Emps. Ret. Sys. v. Psychiatric Sols., Inc.*, No. 3:09-cv-00882, 2010 U.S. Dist. LEXIS 42915, at *7 (M.D. Tenn. Apr. 30, 2010) ("[T]he Court shall not make [the determination of the most adequate plaintiff] until after the decision on the motion to consolidate is rendered.") (emphasis in original) (citation omitted).

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *see also French v. CBL & Assocs. Props., Inc.*, No. 1:16-cv-165-TWP-CHS, 2016 U.S. Dist. LEXIS 182649, at *3-4 (E.D. Tenn. Sept. 26, 2016); *In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-02830, 2010 U.S. Dist. LEXIS 132902, at *45 (W.D. Tenn. Dec. 15, 2010) (consolidating cases that "raise similar legal and factual issues . . . . [to] conserve judicial resources and allow a more expeditious adjudication of [Class] claims"); *Owens v. FirstEnergy Corp.*, No. 2:20-cv-03785, 2020 U.S. Dist. LEXIS 219573, at *12-13 (S.D. Ohio Nov. 23, 2020). "[C]onsolidation is particularly appropriate in securities class action litigation." *CBL & Assocs.*, 2016 U.S. Dist. LEXIS 182649, at *4. Courts,

5

therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The actions here present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The actions name many of the same defendants. While the *Kaul* Action differs slightly in that it alleges Securities Act in addition to Exchange Act claims, Movant asserts that consolidation of all four actions remains appropriate because the alleged misrepresentations in the Securities Act claims are identical to the misrepresentations that give rise to the Exchange Act claims in all four actions. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all of the related actions. Accordingly, consolidation under Rule 42(a) is appropriate. Furthermore, neither Rule 42(a) nor the PSLRA require that the actions be identical in order to be consolidated. *See Guild Assocs., Inc. v. Bio-Energy (Wash.), LLC*, 309 F.R.D. 436, 440 (S.D. Ohio 2015) ("For purposes of Rule 42 consolidation, questions of law and fact need not be identical.") (citation omitted).

## II. THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF

### A. The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff

The PSLRA mandates that the Court decide the lead plaintiff issue "as soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

First, the PSLRA provides that within 20 days after the date on which the first class action is filed, the plaintiff to that action shall publish, in a widely circulated national business publication or wire service, a notice advising members of the proposed class of the pendency of the action and

6

their right to move for appointment as lead plaintiff within 60 days of the notice publication. 15 U.S.C. § 78u-4(a)(3)(B).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court will, no later than 90 days after the date on which a notice is published, consider any motion filed by any purported class member in response to the notice and appoint as lead plaintiff the movant that the court determines to be "most capable of adequately representing the interests of class members." *Id*. The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)    has either filed the complaint or made a motion in response to a notice;

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Blitz v. AgFeed Indus., Inc.*, No. 3:11-0992, 2012 U.S. Dist. LEXIS 49849, at *5-6 (M.D. Tenn. Apr. 10, 2012). The presumption may be rebutted only upon proof by another class member that the presumptive most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also St. Clair Cty. Emps. Ret. System v. Acadia Healthcare Co.*, No. 3:18-cv-00988, 2019 U.S. Dist. LEXIS 22095, at *7 (M.D. Tenn. Jan. 9, 2019).

As set forth below, Movant has complied with the procedural prerequisites of the PSLRA and has, what is to the best of its knowledge, the largest financial interest in the litigation of any other Class member(s) seeking appointment as lead plaintiff. Movant is also unaware of any unique defenses against it that Defendants could raise. Therefore, Movant is entitled to the

7

presumption that it is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

### B.    Movant Satisfies the Lead Plaintiff Provisions of the PSLRA

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the *Kaul* Action published notice of the Action on February 7, 2021, within 20 days of the filing of the Complaint, through *Globe Newswire*, a widely circulated national business-oriented wire service.  *See* Fortunato Decl., Ex. 4.  Consequently, any member of the proposed Class was required to seek appointment as lead plaintiff within 60 days after publication of that notice.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i); *Acadia Healthcare Co.*, 2019 U.S. Dist. LEXIS 22095, at *4 (finding notice requirement satisfied where notice was published in Business Wire the day after the filing of the complaint and movants timely filed motions).  Therefore, the time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. § 78u-4(a)(3)(A) and (B) expires on April 6, 2021.  Pursuant to the PSLRA and within the requisite time frame after publication of the required notice, Movant timely moves this Court to be appointed lead plaintiff on behalf of all members of the Class.

### 1.    Movant Has the Largest Financial Interest in the Relief Sought

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants with the largest financial interest in the relief sought by the Action.  As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class.  *See* Fortunato Decl., Ex. 2.  The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff.  *See Farrah v. Provectus Biopharmaceuticals, Inc.*, 68 F. Supp. 3d 800, 804 (E.D. Tenn. 2014) (appointing as lead plaintiff the movant who had suffered a larger loss and holding that said Movant had the largest financial interest); *Acadia Healthcare Co.*, 2019 U.S. Dist. LEXIS 22095, at *6-7 (finding movant with largest financial interest to be "the most adequate plaintiff").

8

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period. 15 U.S.C. § 78u-4(e).

Within the Class Period, Movant purchased Clover securities in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby. Movant has suffered substantial losses of $52,890.21 under a last-in-first-out analysis as a result of Defendants' alleged fraudulent statements. *See* Fortunato Decl., Ex. 2 (Loss Chart); *Provectus Biopharmaceuticals, Inc.*, 68 F. Supp. 3d at 804. Movant, thus, has a significant financial interest in the outcome of this Action. To the best of Movant's knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 2. Movant Meets Rule 23's Typicality and Adequacy Requirements

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Regions Morgan Keegan Closed-End Fund Litig.*, 2010 U.S. Dist. LEXIS 132902, at *13. Rule 23(a) provides that a class may be certified only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class. Of these four prerequisites, only two—typicality and adequacy—directly

address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until a class certification motion is filed. At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *See Id*.

As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

### (i)    Movant's Claims Are Typical of the Claims of the Class

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. A plaintiff satisfies the typicality requirement if the plaintiff has: (a) suffered the same injuries as the absent class members; (b) the injuries are as a result of the same course of conduct by defendants; and (c) the plaintiff's claims are based on the same legal issues that prove the defendant's liability. *See Psychiatric Sols., Inc.*, 2010 U.S. Dist. LEXIS 42915, at *8. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *See Ross v. Abercrombie & Fitch Co.*, 257 F.R.D. 435, 444 (S.D. Ohio 2009).

In this case, the typicality requirement is met because Movant's claims are typical, if not identical to, and neither compete nor conflict with, the claims of the other Class members. Movant, like the other members of the Class, acquired Clover securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, Movant's claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and its losses were a result of Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3) for purposes of this Motion.

### (ii)    Movant Is An Adequate Representative of the Class

Movant is also an adequate representative for the Class.  Under Rule 23(a)(4), representative parties must "fairly and adequately protect the interests of the class."  In determining adequacy, the Court looks to whether "(1) the representative[s] . . . have common interests with unnamed members of the class, and (2) it [ ] appear[s] that the representatives will vigorously prosecute the interests of the class through qualified counsel."  *Garden City Emps. Ret. Sys. v. Psychiatric Sols., Inc.*, No. 3:09-cv-00882, 2012 U.S. Dist. LEXIS 44445, at *101 (M.D. Tenn. Mar. 29, 2012) (alteration in original) (internal quotation marks and citation omitted).

Movant meets the requirements under Rule 23(a)(4) to fairly and adequately protect the interests of the putative Class.  Not only is there no evidence of conflict between the interests of Movant and those of the other members of the putative Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial loss it has incurred as a result of the wrongful conduct alleged therein.  Indeed, members of the Clover Investor Group have already taken steps which demonstrate that they both recognize and will protect the interests of the Class, including:  (1) executing certifications detailing their Class Period transactions and expressing their willingness to serve as Class representative; (2) moving this Court to be appointed lead plaintiff; (3) committing to providing fair and adequate representation, overseeing counsel, and obtaining the largest possible recovery against all culpable parties consistent with good faith and vigorous advocacy, among other things (*see* Fortunato Decl., Ex. 3); and (4) retaining competent and experienced counsel, who, as shown below, are experienced in class action litigation such as this involving allegations of securities fraud.  *See* Fortunato Decl., Exs. 1 and 3; *see also Psychiatric Sols., Inc.*, 2012 U.S. Dist. LEXIS 44445, at *90-91, *101.  Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and therefore satisfy 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant sustained the largest amount of losses from Defendants' alleged wrongdoing, Movant is the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and should be appointed as such to lead this Action.

## III. MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). "[O]nly in very unusual circumstances will [the] lead plaintiff have to accept counsel that it did not itself choose." *In re Regions Morgan Keegan Closed-End Fund Litig.*, 2010 U.S. Dist. LEXIS 132902, at *43-44 (citation and quotation omitted). Here, Movant has selected and retained BES as the proposed Lead Counsel for the Class and Glankler Brown, PLLC ("Glankler Brown") as Local Counsel for the Class.

As set forth in its accompanying firm résumé (Fortunato Decl., Ex. 5), BES is highly accomplished in, and is currently acting as lead counsel in, a number of federal securities actions and has achieved many multi-million-dollar recoveries for investors. The members of the firm have extensive experience in successfully prosecuting complex securities class actions such as this and are well-qualified to represent the Class.

Additionally, Glankler Brown has substantial experience litigating complex actions, including within this District, and is well qualified to represent the Class as Local Counsel. *See* Fortunato Decl., Ex. 6.

Thus, this Court may be assured that in the event the instant Motion is granted, the members of the Class will receive the highest caliber of legal representation.

12

## CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court: (1) consolidate the above-captioned actions; (2) appoint Movant as Lead Plaintiff on behalf the Class in this Action; (3) approve Movant's selection of BES as Lead Counsel for the Class and Glankler Brown as Local Counsel; and (4) grant such other and further relief as the Court may deem just and proper.

DATED: April 6, 2021

Respectfully submitted,

*/s/ Saul C. Belz*
Saul C. Belz (TN Bar #4346)
Aubrey B. Greer (TN Bar #35613)
**GLANKLER BROWN, PLLC**
6000 Poplar Avenue, Suite 400
Memphis, TN 38119
Telephone: (901) 576-1741
Facsimile: (901) 525-2389
Email: sbelz@glankler.com
Email: agreer@glankler.com

*Proposed Local Counsel for the Class*

**BRAGAR EAGEL & SQUIRE, P.C.**
Melissa A. Fortunato
Marion C. Passmore
580 California Street, Suite 1200
San Francisco, California 94014
Telephone: (415) 568-3599
Facsimile: (212) 214-0506
Email: fortunato@bespc.com
Email: passmore@bespc.com

*Counsel for Movant and Proposed*
*Lead Counsel for the Class*

13

## CERTIFICATE OF SERVICE

I, Saul C. Belz, hereby certify that on April 6, 2021, the Clover Investor Group's Motion for Consolidation of Actions, Appointment as Lead Plaintiff, and Selection of Counsel, Memorandum of Law, and Declaration with Exhibits 1-6 was filed through the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List.

/s/ Saul C. Belz
Saul C. Belz

14

# U.S. District Court
## Middle District of Tennessee (Nashville)
## CIVIL DOCKET FOR CASE #: 3:21-cv-00096

Bond v. Clover Health Investments, Corp. et al
Assigned to: District Judge Aleta A. Trauger
related Case: 3:21-cv-00109
Cause: 15:78m(a) Securities Exchange Act

Date Filed: 02/05/2021
Jury Demand: Plaintiff
Nature of Suit: 850 Securities/Commodities
Jurisdiction: Federal Question

### Plaintiff

**Timothy Bond**
*individually and on behalf of all other*
*similarly situated*

represented by **Benjamin A. Gastel**
Branstetter, Stranch & Jennings, PLLC
223 Rosa L. Parks Avenue
Suite 200
Nashville, TN 37203
(615) 254-8801
Fax: (615) 255-5419
Email: beng@bsjfirm.com
*ATTORNEY TO BE NOTICED*

**Jacob A. Walker**
Block & Leviton LLP
260 Franklin Street
Suite 1860
Boston, MA 02110
(617) 398-5600
Fax: (617) 507-6020
Email: jake@blockleviton.com
*ATTORNEY TO BE NOTICED*

**James Gerard Stranch , IV**
Branstetter, Stranch & Jennings, PLLC
223 Rosa L. Parks Avenue
Suite 200
Nashville, TN 37203
(615) 254-8801
Fax: (615) 255-5419
Email: gerards@bsjfirm.com
*ATTORNEY TO BE NOTICED*

**Jeffrey C. Block**
Block & Leviton LLP
260 Franklin Street
Suite 1860
Boston, MA 02110
(617) 398-5600
Fax: (617) 507-6020
Email: jeff@blockleviton.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen J. Teti**
Block & Leviton LLP
260 Franklin Street
Suite 1860
Boston, MA 02110
(617) 398-5600
Fax: (617) 507-6020
Email: steti@blockleviton.com
*ATTORNEY TO BE NOTICED*