# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | |
|---|---|
| TIMOTHY BOND, Individually and on Behalf of All Others Similarly Situated, <br><br>       Plaintiff, <br><br>    v. <br><br> CLOVER HEALTH INVESTMENTS, CORP., CHAMATH PALIHAPITIYA, VIVEK GARIPALLI, and ANDREW TOY, <br><br>       Defendants. | Case No. 3:21-cv-00096 <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF AARON FARZAN AND ALEJANDRO HANDAL FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL** |
| BRINAL KAUL, Individually and on Behalf of All Others Similarly Situated, <br><br>       Plaintiff, <br><br>    v. <br><br> CLOVER HEALTH INVESTMENTS, CORP. f/k/a SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. III, VIVEK GARIPALLI, JOSEPH WAGNER, CHAMATH PALIHAPITIYA, STEVEN TRIEU, IAN OSBORNE, JACQUELINE D. RESES, and JAMES RYANS, <br><br>       Defendants. | Case No. 3:21-cv-00101 |

[caption continues on following page]

| | |
|---|---|
| MATTHEW YANIV, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CLOVER HEALTH INVESTMENTS, CORP., VIVEK GARIPALLI, ANDREW TOY, and JOSEPH WAGNER,<br><br>Defendants. | Case No. 3:21-cv-00109 |
| JEAN-NICOLAS TREMBLAY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CLOVER HEALTH INVESTMENTS, CORP. f/k/a SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. III, VIVEK GARIPALLI, ANDREW TOY, CHAMATH PALIHAPITIYA, STEVEN TRIEU, IAN OSBORNE, JACQUELINE D. RESES, and JAMES RYANS,<br><br>Defendants. | Case No. 3:21-cv-00138 |

Aaron Farzan and Alejandro Handal (together, "Movants") respectfully submit this memorandum of law in support of their motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*. (the "PSLRA") for an Order: (1) consolidating the above-captioned actions; (2) appointing Movants as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B); (3) approving Movants' selection of Glancy Prongay & Murray LLP as Lead Counsel and The

1

Swafford Law Firm, PLLC as Liaison Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v) and 15 U.S.C. § 77z-1(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I. PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities that acquired Clover Health Investments, Corp. ("Clover" or the "Company") securities: (a) between October 6, 2020 and February 4, 2021, inclusive (the "Class Period"); and (b) pursuant or traceable to the Company's registration statement and prospectus issued in connection with the December 2020 Merger.

Pursuant to the PSLRA, the person or group with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff.

Movants believe that they are the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on their financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Movants satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of other class members' claims and they are committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Movants respectfully submit that they are presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Movants' selection of Glancy Prongay & Murray LLP as Lead Counsel and The Swafford Law Firm, PLLC as Liaison Counsel for the Class should be approved because the

firms have substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.      FACTUAL BACKGROUND[1]

Clover purports to provide health insurance services. It was taken public through a reverse merger with Social Capital Hedosophia Holdings Corp. III ("IPOC"), a special purpose acquisition company, in December 2020.

On February 4, 2021, before the market opened, Hindenburg Research published a research report revealing that the Company's flagship platform, Clover Assistant, was the subject of an investigation by the U.S. Department of Justice ("DOJ") for a variety of issues, including illegal kickbacks, marketing practices, and undisclosed related party transactions. The report also alleged that Clover's sales growth was driven by deceptive sales practices, and that the Company's subsidiary, Seek Insurance Services, Inc., represented it was an unbiased and independent source of information that helped seniors select Medicare plans. The report also alleged that Clover was exposed to significant risk because its software product was designed to encourage "upcoding," or making patients seem sicker than they truly are to secure a higher coverage reimbursement.

On this news, the Company's shares fell $1.72 per share, or 12.3%, to close at $12.23 per share on February 4, 2021, and its warrants fell $0.18 per warrant, or 5%, to close at $3.39 per warrant on February 4, 2021.

On February 5, 2021, before the market opened, Clover disclosed that the U.S. Securities & Exchange Commission was conducting "an investigation and requesting document and data

---

[1] This section is adapted from the allegations in the complaints in the above-captioned actions.

3

preservation from January 1, 2020, to the present, relating to certain matters that are referenced in the" Hindenburg report.

On this news, the Company's shares fell $0.53 per share, or 4.3%, during intraday trading on February 5, 2021, and its warrants fell $0.28 per warrant, or 8.2%, during intraday trading on February 5, 2021.

The complaints filed in the above captioned actions allege that Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that Clover was under active investigation by the DOJ for at least 12 issues ranging from kickbacks to marketing practices to undisclosed third-party deals; (2) that the DOJ's investigation presented an existential risk to the Company, since Clover derives most of its revenues from Medicare; (3) that Clover's sales were driven by a major undisclosed related party deal and misleading marketing targeting the elderly, not its purported "best-in-class" technology; (4) that a significant portion of Clover's sales were by way of an undisclosed relationship between Clover and an outside brokerage firm controlled by Clover's Head of Sales; and (5) that, as a result, Defendants' statements about its business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

## III.   PROCEDURAL HISTORY

On February 5, 2021, plaintiff Timothy Bond commenced a securities fraud class action against Clover and certain of its officers, captioned *Bond v. Clover Health Investments, Corp., et al.*, Case No. 3:21-cv-00096 (the "*Bond* Action"). It is brought on behalf of investors who purchased or otherwise acquired Clover common stock between October 6, 2020 and February 3, 2021, inclusive, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

The same day, plaintiff Brinal Kaul commenced a substantially similar action against Clover and certain of its officers and directors, captioned *Kaul v. Clover Health Investments, Corp. f/k/a Social Capital Hedosophia Holdings Corp. III, et al.*, Case No. 3:21-cv-00101 (the "*Kaul* Action"). It is brought on behalf of persons or entities who purchased or otherwise acquired Clover securities (a) between October 6, 2020 and February 4, 2021, inclusive, alleging violations of Sections 10(b) and 20(a) of the Exchange Act; and/or (b) pursuant or traceable to the Company's registration statement and prospectus issued in connection with the December 2020 Merger, alleging violations of Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act").

On February 10, 2021, plaintiff Matthew Yaniv commenced a substantially similar action against Clover, captioned *Yaniv v. Clover Health Investments, Corp., et al.*, Case No. 3:21-cv-00109 (the "*Yaniv* Action"). It is brought on behalf of purchasers of Clover Class A common stock and warrants to purchase Class A common stock between October 6, 2020 and February 3, 2021, inclusive, alleging violations of Sections 10(b) and 20(a) of the Exchange Act.

On February 22, 2021, plaintiff Jean-Nicolas Tremblay commenced a substantially similar action against Clover and certain of its officers and directors, captioned *Tremblay v. Clover Health Investments, Corp. f/k/a Social Capital Hedosophia Holdings Corp. III, et al.*, Case No. 3:21-cv-00138 (the "*Tremblay* Action," and together with the *Bond*, *Kaul*, and *Yaniv* Actions, the "Related Actions"). It is brought on behalf of persons and entities who purchased or otherwise acquired Clover securities between October 6, 2020 and February 3, 2021, inclusive, alleging violations of Sections 10(b) and 20(a) of the Exchange Act.

5

## IV. ARGUMENT

### A. The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact.

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present substantially the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. The *Kaul* Action also alleges violations of the Securities Act based on the same facts as the allegations underlying the Exchange Act claims. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *Franchi v. SmileDirectClub, Inc.*, 2020 WL 6479561, at *3 (M.D. Tenn. Jan. 27, 2020) (consolidating cases that "name many of the same defendants" and brought on behalf of "highly-overlapping, if not identical, investor classes").

### B. Movants Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

6

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movants satisfy all of the PSLRA criteria and have complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movants have, to the best of their knowledge, the largest financial interest in this litigation and meet the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Movants are not aware of any unique defenses Defendants could raise against them that would render them inadequate to represent the Class. Accordingly, Movants respectfully submit that they should be appointed lead plaintiff. *See Blitz v. AgFeed Indus., Inc.*, 2012 WL 1192814, at \*1-2 (M.D. Tenn. Apr. 10, 2012).

### 1. Movants Filed a Timely Motion

Movants have made a timely motion in response to a PSLRA early notice. On February 5, 2021, pursuant to 15 U.S.C. 78u-4(a)(3)(A)(i), a notice of the pendency of the *Bond* Action was published on *Globe Newswire*, announcing that a securities class action had been filed against Defendants herein. *See* Declaration of Pavithra Rajesh ("Rajesh Decl."), Exhibit ("Ex.") A. Therefore, Movants had sixty days (i.e., until April 6, 2021), to file a motion to be appointed

7

as Lead Plaintiff. Additionally, as set forth in their PSLRA certifications, Movants attest that they have reviewed the complaint, adopt the allegations therein, and are willing to serve as representative of the class. *See* Rajesh Decl., Ex. B. Accordingly, Movants satisfy the first PSLRA requirement to be appointed lead plaintiff.

### 2. Movants Have the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movants believe that they have the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and are presumed to be the "most adequate plaintiff."

Movants purchased Clover securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result of the revelations of the fraud, suffered financial harm. *See* Rajesh Decl., Ex. C. To the best of their knowledge, Movants are not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Movants believe they have the "largest financial interest in the relief sought by the Class," and thus satisfy the second PSLRA requirement to be appointed as lead plaintiff for the Class. *See Regions Morgan Keegan Closed-End Fund Litig.*, 2010 WL 5173851, at *3-4 (W.D. Tenn. Dec. 15, 2010).

### 3. Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d

8

Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, typicality and adequacy of representation are the only relevant provisions. *Regions Morgan*, 2010 WL 5173851, at \*5. At the lead plaintiff stage of the litigation, a movant need only make a *prima facie* showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*.

### a) Movants' Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Kuriakose v. Federal Home Loan Mortg. Co.*, 2008 WL 4974839, at \*4 (S.D.N.Y. Nov. 24, 2008).

Movants' claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movants allege that Defendants' material misstatements and omissions concerning Clover's business, operations, and financial prospects violated the federal securities laws. Movants, like all of the members of the Class, purchased Clover securities in reliance on Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Movants' interests and claims are "typical" of the interests and claims of the Class.

9

### b) Movants Are Adequate Representatives

The adequacy requirement is satisfied where: (1) the proposed lead plaintiff has common interests with the unnamed members of the class; and (2) the proposed lead plaintiff will vigorously prosecute the interests of the class through qualified counsel. *See Craft v. Vanderbilt Univ.*, 174 F.R.D. 396, 405 (M.D. Tenn. 1996) (citing *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 (6th Cir. 1976)).

Movants have demonstrated their adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and their financial losses ensure that they have sufficient incentive to provide vigorous advocacy. *See* Rajesh Decl., Ex. C. Movants are not aware of any conflict between their claims and those asserted on behalf of the Class.

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Movants have selected Glancy Prongay & Murray LLP as lead counsel for the class and The Swafford Law Firm, PLLC as liaison counsel. As reflected by the firm's résumé, *see* Rajesh Decl., Ex. D, Glancy Prongay & Murray LLP possesses extensive experience and expertise in securities litigation, and the firms have the necessary skills and resources to efficiently and effectively prosecute this action. Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Movants' selection of counsel.

10

## V. CONCLUSION

For the foregoing reasons, Aaron Farzan and Alejandro Handal respectfully request that the Court grant their Motion and enter an Order: (1) consolidating the Related Actions; (2) appointing Movants as lead plaintiff; (3) approving Movants' selection of Glancy Prongay & Murray LLP as lead counsel and The Swafford Law Firm, PLLC for the class; and (4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: April 6, 2021      By:   */s/ Tara L. Swafford*

**THE SWAFFORD LAW FIRM, PLLC**
Tara L. Swafford, #017577
207 Third Avenue North
Franklin, Tennessee 37064
Telephone: (615) 599-8406
Facsimile: (615) 807-2355

*Liaison Counsel for Movants and Proposed*
*Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:     (310) 201-9150
Facsimile:     (310) 201-9160

*Counsel for Movants and Proposed Lead*
*Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

11

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing document has been served via the Court's electronic filing system on the following counsel of record:

**James G. Stranch, IV**
**Benjamin A. Gastel**
Branstetter, Stranch & Jennings, PLLC
223 Rosa L. Parks Avenue
Suite 200
Nashville, TN 37203
beng@bsjfirm.com
gerards@bsjfirm.com

**Jacob A. Walker**
**Jeffrey C. Block**
**Stephen J. Teti**
Block & Leviton LLP
260 Franklin Street
Suite 1860
Boston, MA 02110
jake@blockleviton.com
jeff@blockleviton.com
steti@blockleviton.com

**Corey D. Holzer**
Holzer & Holzer, LLC
1200 Ashwood Parkway
Suite 410
Atlanta, GA 30338
cholzer@holzerlaw.com

**Larry Russell Belk , Jr.**
Sutherland & Belk, PLC
505 21st Avenue South
Suite 400
Nashville, TN 37212
russell@sbinjurylaw.com

**Laurence M. Rosen**
**Phillip Kim**
The Rosen Law Firm, P.A.
275 Madison Avenue
34th Floor
New York, NY 10016
lrosen@rosenlegal.com

**Paul Kent Bramlett**
**Robert P. Bramlett**
Bramlett Law Offices
40 Burton Hills Blvd.
Suite 200
P O Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

**Christopher M. Wood**
Robbins Geller Rudman & Dowd LLP (Nashville Office)
414 Union Street
Suite 900
Nashville, TN 37219
cwood@rgrdlaw.com

**Jerry E. Martin**
Barrett Johnston Martin & Garrison, LLC
Philips Plaza
414 Union Street
Suite 900
Nashville, TN 37219
jmartin@barrettjohnston.com

**Mark S. Reich**
**Mark K. Blasy**
**Samuel H. Rudman**
Robbins Geller Rudman & Dowd LLP (New York Office)
58 S Service Road
Suite 200
Melville, NY 11747
mreich@rgrdlaw.com
mblasy@rgrdlaw.com
srudman@rgrdlaw.com

**J. Alexander Hood , II**
**James M. LoPiano**
**Jeremy A. Lieberman**
Pomerantz LLP (NY Office)
600 Third Avenue
20th Floor
New York, NY 10016
ahood@pomlaw.com
jlopiano@pomlaw.com
jalieberman@pomlaw.com

**Patrick V. Dahlstrom**
Pomerantz LLP (Chicago Office)
10 S LaSalle Street
Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

this 6th day of April 2021.

/s/     *Tara L. Swafford*
Tara L. Swafford