# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY BOND, individually and on behalf of all others similarly situated, | Case No. 3:21-cv-00096 |
| Plaintiff, | |
| v. | |
| CLOVER HEALTH INVESTMENTS, CORP., CHAMATH PALIHAPITIYA, VIVEK GARIPALLI, and ANDREW TOY, | |
| Defendants. | |
| BRINAL KAUL, Individually and on behalf of all others similarly situated, | Case No. 3:21-cv-00101 |
| Plaintiff, | |
| v. | |
| CLOVER HEALTH INVESTMENTS, CORP. f/k/a SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. III, VIVEK GARIPALLI, JOSEPH WAGNER, CHAMATH PALIHAPITIYA, STEVEN TRIEU, IAN OSBORNE, JACQUELINE D. RESES, and JAMES RYANS, | |
| Defendants. | |

**[captions continue on next page]**

| | |
|---|---|
| MATTHEW YANIV, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:21-cv-00109 |
| Plaintiff, | |
| vs. | |
| CLOVER HEALTH INVESTMENTS, CORP., VIVEK GARIPALLI, ANDREW TOY and JOSEPH WAGNER, | |
| Defendants. | |
| JEAN-NICOLAS TREMBLAY, Individually and On Behalf of All Others Similarly Situated, | Case No. 3:21-cv-00138 |
| Plaintiff, | |
| v. | |
| CLOVER HEALTH INVESTMENTS, CORP. f/k/a SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. III, VIVEK GARIPALLI, ANDREW TOY, CHAMATH PALIHAPITIYA, STEVEN TRIEU, IAN OSBORNE, JACQUELINE D. RESES, and JAMES RYANS, | |
| Defendants. | |

**[PROPOSED] ORDER GRANTING THE INVESTOR GROUP'S MOTION FOR
(1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF;
AND (3) APPROVAL OF LEAD COUNSEL**

WHEREAS, the above-captioned putative class actions asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") have been filed in the Middle District of Tennessee; and

WHEREAS, Mohamed Multhazim Akbar Ali and Lynn Kenneth Fuhriman (the "Investor Group") filed a timely motion to be appointed Lead Plaintiff; and

WHEREAS, the Investor Group has the largest financial interest in the relief sought by the Class and otherwise satisfy the requirements of Section 21D of the Exchange Act and Rule 23 of the Federal Rules of Civil Procedure; and

WHEREAS, in accordance with Section 21D(a)(3)(B)(v) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B)(v), the Investor Group seeks approval of its selection of Faruqi & Faruqi, LLP to serve as Lead Counsel for the Class.

AND NOW THIS _____ day of _____, the Court having considered the Investor Group's Motion for (1) Consolidation; (2) Appointment as Lead Plaintiff; and (3) Approval of Lead Counsel, and all supporting documents, and good cause appearing therefore, it is hereby **ORDERED** as follows:

**CONSOLIDATION**

1.      The Investor Group's motion to consolidate the above-captioned actions (the "Consolidated Action") is GRANTED.

2.      Pursuant to Fed. R. Civ. P. 42(a), the actions are to be consolidated for all purposes, including, without limitation, discovery, pretrial proceedings, and trial.

3.      Every pleading filed in the Consolidated Action shall bear the following caption:

In re: CLOVER HEALTH INVESTMENTS,
CORP. SECURITIES LITIGATION

Case No. 3:21-CV-00096

This Document Relates To:

4.     The Civil Action No: 3:21-cv-00096 shall constitute the master file for every action in the Consolidated Action.  When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:" in the caption.  When a pleading applies only to some, but not all, of the actions the document shall list, immediately after the phrase "This Document Relates To:" the docket number for each individual action to which the document applies, along with the last name of the first listed plaintiff in that action.

5.     All related actions subsequently filed in, or transferred to, this District shall be consolidated into the Consolidated Action and subject to this order.

6.     This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action with good cause shown.

## LEAD PLAINTIFF

7.     The motion of the Investor Group to serve as Lead Plaintiff in the Action is GRANTED.  Pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), the Investor Group is appointed as Lead Plaintiff for the putative Class.

2

## LEAD COUNSEL

8.      The motion of the Investor Group for approval of its counsel to serve as Lead Counsel is GRANTED.  Pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B)(v), Faruqi & Faruqi, LLP is approved to serve Lead Plaintiff and the Class as Lead Counsel.

9.      Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate as appropriate:

   a.      to coordinate the briefing and argument of any and all motions;

   b.      to coordinate the conduct of any and all discovery proceedings;

   c.      to coordinate the examination of any and all witnesses in depositions;

   d.      to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

   e.      to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

   f.      to coordinate all settlement negotiations with counsel for defendants;

   g.      to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

   h.      to coordinate the preparation and filings of all pleadings; and

   i.      to supervise all other matters concerning the prosecution or resolution of the action.

10.     With respect to scheduling and/or procedural matters, defendants' counsel may rely upon all agreements with Lead Counsel.

3

11.     No pleadings or other papers shall be filed or discovery conducted by any plaintiff in the action except as directed or undertaken by Lead Counsel.

12.     Counsel in any related action that is consolidated with this action shall be bound by this organizational structure.

13.     With respect to any documents that are not subject to electronic filing as specified in the Court's electronic filing rules and procedures, defendants shall effect service of papers on Lead Plaintiff by serving copies on Lead Counsel by overnight delivery service, telecopy, hand delivery or electronic mail. With respect to any documents that are not subject to electronic filing as specified in the Court's electronic filing rules and procedures, Lead Plaintiff shall effect service of papers on defendants by serving copies on each of their counsel by overnight delivery service, telecopy, hand delivery, or electronic mail. Courtesy copies of all filings so delivered shall be sent by telecopy to Lead Counsel, or defendants' counsel, as applicable.

14.     All related actions subsequently filed in, or transferred to, this District shall be consolidated into the action and subject to this order.

15.     This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action with good cause shown.


        IT IS SO ORDERED.

DATED: _____


                                    _____
                                    HON. ALETA A. TRAUGER
                                    UNITED STATES DISTRICT JUDGE

4