# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF TENNESSEE

# NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY BOND, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> vs.<br><br>CLOVER HEALTH INVESTMENTS, CORP., et al.,<br><br>     Defendants. | Civil Action No. 3:21-cv-00096<br><br>Judge Aleta A. Trauger<br><br><u>CLASS ACTION</u> |
| BRINAL KAUL, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> vs.<br><br>CLOVER HEALTH INVESTMENTS, CORP., et al.,<br><br>     Defendants. | Civil Action No. 3:21-cv-00101<br><br>Judge Aleta A. Trauger<br><br><u>CLASS ACTION</u> |

[Caption continued on following page.]

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE RELATED
ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

| | |
|---|---|
| MATTHEW YANIV, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br> vs.<br><br>CLOVER HEALTH INVESTMENTS, CORP., et al.,<br><br>        Defendants. | Civil Action No. 3:21-cv-00109<br><br>Judge Aleta A. Trauger<br><br><u>CLASS ACTION</u> |
| JEAN-NICOLAS TREMBLAY, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br> vs.<br><br>CLOVER HEALTH INVESTMENTS, CORP., et al.,<br><br>        Defendants. | Civil Action No. 3:21-cv-00138<br><br>Judge Aleta A. Trauger<br><br><u>CLASS ACTION</u> |

## I. INTRODUCTION

Presently pending before this Court are four related securities class actions (the "Related Actions") on behalf of purchasers or acquirers of Clover Health Investments, Corp. (formerly known as Social Capital Hedosophia Holdings Corp. III) ("Clover" or the "Company") securities between October 6, 2020 and February 4, 2021, inclusive (the "Class Period"), seeking to pursue remedies under the federal securities laws against the Company and certain of its senior officers and directors.[1] The PSLRA requires district courts to resolve consolidation before appointing a lead plaintiff in securities cases. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Here, consolidation is appropriate because the Related Actions involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a).

Thereafter, the PSLRA directs courts to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Here, Kenneth Ryan Meadows and Dr. Mit Desai ("Meadows and Desai") should be appointed as lead plaintiff because they: (1) timely filed this motion; (2) have the largest financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Meadows and Desai's selection of Robbins Geller Rudman & Dowd LLP, Levi & Korsinsky, LLP, and Berger

---

[1] The related actions are: (1) *Bond v. Clover Health Investments, Corp.*, No. 3:21-cv-00096 (filed on Feb. 5, 2021); (2) *Kaul v. Clover Health Investments, Corp..*, No. 3:21-cv-00101 (filed on Feb. 5, 2021); (3) *Yaniv v. Clover Health Investments, Corp.*, 3:21-cv-00109 (filed on Feb. 10, 2021); and (4) *Tremblay v. Clover Health Investments, Corp.*, No. 3:21-cv-00138 (filed on Feb. 22, 2021). The *Bond*, *Yaniv*, and *Tremblay* actions assert claims for alleged violations of the Securities Exchange Act of 1934 (the "1934 Act") and the *Kaul* action asserts claims for alleged violations under both the 1934 Act and the Securities Act of 1993 (the "1933 Act"). The *Bond*, *Yaniv*, and *Tremblay* actions assert a class period of October 6, 2020 – February 3, 2021 and the *Kaul* action asserts a class period of October 6, 2020 – February 4, 2021. For purposes of this motion, the longest and most inclusive alleged class period is used (October 6, 2020 – February 4, 2021). Because the Private Securities Litigation Reform Act of 1995's ("PSLRA") lead plaintiff provisions applicable to the 1933 Act and 1934 Act are virtually identical, only the 1934 Act provisions are cited herein.

- 1 -

Montague PC as lead counsel for the putative class should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    STATEMENT OF FACTS[2]

Clover is a Franklin, Tennessee based health insurance service company that provides Medicare Advantage health plans to 57,000 members through a tech-heavy distribution platform. ¶2.  In the summer of 2020, Clover began the process of going public, preparing for one of two scenarios: a traditional initial public offering ("IPO") or a merger with an already publicly traded "blank-check" company.  ¶3.  After initially pursuing a traditional IPO, Clover suddenly decided to merge with Social Capital Hedosophia Holdings Corp. III, ("Social Capital") an already publicly listed special-purpose acquisition company ("SPAC"), in October 2020.  ¶4.

On December 14, 2020, defendants filed with the U.S. Securities and Exchange Commission ("SEC") the final prospectus, which forms part of the merger registration statement, and completed the merger between Clover and Social Capital, causing Clover to become a publicly listed company. Upon completion of the business combination, the SPAC's Class A ordinary shares and warrants then listed on the NYSE were relisted as Clover Class A common stock and Clover warrants on the Nasdaq Global Select Market ("Nasdaq") under the ticker symbols CLOV and CLOVW, respectively.  ¶23.

The Related Actions allege that defendants failed to disclose adverse information pertaining to the Company's business, operations, and financial prospects that were then known to defendants or recklessly disregarded by them, including: (a) that the lion's share of Clover's sales are driven by major undisclosed related-party deals and misleading marketing practices targeting the elderly; (b) that Clover had already been fined in 2016 for misleading marketing practices; (c) that Clover was

---

[2]    Unless otherwise noted, these allegations are based on the *Yaniv* complaint (the "Complaint"). All "¶__" and "¶¶__" references are to the Complaint.

4819-2555-2100 v1

subject to an ongoing U.S. Department of Justice ("DOJ") investigation into at least 12 issues, including kickbacks, improper marketing practices, overbilling Medicare through "upbilling," and undisclosed third-party deals; (d) that the DOJ investigation had put Clover's nearly sole source of revenues from Medicare, a government payor, at risk; (e) that another company defendant Vivek Garipalli previously operated, CarePoint Health, had been accused of rampant price gouging and run into the ground; and (f) that as a result, defendants' statements about Clover's management, business, operations, and financial prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times. ¶41.

On February 4, 2021, Hindenburg Research published an investigative report titled "Clover Health: How the 'King of SPACs' Lured Retail Investors Into a Broken Business Facing an Active, Undisclosed DOJ Investigation." Among other things, the report disclosed that before the merger, Clover had received a civil investigative demand letter from the DOJ "and the corresponding investigation present[ed] a potential existential risk for a company that derives almost all of its revenue from Medicare, a government payor." ¶43. Hindenburg also described a relationship between Clover and its subsidiary Seek Insurance as "thinly disclosed," noting that it did not mention the subsidiary on its website, yet told seniors that it would provide them with unbiased information on finding Medicare plans. *Id.* On this news, the market price of Clover's Class A common stock declined more than 12% on unusually high trading volume. ¶45. Clover's warrants fell 5%, to close at $3.39 per warrant. *See Kaul* ECF No. 1 at ¶39.

Then, on February 5, 2021, before the market opened, Clover filed a Form 8-K disclosing that the SEC was conducting an "investigation and requesting document and data preservation for the period from January 1, 2020, to the present, relating to certain matters that are referenced in the [Hindenburg Research report]." *Kaul* ECF No. 1 at ¶40. On this news, Clover shares fell 4.3% and

Clover warrants fell 8.2% during intraday trading on February 5, 2021, further damaging investors. *Id.*

As a result of defendants' wrongful acts and omissions, and the declines in the price of Clover securities as detailed herein, Meadows and Desai and other class members have suffered significant losses and damages.

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). Under Rule 42(a), consolidation is appropriate when actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a).

Consolidation is appropriate because the Related Actions rely on the same underlying facts and assert similar false and misleading statements and omissions. *See, e.g.*, *Tremblay* ECF No. 1 at ¶29; *Kaul* ECF No. 1 at ¶21; *Yaniv* ECF No. 1 at ¶21; *Bond* ECF No. 1 at ¶22. Moreover, the Related Actions all bring claims under the federal securities laws against substantially overlapping defendants.[3] Consolidation would preserve judicial resources and promote efficient prosecution of the litigation. Accordingly, the Court should consolidate the Related Actions.

### B. Meadows and Desai Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Act] that is brought as a plaintiff class action pursuant to the Federal Rules

---

[3] The *Kaul* and *Tremblay* actions seek to represent investors who purchased or acquired Clover securities, the *Yaniv* action seeks to represent investors who purchased Clover Class A common stock and warrants, and the *Bond* action seeks to represent investors who purchased or acquired Clover common stock. This difference, along with any additional minor differences between the Related Actions, will be reconciled with the filing of a consolidated complaint.

of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *Blitz v. AgFeed Indus., Inc.*, 2012 WL 1192814, at *2 (M.D. Tenn. Apr. 10, 2012). Meadows and Desai meet each of these requirements and should therefore be appointed Lead Plaintiff.

### 1. Meadows and Desai's Motion Is Timely

The February 5, 2021 statutory notice published in connection with the filing of the *Kaul* complaint advised class members of the pendency of the action, the claims asserted, and the right to move the Court for appointment as lead plaintiff within 60 days, or by April 6, 2021. *See* Wood Decl., Ex. A. This Motion is timely filed, and Meadows and Desai are eligible for appointment as lead plaintiff.

### 2. Meadows and Desai Have the Largest Financial Interest in the Relief Sought by the Class

As evidenced by their Certifications and loss chart, Meadows and Desai purchased 99,402 shares of Clover stock and suffered approximately $409,161 in losses as a result of defendants' alleged misconduct. *See* Wood Decl., Exs. B, C. To the best of their counsel's knowledge, there are no other named plaintiffs with a larger financial interest. Therefore, Meadows and Desai satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3. Meadows and Desai Are Typical and Adequate of the Putative Class

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 "requires in part that 'the claims or defenses of the representative parties are typical of the claims or defenses of the class . . .' and that 'the representative parties will fairly and adequately protect the interests of the class.'" *Blitz*, 2012 WL 1192814, at *10 (citation omitted).

"In the Sixth Circuit, the test for typicality is whether a named plaintiff's claims 'arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" *Garden City Emps.' Ret. Sys. v. Psychiatric Sols., Inc*., 2012 WL 1071281, at *37 (M.D. Tenn. Mar. 29, 2012) (certifying securities class action) (citation and emphasis omitted). Here, if appointed, Meadows and Desai intend to allege that defendants violated the federal securities laws by disseminating materially false and misleading statements and omissions and that Meadows and Desai were harmed in connection therewith, just like all of the other putative class members. Therefore, the Court should find their claims are typical to the claims of the other class members.

"Inquiry into the adequacy elements requires the Court to consider whether '"(1) the representative[s] . . . have common interests with unnamed members of the class, and (2) it [] appear[s] that the representatives will vigorously prosecute the interests of the class through qualified counsel.'"'" *Id*. (citations omitted). Meadows and Desai have demonstrated their adequacy by signing sworn Certifications and a Joint Declaration attesting to their willingness to serve as, and to assume the responsibilities of, class representative. Wood Decl., Exs. B, D. Moreover, Meadows and Desai are not aware of any potential conflicts of interest or any matters that would preclude them from fulfilling their duties as lead plaintiff. Additionally, as explained below, Meadows and Desai

- 6 -

have selected experienced and qualified counsel with an office in this District, further evidencing their ability to fairly and competently represent the interests of the class.

Because Meadows and Desai filed a timely motion, have a large financial interest in the relief sought by the class, and demonstrated their typicality and adequacy, the Court should adopt the presumption that they are the "most adequate plaintiff."

### C. The Court Should Approve Meadows and Desai's Selection of Counsel

The PSLRA provides that the most adequate plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. §78u-4(a)(3)(B)(v); Meadows and Desai have selected Robbins Geller, Levi Korsinsky, and Berger Montague to serve as lead counsel.[4]

Robbins Geller, a 200-attorney firm with an office in this District, regularly represents institutional and individual investors in nationwide securities litigation, including within the Sixth Circuit and this District. District courts throughout the country, including the judges of this Court, have noted Robbins Geller's reputation for excellence. *See, e.g.*, *St. Clair Cty. Emps.' Ret. Sys. v. Acadia Healthcare Co., Inc.*, 2019 WL 494129, at *6 (M.D. Tenn. Jan. 9, 2019) (appointing Robbins Geller as lead counsel, finding that "this Court has previously found Robbins Geller to be 'well qualified' for the task of representing a class in a securities action"); *Burges v. Bancorpsouth, Inc.*, 2017 WL 2772122 (M.D. Tenn. June 26, 2017) (certifying class and appointing Robbins Geller as class counsel); *Garden City Emps.' Ret. Sys. v. Psychiatric Sols., Inc.*, 2010 WL 1790763, at *4 (M.D. Tenn. Apr. 30, 2010) (finding Robbins Geller attorneys to be "well qualified and experienced to represent the class"). Notably, Robbins Geller attorneys involved in this case are responsible for obtaining each of the three largest securities fraud class action recoveries ever obtained in this

---

[4] For a detailed description of each firm's track record, resources, and attorneys, please *see* http://www.rgrdlaw.com/, https://www.zlk.com/, and https://bergermontague.com/. A hard copy of each firm's resume is available upon the Court's request, if preferred.

District.  *See, e.g.*, *Schuh v. HCA Holdings, Inc.*, No. 3:11-cv-01033, ECF No. 567 at 12-13 (M.D. Tenn. Apr. 11, 2016) (in granting final approval to a $215 million recovery, the largest securities class action recovery ever in Tennessee, while recognizing that Robbins Geller and its local counsel "were gladiators" and expressing the court's "appreciat[ion for] the work that you all have done on this").  Robbins Geller attorneys have also obtained the largest securities fraud class action recovery in this Circuit as well as in the Fifth, Seventh, Eighth, Tenth, and Eleventh Circuits.[5]

Robbins Geller's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  And, while trials in shareholder class actions are rare, Robbins Geller has tried several shareholder class actions to verdict, including a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG-JCG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.  Robbins Geller is also preparing to try another securities class action case, *Grae v. Corrections Corp. of Am.*, No. 3:16-cv-02267 (M.D. Tenn.) on May 10, 2021 before this Court.

Levi & Korsinsky's attorneys have extensive experience in the area of securities litigation and have successfully prosecuted numerous securities class actions on behalf of injured investors as

---

[5]  *See In re Enron Corp. Sec.*, No. 4:01cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the *Fifth Circuit*); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the *Sixth Circuit*); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the *Seventh Circuit*); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the *Eighth Circuit*); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the *Tenth Circuit*); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the *Eleventh Circuit*).

detailed in its attached resume. Levi & Korsinsky has frequently been appointed as lead counsel or co-lead counsel in securities class actions across the country, and in this Court. *See Posey v. Brookdale Senior Living, Inc.*, No. 20-cv-0543, ECF No. 27 (M.D. Tenn. Sept. 14, 2020) (Trauger, A.); *see also e.g.*, *Daniels Family 2001 v. Las Vegas Sands Corp.*, 2021 U.S. Dist. LEXIS 974, at *8 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.*, 2021 U.S. Dist. LEXIS 1199, at *10 (S.D.N.Y. Jan. 5, 2021) (appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"); *Deinnocentis v. Dropbox, Inc.*, 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020).

Berger Montague, since its founding in 1970, has been at the forefront of securities litigation, corporate governance, and shareholder advocacy. It continues to be recognized as one of the nation's preeminent law firms representing state, municipal, international, and union pension plans, along with individual and other institutional investors, in complex federal and state securities matters. With its long record of success in securities litigation, Berger Montague has achieved many of the largest securities recoveries since Congress enacted the PSLRA, and advises clients on litigation and recovery options in securities proceedings throughout the United States and internationally.

Berger Montague has extensive relevant experience, having served as lead or co-lead counsel in numerous other major securities class action cases where substantial settlements were achieved on behalf of investors, including: *In re KLA Tencor Sec. Litig.* (N.D. Cal.) ($65 million recovery); *In re Merrill Lynch Sec. Litig.* (S.D.N.Y.) ($475 million recovery); *In re Sotheby's Holding, Inc. Sec. Litig.* (S.D.N.Y.) ($70 million recovery, which includes $30 million individual defendant

4819-2555-2100 v1

contribution); *In re CIGNA Corp. Sec. Litig.* (E.D. Pa.) ($93 million recovery); and *In re Rite Aid Corp. Sec. Litig.* (E.D. Pa.) ($334 million recovery).

The members of the class will receive the highest caliber of legal representation available from Robbins Geller, Levi Korsinsky, and Berger Montague. Accordingly, Meadows and Desai's selection of counsel should be approved.

## IV.    CONCLUSION

The Court should consolidate the Related Actions because they share overlapping questions of law and fact. In addition, Meadows and Desai have satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Meadows and Desai respectfully request that the Court appoint them as Lead Plaintiff and approve their selection of Lead Counsel.

DATED: April 6, 2021                                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977


                                s/ Christopher M. Wood
                               CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
JENNIFER N. CARINGAL
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
jcaringal@rgrdlaw.com

- 10 -

LEVI & KORSINSKY, LLP
GREGORY M. NESPOLE
DANIEL TEPPER
MELISSA G. MULLER
55 Broadway, 10th Fl.
New York, NY 10006
Telephone: 212/363-7500
212/363-7171 (fax)
gnespole@zlk.com
dtepper@zlk.com
mmuller@zlk.com

BERGER MONTAGUE PC
SHERRIE R. SAVETT
MICHAEL DELL'ANGELO
ANDREW D. ABRAMOWITZ
DONNELL MUCH
1818 Market Street, Suite 3600
Philadelphia, Pa 19103
Telephone: 215/875-3000
ssavett@bm.net
mdellangelo@bm.net
aabramowitz@bm.net
dmuch@bm.net

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

BARRETT JOHNSTON MARTIN
   & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)
jmartin@barrettjohnston.com

Local Counsel for [Proposed] Lead Plaintiff

- 11 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on April 6, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
 & DOWD LLP
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)

E-mail:  cwood@rgrdlaw.com

# Mailing Information for a Case 3:21-cv-00096 Bond v. Clover Health Investments, Corp. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Charles F. Barrett**
  cbarrett@nealharwell.com,pdozier@nealharwell.com

- **Larry Russell Belk , Jr**
  russell@sbinjurylaw.com,faith@sbinjurylaw.com

- **Saul C. Belz**
  sbelz@glankler.com,apospisil@glankler.com

- **Jeffrey C. Block**
  jeff@blockleviton.com

- **Benjamin A. Gastel**
  beng@bsjfirm.com,nicolev@bsjfirm.com,mariahy@bsjfirm.com,gerards@bsjfirm.com,ecf-processor@bsjfirm.com,jims@bsjfirm.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **John Tate Spragens**
  john@spragenslaw.com,stacia@spragenslaw.com,spragenslaw@ecf.courtdrive.com

- **James Gerard Stranch , IV**
  gerards@bsjfirm.com,ecf-processor@bsjfirm.com,jennifers@bsjfirm.com

- **Tara L. Swafford**
  tara@swaffordlawfirm.com

- **Stephen J. Teti**
  steti@blockleviton.com

- **Jacob A. Walker**
  jake@blockleviton.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

https://ecf.tnmd.uscourts.gov/cgi-bin/MailList.pl?175199435023058-L_1_0-1                                          1/1