| | |
|---|---|
| TIMOTHY BOND, individually and on behalf of all others similarly situated,<br><br>                       Plaintiff,<br><br>        v.<br><br>CLOVER HEALTH INVESTMENTS, CORP., CHAMATH PALIHAPITIYA, VIVEK GARIPALLI, and ANDREW TOY,<br><br>                       Defendants. | No.: 3:21-cv-00096<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF FIRAS JABRI TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL<br><br><u>CLASS ACTION</u> |
| BRINAL KAUL, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>CLOVER HEALTH INVESTMENTS, CORP. f/k/a SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. III, VIVEK GARIPALLI, JOSEPH WAGNER, CHAMATH PALIHAPITIYA, STEVEN TRIEU, IAN OSBORNE, JACQUELINE D. RESES, and JAMES RYANS,<br><br>        Defendants. | No.: 3:21-cv-00101<br><br><u>CLASS ACTION</u> |

| | |
|---|---|
| MATTHEW YANIV, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  vs.<br><br>CLOVER HEALTH INVESTMENTS, CORP., VIVEK GARIPALLI, ANDREW TOY and JOSEPH WAGNER,<br><br>      Defendants. | No.: 3:21-cv-00109<br><br><u>CLASS ACTION</u> |
| JEAN-NICOLAS TREMBLAY, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>CLOVER HEALTH INVESTMENTS, CORP. f/k/a SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. III, VIVEK GARIPALLI, ANDREW TOY, CHAMATH PALIHAPITIYA, STEVEN TRIEU, IAN OSBORNE, JACQUELINE D. RESES, and JAMES RYANS,<br><br>      Defendants. | No.: 3:21-cv-00138<br><br><u>CLASS ACTION</u> |

# **TABLE OF CONTENTS**

BACKGROUND ........................................................................................................2

ARGUMENT............................................................................................................5

    I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES ........................................................................................5

    II.    JABRI SHOULD BE APPOINTED LEAD PLAINTIFF.....................6

        A.    JABRI IS WILLING TO SERVE AS A CLASS REPRESENTATIVE ................................................................7

        B.    JABRI HAS THE LARGEST FINANCIAL INTEREST...........8

        C.    JABRI SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE..................9

        D.    JABRI WILL FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS AND IS NOT SUBJECT TO UNIQUE DEFENSES .......................................................11

    III.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED ................................................................................12

CONCLUSION ......................................................................................................14

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Farrah v. Provectus Biopharmaceuticals, Inc.*,
68 F. Supp. 3d 800 (E.D. Tenn. 2014)..................................................................8

*Franchi v. Smiledirectclub, Inc.*,
No. 3:19-cv-00962, 2020 U.S. Dist. LEXIS 236608 (M.D. Tenn.
Jan. 27, 2020)........................................................................................................6

*In re Comverse Technology, Inc. Securities Litigation*,
No. 06-CV-1825 (E.D.N.Y.).................................................................................13

*In re Delphi Corp. Secs., Derivative & "ERISA" Litig.*,
458 F. Supp. 2d 455 (E.D. Mich. 2006) ...............................................................8

*In re Regions Morgan Keegan Closed-End Fund Litig.*,
No. 07-02830, 2010 WL 5173851 (W.D. Tenn. Dec. 15, 2010).......................10

**Statutes**

15 U.S.C. § 77z-1 ...........................................................................................*passim*

15 U.S.C. § 78u-4 ..........................................................................................*passim*

Private Securities Litigation Reform Act of 1995...........................................*passim*

**Rules**

Fed. R. Civ. P. 23.......................................................................................7, 9, 10

Fed. R. Civ. P. 42...............................................................................................1, 6

Case 3:21-cv-00096    Document 41    Filed 04/06/21    Page 4 of 19 PageID #: 915

Movant Firas Jabri ("Jabri") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Federal Rule of Civil Procedure 42 ("Rule 42"), Section 27(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3), and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"):

(a)     consolidating the above-captioned related actions (the "Related Actions");

(b)     appointing Jabri as Lead Plaintiff on behalf of a class (the "Class") consisting of all investors who: (1) purchased or otherwise acquired publicly traded Clover Health Investments, Corp. f/k/a Social Capital Hedosophia Holdings Corp. III ("Clover", "SCH", or the "Company") securities between October 6, 2020 and February 4, 2021, inclusive (the "Class Period"); and/or (2) purchased or otherwise acquired Clover securities pursuant or traceable to the Company's registration statement and prospectus issued in connection with the Merger (defined below);[1]

---

[1] The complaint filed in the first of the Related Actions, styled *Bond v. Clover Health Investments, Corp. et al.*, No. 3:21-cv-00096 (the "Bond Action"), filed in this Court on February 5, 2021, alleges a class that only includes those who purchased or otherwise acquired Clover common stock between October 6, 2020 and February 3, 2021, inclusive. Also on February 5, 2021, the related action styled *Kaul v. Clover Health Investments, Corp. et al.*, No. 3:21-cv-00101 (the "Kaul Action"), was filed in this Court, alleging substantially the same wrongdoing against overlapping defendants, and with a larger class including all those who

1

and

(c) approving Jabri's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and Bramlett Law Offices as Liaison Counsel for the Class.

## BACKGROUND

As alleged in the Complaints in the Related Actions, SCH was a publicly-traded blank check company, also known as a special purpose acquisition company ("SPAC"), formed for the purpose of effecting a merger, share exchange, asset acquisition, share purchase, reorganization, or similar business combination with one or more businesses.

On October 6, 2020, SCH and a private health insurance company, Clover Health Investments, Corp. ("Legacy Clover"), issued a press release announcing

purchased or otherwise acquired publicly traded Clover securities between October 6, 2020 and February 4, 2021, inclusive; and/or (2) purchased or otherwise acquired Clover securities pursuant or traceable to the Company's registration statement and prospectus issued in connection with the Merger; alleging both Exchange Act and Securities Act claims. On February 10, 2021, the related action styled *Yaniv v. Clover Health Investments, Corp. et al.*, No. 3:21-cv-00109 (the "Yaniv Action"), was also filed in this Court, alleging substantially the same wrongdoing against overlapping defendants, on behalf of all purchasers of Clover Class A common stock and warrants to purchase Class A common stock during the same class period alleged in the Bond Action. Finally, on February 22, 2021, the related action styled *Tremblay v. Clover Health Investments, Corp. et al.*, No. 3:21-cv-00138 (the "Tremblay Action"), was also filed in this Court, alleging substantially the same wrongdoing against overlapping defendants, on behalf of all those that purchased or otherwise acquired Clover securities during the same class period alleged in the Bond Action and Yaniv Action. Therefore, without conceding that this is the appropriate class, to avoid excluding any potential class members, this motion has adopted the largest class alleged in the Kaul Action.

their plan to bring Legacy Clover public via a merger between SCH and Legacy Clover (the "Merger"). That press release described Legacy Clover as "a next-generation Medicare Advantage insurance company offering best-in-class plans that combine wide access to healthcare and rich supplemental benefits with low out-of-pocket expenses[.]"

Legacy Clover's (and following the Merger, Clover's) flagship platform, the Clover Assistant, purportedly aggregates millions of relevant health data points—including claims, medical charts, and diagnostics—and uses machine learning to synthesize that data with member-specific information. This purportedly provides physicians with actionable and personalized insights at the point of care, offering suggestions for medications and dosages as well as the need for, among other things, tests or referrals, to ultimately improve health outcomes.

Throughout the Class Period, the above-captioned defendants ("Defendants") made materially false and misleading statements regarding the Company's business, operations, and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) SCH had performed inadequate due diligence into Legacy Clover prior to the Merger, or else ignored and/or failed to disclose multiple red flags concerning Legacy Clover's business and operations; (ii) since before the Merger, Legacy Clover and/or Clover have been under active investigation by the U.S. Department of Justice ("DOJ") for

3

multiple issues ranging from kickbacks to marketing practices to undisclosed third-party deals; (iii) Legacy Clover's and/or Clover's sales were, and/or are, driven in large part by an undisclosed related party deal, misleading marketing targeting the elderly, and other illicit practices; (iv) Defendants overstated the capabilities of the Company's technology; and (v) as a result, the Company's public statements were materially false and misleading at all relevant times.

On February 4, 2021, Hindenburg Research ("Hindenburg") issued a report on Clover entitled "Clover Health: How the 'King of SPACs' Lured Retail Investors Into a Broken Business Facing an Active, Undisclosed DOJ Investigation." Citing "more than a dozen interviews with former employees, competitors, and industry experts, dozens of calls to doctor's offices, and a review of thousands of pages of government reports, insurance filings, regulatory filings, and company marketing materials," Hindenburg claimed that "Clover Health and its Wall Street celebrity promoter, Chamath Palihapitiya, misled investors about critical aspects of Clover's business in the run-up to the company's SPAC go-public transaction last month."

Specifically, the Hindenburg report concluded, among other things, that the Company and Clover Assistant "are under active investigation by the [DOJ]" for "at least 12 issues ranging from kickbacks to marketing practices to undisclosed third-party deals"; that "Clover's sales are driven by a major undisclosed related party

4

deal and misleading marketing targeting the elderly"; that "Clover's software is primarily a tool to help the company increase coding reimbursement"; that doctors at key Clover providers view Clover Assistant as "embarrassingly rudimentary", "a waste of . . . time", and just another administrative hassle to deal with; and that Clover pays physicians "$200 per visit to use the software, twice the normal reimbursement rate for a Medicare visit."

On this news, Clover's stock price fell $1.72 per share, or 12.33%, to close at $12.23 per share on February 4, 2021, representing a loss of approximately $700 million in market capitalization. Moreover, shares traded as low as $11.86 per share intraday on February 4, 2021. Additionally, Clover warrants fell $0.18 per warrant, or 5.04%, to close at $3.39 per warrant on February 4, 2021.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiffs in the Related Actions and other Class members have suffered significant losses and damages.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the

matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a); *see also Franchi v. Smiledirectclub, Inc.*, No. 3:19-cv-00962, 2020 U.S. Dist. LEXIS 236608, at *12-*14 (M.D. Tenn. Jan. 27, 2020).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this title is filed." 15 U.S.C. §§ 77z-1(a)(3)(A)(ii), 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Rule 42(a).

Each of the Related Actions has been filed in this Court alleging similar factual and legal grounds to support allegations of violations of the federal securities laws by overlapping defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the Related Actions should be consolidated pursuant to Rule 42(a) for all purposes.

## II. JABRI SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Securities Act and the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the

6

date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §§ 77z-1(a)(3)(B)(i) & (ii), 78u-4(a)(3)(B)(i) & (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §§ 77z-1(a)(3)(B)(iii), 78u-4(a)(3)(B)(iii).

As set forth below, Jabri satisfies all of these criteria and is thus entitled to the presumption that he is the most adequate plaintiff of the Class, and that, as a result, Jabri should be appointed as Lead Plaintiff.

### A. JABRI IS WILLING TO SERVE AS A CLASS REPRESENTATIVE

On February 5, 2021, counsel for plaintiff in the Kaul Action caused a notice to be published over *Business Wire* pursuant to Sections 27(a)(3)(A)(i) and 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced that a securities class action had been filed against Defendants and advised investors of Clover

7

securities that they had until April 6, 2021—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as Lead Plaintiff. *See* Lieberman Decl., Ex. A.

Jabri has filed the instant motion pursuant to the Notice and has attached a signed Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See* Lieberman Decl., Ex. B. Accordingly, Jabri satisfies the first requirement to serve as Lead Plaintiff of the Class.

## B. JABRI HAS THE LARGEST FINANCIAL INTEREST

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §§ 77z-1(a)(3)(B)(iii), 78u-4(a)(3)(B)(iii). While the Sixth Circuit has not adopted a specific approach to calculating the largest financial interest, courts have typically appointed lead plaintiffs on the basis of having the largest loss. *See Farrah v. Provectus Biopharmaceuticals, Inc.*, 68 F. Supp. 3d 800, 804 (E.D. Tenn. 2014) (appointing as lead plaintiff the movant who had suffered a larger loss and holding that said movant had the largest financial interest); *In re Delphi Corp. Secs., Derivative & "ERISA" Litig.*, 458 F. Supp. 2d 455, 461 (E.D. Mich. 2006) (explaining that Congress hoped that selecting plaintiffs with the largest financial loss would lead to

plaintiffs with the largest financial interest being appointed).

During the Class Period and/or pursuant or traceable to the Company's registration statement and prospectus issued in connection with the Merger, Jabri: (i) purchased 80,025 shares of Clover securities; (ii) expended $1,297,892 on Clover securities; (iii) retained all 80,025 of his shares of Clover securities; and (iv) as a result of the disclosure of the alleged wrongdoing at issue, suffered a loss of $542,642. *See* Lieberman Decl., Ex. C.

Jabri is not aware of any other movant that has a larger financial interest in the Related Actions. Accordingly, Jabri satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

### C. JABRI SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure" ("Rule 23"). 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I)(cc), 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly

and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Jabri satisfies the requirements of Rule 23 is sufficient. *In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-02830, 2010 WL 5173851, at *5 (W.D. Tenn. Dec. 15, 2010). Moreover, "Rule 23 establishes two requirements for appointing a lead plaintiff . . . 'typicality' and 'adequacy.'" *Id.*

Jabri fulfills the requirements of Rule 23. Jabri's claims share substantially similar questions of law and fact with the members of the Class, and his claims are typical of those of the members of the Class. Jabri and all members of the Class allege that Defendants violated the federal securities laws by failing to disclose material facts about Clover's business and financial condition. Jabri, as did all of the members of the Class, purchased or otherwise acquired Clover securities at prices artificially inflated by Defendants' misstatements and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Jabri is an adequate representative for the Class. As set forth in greater detail below, Jabri has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as the Related Actions, and submits his

choice of Pomerantz to the Court for approval pursuant to 15 U.S.C. §§ 77z-1(a)(3)(B)(v) and 78u-4(a)(3)(B)(v). In addition to Pomerantz, Jabri is also represented by The Schall Law Firm in this litigation. Moreover, there is no antagonism between the interests of Jabri and those of the Class, and his losses demonstrate that he has a sufficient interest in the outcome of this litigation.

Thus, the close alignment of interests between Jabri and other Class members, as well as the strong desire of the proposed Lead Plaintiff to prosecute the Related Actions on behalf of the Class, provide ample reasons to grant Jabri's motion to serve as Lead Plaintiff.

Further demonstrating his adequacy, Jabri has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Lieberman Decl., Ex. D.

### D. JABRI WILL FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS AND IS NOT SUBJECT TO UNIQUE DEFENSES

The presumption in favor of appointing Jabri as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(II), 78u-4(a)(3)(B)(iii)(II).

Jabri's ability, and his desire, to represent the Class fairly and adequately is discussed above.  Jabri is not aware of any unique defenses Defendants could raise against him that would render Jabri inadequate to represent the Class.  Accordingly, the Court should appoint Jabri as Lead Plaintiff for the Class.

## III.  MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court.  15 U.S.C. §§ 77z-1(a)(3)(B)(v), 78u-4(a)(3)(B)(v).  The Court should interfere with lead plaintiff's selection only when necessary to "protect the interests of the class."  15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(II)(aa), 78u-4(a)(3)(B)(iii)(II)(aa).

Jabri has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume.  *See* Lieberman Decl., Ex. E.  Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A.—Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action

12

involving a foreign issuer. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *Id.* Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See id.*

Jabri has also selected Bramlett Law Offices as Liaison Counsel for the Class. Paul Kent Bramlett and Robert Preston Bramlett of Bramlett Law Offices of Nashville regularly practice in the Middle District of Tennessee, have handled numerous class actions in all district courts of Tennessee, are admitted to practice in the Middle District, and can ably serve the Class if so appointed. *See* Lieberman Decl., Ex. F.

As a result of both firms' experience in litigation involving issues similar to those raised in the Related Actions, Jabri's counsel have the skills and knowledge to prosecute the Related Actions effectively and expeditiously. Thus, the Court may be assured that by approving Jabri's selection of Lead Counsel and Liaison Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Jabri respectfully requests that the Court issue an Order: (1) consolidating the Related Action; (2) appointing Jabri as Lead Plaintiff; and (3) approving Lead Plaintiff's selection of Pomerantz as Lead Counsel and Bramlett Law Offices as Liaison Counsel.

Dated: April 6, 2021 Respectfully submitted,

*/s/Paul Kent Bramlett*
BRAMLETT LAW OFFICES
PAUL KENT BRAMLETT
TN SUP CT #7387/MS SUP CT #4291
ROBERT PRESTON BRAMLETT
TN SUP CT #25895
40 Burton Hills Blvd., Suite 200
P. O. Box 150734
Nashville, TN 37215
Telephone: 615.248.2828
Facsimile: 866.816.4116
PKNASHLAW@aol.com
Robert@BramlettLawOffices.com

*Counsel for Firas Jabri and*
*Proposed Liaison Counsel for the Class*

POMERANTZ LLP
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100

14

Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Counsel for Firas Jabri and
Proposed Lead Counsel for the Class*

THE SCHALL LAW FIRM
Brian Schall*
Rina Restaino*
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
Facsimile: (877) 590-0482
brian@schallfirm.com
rina@schallfirm.com

(*\*pro hac vice* applications forthcoming)

*Additional Counsel for Firas Jabri*

15