# EXHIBIT A

# Fee and Co-Counsel Agreement

This agreement ("Agreement"), dated February __ 2021, between The Schall Law Firm Inc. (the "Schall Firm") and Co-Counsel ("Co-Counsel") (the Schall Firm and Co-Counsel collectively referred to as the "Parties" or individually a "Party") sets forth the terms and conditions upon which the Parties shall cooperate in the representation of one or more clients that the Schall Firm refers to, and/or jointly represents with, Co-Counsel (a "Client"), with respect to any lawsuit or matter relating to claims asserted against, and/or relating to, Case (the "Matter').

1.    Fees.  Co-Counsel agrees that it will pay the Schall Firm twenty (20) percent of the "Net Fee" (as defined below) received by Co-Counsel arising from and/or relating to the Matter in the event: (a) the Schall Firm and/or Brian Schall refers a Client to Co-Counsel for the Matter; (b) a Client, at any point, is appointed or becomes lead plaintiff either individually or as part of a group with respect to the Matter; and/or (c) the Schall Firm at any point jointly represents a Client, and/or acts as co-counsel with, Co-Counsel in the Matter.  Co-Counsel agrees that the fees it pays to the Schall Firm will not increase the amount of fees it seeks for the Matter, and will not affect the recovery that will be received by a Client or class in the Matter.

"Net Fee" means the total amount of attorney's fees received by Co-Counsel (and/or any of its successors or assigns) for legal services arising from and/or relating to the Client and/or Matter after deducting all amounts properly paid by Co-Counsel to co-counsel, local counsel or other additional counsel for their legal services rendered in connection the applicable Client/Matter.  In federal court securities class action cases where Co-Counsel represents one or more plaintiffs not referred by the Schall Firm in a particular Matter before a lead plaintiff is initially appointed, and those plaintiffs are appointed as lead plaintiff(s) in a group along with a Client referred by the Shall Firm at the time the initial lead plaintiff is appointed, the fee due to the Schall Firm shall be adjusted downward as follows: the adjustment will be to multiply the fee due to Schall times the ratio of (a) the net compensable loss(es) incurred by the Client(s) jointly represented by the Parties, and/or referred by Schall to Co-Counsel, divided by (b) the total net compensable losses incurred by all lead plaintiffs represented by Co-Counsel in the Matter at the time the initial lead plaintiffs are appointed.

Unless specifically set forth in this Agreement, the fee paid to the Schall Firm shall not be altered except by written agreement of the Parties.  A breach, or alleged breach, of this Agreement shall not entitle Co-Counsel to withhold, or refuse to pay, any fees or other sums due to the Schall Firm under this Agreement as and when they become due.  To the extent the Schall Firm receives any fees related to and/or arising from a Client or the Matter, it shall not have to pay any portion of those fees to Co-Counsel.  All sums due to the Schall Firm under this Agreement shall be promptly delivered to the Schall Firm within 10 days of receipt of any fees by Co-Counsel, and shall be paid by wire transfer unless otherwise requested in writing (including by email) by the Schall Firm, in which case the payment shall be made in the manner so requested.

2.    Matter and Client Management.  Co-Counsel agrees that, with the reasonable assistance of the Schall Firm as set forth below, it will be responsible for managing and performing the needs of the Matter, calendaring and complying with all applicable deadlines and

obligations and, without limitation, performing the other tasks required to pursue the Matter and represent the Client(s), except to the extent it has ensured that any tasks have been properly delegated to other competent attorneys after consulting with the Schall Firm. The Schall Firm agrees that, if requested, it will provide reasonable assistance with respect to the Client(s) and/or in the Matter, consult and advise Co-Counsel with respect to the Client(s) and/or Matter, and maintain communications with the Client(s), to the extent the Schall Firm deems reasonable and appropriate. The Schall Firm further agrees to use reasonable efforts to seek to obtain the Client(s)' compliance with the requirements of the Matter and representation including by seeking to ensure the Client(s) provide necessary documents, attend depositions, and otherwise comply with the Client(s)' responsibilities in the Matter. Nothing in this Agreement or otherwise shall prevent the Schall Firm from representing a Client or participating in the Matter in any way that the Schall Firm deems appropriate and in the best interests of the Client, and the Schall firm shall be entitled to do so. Furthermore, the Parties agree to assume joint responsibility for the Client(s) with respect to the Matter, and shall cooperate and allow each other to exercise joint responsibility. Such joint responsibility shall not necessarily require duplication of efforts between the Parties, or that either of the Parties perform any specific type or amount of work, so long as the tasks are properly and appropriately delegated.

Co-Counsel agrees to promptly provide the Schall Firm with any documents or information reasonably requested by the Schall Firm with respect to the Matter and Client(s), and to promptly inform the Schall Firm of any substantive or significant developments, motions, settlement efforts or other activity in the Matter, as well as all developments specifically relating to the Client(s). Co-Counsel shall be responsible to pay all of the costs and/or expenses incurred in prosecuting and/or pursuing the Matter, and the Schall Firm shall not be responsible to pay any such costs and/or expenses. The Schall Firm shall be entitled, if it so requests, to be co-lead counsel and to have its firm name on any pleadings for the Matter.

3.      Client Agreements, Disclosures and Consent. Co-Counsel agrees that as soon as reasonably possible, it will enter into a written retainer, engagement or other agreement with the Client(s): (i) that advises the Client(s) that Co-Counsel will be representing that Client as co-counsel with the Schall Firm, (ii) that sets forth the agreed upon division of legal fees that Co-Counsel and the Schall Firm (as well as any other co-counsel) shall receive for the Matter, as well as the assumption of joint-responsibility by the Parties as set forth in this Agreement, and, without limitation, (iii) that obtains the Client's informed, written consent to the terms of the engagement including but not limited to the co-counsel arrangement, the Parties' assumption of joint-responsibility on the terms set forth in this Agreement, and the agreed upon division of fees. Co-Counsel agrees to promptly make any other disclosures, and obtain any other consents from the Client(s), that are required by any applicable law, rule of professional responsibility, rule of ethics or otherwise.

4.      Confidentiality. The entirety of this Agreement is strictly confidential and each Party hereto agrees not to disclose this agreement or any details related to it to anyone except as required by law, as deemed reasonably necessary by a Party to that Party's attorneys, advisors, accountants, and/or financers, to exercise a Party's rights or collect sums due under this Agreement, or as a Party reasonably deems is appropriate (or required) to be disclosed to a particular Client or otherwise necessary to comply with any ethical obligations or rule of

professional responsibility.  Should any Party be required by subpoena, order of court, or other law to disclose this Agreement or any information related to it such Party shall (i) insist to the best of its ability on a confidentiality agreement and protective order governing such production and disclosure, (ii) disclose only as much information or portions of this Agreement as is required; and (iii) promptly notify all other parties with sufficient time to file a motion to prevent disclosure or to maintain confidentiality.

5.     Compliance With Ethical Rules.  Each of the Parties shall take all steps necessary and appropriate to comply with all legal and ethical requirements applicable to it with respect to any Client and the Matter, including but not limited to any applicable rules of professional responsibility, and to ensure that all attorney's working on the Client and/or Matter do the same. If Co-Counsel comes to believe that any of its attorneys has, or may be, in breach of any rule of ethics and/or rule of professional responsibility with respect to the Matter and/or Client, it shall promptly inform the Schall Firm of the nature of the breach or suspected breach.

6.     Effectiveness/Termination. This Agreement shall be effective when executed by the Parties and shall remain in effect until the Matter is finally and fully resolved, and until all payments due to the Schall Firm hereunder have been fully paid.  This Agreement may not be terminated without the written consent of all Parties and, without limiting any other obligations that may be continuing, even after this Agreement has been terminated and/or cancelled (if at all), the Schall Firm shall still be entitled to receive all fees due hereunder.

7.     Other Obligations.  This Agreement is not intended to create any partnership, employment arrangement or joint venture between the Parties.  The Parties do not have any authority to act on behalf of each other or make any agreement, promise, or commitment on each other's behalf.  The Schall Firm is not obligated to refer any clients or matters to Co-Counsel and, at its discretion, may work with, and refer matters and clients to, other law firms.

8.     Insurance. The Parties agree that they have and will maintain, for themselves separately, reasonable and adequate professional liability insurance and that such insurance shall be, without limitation, for at least an amount required by law and applicable rules of ethics or professional responsibility.

9.     Arbitration.  Any disputes between the Parties hereto relating to and/or arising from this Agreement, a Client, and/or the Matter, including but not limited to disputes, whether related to payment, performance or any other issue (a "Dispute") shall be first brought to non-binding confidential mediation at Judicial Arbitration and Mediation Services, Inc. ("JAMS") or with another mutually agreeable mediator.  If mediation is unsuccessful, then the parties agree to resolve any Dispute by confidential and binding arbitration through JAMS.  Accordingly, the Parties agree that any Dispute will be submitted to binding arbitration in Los Angeles, California, before a neutral arbitrator subject to the Rules & Procedures of JAMS.  The Parties hereby submit to the jurisdiction and venue of JAMS in Los Angeles, California.  The Parties' agreement to arbitrate any and all disputes is governed by and is subject to the rules of the California Arbitration Act.  Each party may seek injunctive or equitable relief pursuant to California Code of Civil Procedure § 1281.8(b) or as otherwise permitted by law.  The parties agree to file any demand for arbitration within the time limit established by the applicable statute

of limitations.  The award of the Arbitrator shall be in writing and shall set forth the basis for his or her decision.  The award maybe confirmed and enforced by a court of competent jurisdiction. Fees of the Arbitrator shall be paid for and divided evenly by the Parties. THE PARTIES UNDERSTAND AND AGREE THAT THEY ARE OTHERWISE WAIVING THEIR RIGHTS TO BRING CLAIMS TO COURT, INCLUDING THE RIGHT TO A JURY TRIAL.

10.     Notices.  All notices hereunder shall be given by email and overnight courier as set forth below or to addresses that a party subsequently provides in writing as a replacement address, and shall be effective on the business day after delivery to the overnight courier:

    To The Schall Firm:
    Brian J. Schall, Esq.
    The Schall Law Firm
    2049 Century Park East
    Suite 2460
    Los Angeles, California 90067
    brian@schallfirm.com

    To Co-Counsel:
    [INSERT  NAME, ADDRESS AND EMAIL]

11.     Governing Law.  The rights and obligations of the parties under this Agreement shall be governed by California law.

12.     Amendments In Writing.  Any amendments or modification of this Agreement must be in writing and signed by all parties against whom the amendment or modification is being enforced.

13.     Assignment/Successors and Assigns.  Co-Counsel may not transfer or assign any of its rights or obligations under this Agreement without the prior written consent of the Schall Firm.  Co-Counsel shall not transfer, pledge and/or assign its right to any recoveries or attorney's fees for which a portion it may have to pay to the Schall Firm pursuant this Agreement, without the prior written consent of the Schall Firm, and any such attempt to transfer, assign or pledge shall be null and void   Notwithstanding the above, the provisions of this Agreement with respect to the payment of any fees to the Schall Firm shall be binding on any of the Parties' successors and assigns.

14.     Severability.  If any provisions in this Agreement are deemed unenforceable, invalid, illegal, unethical, or void for any reason, such provision shall be stricken, and the remainder of the Agreement shall continue to be valid and enforceable.

15.     Authority.  The individuals signing below hereby agree, represent and warrant that they have authority to do so on behalf of their respective firms/Party.

16.     Execution.  This Agreement may be executed in counterparts, which may be transmitted by facsimile or email copy, each of which shall constitute an original and all of

which, taken together, shall constitute one Agreement.  This Agreement may also be executed, transmitted and/or exchanged by any Party by utilizing electronic signature services such as DocuSign or a similar reputable service, which electronic signatures shall have the same effectiveness as if they were an original, valid, handwritten signature.

IN WITNESS WHEREOF, the Parties hereby have executed this Agreement as of the day and year written below adjacent to their signature.

Co-Counsel

_____          Dated:  _____
By:

The Schall Law Firm P.C.

_____          Dated:  _____
By:  Brian Schall, Esq.