# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY BOND, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>   v.<br><br>CLOVER HEALTH INVESTMENTS, CORP. *et al.*,<br><br>       Defendants. | No.: 3:21-cv-00096<br><br>MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF FIRAS JABRI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS<br><br><u>CLASS ACTION</u> |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...............................................................................1

ARGUMENT......................................................................................................6

I.  JABRI SHOULD BE APPOINTED LEAD PLAINTIFF...............................6

    A.  Jabri Has the Largest Financial Interest of Any Movant ..........................7

    B.  Jabri Satisfies the Adequacy and Typicality Requirements of Rule 23......8

II.  THE COMPETING MOTIONS SHOULD BE DENIED ............................10

    A.  None of the Competing Movants Possess the Largest Financial Interest in this Action ...................................................................................10

    B.  Bunton and the Handal Group Have Significantly Overstated their Losses ...................................................................................................11

    C.  The Investor Groups Are Inadequate Because they are Impermissible Attorney-Created Groups of Unrelated Investors ...............................14

III.  MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED......18

CONCLUSION .................................................................................................18

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Basic, Inc. v. Levinson*,
485 U.S. 224 (1988)..............................................................................3, 4, 11

*Blitz v. AgFeed Indus., Inc.*,
2012 WL 1192814 (M.D. Tenn. Apr. 10, 2012)........................................2, 7, 8

*Boyd v. Navistar Financial, Inc.*, No. 07-0139-CV-W-ODS,
2007 U.S. Dist. LEXIS 49528 (W.D. Mich. July 09, 2007)....................6, 14, 15

*Burgraff v. Green Bankshares, Inc.*, Nos. 2:10-cv-00253-CLC *et al.*,
2011 U.S. Dist. LEXIS 14573 (E.D. Tenn. Feb. 11, 2011)....................4, 5, 6, 8

*Dura Pharms., Inc. v. Broudo*,
544 U.S. 336 (2005)..............................................................................3, 4, 11

*Farrah v. Provectus Biopharmaceuticals, Inc.*,
68 F. Supp. 3d 800 (E.D. Tenn. 2014)........................................................2, 7

*Garden City Emps.' Ret. Sys. v. Psychiatric Sols, Inc.*,
2012 U.S. Dist. LEXIS 44445 (M.D. Tenn. Mar. 29, 2012)...............................2

*Haideri v. Jumei Int'l Holding, Ltd.*, No. 20-cv-02751-EMC,
2020 U.S. Dist. LEXIS 162510 (N.D. Cal. Sept. 4, 2020)...............................18

*In re Century Business Servs. Sec. Litig.*,
202 F.R.D. 532 (N.D. Ohio 2001)........................................................6, 14, 15

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998)...............................................................7

*In re Telxon Corp. Secs. Litig.*,
67 F. Supp. 2d 803 (N.D. Ohio 1999)...................................................6, 14, 15

*Lax v. First Merch. Acceptance Corp.*, Nos. 97 C 2715 *et al.*,
1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997).....................................7

## Statutes

15 U.S.C. § 78u-4(a)(3)(B)(iii) ..................................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .........................................................................2, 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) .......................................................................7, 10

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ..................................................................18

15 U.S.C. § 78u-4(a)(3)(B)(v)..............................................................................18

PSLRA ............................................................................................*passim*

## Rules

Fed. R. Civ. P. 23....................................................................................*passim*

Case 3:21-cv-00096    Document 55    Filed 04/20/21    Page 4 of 33 PageID #: 1126

Movant Jabri[1] respectfully submits this memorandum of law in support of his motion for appointment as Lead Plaintiff and approval of his selections of Pomerantz as Lead Counsel and Bramlett Law Offices as liaison counsel in the above-referenced consolidated action (the "Action") (Dkt. No. 40);[2] and in opposition to the competing motions of (i) Christopher Bunton ("Bunton") (Dkt. No. 28); (ii) Kenneth Ryan Meadows and Dr. Mit Desai (the "Meadows Group") (Dkt. No. 37); and (iii) Alejandrol Handal and Aaron Farzan (the "Handal Group") (Dkt. No. 27).[3]

## PRELIMINARY STATEMENT

The Action is a consolidated class action securities fraud lawsuit on behalf of investors in Clover securities. As with all federal class action securities fraud lawsuits, a lead plaintiff must be appointed. The PSLRA governs that process and, pursuant to the PSLRA, the Court should appoint as Lead Plaintiff the movant with

---

[1] Unless otherwise specified, all capitalized terms herein are defined in Jabri's motion brief. *See* Dkt. No. 41.

[2] Concurrently with their Lead Plaintiff motions, Jabri and the other movants also sought consolidation of four then-pending Related Actions. On April 8, 2021, the Court entered an order consolidating the Related Actions under the above caption. Dkt. No. 42.

[3] Initially five other movants also filed competing motions: (i) Lori Brennan ("Brennan") (Dkt. No. 22); (ii) Prabhjot Ahluwalia ("Ahluwalia") (Dkt. No. 15); (iii) Andrew Trefanos, Nish Patel, Brigitta Edberg, Rolf Edberg, and Jeong Yeon Rhee (the "Trefanos Group") (Dkt. No. 25); (iv) Dwight G. Metcalf ("Metcalf") (Dkt. No. 19); and (v) Multhazim Akbar Ali and Lynn Kenneth Fuhriman (the "Ali Group") (Dkt. No. 34). Brennan, Ahluwalia, the Trefanos Group, Metcalf, and the Ali Group subsequently filed notices of non-opposition to the competing motions. *See* Dkt. Nos. 47-51.

1

the greatest financial interest in the outcome of the Action; and who satisfies the adequacy and typicality requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

While the PSLRA does not define "financial interest," courts in the Sixth Circuit, including this Judicial District, recognize that monetary loss is the most significant factor to be considered. *See, e.g.*, *Farrah v. Provectus Biopharmaceuticals, Inc.*, 68 F. Supp. 3d 800, 804 (E.D. Tenn. 2014). Alongside monetary loss, courts will also consider the three other Lax-Olsten factors: shares purchased, funds expended, and net shares purchased (*i.e.*, retained shares). *See, e.g.*, *Garden City Emps.' Ret. Sys. v. Psychiatric Sols, Inc.*, 2012 U.S. Dist. LEXIS 44445, at *37 (M.D. Tenn. Mar. 29, 2012); *Blitz v. AgFeed Indus., Inc.*, 2012 WL 1192814, at *2 (M.D. Tenn. Apr. 10, 2012). The following table compares Jabri's financial interest in this litigation to those of the other three competing movants:

| Movant | Shares Purchased | Funds Expended | Net Shares Purchased (Retained Shares) | Monetary Loss[4] |
|---|---|---|---|---|
| Jabri | 80,025 | $1,297,892 | 80,025 | $542,642 |
| Meadows Group | 99,402 | $1,475,410 | 99,402 | $402,682 |
| Bunton | 50,860 shares + 815 option contracts | $936,654 | 39,858 shares + 577 option contracts | $374,744 |
| Handal Group | 319,000 | $4,751,292 | 100,000 | $279,504 |

---

[4] As discussed in greater detail below, several movants overstated their claimed losses in their motion papers. The chart reflects the losses of all movants as accurately calculated rather than the inflated losses that certain movants alleged.

2

As the table reflects, Jabri has a larger financial interest than any competing movant by a significant margin by any relevant metric. Jabri incurred a loss of $542,642 in connection with his Class Period investments in Clover securities, significantly more than any competing individual movant or movant group. No other movant has claimed to have incurred a larger loss.

While their alleged losses are, in any event, smaller than Jabri's, two competing movants—Bunton and the Handal Group—have significantly overstated their claimed losses pursuant to the principles that the Supreme Court articulated in the seminal cases *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336 (2005), which requires that the plaintiff actually held the securities at issue on which the alleged fraud was revealed to the market—*i.e.*, that the economic loss that the plaintiff incurred on its investment was actually caused by the revelation of the fraud, rather than by other market forces—and *Basic, Inc. v. Levinson*, 485 U.S. 224 (1988), which precludes recovery of losses incurred in connection with purchases of securities ***after*** an alleged fraud became known.

Bunton and the Handal Group each claimed significant losses—respectively, $150,593 and $17,871 in connection with purchases of Clover securities that occurred ***after*** disclosure of Defendants' alleged malfeasance, which news came to light at approximately 8:17 a.m.—prior to the start of the trading session—on February 4, 2021. Accordingly, when Bunton and the Handal Group purchased

3

Clover securities on February 4, they did so *after* the truth about the Company became known, and their losses in connection with these post-disclosure purchases are thus *not* recoverable in this litigation. *See, e.g.*, *Basic*, 485 U.S. at 252 (White, J., joined by O'Connor, J., concurring in part and dissenting in part) ("Allowing recovery in the face of 'affirmative evidence of nonreliance[]' . . . would effectively convert Rule 10b-5 into a scheme of investor's insurance. There is no support in the Securities [Exchange] Act, the Rule, or our cases for such a result." (internal quotations and citations omitted)); *Dura*, 544 U.S. at 345 (finding the federal securities laws "not to provide investors with broad insurance against market losses, but to protect them against those economic losses that *misrepresentations actually cause*" (emphasis added)). Accordingly, the movants' non-recoverable losses incurred on post-disclosure transactions are thus properly subtracted from the total of the movants' claimed losses.

Jabri also satisfies the typicality and adequacy requirements of Rule 23. Jabri, like all Class members, purchased Clover securities at prices artificially inflated by the Company's misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations or omissions. These shared claims, which are based upon the same legal theory, and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirements of Rule 23. *Burgraff v. Green Bankshares, Inc.*, Nos. 2:10-cv-00253-CLC *et al.*, 2011 U.S.

4

Dist. LEXIS 14573, at *9 (E.D. Tenn. Feb. 11, 2011). Jabri's significant losses give him a sufficient stake in this litigation's outcome to ensure vigorous prosecution; Jabri is aware of no conflict between his interests and those of the putative Class; and in Pomerantz, Jabri has retained qualified and experienced counsel. *Id.* For all of the foregoing reasons, Jabri satisfies the adequacy requirements of Rule 23.

By contrast, none of the competing movants is eligible for appointment as Lead Plaintiff in the Action. Because Jabri possesses the largest financial interest in the Action, it is self-evident that none of the competing movants can claim to possess the largest financial interest. This failure to meet the first of the statutory criteria alone mandates denial of the motions of Bunton, the Meadows Group, and the Handal Group.

Even assuming *arguendo* that any of the competing movants possessed a larger financial interest in this Action than Jabri, most of these movants are further ineligible for appointment irrespective of their financial interests, being inadequate and/or atypical within the meaning of Rule 23 and/or subject to unique defenses.

Specifically, two of the competing movants—the Meadows Group and the Handal Group (collectively, the "Investor Groups")—are inadequate because each is nothing more than a group of unrelated individuals who appear to have been introduced by counsel solely in an ultimately unsuccessful effort to aggregate their

5

losses in order to allege a larger financial interest in this Action than other lead plaintiff movants. Courts in the Sixth Circuit generally deny motions by such attorney-created assemblages, finding them to be at odds with the PSLRA's legislative goal of curbing attorney-driven litigation. *See, e.g.*, *Boyd v. Navistar Financial, Inc.*, No. 07-0139-CV-W-ODS, 2007 U.S. Dist. LEXIS 49528, at *9-*11 (W.D. Mich. July 09, 2007); *In re Telxon Corp. Secs. Litig.*, 67 F. Supp. 2d 803, 816 (N.D. Ohio 1999); *In re Century Business Servs. Sec. Litig.*, 202 F.R.D. 532, 539-42 (N.D. Ohio 2001). The Meadows Group is especially problematic, as its two unrelated members appear to have been configured into a group by the efforts of no fewer than ***four*** law firms, ***three*** of which are proposed to serve as Co-Lead Counsel.

For the reasons set forth herein, Jabri respectfully submits that the Court should grant his motion in its entirety and deny the competing motions.

## ARGUMENT

## I. JABRI SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA creates a strong presumption that the Lead Plaintiff is the movant or group of movants that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest must make a showing of typicality and adequacy within the meaning of Rule 23.

*Burgraff*, 2011 U.S. Dist. LEXIS 14573, at *9-*10. Once this presumption is triggered, it may be rebutted only upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Here, the most adequate class representative is Jabri.

### A. Jabri Has the Largest Financial Interest of Any Movant

The PSLRA requires the court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). For the purposes of PSLRA lead plaintiff appointment, courts in this Judicial District and the Sixth Circuit generally equate financial interest with monetary loss. *See, e.g.*, *Blitz*, 2012 WL 1192814, at *7-*8; *Provectus Biopharmaceuticals*, 68 F. Supp. 3d at 804. In addition to monetary loss, courts also assess financial interest with reference to the other three Lax-Olsten factors: (1) number of shares purchased during the class period; (2) the number of net shares purchased during the class period (*i.e.*, retained shares); and (3) the total net funds expended during the class period. *See Lax v. First Merch. Acceptance Corp.*, Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866, at *17-*18 (N.D. Ill. Aug. 6, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *see also Blitz*, 2012 WL 1192814, at *7-*8 (adopting *Lax-Olsten* factors).

7

Jabri's financial interest in this Action is significantly larger than any competing movant by any relevant metric. Jabri incurred a loss of approximately $542,642 as a result of the fraud alleged in this Action. *See* Dkt. No. 41-4. By comparison, the Meadows Group, the movant with the next-largest loss, incurred a loss of only $402,682—roughly $140,000, or nearly 26%, less than Jabri's loss. Assessed in terms of monetary loss, Jabri clearly possesses the largest financial interest in this litigation by a wide margin. Likewise, Jabri is well ahead of the competing movants by any of the other *Lax-Olsten* factors, having (1) purchased 80,025 shares of Clover stock, (2) expended $1,297,892 on his purchases, and (3) retained all 80,025 of his shares of Clover stock at the end of the Class Period. *See id.*

Not only has Jabri alleged the largest loss among the competing movants, two of the competing movants have in fact significantly overstated their losses by impermissibly claiming losses that are not recoverable in this litigation, as discussed in greater detail *infra* at Section II.B.

**B.     Jabri Satisfies the Adequacy and Typicality Requirements of Rule 23**

Jabri also readily satisfies the typicality and adequacy requirements of Rule 23. In appointing a lead plaintiff, the Court must determine whether the movant has demonstrated its typicality and adequacy. *Burgraff*, 2011 U.S. Dist. LEXIS 14573, at *9-*10

8

Jabri easily satisfies the typicality requirement of Rule 23. Jabri's claims are typical of those of other Class members because, like other Class members, Jabri purchased Clover securities during the Class Period and was harmed by the misrepresentations and/or omissions that form the basis of the fraud alleged in the Action. *Id.*

Jabri has also demonstrated his adequacy to serve as Lead Plaintiff in this Action. First, as set forth *supra*, Jabri has a significant financial interest in the outcome of this litigation that will ensure his vigorous and adequate prosecution of the Class's claims. *Id.* Second, Jabri has no conflicts with other Class members. To the contrary, Jabri's interests are perfectly aligned with the Class's interest in maximizing a recovery for the Class due to the alleged fraud in this Action. *Id.* Jabri has further demonstrated his adequacy by submitting a detailed Declaration, attesting to, *inter alia*, his background, his understanding of the significance of his motion, his understanding of the responsibilities of a Lead Plaintiff, and his readiness to undertake those responsibilities and supervise counsel in prosecuting this Action. *See generally* Dkt. No. 41-5.

Jabri has further demonstrated his adequacy by selecting qualified counsel, Pomerantz, with substantial experience litigating securities class actions. *See* Dkt. No. 41-6. Since 2018 alone, Pomerantz has secured a $3 billion recovery on behalf of investors in Petróleo Brasileiro S.A. - Petrobras securities, the largest settlement

ever in a class action involving a foreign issuer; an $80 million settlement on behalf of Yahoo! Inc. investors; and a $110 million settlement on behalf of investors in Fiat Chrysler Automobiles N.V. *See id.*

For all of the foregoing reasons, Jabri strongly satisfies the typicality and adequacy requirements of Rule 23 and is entitled to the PSLRA's strong presumption of being the Lead Plaintiff.

\* \* \* \* \*

To overcome the strong presumption entitling Jabri to appointment as Lead Plaintiff, the PSLRA requires "***proof***" that the presumptive Lead Plaintiff is subject to unique defenses or otherwise inadequate to represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such proof exists with respect to Jabri and any suggestions to the contrary should be rejected as mere speculation.

## II.   THE COMPETING MOTIONS SHOULD BE DENIED

### A.   None of the Competing Movants Possess the Largest Financial Interest in this Action

None of the competing movants may be appointed as Lead Plaintiff in the Action because none of the competing movants possess the largest financial interest in the Action, and thus none satisfies the first of the statutory criteria to be entitled for the "most adequate plaintiff" presumption. Here, as discussed above, Jabri clearly possesses the largest financial interest in this Action by a significant margin. *See supra* at Section I.A. It is thus self-evident that none of the competing movants

10

possess the largest financial interest.  This fact alone suffices to mandate denial of their motions.

**B.**     **Bunton and the Handal Group Have Significantly Overstated their Losses**

Although lacking the largest financial interest in any event, two of the competing movants—Bunton and the Handal Group—have significantly overstated their losses by claiming losses that are not recoverable under the loss-causation principles articulated by the Supreme Court in *Dura*, *Basic*, and their progeny.

Bunton and the Handal Group inflated their claimed losses by impermissibly including non-recoverable losses that each incurred in connection with purchases of Clover securities *after* the disclosure of the Defendants' fraud on the morning of February 4, 2021.  These movants cannot claim to have been defrauded by Defendants' misrepresentations to the extent that they purchased Clover securities *after* the Defendants' misrepresentations began to be revealed to the market, and their losses incurred with such purchases are *not* recoverable in this litigation.  *See, e.g.*, *Basic*, 485 U.S. at 252 (White, J., joined by O'Connor, J., concurring in part and dissenting in part) ("Allowing recovery in the face of 'affirmative evidence of nonreliance[]' . . . would effectively convert Rule 10b-5 into a scheme of investor's insurance.  There is no support in the Securities [Exchange] Act, the Rule, or our cases for such a result." (internal quotations and citations omitted)); *Dura*, 544 U.S. at 345 (finding the federal securities laws "not to provide investors with broad

11

insurance against market losses, but to protect them against those economic losses that ***misrepresentations actually cause***" (emphasis added)).

Hindenburg Research announced the publication of its short report and announced its thesis via Twitter in a series of posts beginning at approximately 8:17 a.m. on February 4, 2021. *See* Figure 1, *infra*.



*Figure 1*

As the stock chart below illustrates, Clover's stock price plummeted immediately after Hindenburg announced its short report, falling precipitously after 8:17 a.m. and trading no higher than $13.05 per share throughout the day. *See Figure 2*.



*Figure 2*

Bunton and the Handal Group all attest to having purchased Clover securities on February 4, 2021, and all at prices lower than $13.05 per share, meaning that all of their purchases of Clover securities on February 4 could only have occurred *after* the Hindenburg short report reached the market. The table below distinguishes between the movants' recoverable losses incurred in connection with their purchases of Clover securities *during* the Class Period from their non-recoverable losses incurred in connection with purchases of Clover securities *after* the Class Period—*i.e.*, after news of the Company's malfeasance reached the market on the morning of February 4, 2021.

| Movant | Total Claimed Losses | Losses on Class Period Transactions (Recoverable) | Losses on Post-Class Period Transactions (**Not** Recoverable) |
|---|---|---|---|
| Bunton | $525,337 | $374,744 | $150,593 |

| Handal Group | $297,375 | $279,504 | $17,871 |

As the table illustrates, each of these movants significantly inflated their claimed loses by impermissibly including non-recoverable losses in their totals. In Bunton's case, the inflation was significant, representing roughly 29% of his total alleged loss.

### C. The Investor Groups Are Inadequate Because they are Impermissible Attorney-Created Groups of Unrelated Investors

The Investor Groups are both inadequate because each is nothing more than a group of unrelated investors cobbled together by counsel in hopes of assembling the largest aggregate loss in this litigation. Courts in the Sixth Circuit and across the country routinely deny motions by such groups, finding them inadequate within the meaning of Rule 23. *See, e.g.*, *Navistar Financial*, 2007 U.S. Dist. LEXIS 49528, at *9-11 ("conclud[ing] that granting a request to appoint an unrelated group of investors would thwart the PSLRA's goal of preventing lawyer-driven litigation. Organizing disparate combinations of shareholders for the purpose of aggregating the 'most damage' is contrary to the spirit and purposes of the Act[.]" (collecting cases)); *Telxon*, 67 F. Supp. 2d at 816 (denying motion by unrelated investor group, finding them "truly a random assortment of persons" and holding that "[s]uch an amalgamation is simply inconsistent with the definition of group intended by the PSLRA[.]"); *Century Business Servs.*, 202 F.R.D. at 539-42 (declining to appoint

14

lead plaintiff group "comprised of unrelated shareholders assembled because they suffered higher relative losses than counsel's other clients[,]" finding that "increasing the number of lead plaintiffs does nothing to further the goal of giving control to the litigants in this case").

Here, each of the two Investor Groups is precisely the type of group that courts of the Sixth Circuit consistently refuse to appoint as Lead Plaintiff. One of the two Investor Groups—the Meadows Group—has submitted a boilerplate Joint Declaration in support of its motion. *See* Dkt. No. 39-4. This Joint Declaration merely contains rote recitations to the effect that the group's members are prepared to serve as Lead Plaintiffs in this Action. *See id.* Conspicuously lacking from the Joint Declaration, however, is any indication that this group is anything more than "disparate combinations of shareholders" assembled by counsel "for the purpose of aggregating the 'most damage'". *Navistar Financial*, 2007 U.S. Dist. LEXIS 49528, at *9-*11. Indeed, the Meadows Group's Joint Declaration fails to attest that the group's members knew one another prior to this litigation. The most reasonable inference is that they did not, and that these individuals were introduced to one another by counsel purely for the purposes of aggregating their losses. Nor does the Meadows Group's Joint Declaration attest to any specific decision-making processes that would enable this "random assortment[s] of persons", *Telxon*, 67 F. Supp. 2d at 816, to prosecute this Action effectively and efficiently on behalf of the

15

Class—*e.g.*, any mechanism to resolve disagreements among the group's members with respect to litigation decisions.

The Meadows Group is particularly problematic because it bears all of the hallmarks of having been engineered by multiple law firms. The Meadows Group consists of *two* members (Kenneth Ryan Meadows and Dr. Mit Desai), yet seeks appointment of *three* law firms (Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), Levi & Korsinsky, LLP ("L&K"), and Berger Montague PC ("Berger Montague")) as Co-Lead Counsel, with a *fourth* firm (Barrett Johnston Martin & Garrison, LLC ("Barrett Johnston")) designated as Local Counsel. *See* Dkt. No. 37. Neither the group's motion brief (Dkt. No. 38) nor Joint Declaration (Dkt. No. 39-4) even attempts to explain why the involvement of four firms is necessary. The group's Joint Declaration merely contains a boilerplate statement that its members have "instructed counsel to conduct the litigation in an efficient manner, to avoid the duplication of efforts where practicable," (Dkt. No. 39-4 at 3), but given the involvement of four law firms, duplication of efforts appears inevitable. Indeed, the very involvement of both Robbins Geller and Barrett Johnston itself appears duplicative. Considering that both of these firms have Nashville offices, there is no evident justification for Barrett Johnston's additional involvement as designated

Local Counsel.[5]

More puzzling still, neither of the Meadows Group's members even appears to have retained Robbins Geller as counsel in this matter. Meadows' Certification specifically attests to authorizing Berger Montague to file a motion seeking his appointment as Lead Plaintiff (*see* Dkt. No. 39-2 at *2), while the schedule of transactions appended to Desai's Certification (Dkt. No. 39-2 at *5) is identical in format to the transaction schedules prepared by L&K in prior PSLRA cases, indicating that Desai has retained L&K here. *See* Declaration of Jeremy A. Lieberman in Further Support of Motion, Exs. A-E (examples of transaction schedules filed by L&K in prior actions). If neither Meadows nor Desai has retained Robbins Geller as counsel, and Robbins Geller is not designated to serve as Local Counsel, then what, precisely, is Robbins Geller's role in this litigation?

The second group—the Handal Group—did not even bother to file the type

---

[5] Robbins Geller's advocacy for the appointment of the disparate Meadows Group is somewhat surprising, given the firm's history of vociferous opposition to the appointment of such groups in prior PSLRA actions. *See, e.g.*, *Wasa Medical Holdings v. Sorrento Therapeutics, Inc.*, 3:20-cv-00966 (S.D. Cal.), Dkt. No. 21 at 11 (opposing motion by "an assemblage of individuals with no pre-existing relationship with each other that were seemingly brought together by their lawyers for the sole purpose of satisfying the largest financial interest requirement"); *In re Zoom Securities Litigation*, 2:20-cv-02353 (N.D. Cal.), Dkt. No. 46 at 2-8 (same); *Jansen v. International Flavors & Fragrances Inc.*, 1:19-cv-07536 (S.D.N.Y.), Dkt. No. 33 (demanding robust "evidentiary showing that unrelated members of a group will be able to function cohesively and manage the litigation apart from their lawyers").

of *pro forma* Joint Declaration submitted by the Meadows Group, and thus has not made even a token effort to justify its existence. *See, e.g., Haideri v. Jumei Int'l Holding, Ltd.*, No. 20-cv-02751-EMC, 2020 U.S. Dist. LEXIS 162510, at *12 (N.D. Cal. Sept. 4, 2020) (denying motion by investor group that "provided **no** information about themselves", noting the group's "lack of involvement . . . with respect to the pending motions" (emphasis in original)).

## III.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Jabri selected Pomerantz as Lead Counsel for the Class. As its resume reflects, Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. *See* Dkt. No. 41-6. Thus, the Court may be assured that by approving Jabri's selection of counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Jabri respectfully requests that the Court enter an Order granting his motion in all respects and denying the competing motions.

18

Dated: April 20, 2021                    Respectfully submitted,


                                         */s/__Paul Kent Bramlett__*
                                         PAUL KENT BRAMLETT
                                         TN SUP CT #7387/MS SUP CT #4291
                                         ROBERT PRESTON BRAMLETT
                                         TN SUP CT #25895
                                         BRAMLETT LAW OFFICES
                                         40 Burton Hills Blvd., Suite 200
                                         P. O. Box 150734
                                         Nashville, TN 37215
                                         Telephone: 615.248.2828
                                         Facsimile: 866.816.4116
                                         PKNASHLAW@aol.com
                                         Robert@BramlettLawOffices.com

                                         *Counsel for Firas Jabri and*
                                         *Proposed Liaison Counsel for the Class*

                                         POMERANTZ LLP
                                         Jeremy A. Lieberman
                                         J. Alexander Hood II
                                         600 Third Avenue
                                         New York, New York 10016
                                         Telephone: (212) 661-1100
                                         Facsimile: (212) 661-8665
                                         jalieberman@pomlaw.com
                                         ahood@pomlaw.com

                                         *Counsel for Firas Jabri and*
                                         *Proposed Lead Counsel for the Class*

                                         THE SCHALL LAW FIRM
                                         Brian Schall*
                                         Rina Restaino*
                                         2049 Century Park East, Suite 2460

19

Los Angeles, California 90067
Telephone: (424) 303-1964
Facsimile: (877) 590-0482
brian@schallfirm.com
rina@schallfirm.com

(**pro hac vice* applications forthcoming)

*Additional Counsel for Firas Jabri*

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that the above and foregoing ***Memorandum of Law: (1) In Further Support of Motion of Firas Jabri for Appointment as Lead Plaintiff and Approval of Counsel; and (2) In Opposition to Competing Motions*** has this date been filed on the Court's CM/ECF electronic filing system, and by virtue of this filing, all counsel listed on the attached Electronic Mail Notice List will be served electronically.

SO CERTIFIED this 20th day of April 2021.

s/***Paul Kent Bramlett***
Paul Kent Bramlett

<u>**ELECTRONIC MAIL NOTICE LIST**</u>

**3:21-cv-00096** Bond v. Clover Health Investments, Corp. et al
Aleta A. Trauger, presiding
**Date filed:** 02/05/2021
**Date of last filing:** 04/20/2021

# Attorneys

**Charles F. Barrett**
Neal & Harwell, PLC
1201 Demonbreun Street
Suite 1000
Nashville, TN 37203
(615) 244-1713
(615) 726-0573 (fax)
cbarrett@nealharwell.com
*Assigned: 04/06/2021*
*ATTORNEY TO BE NOTICED*

representing **The Investor Group**
*(Movant)*

**Larry Russell Belk, Jr.**
Sutherland & Belk, PLC
2505 21st Avenue South
Suite 400
Nashville, TN 37212
(615) 846-6200
(615) 208-2255 (fax)

representing **Prabhjot Ahluwalia**
*(Plaintiff)*

21

russell@sbinjurylaw.com
*Assigned: 04/06/2021*
*ATTORNEY TO BE NOTICED*

**Saul C. Belz**
Glankler Brown, PLLC
6000 Poplar Avenue
Suite 400
Memphis, TN 38119
(901) 576-1741
(901) 576-2389 (fax)
sbelz@glankler.com
*Assigned: 04/06/2021*
*ATTORNEY TO BE NOTICED*

representing

**Andrew Trefanos**
*(Movant)*

**Brigitta Edberg**
*(Movant)*

**Jeong Yeon Rhee**
*(Movant)*

**Nish Patel**
*(Movant)*

**Rolf Edberg**
*(Movant)*

**Mary K. Blasy**
Robbins Geller Rudman & Dowd LLP (New
York Office)
58 S Service Road
Suite 200
Melville, NY 11747
(631) 367-7100
(631) 367-1173 (fax)
mblasy@rgrdlaw.com
*Assigned: 04/08/2021*
*ATTORNEY TO BE NOTICED*

representing

**Matthew Yaniv**
*(Consol Plaintiff)*

22

**Jeffrey C. Block**
Block & Leviton LLP
260 Franklin Street
Suite 1860
Boston, MA 02110
(617) 398-5600
(617) 507-6020 (fax)
jeff@blockleviton.com
  *Assigned: 02/05/2021*
  *PRO HAC VICE*
  *ATTORNEY TO BE NOTICED*

representing

**Timothy Bond**
*(Plaintiff)*

**Paul Kent Bramlett**
Bramlett Law Offices
40 Burton Hills Blvd.
Suite 200
P O Box 150734
Nashville, TN 37215
(615) 248-2828
(615) 254-4116 (fax)
pknashlaw@aol.com
  *Assigned: 04/06/2021*
  *ATTORNEY TO BE NOTICED*

representing

**Firas Jabri**
PKNASHLAW@aol.com
*(Movant)*

**Brinal Kaul**
*(Consol Plaintiff)*

**Jean-Nicolas Tremblay**
*(Consol Plaintiff)*

**Robert P. Bramlett**
Bramlett Law Offices
40 Burton Hills Blvd.
Suite 200
P O Box 150734
Nashville, TN 37215
(615) 248-2828
(615) 254-4116 (fax)
robert@bramlettlawoffices.com
  *Assigned: 04/08/2021*
  *ATTORNEY TO BE NOTICED*

representing

**Brinal Kaul**
*(Consol Plaintiff)*

23

**Patrick V. Dahlstrom**
Pomerantz LLP (Chicago Office)
10 S LaSalle Street
Suite 3505
Chicago, IL 60603
(312) 377-1181
(312) 377-1184 (fax)
pdahlstrom@pomlaw.com
 *Assigned: 04/08/2021*
 *ATTORNEY TO BE NOTICED*

representing

**Jean-Nicolas Tremblay**
*(Consol Plaintiff)*

**Benjamin A. Gastel**
Branstetter, Stranch & Jennings, PLLC
223 Rosa L. Parks Avenue
Suite 200
Nashville, TN 37203
(615) 254-8801
(615) 255-5419 (fax)
beng@bsjfirm.com
 *Assigned: 02/05/2021*
 *ATTORNEY TO BE NOTICED*

representing

**Timothy Bond**
*(Plaintiff)*

**James A. Holifield, Jr.**
Holifield Janich Rachal & Associates, PLLC
11907 Kingston Pike
Suite 201
Knoxville, TN 37934
(865) 566-0115
(865) 566-0119 (fax)
aholifield@holifieldlaw.com
 *Assigned: 04/06/2021*
 *ATTORNEY TO BE NOTICED*

representing

**Lori Brennan**
*(Plaintiff)*

**Corey D. Holzer**
Holzer & Holzer, LLC
1200 Ashwood Parkway
Suite 410
Atlanta, GA 30338

representing

**Jean-Nicolas Tremblay**
*(Consol Plaintiff)*

24

(770) 392-0090
(770) 392-0029 (fax)
cholzer@holzerlaw.com
  *Assigned: 04/08/2021*
  *ATTORNEY TO BE NOTICED*


**J. Alexander Hood, II**
Pomerantz LLP (NY Office)
600 Third Avenue
20th Floor
New York, NY 10016       representing    **Jean-Nicolas Tremblay**
(212) 661-1100                            *(Consol Plaintiff)*
(212) 661-8665 (fax)
ahood@pomlaw.com
  *Assigned: 04/08/2021*
  *ATTORNEY TO BE NOTICED*


**Phillip Kim**
The Rosen Law Firm, P.A.
275 Madison Avenue
34th Floor
New York, NY 10016       representing    **Brinal Kaul**
(212) 686-1060                            *(Consol Plaintiff)*
pkim@rosenlegal.com
  *Assigned: 04/08/2021*
  *ATTORNEY TO BE NOTICED*


**Britt K. Latham**
Bass, Berry & Sims (Nashville Office)
150 Third Avenue South
Suite 2800                                **Clover Health Investments,**
Nashville, TN 37201      representing      **Corp.**
(615) 742-6200                            *(Defendant)*
blatham@bassberry.com
  *Assigned: 04/12/2021*
  *ATTORNEY TO BE NOTICED*



                                          **Andrew Toy**
                                          *(Defendant)*

25

**Joseph Wagner**
*(Consol Defendant)*

**Vivek Garipalli**
*(Defendant)*

**Jeremy A. Lieberman**
Pomerantz LLP (NY Office)
600 Third Avenue
20th Floor
New York, NY 10016
(212) 661-1100
(212) 661-8665 (fax)
jalieberman@pomlaw.com
  *Assigned: 04/08/2021*
  *ATTORNEY TO BE NOTICED*

representing

**Jean-Nicolas Tremblay**
*(Consol Plaintiff)*

**Jerry E. Martin**
Barrett Johnston Martin & Garrison, LLC
Philips Plaza
414 Union Street
Suite 900
Nashville, TN 37219
(615) 244-2202
(615) 252-3798 (fax)
jmartin@barrettjohnston.com
  *Assigned: 04/08/2021*
  *ATTORNEY TO BE NOTICED*

representing

**Matthew Yaniv**
*(Consol Plaintiff)*

**Mark S. Reich**
Robbins Geller Rudman & Dowd LLP (New
York Office)
58 S Service Road
Suite 200
Melville, NY 11747
(631) 367-7100
(631) 367-1173 (fax)
mreich@rgrdlaw.com
  *Assigned: 04/08/2021*
  *ATTORNEY TO BE NOTICED*

representing

**Matthew Yaniv**
*(Consol Plaintiff)*

26

**Laurence M. Rosen**
The Rosen Law Firm, P.A.
275 Madison Avenue
34th Floor
New York, NY 10016
(212) 686-1060
lrosen@rosenlegal.com
  *Assigned: 04/08/2021*
  *ATTORNEY TO BE NOTICED*

representing

**Brinal Kaul**
*(Consol Plaintiff)*

**Samuel H. Rudman**
Robbins Geller Rudman & Dowd LLP (New York Office)
58 S Service Road
Suite 200
Melville, NY 11747
(631) 367-7100
(631) 367-1173 (fax)
srudman@rgrdlaw.com
  *Assigned: 04/08/2021*
  *ATTORNEY TO BE NOTICED*

representing

**Matthew Yaniv**
*(Consol Plaintiff)*

**John Tate Spragens**
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
(615) 983-8900
(615) 682-8533 (fax)
john@spragenslaw.com
  *Assigned: 04/06/2021*
  *ATTORNEY TO BE NOTICED*

representing

**Dwight G. Metcalf**
*(Movant)*

**James Gerard Stranch, IV**
Branstetter, Stranch & Jennings, PLLC
223 Rosa L. Parks Avenue
Suite 200
Nashville, TN 37203
(615) 254-8801
(615) 255-5419 (fax)
gerards@bsjfirm.com
  *Assigned: 02/05/2021*
  *ATTORNEY TO BE NOTICED*

representing

**Timothy Bond**
*(Plaintiff)*

**Christopher Bunton**
*(Movant)*

**Tara L. Swafford**
The Swafford Law Firm, PLLC
207 Third Avenue North
Franklin, TN 37064
(615) 599-8406
(615) 807-2355 (fax)
tara@swaffordlawfirm.com
  *Assigned: 04/06/2021*
  *ATTORNEY TO BE NOTICED*

representing

**Aaron Farzan**
*(Movant)*

**Alejandro Handal**
*(Movant)*

**Stephen J. Teti**
Block & Leviton LLP
260 Franklin Street
Suite 1860
Boston, MA 02110
(617) 398-5600
(617) 507-6020 (fax)
steti@blockleviton.com
  *Assigned: 02/05/2021*
  *ATTORNEY TO BE NOTICED*

representing

**Timothy Bond**
*(Plaintiff)*

**Jacob A. Walker**
Block & Leviton LLP
260 Franklin Street
Suite 1860
Boston, MA 02110
(617) 398-5600
(617) 507-6020 (fax)
jake@blockleviton.com
  *Assigned: 02/05/2021*
  *ATTORNEY TO BE NOTICED*

representing

**Timothy Bond**
*(Plaintiff)*

**Christopher M. Wood**
Robbins Geller Rudman & Dowd LLP

representing

**Dr. Mit Desai**
*(Movant)*

28

(Nashville Office)
414 Union Street
Suite 900
Nashville, TN 37219
(615) 244-2203
(615) 252-3798 (fax)
cwood@rgrdlaw.com
  *Assigned: 04/06/2021*
  *ATTORNEY TO BE NOTICED*

**Kenneth Ryan Meadows**
*(Movant)*

**Matthew Yaniv**
*(Consol Plaintiff)*