# EXHIBIT 3

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE

TIMOTHY BOND,

               Lead Plaintiff

and

JEAN-NICOLAS TREMBLAY,

               Named Plaintiff,

Individually and on Behalf of All Others
Similarly Situated,

      v.

CLOVER HEALTH INVESTMENTS, CORP.
f/k/a SOCIAL CAPITAL HEDOSOPHIA
HOLDINGS CORP. III, VIVEK GARIPALLI,
ANDREW TOY, JOE WAGNER, and
CHAMATH PALIHAPITIYA,

               Defendants.

Case No. 3:21-cv-00096

Judge Aleta A. Trauger

## THE INDIVIDUAL DEFENDANTS'
## RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
## REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Vivek Garipalli, Andrew Toy, Joe Wagner, and Chamath Palihapitiya (the "Individual Defendants"), by and through their undersigned attorneys, hereby submit these responses and objections (the "Responses and Objections") to Plaintiffs' First Set of Requests for Production of Documents to Defendants, dated May 9, 2022 (the "Requests" and each one a "Request") in the above-captioned action (the "Action").

## PREFATORY STATEMENT

The Individual Defendants' responses to the Requests are made to the best of their present knowledge, information, and belief, and subject to the general objections herein (the "General Objections") and the specific objections herein (the "Specific Objections"), as well as the objections to instructions (the "Objections to Instructions") and objections to "Relevant Time Period" (the "Objections to Time Period") herein. In responding to the Requests, the Individual Defendants do not waive and expressly preserve all such General Objections, Specific Objections, Objections to Instructions, and Objections to Time Period. The Individual Defendants also submit these Responses and Objections subject to, and without intending to waive, any objections as to the competency, relevance, materiality, privilege, discoverability, or admissibility of any of the information produced in response to any Request, as well as the right to object to other discovery involving or relating to the subject matter thereof. Further, an objection to any Request or a response that indicates that the Individual Defendants intend to produce documents in response to a Request is not intended to indicate that any documents responsive to such Request in fact exist.

Additional investigation may reveal additional facts or information that could lead to additions to, changes in, or variations from the responses herein. Further, meet-and-confers between the parties may frame the issues and help clarify the scope and parameters of the Requests.

Accordingly, without in any way obligating themselves to do so, the Individual Defendants reserve the right to amend, revise, correct, supplement, or clarify any of the responses herein pursuant to facts or information gathered at any time subsequent to the date of these responses. The Individual Defendants also reserve the right to use or rely on, at any time, subsequently discovered information or information omitted from these Responses and Objections as a result of mistake, error, oversight, or inadvertence.

## GENERAL OBJECTIONS

The following General Objections apply to each and every one of the Requests and shall have the same force and effect as if set forth in full in each of the specific Responses and Objections enumerated below.

1.      The Individual Defendants object to the Requests, including any definitions and instructions therein, to the extent they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules, and any other applicable rules, laws, statutes, or orders. Subject to their objections, Individual Defendants will, for purposes of these Responses and Objections, construe the Requests consistent with those rules, other applicable laws, statutes, and orders of this Court.

2.      The Individual Defendants object to the Requests, including all definitions and instructions, to the extent that they seek the disclosure of information subject to claims of privilege or are otherwise protected from disclosure, including information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, any other right or obligation of confidentiality, or any other applicable privilege or immunity, or whose production would otherwise invade the privacy rights of any person, such as personally identifying information of those who are not parties in this Action. No such privileged or protected information will be

produced.  Any inadvertent production or disclosure of information protected from disclosure, including, but not limited to, by virtue of the attorney-client privilege or attorney work product doctrine, shall not be deemed a waiver of any such privilege or protection.

3.     These Responses and Objections shall not be construed to indicate agreement with, or endorsement of, any explicit or implicit characterization of any relevant allegation.

4.      Any response to the Requests shall not be construed to be an admission as to contested legal issues in this Action and/or legal conclusions stated in the Requests.

5.     Consistent with any obligation imposed by Federal Rule of Civil Procedure 34(b)(2)(C) to state whether any documents are being withheld pursuant to any of the objections set forth herein, the Individual Defendants will not produce any responsive documents until Plaintiffs have agreed to meet and confer in a good faith attempt to reach agreement as to the custodians whose documents will be searched, and, with respect to electronic documents, the search terms and date restrictions used in searching for electronic documents of such custodians that are relevant to any party's claim or defense and proportional to the needs of this Action, considering the factors set forth in Federal Rule of Civil Procedure 26(b)(1).  Further, the Individual Defendants will not produce any documents until the parties agree to a protective order that will govern the various confidential materials produced during discovery, or until the Court enters such an order.

6.     The Individual Defendants' Responses and Objections are made to the best of their present knowledge, information, and belief.  The Individual Defendants state that they have not completed their investigation, review, analysis, and discovery in this Action of available or relevant documents responsive to the Requests.  Therefore, the Individual Defendants reserve the

right to amend, revise, correct, supplement, or clarify any of the Responses and Objections herein at any time subsequent to the date of these responses.

7.     The Individual Defendants object to the Requests to the extent they call for the production of information for which disclosure is prohibited by any domestic or judicial order, protective order, stipulation of confidentiality, non-disclosure agreement, confidentiality agreement, or any other confidentiality obligation with any non-party restricting the disclosure of such information by the Individual Defendants.  The Individual Defendants will not produce any documents that are subject to any such protection or privilege.

8.     The Individual Defendants object to any Request that seeks identifying personal or financial information relating to an individual who is not a named party, including Protected Health Information (as defined in 45 C.F.R. § 160.103).  The Individual Defendants will not produce such information.

9.     The Individual Defendants object to the Requests to the extent they purport to require the Individual Defendants to create or generate documents that do not currently exist.

10.     The Individual Defendants object to the Requests to the extent they seek information or documents other than that which may be obtained through a reasonably diligent search of their records.  The Individual Defendants will not search for and/or restore back-up tapes or data, disaster recovery systems, or other non-readily accessible electronically stored information whether in the possession of a third-party or otherwise, and/or search for information or documents not maintained in the ordinary course of business.  To the extent the Individual Defendants respond to the Requests, any search for information by the Individual Defendants will be limited to searches in reasonably accessible locations where responsive information would reasonably be expected to be found.

- 4 -

11.     The production of any material does not constitute an admission by the Individual Defendants that such material or information contained therein is relevant to this Action or admissible as evidence.

12.     The Individual Defendants object to the Requests to the extent they seek production of documents that are already in Plaintiffs' possession, custody, or control, that are publicly available, that are equally available to Plaintiffs or from any other party to the Action, or that are duplicative of documents already produced in the Action.

13.     The Individual Defendants object to the extent any Request attempts to include documents or things from other parties or entities, such as subsidiaries, affiliates or natural persons, who are not named as defendants in this Action.  The Individual Defendants interpret the Requests as being directed only to the Individual Defendants.  Clover Health Investments, Corp. is responding separately to these Requests.

14.     To the extent that the Individual Defendants do not object to a Request and agree to produce documents in response to a Request, that agreement is not a representation that any such documents actually exist, but only that if such documents exist, the Individual Defendants will produce responsive, non-privileged documents in their possession, custody, or control that are susceptible to a reasonable search.

15.     The Individual Defendants object to each Request to the extent that it requires production of information that would violate local law, including, but not limited to, the laws of any foreign nation.

## OBJECTIONS TO DEFINITIONS

1.     The Individual Defendants object to the definition of "Alleged Misstatements" on the grounds that it is vague and ambiguous.  The Individual Defendants further object to this

- 5 -

definition to the extent that it presupposes that any statement or act by the Individual Defendants was, in fact, a misstatement in violation of any law. The Individual Defendants will interpret "Alleged Misstatements" to mean the statements that Plaintiffs have specifically enumerated in Paragraphs 227-319 of the Complaint,[1] which compose the section of the Complaint titled "Defendants' Materially False and Misleading Statements During the Class Period."

2. The Individual Defendants object to the definition of "Blueshirt" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome in that it purports to include "Blueshirt Capital Advisors or any parent, entity, subsidiary, or affiliate of Blueshirt Capital Advisors that worked on the Business Combination." The Individual Defendants will interpret "Blueshirt" to mean Blueshirt Capital Advisors LLC.

3. The Individual Defendants object to the definition of "Business Combination" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. The Individual Defendants further object to this definition to the extent it purports to include "all conduct Concerning the Business Combination prior to the announcement of the Business Combination in October 2020 and all conduct Concerning the Business Combination in the period after the announcement of the Business Combination and the closing of the Business Combination in January 2021." The Individual Defendants interpret "Business Combination" to mean the series of transactions consummated on January 7, 2021, and contemplated by the Agreement and Plan of Merger, dated October 5, 2020 (as amended), through which the private company, Clover Health Investments, Corp., merged with and into the special purpose acquisition company named Social Capital Hedosophia Holdings Corp. III ("SCH") to become the current public company, Clover.

---

[1] The "Complaint" refers to the Amended Complaint filed with this Court on June 28, 2021, ECF No. 70.

4. The Individual Defendants object to the definition of "Clover" or the "Company" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome in that it purports to include "all of" Clover Health Investments, Corp.'s "present and former officers, directors, committees, Employees, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other Persons acting, or purporting to act, on behalf of any of the foregoing." The Individual Defendants will interpret "Clover" and the "Company" to mean Clover Health Investments, Corp. (formerly known as Social Capital Hedosophia Holdings Corp. III).

5. The Individual Defendants object to the definition of "Clover Assistant" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and argumentative in that it incorporates from the Complaint an inaccurate description of the Clover Assistant. The Individual Defendants interpret "Clover Assistant" as Clover's proprietary software platform known as the Clover Assistant.

6. The Individual Defendants object to the definition of "Communication" and "Communications" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. The Individual Defendants will interpret "Communication" or "Communications" to mean any transmission or exchange of information, opinion, or thoughts, whether orally, in writing or otherwise, including, but not limited to, conversations, meetings, letters, notes, and telegraphic, facsimile, telex, or computer-assisted electronic messages.

7. The Individual Defendants object to the definition of "Concerning" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. The Individual Defendants will interpret "Concerning" as the term is commonly understood.

8. The Individual Defendants object to the definition of "Connaught" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome in that it purports to relate to "any . . . parent entity, subsidiary, or affiliate of Connaught (UK) Limited that worked on the Business Combination." The Individual Defendants will interpret "Connaught" to mean Connaught (UK) Limited.

9. The Individual Defendants object to the definition of "Credit Suisse" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome in that it purports to relate to "Credit Suisse Group AG or any . . . parent entity, subsidiary, or affiliate of Credit Suisse Group AG that worked on the Business Combination." The Individual Defendants will interpret "Credit Suisse" to mean Credit Suisse Securities (USA) LLC.

10. The Individual Defendants object to the definition of "Document" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. The Individual Defendants will interpret "Document" to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). The term "Document" shall include any and all writings, drawings, graphs, charts, photographs, and electronically stored information.

11. The Individual Defendants object to the definition of "DOJ Investigation" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome in that it purports to include "other things" not identified in the definition. The Individual Defendants further object on the ground that it mischaracterizes the relevant United States Department of Justice ("DOJ") inquiry. The Individual Defendants will interpret "DOJ Investigation" as synonymous with "DOJ Inquiry" as defined in Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss, ECF No. 75.

12.    The Individual Defendants object to the definition of "Employee" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome in that it refers to "the Relevant Period," which is not a defined term, and in that it purports to include individuals who "acted or purported to act on behalf of an entity . . . or another Person or Persons."  The Individual Defendants will interpret "Employee" as the term is commonly understood.

13.    The Individual Defendants object to the definition of "Financial Advisors" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome based on its objectionable definitions of the companies listed in the definition.  The Individual Defendants will interpret "Financial Advisors" to refer to Blueshirt Capital Advisors LLC; Connaught (UK) Limited; Credit Suisse Securities (USA) LLC; Jefferies LLC; and J.P. Morgan Securities LLC, respectively, to the extent these entities worked on the "Business Combination" as financial advisors, and solely in their capacity in such role.

14.    The Individual Defendants object to the definition of "Identify," with respect to a "Person," on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter involved in this Action, nor relevant to a claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.  The Individual Defendants will interpret "Identify," with respect to a person, as meaning a person's name.

15.    The Individual Defendants object to the definitions of "Identify," with respect to "Documents" and "Communications" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter involved in this Action, nor relevant to a claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

16. The Individual Defendants object to the definition of "Jefferies" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome in that it purports to include "any . . . parent entity, subsidiary, or affiliate of Jefferies LLC that worked on the Business Combination." The Individual Defendants interpret "Jefferies" to mean Jefferies LLC.

17. The Individual Defendants object to the definition of "J.P. Morgan" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome in that it purports to include "J.P. Morgan Chase & Co. or any . . . parent entity, subsidiary, or affiliate of J.P. Morgan Chase & Co. that worked on the Business Combination." The Individual Defendants interpret "J.P. Morgan" to mean J.P. Morgan Securities LLC.

18. The Individual Defendants object to the definition of "Policy" and "Policies" on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and seeks documents that are neither relevant to the subject matter involved in this Action, nor relevant to a claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. The Individual Defendants interpret "Policy" and "Policies" as policy and policies, respectively, as those terms are commonly understood.

19. The Individual Defendants object to the definition of "SEC Investigation" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. The Individual Defendants interpret "SEC Investigation" to mean the investigation that Clover disclosed in its February 5, 2021 Form 8-K, stating that "the Company received a letter from the Securities and Exchange Commission . . . indicating that it is conducting an investigation and requesting document and data preservation for the period from January 1, 2020, to the present, relating to certain matters that are referenced in the article. The Company intends to cooperate with the SEC's investigation."

20. The Individual Defendants object to the definition of "You," "Your," and "Yours" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome in that the definition would include documents outside of the Individual Defendants' possession, custody, or control, including to the extent that it purports to include "any present and former officers, directors, committees, Employees, partners, corporate parents, predecessors, successors, assigns, subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other Persons acting, or purporting to act, on behalf of any of the foregoing." The Individual Defendants will interpret "You" and "Your," and "Yours" to mean the Individual Defendants.

## OBJECTIONS TO INSTRUCTIONS

1. The Individual Defendants object to Instruction 1 to the extent it purports to require the production of documents outside of their possession, custody, or control. The Individual Defendants will only search for and produce responsive, non-privileged documents within their possession, custody, or control.

2. The Individual Defendants object to Instruction 3 as vague and ambiguous to the extent it purports to require the production of "all metadata associated with" documents produced by the Individual Defendants. The Individual Defendants further object to this instruction on the ground that it presupposes the substance of any electronically stored information ("ESI") protocol not yet in existence. Documents produced by the Individual Defendants will include relevant and available metadata to the extent required by any ESI protocol entered by the Court.

3. The Individual Defendants object to Instructions 6, 7, 17, and 18 as unduly burdensome and imposing obligations beyond those required by applicable law.

4. The Individual Defendants object to Instructions 8, 9, and 10 on the ground that they presuppose the substance of a protective order not yet in existence. The Individual Defendants

will adhere to any order entered by the Court. Accordingly, the Individual Defendants will not produce any documents responsive to the Requests without the Court's entry of a protective order in this Action.

**OBJECTIONS TO "RELEVANT TIME PERIOD"**

The Individual Defendants object to the definition of "Relevant Time Period," which Plaintiffs define as from January 1, 2018 through March 29, 2021, on the grounds that it is overly broad and unduly burdensome. Unless otherwise indicated in response to a specific Request, the Individual Defendants define the "Relevant Time Period" as April 24, 2020, through February 4, 2021, both dates inclusive. The Individual Defendants further object to the Requests to the extent they seek documents from outside of this time period. Accordingly, unless otherwise explicitly indicated, any statement that the Individual Defendants will produce responsive, non-privileged documents is limited to documents dated, prepared, or published during the Relevant Time Period.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS**

The foregoing Prefatory Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Time Period are incorporated by reference into each Specific Objection and Response below as if fully repeated therein. The failure to include any General Objection, Objection to Definition, Objection to Instruction, or Objection to Time Period in any Specific Objection and Response does not waive any such Objection to that Request. By answering any specific Request, the Individual Defendants are not, nor shall they be construed as, admitting to the propriety of any specific Request or that any documents responsive to a Request exist. The Individual Defendants specifically respond and object to the Requests as follows:

**REQUEST NO. 1:**

All Documents and Communications produced, whether formally or informally, in the any [*sic*] Derivative Action.

- 12 -

**RESPONSE TO REQUEST NO. 1:**

The Individual Defendants object on the grounds that it is overly broad and not proportional to the needs of this Action. The Individual Defendants further object on the ground that it seeks documents that are neither relevant to the subject matter involved in this Action, nor relevant to a claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. The Individual Defendants further object on the ground that this Request is a request for improper "cloned discovery." *See, e.g.*, *Pictsweet Co. v. R.D. Offutt Co.,* 2020 WL 12968432, at *5 (M.D. Tenn. Apr. 23, 2020) (deeming plaintiff's "cloned" discovery request a "fishing expedition" and refusing to grant plaintiff a "discovery windfall" because "[a]sking for all documents produced in another matter is not generally proper. The propounding party cannot meet its burden to establish relevance, as the propounding party is not in a position to even know what they are actually asking for.") (cleaned up); *Austin v. Nestle USA*, *Inc.*, 2010 WL 4318815, at *4 (D.S.C. Oct. 26, 2010) (agreeing that plaintiff should not have "unfettered access" to all of the discovery produced in a purportedly similar case, "as there [was] no indication that such discovery [was] relevant to th[e] case" before it); *Cap. Ventures Int'l v. J.P. Morgan Mortg. Acquisition Corp.*, 2014 WL 1431124, at *2 (D. Mass. Apr. 14, 2014) (denying request for "cloned discovery" as "overbroad and of speculative relevance").

Subject to and without waiving the foregoing objections, based upon their current knowledge, the Individual Defendants state that they do not have responsive documents in their possession.

**REQUEST NO. 2:**

All Documents and Communications produced, without regard to the Relevant Time Period, whether formally or informally, to the DOJ, in response to, in connection with, or related to the DOJ Investigation.

**RESPONSE TO REQUEST NO. 2:**

The Individual Defendants object on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of this Action, and to the extent it is duplicative of Request No. 3. The Individual Defendants further object on the ground that it seeks documents that are neither relevant to the subject matter involved in this Action, nor relevant to a claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. The Individual Defendants further object on the ground that this Request is a request for improper "cloned discovery." *See, e.g.*, *Pictsweet Co.*, 2020 WL 12968432, at *5 (deeming plaintiff's "cloned" discovery request a "fishing expedition" and refusing to grant plaintiff a "discovery windfall" because "[a]sking for all documents produced in another matter is not generally proper. The propounding party cannot meet its burden to establish relevance, as the propounding party is not in a position to even know what they are actually asking for") (cleaned up); *Austin*, 2010 WL 4318815, at *4 (agreeing that plaintiff should not have "unfettered access" to all of the discovery produced in a purportedly similar case, "as there [was] no indication that such discovery [was] relevant to th[e] case" before it); *Cap. Ventures Int'l*, 2014 WL 1431124, at *2 (denying request for "cloned discovery" as "overbroad and of speculative relevance").

Subject to and without waiving the foregoing objections, based upon their current knowledge, the Individual Defendants state that they do not have responsive documents in their possession.

**REQUEST NO. 3:**

All Documents and Communications, without regard to the Relevant Time Period, Concerning the DOJ Investigation.

**RESPONSE TO REQUEST NO. 3:**

The Individual Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of this Action. The Individual Defendants further object to the extent it seeks information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.

The Individual Defendants will not produce documents in response to this Request.

**REQUEST NO. 4:**

All Communications to or from the Individual Defendants Concerning the DOJ Investigation.

**RESPONSE TO REQUEST NO. 4:**

The Individual Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of this Action, and to the extent it is duplicative of Request No. 3. The Individual Defendants further object to the extent its seeks information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.

The Individual Defendants are willing to meet and confer with Plaintiffs in an effort to narrow the scope of this Request. But until the parties are able to reach agreement on such narrowed scope, the Individual Defendants will not produce Documents responsive to this Request.

**REQUEST NO. 5:**

All Communications to or from the Financial Advisors Concerning the DOJ Investigation.

- 15 -

**RESPONSE TO REQUEST NO. 5:**

The Individual Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of this Action, and to the extent it is duplicative of Request No. 3.

The Individual Defendants are willing to meet and confer with Plaintiffs in an effort to narrow the scope of this Request. But until the parties are able to reach agreement on such narrowed scope, the Individual Defendants will not produce Documents responsive to this Request.

**REQUEST NO. 6:**

Documents sufficient to identify all Employees who have been contacted by or communicated with the DOJ regarding the DOJ Investigation.

**RESPONSE TO REQUEST NO. 6:**

The Individual Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of this Action, and to the extent it is duplicative of Request No. 3.

The Individual Defendants will not produce documents in response to this Request.

**REQUEST NO. 7:**

All Documents and Communications created for, Concerning, prepared for or considered as part of the "diligence" for the Business Combination referenced in ¶¶ 119-20, 122, 145, 250, 318 of the Complaint.

**RESPONSE TO REQUEST NO. 7:**

The Individual Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of this Action. The Individual Defendants further object on the ground that it requires the Individual Defendants to guess as to

- 16 -

what one or more individuals may have "considered as part of the 'diligence' for the Business Combination."

Subject to and without waiving the foregoing objections, the Individual Defendants will produce responsive, non-privileged Documents within their possession provided to SCH in connection with the Business Combination that can be located after a reasonable search.

**REQUEST NO. 8:**

All Documents and Communications created for, Concerning, prepared for or considered by the Financial Advisors for the Business Combination, Including any Documents and Communications in a "data room" for the Business Combination.

**RESPONSE TO REQUEST NO. 8:**

The Individual Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of this Action, and to the extent it is duplicative of Request No. 7. The Individual Defendants further object to this Request on the ground that it requires the Individual Defendants to guess as to what Documents were "considered by the Financial Advisors."

The Individual Defendants will not produce documents in response to this Request.

**REQUEST NO. 9:**

All Documents and Communications produced, without regard to the Relevant Time Period, whether formally or informally, to the SEC in response to, in connection with, or related to the SEC Investigation.

**RESPONSE TO REQUEST NO. 9:**

The Individual Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of this Action, and to the extent it is duplicative of Request No. 10. The Individual Defendants further object on the ground that it seeks documents that are neither relevant to the subject matter involved in this Action, nor relevant to a claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible

evidence. The Individual Defendants will not produce documents in response to this Request, as it is a request for improper "cloned discovery." *See, e.g.*, *Pictsweet Co.*, 2020 WL 12968432, at *5 (deeming plaintiff's "cloned" discovery request a "fishing expedition" and refusing to grant plaintiff a "discovery windfall" because "[a]sking for all documents produced in another matter is not generally proper. The propounding party cannot meet its burden to establish relevance, as the propounding party is not in a position to even know what they are actually asking for") (cleaned up); *Austin*, 2010 WL 4318815, at *4 (agreeing that plaintiff should not have "unfettered access" to all of the discovery produced in a purportedly similar case, "as there [was] no indication that such discovery [was] relevant to th[e] case" before it); *Cap. Ventures Int'l*, 2014 WL 1431124, at *2 (denying request for "cloned discovery" as "overbroad and of speculative relevance").

The Individual Defendants will not produce documents in response to this Request.

**REQUEST NO. 10:**

All Documents and Communications, without regard to the Relevant Time Period, concerning the SEC Investigation.

**RESPONSE TO REQUEST NO. 10:**

The Individual Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of this Action, and to the extent it is duplicative of Request Nos. 9 and 11. The Individual Defendants further object on the ground that it seeks documents that are neither relevant to the subject matter involved in this Action, nor relevant to a claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. The Individual Defendants further object to the extent it seeks information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.

The Individual Defendants will not produce Documents in response to this Request.

**REQUEST NO. 11:**

All Communications to or from the Individual Defendants Concerning the SEC Investigation.

**RESPONSE TO REQUEST NO. 11:**

The Individual Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of this Action, and to the extent it is duplicative of Request No. 10. The Individual Defendants further object on the ground that it seeks documents that are neither relevant to the subject matter involved in this Action, nor relevant to a claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. The Individual Defendants further object to the extent it seeks information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.

The Individual Defendants will not produce Documents in response to this Request.

**REQUEST NO. 12:**

Documents sufficient to identify all Employees who have been contacted by or communicated with the SEC regarding the SEC Investigation.

**RESPONSE TO REQUEST NO. 12:**

The Individual Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of this Action, and to the extent it is duplicative of Request No. 10. The Individual Defendants further object on the ground that it seeks documents that are neither relevant to the subject matter involved in this Action, nor relevant to a claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, based upon their current knowledge, the Individual Defendants state that they do not have responsive documents in their possession.

**REQUEST NO. 13:**

All Communications to or from the Individual Defendants, and all Documents and Communications where the Individual Defendants were cc'd or bcc'd, Concerning the allegations in the Complaint, Including the Alleged Misstatements.

**RESPONSE TO REQUEST NO. 13:**

The Individual Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of this Action in that it requests Documents and Communications "Concerning allegations in the Complaint," which is a 139-page document consisting of 382 separately numbered paragraphs. The Individual Defendants further object to the extent it seeks information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.

The Individual Defendants are willing to meet and confer with Plaintiffs in an effort to narrow the scope of this Request. But until the parties are able to reach agreement on such narrowed scope, the Individual Defendants will not produce Documents responsive to this Request.

**REQUEST NO. 14:**

All Documents and Communications Concerning the Alleged Misstatements, or any other similar public statements, Including (i) that Clover had met and complied with all applicable laws since January 1, 2018 and was not presently involved in any legal proceeding that could have a material adverse effect on the Company's business; (ii) Clover's payments or provision of gift cards to physicians or office staff for any reason; (iii) Clover's transactions with Hiram Bermudez or transactions with entities owned or controlled by Hiram Bermudez; and (iv) use of Clover Assistant by physicians under contract with Clover, Including during patient visit.

**RESPONSE TO REQUEST NO. 14:**

The Individual Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of this Action in that it requests all Documents and Communications concerning broad categories of alleged statements. The Individual Defendants further object to the extent it seeks information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.

The Individual Defendants are willing to meet and confer with Plaintiffs in an effort to narrow the scope of this Request. But until the parties are able to reach agreement on such narrowed scope, the Individual Defendants will not produce Documents responsive to this Request.

**REQUEST NO. 15:**

Documents sufficient to show all direct or indirect transactions between Clover and entities owned or controlled by Hiram Bermudez.

**RESPONSE TO REQUEST NO. 15:**

The Individual Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of this Action. The Individual Defendants further object on the grounds that the phrase "direct and indirect transactions" is vague and ambiguous. The Individual Defendants further object on the ground that they may not be aware of all "entities owned or controlled by Hiram Bermudez" at all times, and that whether or not an entity is "controlled by Hiram Bermudez" requires the Individual Defendants to make a legal determination.

Subject to and without waiving the foregoing objections, the Individual Defendants will produce responsive, non-privileged Documents in their possession, if any, sufficient to show payments made by Clover to B & H Assurance, LLC that can be located after a reasonable search.

- 21 -

**REQUEST NO. 16:**

All Documents and Communications concerning related transactions reported in Clover's SEC filings.

**RESPONSE TO REQUEST NO. 16:**

The Individual Defendants object to this Request on the grounds that it is vague, ambiguous, and unintelligible as written.

The Individual Defendants are willing to meet and confer with Plaintiffs in an effort to understand the scope of this Request. But until the parties are able to reach agreement on such scope, the Individual Defendants will not produce Documents responsive to this Request.

**REQUEST NO. 17:**

All Documents and Communications Concerning the Hindenburg Response, Including All Documents and Communications created for, Concerning, prepared for or considered as part of the Hindenburg Response.

**RESPONSE TO REQUEST NO. 17:**

The Individual Defendants object to this Request on the grounds that it seeks documents that are neither relevant to the subject matter involved in this Action, nor relevant to a claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. The Individual Defendants further object to the extent it seeks information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.

The Individual Defendants are willing to meet and confer with Plaintiffs in an effort to narrow the scope of this Request. But until the parties are able to reach agreement on such narrowed scope, the Individual Defendants will not produce Documents responsive to this Request.

- 22 -

**REQUEST NO. 18:**

All Documents and Communications Concerning the current report on Form 8-K filed on behalf of Clover on March 29, 2021, Including All Documents and Communications created for, Concerning, prepared for or considered as part of the March 29, 2021 8-K.

**RESPONSE TO REQUEST NO. 18:**

The Individual Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of this Action. The Individual Defendants further object on the ground that it seeks Documents and Communications beyond the Relevant Time Period. The Individual Defendants further object on the ground that it seeks documents that are neither relevant to the subject matter involved in this Action, nor relevant to a claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. The Individual Defendants further object to the extent it seeks information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.

The Individual Defendants will not produce Documents in response to this Request.

**REQUEST NO. 19:**

All Documents and Communications Concerning payments or gifts of any kind by Employees to physicians.

**RESPONSE TO REQUEST NO. 19:**

The Individual Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of this Action. The Individual Defendants object on the grounds that the phrase "payments or gifts of any kind" is vague and ambiguous.

The Individual Defendants are willing to meet and confer with Plaintiffs in an effort to narrow the scope of this Request. But until the parties are able to reach agreement on such

- 23 -

narrowed scope, the Individual Defendants will not produce Documents responsive to this Request.

**REQUEST NO. 20:**

All Documents and Communications Concerning any internal investigation at Clover into the provision of gift cards by Employees to physicians, Including the complaint and ensuing interviews referenced in ¶131 of the Complaint.

**RESPONSE TO REQUEST NO. 20:**

The Individual Defendants object to this Request on the grounds that it is unduly burdensome, vague, overly broad, and not proportional to the needs of this Action. The Individual Defendants further object to the extent it seeks information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.

The Individual Defendants are willing to meet and confer with Plaintiffs in an effort to narrow the scope of this Request. But until the parties are able to reach agreement on such narrowed scope, the Individual Defendants will not produce Documents responsive to this Request.

**REQUEST NO. 21:**

All Documents and Communications Concerning use of Clover Assistant.

**RESPONSE TO REQUEST NO. 21:**

The Individual Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of this Action. The Individual Defendants further object to the extent it seeks information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. The Individual Defendants further object on the ground that it seeks documents that are neither relevant to the subject matter involved in this Action, nor relevant to a claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. The Individual Defendants

- 24 -

are willing to meet and confer with Plaintiffs in an effort to narrow the scope of this Request. But until the parties are able to reach agreement on such narrowed scope, the Individual Defendants will not produce Documents responsive to this Request.

**REQUEST NO. 22:**

All Documents and Communications Concerning physicians' failure to use Clover Assistant during patient visits or Concerning entry of data into Clover Assistant by Persons other than physicians.

**RESPONSE TO REQUEST NO. 22:**

The Individual Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of this Action. The Individual Defendants further object to this Request on the ground that the phrase "physicians' failure to use Clover Assistant during patient visits" is vague and ambiguous.

The Individual Defendants are willing to meet and confer with Plaintiffs in an effort to narrow the scope of this Request. But until the parties are able to reach agreement on such narrowed scope, the Individual Defendants will not produce Documents responsive to this Request.

**REQUEST NO. 23:**

All Documents and Communications concerning complaints about inducements for physicians to offer Clover MA plans or use Clover Assistant.

**RESPONSE TO REQUEST NO. 23:**

The Individual Defendants object to the term "inducements" as vague, ambiguous, overly broad, and assuming a legal conclusion. The Individual Defendants further object to the extent it seeks information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.

- 25 -

The Individual Defendants are willing to meet and confer with Plaintiffs in an effort to narrow the scope of this Request. But until the parties are able to reach agreement on such narrowed scope, the Individual Defendants will not produce Documents responsive to this Request.

**REQUEST NO. 24:**

All Documents and Communications Concerning Clover's Board of Directors' meetings, Including all board minutes, summaries, presentations, minutes, audio and video recordings, agendas, notes, and any Documents circulated in connection with such meetings.

**RESPONSE TO REQUEST NO. 24:**

The Individual Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of this Action. The Individual Defendants further object on the ground that it seeks documents that are neither relevant to the subject matter involved in this Action, nor relevant to a claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs have made no effort to limit this Request to the issues relevant to this Action. The Individual Defendants further object to the extent it seeks information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.

The Individual Defendants will not produce Documents in response to this Request.

**REQUEST NO. 25:**

All Documents and Communications Concerning SCH's Board of Directors' meetings, Including all board minutes, summaries, presentations, minutes, audio and video recordings, agendas, notes, and any Documents circulated in connection with such meetings.

**RESPONSE TO REQUEST NO. 25:**

The Individual Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of this Action. The Individual Defendants further object on the ground that it seeks documents that are neither relevant to the

subject matter involved in this Action, nor relevant to a claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs have made no effort to limit this Request to the issues relevant to this Action. The Individual Defendants further object to the extent it seeks information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, the Individual Defendants will produce responsive, non-privileged board minutes, board presentations, audio or video recordings, agendas, for SCH's Board of Directors meetings during the Relevant Time Period, and any Documents provided to members of SCH's Board of Directors in advance of and in connection with those meetings that are within their possession and that can be located following a reasonable search.

**REQUEST NO. 26:**

All Documents and Communications Concerning Plaintiffs. This Request is not limited to the Relevant Time Period.

**RESPONSE TO REQUEST NO. 26:**

The Individual Defendants object to this Request on the ground that it seeks documents that are neither relevant to the subject matter involved in this Action, nor relevant to a claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, the Individual Defendants will produce responsive, non-privileged Documents that are within their possession, if any, and that can be located following a reasonable search.

**REQUEST NO. 27:**

All Documents and Communications Concerning the Hindenburg Report.

**RESPONSE TO REQUEST NO. 27:**

The Individual Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of this Action. The Individual Defendants further object to the extent it seeks information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.

The Individual Defendants are willing to meet and confer with Plaintiffs in an effort to narrow the scope of this Request. But until the parties are able to reach agreement on such narrowed scope, the Individual Defendants will not produce Documents responsive to this Request.

**REQUEST NO. 28:**

All Documents and Communications Concerning the allegations, facts, and descriptions contained in the Hindenburg Report.

**RESPONSE TO REQUEST NO. 28:**

The Individual Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of this Action in that the Hindenburg Report is 53 pages long, containing numerous allegations, descriptions, opinions, and misstatements. The Individual Defendants further object to this Request to the extent it is duplicative of Request No. 27. The Individual Defendants further object to the extent it seeks information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.

The Individual Defendants are willing to meet and confer with Plaintiffs in an effort to narrow the scope of this Request. But until the parties are able to reach agreement on such narrowed scope, the Individual Defendants will not produce Documents responsive to this Request.

- 28 -

**REQUEST NO. 29:**

All Communications with former Employees Concerning this Action. This Request is not limited to the Relevant Time Period.

**RESPONSE TO REQUEST NO. 29:**

The Individual Defendants object to this Request on the grounds that it seeks documents that are neither relevant to the subject matter involved in this Action, nor relevant to a claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. The Individual Defendants further object to the extent it seeks information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.

The Individual Defendants will not produce Documents responsive to this Request.

**REQUEST NO. 30:**

All Communications with any Financial Advisor Concerning any of the allegations in the Complaint, Including any of the Alleged Misstatements.

**RESPONSE TO REQUEST NO. 30:**

The Individual Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of this Action. The Individual Defendants further object on the grounds that it seeks documents that are neither relevant to the subject matter involved in this Action, nor relevant to a claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. The Individual Defendants further object to this Request on the ground that it is duplicative of Request No. 8.

The Individual Defendants will not produce Documents in response to this Request.

**REQUEST NO. 31:**

All Documents and Communications concerning the ability of Clover Assistant to [*sic*].

- 29 -

**RESPONSE TO REQUEST NO. 31:**

The Individual Defendants object to this Request on the grounds that it is vague, ambiguous, and unintelligible as written.

The Individual Defendants are willing to meet and confer with Plaintiffs in an effort to understand the scope of this Request. But until the parties are able to reach agreement on such scope, the Individual Defendants will not produce Documents responsive to this Request.

**REQUEST NO. 32:**

All Documents and Communications Concerning any investigation, examination, audit, review or inquiry, whether formal or informal, of Clover, other than the DOJ Investigation and the SEC Investigation, by any federal or state agency or stock exchange, Including the SEC, DOJ, U.S. Attorney, State Attorneys General, or by any Medicare-related government agency, Concerning any of the facts alleged in the Complaint. This request covers all Documents and Communications between Clover and the investigating agencies and stock exchanges.

**RESPONSE TO REQUEST NO. 32:**

The Individual Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of this Action. The Individual Defendants further object on the grounds that it seeks documents that are neither relevant to the subject matter involved in this Action, nor relevant to a claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. The Individual Defendants further object to this Request to the extent it seeks information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.

The Individual Defendants will not produce documents in response to this Request.

**REQUEST NO. 33:**

All Documents and Communications Concerning Your document destruction and retention policies or procedures during the Relevant Time period, any document retention or destruction policy with respect to ESI (Including e-mail, text messages, instant messages, computer records, disk files or other electronic records) as well as handheld devices (smartphones, Blackberries, PDAs, etc.), and any actual, suggested or contemplated policy, program, procedure, instruction,

direction or request Concerning the destruction, alteration, removal, concealment, non-disclosure, secrecy or confidentiality of any of the Documents requested herein.

**RESPONSE TO REQUEST NO. 33:**

The Individual Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of this Action. The Individual Defendants further object on the grounds that it seeks documents that are neither relevant to the subject matter involved in this Action, nor relevant to a claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. The Individual Defendants further object to this Request to the extent it seeks information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. The Individual Defendants further object to this Request on the ground that it is a request for improper discovery-on-discovery. *See, e.g.*, *Grae v. Corr. Corp. of Am.*, 2020 WL 6750806, at \*7 (M.D. Tenn. Nov. 2, 2020) ("Delving into the specifics of any Party's process for responding to requests is an example of 'discovery about discovery' that does not help obtain the information necessary for trial, nor does it make good use of the Court's or the Parties' time."); *Fish v. Air & Liquid Systems Corp.*, 2017 WL 697663, at \*6 (D. Md. Feb. 21, 2017) (discovery-on-discovery "is not an appropriate topic of discovery and numerous courts have disallowed such discovery").

The Individual Defendants will not produce documents in response to this Request.

**REQUEST NO. 34:**

Documents sufficient to Identify or describe Clover's efforts to preserve and collect Documents relevant to this Action. This Request is not limited to the Relevant Time Period.

**RESPONSE TO REQUEST NO. 34:**

The Individual Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of this Action. The Individual Defendants further object on the grounds that it seeks documents that are neither relevant to the

subject matter involved in this Action, nor relevant to a claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. The Individual Defendants further object to this Request to the extent it seeks information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. The Individual Defendants further object to this Request on the ground that it is a request for improper discovery-on-discovery. *See, e.g.*, *Grae*, 2020 WL 6750806, at *7 ("Delving into the specifics of any Party's process for responding to requests is an example of 'discovery about discovery' that does not help obtain the information necessary for trial, nor does it make good use of the Court's or the Parties' time."); *Fish*, 2017 WL 697663, at *6 (discovery-on-discovery "is not an appropriate topic of discovery and numerous courts have disallowed such discovery").

The Individual Defendants will not produce documents in response to this Request.

## REQUEST NO. 35:

All Documents and Communications Concerning Defendants' efforts to preserve and collect Documents in the Derivative Actions. This Request is not limited to the Relevant Time Period.

## RESPONSE TO REQUEST NO. 35:

The Individual Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of this Action. The Individual Defendants further object on the grounds that it seeks documents that are neither relevant to the subject matter involved in this Action, nor relevant to a claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. The Individual Defendants further object to this Request to the extent it seeks information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. The Individual Defendants further object to this Request on the ground that it is a request for improper discovery-on-discovery. *See, e.g.*, *Grae*, 2020 WL 6750806, at *7 ("Delving into the specifics of

any Party's process for responding to requests is an example of 'discovery about discovery' that does not help obtain the information necessary for trial, nor does it make good use of the Court's or the Parties' time."); *Fish*, 2017 WL 697663, at *6 (discovery-on-discovery "is not an appropriate topic of discovery and numerous courts have disallowed such discovery").

The Individual Defendants will not produce documents in response to this Request.

**REQUEST NO. 36:**

All Documents and Communications Concerning Defendants' efforts to preserve and collect Documents in the DOJ Investigation. This Request is not limited to the Relevant Time Period.

**RESPONSE TO REQUEST NO. 36:**

The Individual Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of this Action. The Individual Defendants further object on the grounds that it seeks documents that are neither relevant to the subject matter involved in this Action, nor relevant to a claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. The Individual Defendants further object to this Request to the extent it seeks information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.

The Individual Defendants will not produce documents in response to this Request.

**REQUEST NO. 37:**

All Documents and Communications Concerning Defendants' efforts to preserve and collect Documents in the SEC Investigation. This Request is not limited to the Relevant Time Period.

**RESPONSE TO REQUEST NO. 37:**

The Individual Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of this Action. The Individual Defendants further object on the grounds that it seeks documents that are neither relevant to the

- 33 -

subject matter involved in this Action, nor relevant to a claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. The Individual Defendants further object to this Request to the extent it seeks information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.

The Individual Defendants will not produce documents in response to this Request.

**REQUEST NO. 38:**

All Documents Concerning insurance contracts, Policies, or agreements that may provide coverage for any Defendant in connection with this Action, Including a possible judgment in this Action or indemnification or reimbursement for payments made to satisfy any such judgment, Including any payments made or amounts incurred on those contracts, Policies or agreements.

**RESPONSE TO REQUEST NO. 38:**

The Individual Defendants understand that Clover previously produced Documents responsive to this request. *See* CLOV_CLASS_00000001 – CLOV_CLASS_00000476.

**REQUEST NO. 39:**

Documents sufficient to Identify Clover's organizational structure and management hierarchy.

**RESPONSE TO REQUEST 39:**

The Individual Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of this Action in that it does not specify the date for which it seeks the requested Documents. The Individual Defendants further object on the ground that it seeks documents that are neither relevant to the subject matter involved in this Action, nor relevant to a claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

The Individual Defendants will not produce Documents in response to this Request.

**REQUEST NO. 40:**

All Documents Defendants intend to use to oppose or advance any claim or defense in the Action, Including:

    a. all Documents that support any affirmative defense that Defendants include or plan to include in their Answer to the Complaint;

    b. all Documents Defendants intend to introduce as evidence in the Action;

    c. all Documents Defendants intend to use at any deposition or examination in the Action;

    d. all Documents Defendants intend to attach to any filing in the Action; and

    e. all Documents Defendants intend to use to oppose Plaintiffs' motion for class certification.

**RESPONSE TO REQUEST NO. 40:**

The Individual Defendants object to this Request on the grounds that it is premature, unduly burdensome, overly broad, and not proportional to the needs of this Action. The Individual Defendants further object to the extent it seeks information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, the Individual Defendants will produce responsive, non-privileged documents that the Individual Defendants intend to use to oppose or advance any claim or defense in the Action in advance of trial.

- 35 -

Date:  June 22, 2022

Respectfully submitted,

**MILBANK LLP**

/s/ *Jed M. Schwartz*

Scott A. Edelman (admitted *pro hac vice*)
Jed M. Schwartz (admitted *pro hac vice*)
Gary A. Crosby II (admitted *pro hac vice*)
55 Hudson Yards
New York, New York 10001
Tel. (212) 530-5000
sedelman@milbank.com
jschwartz@milbank.com
gcrosby@milbank.com

**BASS, BERRY & SIMS PLC**

Britt K. Latham (BPR #23149)
Joseph B. Crace, Jr. (BPR # 27753)
150 Third Ave., South, Suite 2800
Nashville, TN 37201
Tel. (615) 742-7762
Facsimile: (615) 742-2847
blatham@bassberry.com
jcrace@bassberry.com

*Counsel for Defendants Clover Health
Investments, Corp., Vivek Garipalli, Andrew Toy,
Joseph Wagner, and Chamath Palihapitiya*

- 36 -

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 22, 2022, the Individual Defendants' Responses and

Objections to Plaintiffs' First Set of Requests for Production of Documents were served by email

on the following counsel for Plaintiffs:

**POMERANTZ LLP**

Jeremy A. Lieberman
Brian Calandra
600 Third Avenue, 20th Floor
New York, New York 10016
Tel. (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
bcalandra@pomlaw.com

Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Tel. (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Lead Counsel and Attorneys for Plaintiffs*

**BRAMLETT LAW OFFICES**

Paul Ken Bramlett TN #7387/MS #4291
Robert Preston Bramlett TN #25895
40 Burton Hills Blvd., Suite 200
P. O. Box 150734
Nashville, TN 37215
Tel. 615.248.2828
Facsimile: 866.816.4116
PKNASHLAW@aol.com
Robert@BramlettLawOffices.com

*Liaison Counsel*

**THE SCHALL LAW FIRM**
Brian Schall
Rina Restaino
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Tel. (424) 303-1964
Facsimile: (877) 590-0482
brian@schallfirm.com
rina@schallfirm.com

*Additional Counsel for Plaintiffs*

**HOLZER & HOLZER, LLC**
Corey D. Holzer
Marshall P. Dees
1200 Ashwood Parkway
Suite 410
Atlanta, Georgia 30338
Tel. (770) 392-0090
Facsimile: (770) 392-0029
cholzer@holzerlaw.com
mdees@holzerlaw.com

*Additional Counsel for Named Plaintiff Jean-Nicolas Tremblay*

/s/ *Jed M. Schwartz*

- 37 -