# EXHIBIT 7



# JED SCHWARTZ

*Partner*
55 Hudson Yards | New York, NY 10001-2163
T: 212.530.5283
jschwartz@milbank.com | milbank.com

February 17, 2023

**VIA EMAIL**

Brian Calandra, Esq.
Pomerantz LLP
600 Third Avenue, 20th Floor
New York, New York 10016
E-mail: bcalandra@pomlaw.com

> Re:  *Bond, et al. v. Clover Health Investments, Corp., et al.*,
> No. 3:21-cv-00096 (M.D. Tenn.) (the "Action")

Dear Brian:

We write in response to your letter dated February 6, 2023 ("February 6 Letter"), and to memorialize the parties' discussions during the meet-and-confer session on February 14, 2023. This letter addresses only the remaining open items related to discovery raised in: (i) our letter to you dated August 1, 2022 ("August 1 Letter"); (ii) your letter dated January 11, 2023 ("January 11 Letter"); (iii) our letter to you dated January 30, 2023 ("January 30 Letter"); and (iv) the February 6 Letter. [1]

---

[1] Defendants served their First Requests for Production of Documents to Plaintiffs on May 2, 2022 (together "Defendants' Requests" and each "Defendants' Request"). Plaintiffs served their First Requests for Production of Documents to Defendants on May 9, 2022 (together "Plaintiffs' Requests" and each "Plaintiffs' Request"). After the parties exchanged their respective responses and objections, Defendants responded with the August 1 Letter. Thereafter, the parties engaged in telephonic meet-and-confer sessions on August 16, 2022, and August 18, 2022. On August 16, 2022, the parties discussed the issues and information pursuant to *In re: Default Standard for Discovery of Electronically Stored Information*, Administrative Order No. 174-1 (M.D. Tenn. Sept. 12, 2018). On February 14, 2023, the parties executed the Document Discovery Protocol. Unless otherwise specified, all undefined capitalized terms used in this letter shall have the meanings assigned to them in Defendants' Requests and R&Os.

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | BEIJING | HONG KONG | SEOUL | SINGAPORE | TOKYO

Case 3:21-cv-00096  Document 115-7  Filed 03/07/23  Page 2 of 11 PageID #: 2888

We have considered the parties' further discussions during the February 14 meet-and-confer session. Set forth below are certain compromises that Defendants are willing to make if they will resolve certain of the parties' disputes. Defendants remain willing to discuss any open issues with Plaintiffs as needed.

## I.   Plaintiffs' First Set of Requests for Production of Documents

### A.   Plaintiffs' Definitions of Business Combination, You, Your, Yours, Clover, Employee, and Relevant Period

1. Business Combination

Regarding Plaintiffs' proposed definition of "Business Combination," as discussed during the parties' February 14 meet-and-confer, it appears that there is no real dispute between the parties. We have reviewed your proposed definition of "Business Combination" in your February 16 e-mail, and Defendants believe that their proposed definition of "Business Combination" is consistent with how Plaintiffs use and understand that phrase.

2. You, Your, Yours, and Clover

During the parties' February 14 meet-and-confer, the parties agreed to interpret "You, Your, Yours, and Clover" to include Clover Health Investments, Corp. (formerly known as Social Capital Hedosophia Holdings Corp. III ("SCH")), Asclepius Merger Sub Inc., Legacy Clover and all officers, directors, and Employees thereof.

3. Employee

Regarding the definition of "Employee," Defendants reiterate that Plaintiffs' definition is vague, ambiguous, overbroad, and unduly burdensome in that it purports to include "agents, representatives … advisors, and consultants." Defendants will interpret "Employee" to include "all direct employees, officers, and board members of (1) Asclepius Merger Sub Inc.; (2) SCH; and (3) Legacy Clover."

During the February 14 call, Plaintiffs requested that Defendants confirm whether Chamath Palihapitiya was considered an "Employee" of SCH. Such confirmation is unnecessary because: (1) public filings confirm that Mr. Palihapitiya was an officer of SCH; and (2) we have previously agreed that Mr. Palihapitiya is a custodian given that he is a named defendant in this Action.

4. Relevant Period or Relevant Time Period

The parties are at an impasse.

### B. Plaintiffs' Request No. 1

Plaintiffs' Request No. 1 seeks "[a]ll Documents and Communications produced, whether formally or informally, in the any [sic] Derivative Action." You have not agreed to accept the compromise that we previously offered. Therefore, the parties are at an impasse.

### C. Plaintiffs' Request No. 2

The parties are at an impasse.

### D. Plaintiffs' Request Nos. 3, 4, 5, 13, 17, 19, 20, 27, and 28

As discussed during the meet-and-confer sessions, Defendants believe that the issues with many of these Requests, including any undue burden, could be addressed by an agreed-upon custodian list, targeted search terms, and other parameters. For Clover's responses to Plaintiffs' proposed custodians and search terms for all ESI searches for Request Nos. 3, 4, 5, 13, 17, 19, 20, 27, and 28, please refer to Sections III and IV, *infra*.

### E. Plaintiffs' Request No. 6

During the parties' February 14 meet-and-confer, Clover agreed to provide Plaintiffs with the identities of counsel who communicated with the DOJ regarding the DOJ Inquiry.

### F. Plaintiffs' Request Nos. 7, 8, and 30

Plaintiffs' Request No. 7 seeks "[a]ll Documents and Communications created for, Concerning, prepared for or considered as part of the 'diligence' for the Business Combination referenced in ¶¶ 119-20, 122, 145, 250, 318 of the Complaint." Plaintiffs' Request No. 8 seeks "[a]ll Documents and Communications created for, Concerning, prepared for or considered by the Financial Advisors for the Business Combination, Including any Documents and Communications in a 'data room' for the Business Combination." Plaintiffs' Request No. 30 seeks "[a]ll Communications with any Financial Advisor Concerning any of the allegations in the Complaint, Including any of the Alleged Misstatements."

In the interest of compromise, Clover is willing to produce non-privileged Documents and Communications reflecting follow-up questions from and responses to the Financial Advisors to the extent such Documents can be found after a reasonable search, along with the previously agreed categories of non-privileged Documents: (i) closing binders from the Business Combination; (ii) financial projections included in the data room for the Business Combination; (iii) relevant public filings; and (iv) final investor presentations.

### G. Plaintiffs' Request Nos. 9, 10, 11, and 12

The parties are at an impasse.

### H. Plaintiffs' Request No. 14

We understand that Plaintiffs have agreed with the proposal in my January 30 Letter.

### I. Plaintiffs' Request Nos. 15 and 16

During the parties' February 14 meet-and-confer, the parties agreed that there are no disputes outstanding with respect to Plaintiff Request Nos. 15 and 16.

### J. Plaintiffs' Request No. 18

The parties are at an impasse.

### K. Plaintiffs' Request Nos. 21, 22, 23, and 31

During the February 14 meet-and-confer, Plaintiffs suggested that the differences in the parties' positions with respect to these requests may be resolved through:

(i)     a stipulation by Clover that information submitted to Clover through the Clover Assistant may be used for risk adjustment purposes and result in increasing or decreasing the risk adjustment factors calculated by the Centers for Medicare and Medicaid Services ("CMS") for Clover's Medicare Advantage plan members;

(ii)    the production of any complaints that Plaintiffs understand one of the Confidential Witnesses made to Clover's Compliance Department concerning allegedly improper physician use of the Clover Assistant; and

(iii)   the production of the minutes of a meeting that said Confidential Witness allegedly attended discussing allegedly improper physician use of the Clover Assistant.

Clover is amenable to the proposed stipulation described in point (i) above, subject to the parties agreeing to the stipulation language. Clover is also amenable to producing non-privileged Documents of the sort described in points (ii) and (iii) above, to the extent such Documents can be found after a reasonable search, and subject to Plaintiffs: (a) identifying the specific Confidential Witness to Clover; and (b) providing Clover with any information they have regarding when said Confidential Witness allegedly made the referenced complaints, and when the referenced meeting allegedly took place. Clover is also willing to produce the previously agreed non-privileged Documents sufficient to show the factual bases and support for Clover's public statements in the Complaint regarding healthcare provider use of the Clover Assistant that are alleged to be misstatements.

Please confirm that Plaintiffs are amenable to this proposal.

### L.  Plaintiffs' Request Nos. 24 and 25

On September 16, 2022, Defendants produced non-privileged final minutes for Clover's Board of Directors meetings and any attachments thereto.  Clover also produced responsive, non-privileged final minutes for SCH's Board of Directors meetings and any attachments thereto, for the September 6, 2020, September 24, 2020, and October 5, 2020, meetings in which SCH's Board of Directors discussed the relevant merger.

During the parties' February 14 meet-and-confer, Defendants confirmed that "attachments thereto" will include the attachments, as the term is commonly understood (i.e., any documents attached to the final board minutes).  Defendants also agreed that if, after reviewing the previously produced final minutes and attachments thereto, Plaintiffs believe that Documents should have been produced as attachments that were not, Plaintiffs may raise the issue with Defendants then.

### M. Plaintiffs' Request No. 29

As stated in your February 6 Letter and during the parties' February 14 meet-and-confer, Plaintiffs confirmed that they withdrew Plaintiffs' Request No. 29.

### N.  Plaintiffs' Request No. 30

During the parties' February 14 meet-and-confer, the parties agreed that the compromise reached with respect to Plaintiffs' Request Nos. 7 and 8, discussed above, is sufficient to satisfy this Request.

### O.  Plaintiffs' Request No. 32

During the parties' February 14 meet-and-confer, Plaintiffs accepted Defendants' proposal from my January 30 Letter with respect to Plaintiffs' Request No 32.

### P.  Plaintiffs' Request No. 33

During the parties' February 14 meet-and-confer, Clover agreed to produce non-privileged Documents sufficient to show Clover's document retention policies in force between January 1, 2018, and February 4, 2021, without prejudice to Defendants' position on the Relevant Time Period.

### Q.  Plaintiffs' Request Nos. 34, 35, 36, and 37

As stated in your February 6 Letter and during the parties' February 14 meet-and-confer, Plaintiffs confirmed that they withdrew Plaintiffs' Request Nos. 34, 35, 36, and 37.

## II. Defendants' First Requests for Production of Documents

### A. Defendants' Request Nos. 1, 2, 3, 4, 7, and 8

During the parties' February 14 meet-and-confer, the parties agreed that there are no remaining disagreements with respect to Defendants' Request Nos. 1, 2, 3, 4, 7, and 8.

### B. Defendants' Request Nos. 21, 22, and 23

During the parties' February 14 meet-and-confer, Defendants accepted Plaintiffs' proposed compromise in the February 6 Letter with respect to Lead Plaintiff's and Named Plaintiff's tax returns. Plaintiffs agreed to produce: (i) redacted tax returns showing Lead Plaintiff's and Named Plaintiff's basis for transactions in Clover Securities; or (ii) Documents sufficient to show Lead Plaintiff's and Named Plaintiff's basis for transactions in Clover Securities.

## III. Custodians

The parties are at an impasse. Defendants will agree to use the following custodians:

- Chamath Palihapitiya
- Vivek Garipalli
- Andrew Toy
- Joseph Wagner
- Hiram Bermudez
- Ethan Lipkind
- Zoe Farrell
- Livia Istrate
- Wendy Richey

In my January 30 Letter, Defendants stated that we would consider using the Confidential Witnesses as custodians once Plaintiffs identify them. (Jan. 30 Ltr. at 19.) As of the date of this letter, Plaintiffs have not identified the Confidential Witnesses.

## IV. Search Terms

Plaintiffs' counterproposal to Defendants' proposed search terms ("Plaintiffs' February 6 Proposal") will pull in irrelevant Documents and Communications, and increase our burden of review. Defendants reject Plaintiffs' suggestion that "w/50" and "w/100" are appropriate proximity searches for a sentence and a paragraph, respectively. The burden associated with reviewing that many Documents vastly outweighs any potential benefit to Plaintiffs and is plainly disproportionate to the needs of this Action, particularly in light of the fact that Plaintiffs only provided us with their proposed search terms with fewer than three months left in fact discovery.

Clover proposes the following revised search terms:

| Request #s | Plaintiffs' February 6 Proposal | Defendants' Counterproposal to Plaintiffs' February 6 Proposal |
|---|---|---|
| 2 | Plaintiffs reject Defendants' proposed search terms. | Plaintiffs offered no proposal. Defendants maintain that this Request is covered by proposed terms for Requests 3, 4, and 5. |
| 3, 4, 5 | (DOJ OR (Department w/2 Justice) OR demand*) AND (investigat* OR inquir* OR "CID" OR subpoena OR regulat! or CMS or ambassador or "gift card" or prepaid or Chamath or Hindenburg)<br><br>Viveca AND Parker<br><br>Eastern w/2 District w/2 Pennsylvania<br><br>("E.D. Pa." OR "EDPA" OR "E.D.Pa.") | (DOJ OR (Department w/2 Justice) ~~OR demand*~~) AND (demand* OR investigat* OR inquir* OR "CID" OR subpoena OR regulat! or CMS or ambassador or "gift card" or prepaid or Chamath ~~or Hindenburg~~)<br><br>Viveca AND Parker<br><br>Eastern w/2 District w/2 Pennsylvania<br><br>("E.D. Pa." OR "EDPA" OR "E.D.Pa.") |
| 13 | Accepted[2] | Accepted |
| 14 | ("Ambassador" w/ 25 (refer*) OR member*)) AND ("doctor" OR "physician" OR reception* OR "staff")<br><br>(gift W/2 card*) AND ((ethan OR Lipkind) AND (physician OR doctor OR (healthcare W/2 practitioner)) OR hcp) AND (FCA OR (false W/2 claims W/2 act) AND ((refer* W/2 patient) OR referral* OR recruit* OR (kick W/2 back) OR AKS)) | Accepted |

---

[2] Same as 14 *infra*, but specifically run on custodians Palihapitiya, Garipalli, Toy, and Wagner.

| Request #s | Plaintiffs' February 6 Proposal | Defendants' Counterproposal to Plaintiffs' February 6 Proposal |
|---|---|---|
| 17, 27, 28 | Plaintiffs cannot agree to limit the search to one day instead of the Relevant Time Period. Plaintiffs request to meet and confer regarding the scope of the documents sought.<br><br>Search terms are accepted.[3] | Defendants stand on their proposal to search February 4, 2021, the relevant date. |
| 19 | ((ethan OR Lipkind) w/50 ((zoe OR farrell OR livia OR istrate))) w/100 (compliance OR complaint OR investigat* OR violat* OR report*)<br><br>((ethan AND Lipkind) w/50 ambassador) AND (reception*)<br><br>(((ethan OR Lipkind) OR (zoe OR farrell OR livia OR istrate)) AND "compliance") w/100 (((gift W/2 card*) OR prepaid) AND ("doctor" OR "physician" OR "hcp" OR reception* OR incentiv* OR motivat* or upcod* OR induc* OR (healthcare W/2 practitioner)))[4]<br><br>((gift W/2 card*) OR prepaid) AND ((ethan OR lipkind) AND (physician OR doctor OR (healthcare W/2 practitioner) OR hcp)) AND ((FCA OR (false W/2 claims W/2 act) OR (refer* W/2 patient) OR referral* OR recruit* OR (kick W/2 back) OR AKS)) | ((ethan OR Lipkind) w/25~~50~~ ((zoe OR farrell OR livia OR istrate))) w/25~~100~~ (compliance OR complaint OR investigat* OR violat* OR report*)<br><br>((ethan AND Lipkind) w/25~~50~~ ambassador) AND (reception*)<br><br>(((ethan OR Lipkind) OR (zoe OR farrell OR livia OR istrate)) AND "compliance") AND~~w/100~~ (((gift W/2 card*) OR prepaid) AND ("doctor" OR "physician" OR "hcp" OR reception* OR incentiv* OR motivat* or upcod* OR induc* OR (healthcare W/2 practitioner)))<br><br>((gift W/2 card*) OR prepaid) AND ((ethan OR lipkind) AND (physician OR doctor OR (healthcare W/2 practitioner) OR hcp)) AND ((FCA OR (false W/2 claims W/2 act) OR (refer* W/2 patient) OR referral* OR recruit* OR (kick W/2 back) OR AKS)) |

---

[3] Agreed search terms are: Hindenburg OR "short report" OR ((Nate OR Nathan) w/2 Anderson)

[4] Plaintiffs' proposed search string was too complicated as proposed and would error out on our system.

| Request #s | Plaintiffs' February 6 Proposal | Defendants' Counterproposal to Plaintiffs' February 6 Proposal |
|---|---|---|
| 20 | (investigat* OR report) w/50 (Ethan OR Lipkind OR compliance OR zoe OR Farrell OR Istrate OR livia OR card* OR prepaid OR gift OR ambassador)<br><br>((gift W/2 card*) OR prepaid) AND ((ethan OR lipkind) AND (physician OR doctor OR (healthcare W/2 practitioner) OR hcp)) AND ((FCA OR (false W/2 claims W/2 act) OR (refer* W/2 patient) OR referral* OR recruit* OR (kick W/2 back) OR AKS)) | (investigat* OR report) w/25~~50~~ (Ethan OR Lipkind OR compliance OR zoe OR Farrell OR Istrate OR livia OR card* OR prepaid OR gift OR ambassador)<br><br>((gift W/2 card*) OR prepaid) AND ((ethan OR lipkind) AND (physician OR doctor OR (healthcare W/2 practitioner) OR hcp)) AND ((FCA OR (false W/2 claims W/2 act) OR (refer* W/2 patient) OR referral* OR recruit* OR (kick W/2 back) OR AKS)) |

The negotiation and agreement of search terms and custodians is an iterative process and Defendants reserve their rights to modify and further limit search terms and custodians as the discovery process moves forward.

\* \* \*

Defendants remain willing to discuss any matters and will wait to hear from Plaintiffs concerning the remaining open issues.

Very truly yours,

*Jed Schwartz*

Jed Schwartz

cc:    Jeremy A. Lieberman, Esq. (by email)
       Paul Kent Bramlett, Esq. (by email)
       Patrick V. Dahlstrom, Esq. (by email)
       Brian Schall, Esq. (by email)
       Rina Restaino, Esq. (by email)
       Corey D. Holzer, Esq. (by email)
       Marshall P. Dees, Esq. (by email)

Brian Calandra, Esq.
February 17, 2023

Scott A. Edelman, Esq. (by email)
Gary A. Crosby II, Esq. (by email)
Britt K. Latham, Esq. (by email)
Joseph B. Crace, Jr. (by email)