# EXHIBIT 8



**Brian Calandra**

February 21, 2023

**VIA EMAIL**

Jed Schwartz, Esq.
Millbank LLP
55 Hudson Yards
New York, NY 10001-2163

> **Re:** ***Bond et al. v. Clover Health Investments Corp. et al.*, 3:21-cv-00096 (M.D. Tenn.)**

Dear Jed:

I write on behalf of Plaintiffs in response to your letter dated February 17, 2023 ("February 17 Letter") regarding the status of discovery in the above-referenced action (the "Action").[1] This letter serves to follow up on the open issues related to discovery in the Action raised in Plaintiffs' letters to Defendants of January 11, 2023 ("January 11 Letter") and February 6, 2023, and Defendants' letters of February 17 and January 30, 2023 ("January 30, Letter").

## Open Issues Concerning Plaintiffs' First Set of Requests for Production of Documents

*Definitions*

1. Business Combination

The February 17 Letter states that "Defendants believe that their proposed definition of 'Business Combination' is consistent with how Plaintiffs use and understand that phrase," *i.e.*, how Plaintiffs' counsel defined that phrase in its email of February 16, 2023 ("February 16 Email"). Plaintiffs take this to mean that the meaning of Defendants' proposed definition of Business Combination and Plaintiffs' definition of Business Combination are substantively identical, or put another way, Defendants have effectively accepted the Definition of "Business Combination" in the February 16 Email. If this understanding is incorrect, and Plaintiffs' definition of Business Combination is broader than Defendants' definition of that term, please clarify.

---

[1] No aspect of this letter serves as Plaintiffs' acceptance of any of Defendants' objections lodged in their discovery responses or correspondence in this Action and does not serve as a waiver of any of Plaintiffs' challenges to said objections. Plaintiffs reserve all rights to revisit all Requests for Production if, after review of any production documents, the production is insufficient. Capitalized terms not defined herein shall have the definitions assigned in the January 11 Letter, February 6 Letter or the Complaint.

2. "You, Your, Yours, and Clover"

The February 17 Letter states that the parties agreed to interpret "You, Your, Yours, and Clover" to include Clover Health Investments, Corp. (formerly known as Social Capital Hedosophia Holdings Corp. III ("SCH")), Asclepius Merger Sub Inc., Legacy Clover and all officers, directors, and Employees thereof." For the avoidance of doubt, Plaintiffs state that Clover Health Investments, Corp. (formerly known as Social Capital Hedosophia Holdings Corp. III ("SCH")) includes *both* SCH prior to the Business Combination and the entity Clover Health Investments, Corp. that survived the Business Combination. If this understanding is incorrect, and Defendants' proposed definition of "You, Your, Yours, and Clover" does *not* include either of these entities, please clarify.

3. Employee

The February 17 Letter states that Defendants will interpret "'Employee' to include 'all direct employees, officers, and board members of (1) Asclepius Merger Sub Inc.; (2) SCH; and (3) Legacy Clover.'" Plaintiffs understood that the parties had agreed to include the Clover Health Investments, Corp. entity that survived the Business Combination as well, and thus that the parties are agreed to interpret "Employee" to include "all direct employees, officers, and board members of (1) Asclepius Merger Sub Inc.; (2) SCH; (3) Legacy Clover; and (4) Clover Health Investments, Corp. (formerly known as Social Capital Hedosophia Holdings Corp. III ("SCH"))."

If this understanding is incorrect, and Defendants' do not agree to this definition of employee, please clarify. For the purposes of clarity. Plaintiffs are comfortable with Defendants' clarification regarding Defendant Palihapitiya.

4. Relevant Time Period

Plaintiffs agree that the parties are at an impasse.

*Individual Requests*

1. Plaintiffs' Request No. 1

Plaintiffs agree that the parties are at an impasse.

2. Plaintiffs' Request No. 2

Plaintiffs agree that the parties are at an impasse.

3. Plaintiffs' Request Nos. 3, 4, 5, 13, 17, 19, 20, 27, and 28

Plaintiffs' response to Defendants' proposal regarding search terms appears below.

4. Plaintiffs' Request Nos. 9, 10, 11, and 12

Plaintiffs agree that the parties are at an impasse.

5.   Plaintiffs' Request No. 18

Plaintiffs agree that the parties are at an impasse.

6.   Plaintiffs' Request Nos. 21, 22, 23, and 31

Plaintiffs agree to Defendants' proposal regarding Request Nos. 21, 22, 23, and 31, provided, however, that, as discussed during the parties' meet and confer of February 14, 2023, Plaintiffs reserve the right to seek documents regarding other complaints should they uncover evidence of other complaints regarding misuse of Clover Assistant during discovery. Please confirm that Defendants are amenable to this.

7.   Plaintiffs' Request Nos. 24, 25, 29, 30, 32, 33-37

The February 17 Letter accurately describes the status of these requests.

**Defendants' First Requests for Production of Documents**

The February 17 Letter accurately describes the status of Defendants' requests 1-4, 7-8, and 21-23.

**Custodians**

Plaintiffs agree that the parties are at an impasse regarding the additional custodians identified in the February 6 Letter, and note that Defendants have not provided any justification for rejecting these custodians after Plaintiffs explained the basis for their inclusion.

Plaintiffs propose that Defendants begin producing documents responsive non-privileged documents using the custodians identified in the February 17 Letter while the parties litigate whether any additional custodians should be added to the custodians whose records are searched.

**Search Terms**

Plaintiffs propose that Defendants' proximity searches be run at within 40 words. If this is insufficient, then the parties are likely at an impasse.

Accordingly, Plaintiffs' understanding of the status of the extant disputes concerning proposed search terms are as follows:

| Req. | Defendants' Counterproposal of February 17 | Plaintiffs' Counterproposal / Status |
|---|---|---|
| 2 | Plaintiffs offered no proposal. Defendants maintain that this Request is covered by proposed terms for Requests 3, 4, and 5. | Communications regarding the DOJ investigation are not the same as documents and communications produced to and with the DOJ. Accordingly, the parties are at an impasse. |

| | | |
|---|---|---|
| 3,4,5 | (DOJ OR (Department w/2 Justice) OR ~~demand\*~~) AND (demand\* or investigat\* OR inquir\*OR "CID" OR subpoena OR regulat! or CMS or ambassador or "gift card" or prepaid or Chamath ~~or Hindenburg~~)<br><br>Viveca AND Parker<br><br>Eastern w/2 District w/2 Pennsylvania<br><br>("E.D. Pa." OR "EDPA" OR "E.D.Pa.") | Accepted |
| 7 | None | The parties are at an impasse |
| 9, 10, 11, 12 | None | The parties are at an impasse |
| 17, 27, 28 | Defendants stand on their proposal to search February 4, 2021, the relevant date. | The parties are at an impasse |
| 19 | ((ethan OR Lipkind) w/25~~50~~ ((zoe OR farrell OR livia OR istrate))) w/~~100~~25 (compliance OR complaint OR investigat\* OR violat\* OR report\*)<br><br>((ethan AND Lipkind) w/~~50~~25 ambassador)<br><br>(((ethan OR Lipkind) OR (zoe OR farrell OR livia OR istrate)) AND "compliance") ~~w/100~~AND (((gift W/2 card\*) OR prepaid) AND ("doctor" OR "physician" OR "hcp" OR reception\* OR incentiv\* OR motivat\* or upcod\* OR induc\* OR (healthcare W/2 practitioner)))<br><br>((gift W/2 card\*) OR prepaid) AND ((ethan OR lipkind) AND (physician OR doctor OR (healthcare W/2 practitioner) OR hcp)) AND ((FCA OR (false W/2 claims W/2 act) OR (refer\* W/2 patient) OR referral\* OR recruit\* OR (kick W/2 back) OR AKS)) | ((ethan OR Lipkind) w/~~40~~25 ((zoe OR farrell OR livia OR istrate))) w/~~40~~25 (compliance OR complaint OR investigat\* OR violat\* OR report\*)<br><br>((ethan AND Lipkind) w/~~40~~25 ambassador)<br><br>(((ethan OR Lipkind) OR (zoe OR farrell OR livia OR istrate)) AND "compliance") AND (((gift W/2 card\*) OR prepaid) AND ("doctor" OR "physician" OR "hcp" OR reception\* OR incentiv\* OR motivat\* or upcod\* OR induc\* OR (healthcare W/2 practitioner)))<br><br>((gift W/2 card\*) OR prepaid) AND ((ethan OR lipkind) AND (physician OR doctor OR (healthcare W/2 practitioner) OR hcp)) AND ((FCA OR (false W/2 claims W/2 act) OR (refer\* W/2 patient) OR referral\* OR recruit\* OR (kick W/2 back) OR AKS)) |

| 20 | (investigat* OR report) w/25 (Ethan OR Lipkind OR compliance OR zoe OR Farrell OR Istrate OR livia OR card* OR prepaid OR gift OR ambassador)<br><br>((gift W/2 card*) OR prepaid) AND ((ethan OR lipkind) AND (physician OR doctor OR (healthcare W/2 practitioner) OR hcp)) AND ((FCA OR (false W/2 claims W/2 act) OR (refer* W/2 patient) OR referral* OR recruit* OR (kick W/2 back) OR AKS)) | (investigat* OR report) w/~~25~~ 40 (Ethan OR Lipkind OR compliance OR zoe OR Farrell OR Istrate OR livia OR card* OR prepaid OR gift OR ambassador)<br><br>((gift W/2 card*) OR prepaid) AND ((ethan OR lipkind) AND (physician OR doctor OR (healthcare W/2 practitioner) OR hcp)) AND ((FCA OR (false W/2 claims W/2 act) OR (refer* W/2 patient) OR referral* OR recruit* OR (kick W/2 back) OR AKS)) |

Regards,

*/s/ Brian Calandra*
Brian Calandra

POMERANTZ LLP

CC:
**BASS, BERRY & SIMS PLC**
Britt K. Latham (BPR #23149)
Joseph B. Crace, Jr. (BPR # 27753)
150 Third Ave., South, Suite 2800
Nashville, TN 37201
Tel. (615) 742-7762
Facsimile: (615) 742-2847
blatham@bassberry.com
jcrace@bassberry.com

Enc.