# EXHIBIT 11

Case 3:21-cv-00096   Document 115-11   Filed 03/07/23   Page 1 of 9 PageID #: 2934

| | |
|---|---|
| TIMOTHY BOND,<br><br>          Lead Plaintiff<br><br>and<br><br>JEAN-NICOLAS TREMBLAY,<br><br>          Named Plaintiff,<br><br>Individually and on Behalf of All Others Similarly Situated,<br><br>     v.<br><br>CLOVER HEALTH INVESTMENTS, CORP. f/k/a SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. III, VIVEK GARIPALLI, ANDREW TOY, JOE WAGNER, and CHAMATH PALIHAPITIYA,<br><br>          Defendants. | Case No. 3:21-cv-00096<br><br>Judge Aleta A. Trauger |

## DEFENDANTS' INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendants Clover Health Investments, Corp. ("Clover" or the "Company"), Vivek Garipalli, Andrew Toy, Joe Wagner, and Chamath Palihapitiya (the "Individual Defendants" and with Clover, collectively, the "Defendants"), by and through their attorneys, make the following Initial Disclosures.

## GENERAL LIMITATIONS AND EXCEPTIONS

These Initial Disclosures are made subject to the following limitations and qualifications:

1. These Initial Disclosures are based upon a reasonable construction of the allegations in the First Amended Complaint for Violations of the Federal Securities Laws filed in this action on June 28, 2021 [ECF No. 70] (the "Complaint").

2. These Initial Disclosures are made upon a good faith review of information reasonably available to Defendants and are based solely upon the information that has been discovered by Defendants as of this time. Defendants have exercised reasonable diligence in making these Initial Disclosures, but Defendants cannot and do not represent that they have identified every witness, document, or tangible thing within the scope of Rule 26(a)(1) or otherwise relevant to this action.

3. Defendants reserve the right to amend, clarify, correct, or supplement these Initial Disclosures if additional or other information becomes available, but do not assume any obligation to do so beyond that imposed by the Federal Rules of Civil Procedure.

4. Defendants will withhold documents and information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity from disclosure.

5. In making these Initial Disclosures, Defendants do not in any way waive, and expressly reserve, the right to object to any disclosure on the grounds of relevance, burden, privilege, immunity from disclosure, or other proper grounds.

6. Defendants reserve the right to object to any subsequent discovery request by Plaintiffs, even if directed to subject matters described herein.

7. Defendants do not waive their right to retain consultants and to designate testifying experts who may rely upon documents or information not identified below.

## I. INDIVIDUALS WITH DISCOVERABLE INFORMATION – Rule 26(a)(1)(A)(i)

At this time, Defendants believe that the following individuals are likely to have discoverable information that Defendants may use to support their defenses in this action.[1] Defendants reserve the right to identify other such witnesses in the course of the litigation and to

---

[1] Defendants are not naming Clover's counsel, SCH's counsel, and independently retained outside counsel of third parties, including IPO underwriters' counsel.

call at trial additional witnesses, including whomever Plaintiffs may designate as witnesses, representative witnesses appearing pursuant to Federal Rule of Civil Procedure 30(b)(6), rebuttal and impeachment witnesses, expert witnesses, and any additional witnesses that may become known as additional facts and issues are identified during the course of Defendants' ongoing factual investigation and discovery. Further, by indicating the general subject matter of information that the identified individuals may possess, Defendants are in no way limiting the right to call any individual listed to testify concerning other subjects.

| INDIVIDUALS & ADDRESSES | SUBJECT MATTER OF DISCOVERABLE INFORMATION |
|---|---|
| **Vivek Garipalli**<br><br>Chief Executive Officer, Clover<br>c/o Milbank LLP<br>55 Hudson Yards<br>New York, NY 10001 | Information relating to:<br><br>• the series of transactions through which the private company, Clover Health Investments, Corp. merged with and into SCH to become the current public company Clover, including the related diligence process (the "Merger");<br>• Clover's response to the Hindenburg Report (the "Hindenburg Response");<br>• an inquiry from the United States Department of Justice (the "DOJ Inquiry");<br>• Clover's growth;<br>• the Direct Contracting program;<br>• the Clover Assistant;<br>• Clover's filings with the United States Securities and Exchange Commission during the Class Period ("Clover's SEC Filings"). |
| **Andrew Toy**<br><br>President, Clover<br>c/o Milbank LLP<br>55 Hudson Yards<br>New York, NY 10001 | Information relating to:<br><br>• the Merger;<br>• the Hindenburg Response;<br>• the DOJ Inquiry;<br>• Clover's growth;<br>• the Clover Assistant;<br>• the Direct Contracting program;<br>• Clover's SEC Filings. |

| INDIVIDUALS & ADDRESSES | SUBJECT MATTER OF DISCOVERABLE INFORMATION |
|---|---|
| **Chamath Palihapitiya**<br><br>Founder and Chief Executive Officer, The Social + Capital Partnership, L.L.C.<br><br>Chief Executive Officer and Chairman of the Board of Directors, Social Capital Hedosophia Holdings Corp. III ("SCH")<br>c/o Milbank LLP<br>55 Hudson Yards<br>New York, NY 10001 | Information relating to:<br><br>• the Merger;<br>• the DOJ Inquiry;<br>• Clover's SEC Filings;<br>• Clover's growth. |
| **Joseph Wagner**<br><br>c/o Milbank LLP<br>55 Hudson Yards<br>New York, NY 10001 | Information relating to:<br><br>• the Hindenburg Response;<br>• the role of B&H Assurance and Hiram Bermudez in Clover's member acquisition ("B&H");<br>• Clover's financial reporting;<br>• the Clover Assistant;<br>• Clover's growth. |
| **Jamie Reynoso**<br><br>Chief Operating Officer, Clover<br>c/o Milbank LLP<br>55 Hudson Yards<br>New York, NY 10001 | Information relating to:<br><br>• Clover's growth. |
| **Ethan Lipkind**<br><br>Senior Advisor to CEO and President, Clover<br>c/o Milbank LLP<br>55 Hudson Yards<br>New York, NY 10001 | Information relating to:<br><br>• the allegations in the Complaint related to Mr. Lipkind. |

4

| INDIVIDUALS & ADDRESSES | SUBJECT MATTER OF DISCOVERABLE INFORMATION |
|---|---|
| **Hiram Bermudez**<br><br>Vice President of Sales, Clover<br>c/o Petrillo Klein & Boxer LLP<br>655 Third Ave., 22nd Floor<br>New York, NY 10017 | Information relating to:<br><br>• the allegations in the Complaint related to Mr. Bermudez. |
| **Andrew "Andy" Robinson**<br><br>Vice President, Communications, Clover<br>c/o Milbank LLP<br>55 Hudson Yards<br>New York, NY 10001 | Information relating to:<br><br>• the Hindenburg Response. |
| **The Confidential Witnesses Referenced in the Complaint**<br><br>[Addresses Unknown] | Information relating to various allegations. |
| **Hindenburg Research LLC** | Information relating to:<br><br>• The Hindenburg Report and the allegations therein. |
| **Nathan "Nate" Z. Anderson** | Information relating to:<br><br>• The Hindenburg Report and the allegations therein. |

## II.  DESCRIPTION OF DISCOVERABLE DOCUMENTS – Rule 26(a)(1)(A)(ii)

Defendants identify the following categories of non-privileged documents and things in their possession, custody, or control that Defendants may use to support their defenses in this action:

1. Documents concerning Defendants' SEC filings during the Class Period;

2. Documents concerning press releases, earnings calls, and investor presentations during the Class Period;

5

3. Documents concerning Clover's Medicare Advantage insurance plans and Direct Contracting program;

4. Documents concerning the Clover Assistant;

5. Documents concerning alleged related-party transactions; and

6. Documents concerning Clover's business, prospects, and growth.

The foregoing documents are primarily located at, or in the case of electronic documents are accessible from, Defendants' offices or electronic servers.

## III. DAMAGES COMPUTATION – Rule 26(a)(1)(A)(iii)

At this time, Defendants are not asserting any claim for damages against Plaintiffs but reserve the right to seek fees and costs. Defendants also reserve the right to assert cross-claims and/or seek damages from non-parties as the facts develop and the case proceeds.

## IV. INSURANCE AGREEMENTS – Rule 26(a)(1)(A)(iv)

Defendants will produce copies of applicable insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment. Defendants will produce copies of said agreements in advance of the entry of the confidentiality stipulation and protective order, provided that Plaintiffs agree to treat said agreements as strictly confidential in the interim.

## V. AMENDMENT AND SUPPLEMENTATION

Defendants reserve the right to amend, correct, or supplement these initial disclosures pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. The above disclosures are without prejudice to Defendants' right to identify additional witnesses or to produce evidence at trial regarding any subsequently discovered documents or evidence.

6

Dated: April 25, 2022　　　　　　　　　Respectfully submitted,

**MILBANK LLP**

/s/ *Jed M. Schwartz*

Scott A. Edelman (admitted *pro hac vice*)
Jed M. Schwartz (admitted *pro hac vice*)
Gary A. Crosby II (admitted *pro hac vice*)
55 Hudson Yards
New York, New York 10001
Tel. (212) 530-5000
sedelman@milbank.com
jschwartz@milbank.com
gcrosby@milbank.com

**BASS, BERRY & SIMS PLC**

Britt K. Latham (BPR #23149)
Joseph B. Crace, Jr. (BPR # 27753)
150 Third Ave., South, Suite 2800
Nashville, TN 37201
Tel. (615) 742-7762
Facsimile: (615) 742-2847
blatham@bassberry.com
jcrace@bassberry.com

*Counsel for Defendants Clover Health
Investments, Corp., Vivek Garipalli, Andrew
Toy, Joseph Wagner, and Chamath
Palihapitiya*

7

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2022, this notice was served by email on the following

counsel for Plaintiffs:

**POMERANTZ LLP**

Jeremy A. Lieberman
Brian Calandra
600 Third Avenue, 20th Floor
New York, New York 10016
Tel. (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
bcalandra@pomlaw.com

Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Tel. (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Lead Counsel and Attorneys for Plaintiffs*

**BRAMLETT LAW OFFICES**

Paul Ken Bramlett TN #7387/MS #4291
Robert Preston Bramlett TN #25895
40 Burton Hills Blvd., Suite 200
P. O. Box 150734
Nashville, TN 37215
Tel. 615.248.2828
Facsimile: 866.816.4116
PKNASHLAW@aol.com
Robert@BramlettLawOffices.com

*Liaison Counsel*

**THE SCHALL LAW FIRM**
Brian Schall
Rina Restaino
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Tel. (424) 303-1964
Facsimile: (877) 590-0482
brian@schallfirm.com
rina@schallfirm.com

*Additional Counsel for Plaintiffs*

**HOLZER & HOLZER, LLC**
Corey D. Holzer
Marshall P. Dees
1200 Ashwood Parkway
Suite 410
Atlanta, Georgia 30338
Tel. (770) 392-0090
Facsimile: (770) 392-0029
cholzer@holzerlaw.com
mdees@holzerlaw.com

*Additional Counsel for Named Plaintiff Jean-Nicolas Tremblay*

/s/ *Jed M. Schwartz*

8