# EXHIBIT 13



**JED SCHWARTZ**
*Partner*
55 Hudson Yards | New York, NY 10001-2163
T: +1 (212) 530-5283
jschwartz@milbank.com | milbank.com

August 1, 2022

<u>**VIA EMAIL**</u>

Brian Calandra, Esq.
Pomerantz LLP
600 Third Avenue, 20th Floor
New York, New York 10016
(212) 661-1100

Re: *Bond et al. v. Clover Health Investments Corp. et al.*, 3:21-cv-00096 (M.D. Tenn.)

Dear Brian:

I write regarding Plaintiffs' Responses and Objections (the "<u>Responses and Objections</u>") to Defendants' First Requests for Production to Plaintiffs (the "<u>Requests</u>" and each a "<u>Request</u>").[1] As discussed below, Plaintiffs' response to many of Defendants' Requests are deficient. We ask that Plaintiffs promptly confirm that they will supplement the Responses and Objections to address the issues below. We are also available for a telephonic meet-and-confer.

As you are aware, Defendants' response to Plaintiffs' motion for class certification is due on September 9, 2022. Many of the Documents requested in the Requests are directly relevant to the issues in the class certification motion. And Defendants must have these Documents before Plaintiffs can be deposed. As of the writing of this letter, Plaintiffs have not produced a single document.

**Privilege Log**

In response to various of Defendants' Requests, Plaintiffs state that they will withhold production of responsive Documents due to attorney-client privilege and/or attorney work-product privilege. Please confirm that Plaintiffs will provide Defendants with a log identifying any responsive Document that Plaintiffs are withholding on the basis of this or any other privilege.

---

[1] All capitalized terms not defined herein shall have the meanings given to them in the Requests, dated May 2, 2022.

Case 3:21-cv-00096 Document 115-13 Filed 03/07/23 Page 2 of 8 PageID #: 2959

Defendants are willing to discuss with Plaintiffs ways to minimize the burden and associated cost of producing an itemized privilege log.

### Possession, Custody, or Control

Plaintiffs object to numerous Requests on the ground that such Request would require them to produce Documents that are not in Plaintiffs' possession, custody, or control. *See, e.g.*, Request Nos. 1, 3, 4, 5, 7, 10, 16, 18, 24, 26, 27, 30, 31, 32. We do not believe that these Requests ask Plaintiffs to produce any Document that is outside of their possession, custody, or control. But to the extent that Plaintiffs construe them as doing so, we agree that all of the Requests are limited to Documents and Communications that are within Plaintiffs' possession, custody, or control.

### Request No. 1

Request No. 1 seeks "[c]omplete copies, including exhibits and attachments, of all Documents attached to the Complaint, or quoted, cited, referenced in, or relied upon in the Complaint." Plaintiffs object to this Request, in part, on grounds that it is not relevant. The Request, however, is plainly relevant as the Documents requested are, by definition either "quoted, cited, referenced in, or relied upon in the Complaint" and, as such, are essential to Defendants' ability to defend themselves against the allegations contained in the Complaint.

Plaintiffs further object to this Request on the grounds that it seeks "documents that are already in Defendants' possession, publicly available, or are available to Defendants from another source that is more convenient, less burdensome, or less expensive." Defendants agree that Plaintiffs need not produce Clover or Social Capital Hedosophia Holdings Corp. III's ("SCH") filings with the SEC, or Documents specifically identified in the Complaint as coming from Clover's websites. But your refusal to produce Documents because they are publicly available or available from another source is without merit. We are entitled to understand what Plaintiffs based their allegations on, and that includes the Documents responsive to this Request.

Please confirm that Plaintiffs will immediately produce all non-privileged Documents responsive to this Request, as limited herein.

### Request No. 2

Request No. 2 seeks "Documents sufficient to identify each of the Confidential Witnesses." Plaintiffs object to this Request as being "premature in that it seeks confidential information before the parties have entered into a protective order." Defendants agree to treat these Documents as confidential while the parties negotiate a protective order.

Please confirm that, based on such agreement, Plaintiffs will immediately produce all non-privileged Documents responsive to this Request.

**Request No. 3**

Request No. 3 seeks "[a]ll Communications with any of the Confidential Witnesses, including, but not limited to, any Statements made or given by any Confidential Witness, and all Documents Regarding such Communications." Plaintiffs refuse to produce Documents responsive to this Request and object, in part, on grounds that that the Request is "overly broad, unduly burdensome, vague and ambiguous, and seeks documents and/or information that are neither relevant nor proportional to the needs of the case" given it "seeks communications between any individual and any Confidential Witness." As we understand this objection, Plaintiffs' concern is that the Communications and Documents sought are not limited to the subject matter of this litigation. Plaintiffs clarify that this Request only seeks Communications with any of the Confidential Witnesses, including, but not limited to, any Statements made or given by any Confidential Witness, and all Documents Regarding such Communications, in each case, to the extent that they concern the subject matter of this litigation, including the allegations in the Complaint.

Please confirm that Plaintiffs will immediately produce all non-privileged Documents responsive to this Request, as limited herein.

**Request No. 4**

Request No. 4 seeks "[a]ll Documents and Communications Regarding Hindenburg Research, the Hindenburg Report, or the Hindenburg Response." Plaintiffs refuse to produce Documents responsive to this Request and object, in part, on the grounds that the Request is "overly broad, unduly burdensome, vague and ambiguous, and seeks documents and/or information that are neither relevant nor proportional to the needs of the case" given that the Request "is not limited to documents 'relied upon' by Plaintiffs or Lead Counsel in the Complaint." Defendants are not limited to ascertaining just the facts that Plaintiffs "relied upon" in framing their allegations. Defendants are entitled to discover Documents and facts that would undermine Plaintiffs' claims. As such, Request No. 4 plainly seeks relevant information. Indeed, Plaintiffs cite to Hindenburg Research and its report 108 times throughout their Complaint. The Documents sought in this Request are essential for Defendants to defend themselves against the allegations contained in the Complaint.

Plaintiffs further object to this Request on the grounds that it seeks "documents that are already in Defendants' possession, publicly available, or are available to Defendants from another source that is more convenient, less burdensome, or less expensive." Defendants agree that Plaintiffs need not produce Clover's or SCH's filings with the SEC, or Documents specifically identified in the Complaint as coming from Clover's websites.

Please confirm that Plaintiffs will immediately produce all non-privileged Documents responsive to this Request, as limited herein.

**Request No. 5**

Request No. 5 seeks "[a]ll Communications with Hindenburg Research or anyone purporting to act on behalf of Hindenburg Research." Plaintiffs object to this Request on the grounds that it seeks "documents that are already in Defendants' possession, publicly available, or are available to Defendants from another source that is more convenient, less burdensome, or less expensive." Defendants agree that Plaintiffs need not produce Clover's or SCH's filings with the SEC, or Documents specifically identified in the Complaint as coming from Clover's websites.

Plaintiffs further object that this request is duplicative of Request No. 8. But that is not a basis for refusing to produce Documents or Communications in response to this Request, particularly when Plaintiffs have refused to produce *any* Documents in response to Request No. 8.

Please confirm that Plaintiffs will immediately produce all non-privileged Documents responsive to this Request, as limited herein.

**Request No. 7**

Request No. 7 seeks "[a]ll Documents concerning any Statements made or given by any Person Regarding the subject matter of the Class Action." Plaintiffs object, in part, on the ground that this is duplicative of other Requests. But that is not a basis for withholding responsive Documents. Plaintiffs further respond that "the requested documents are either already in defendants' possession or are publicly available," which is hard to believe given the nature of the Documents requested.

Please confirm that Plaintiffs will immediately produce all non-privileged Documents responsive to this Request.

**Request No. 8**

Request No. 8 seeks "[a]ll Documents that constitute, concern, refer, or relate to any Communications, interviews, or meetings between You and any other Person relating to the Class Action or any of the matters alleged in the Complaint." Plaintiffs object on the grounds that the responsive Documents are protected by attorney-client and/or attorney work-product privilege and that this Request is duplicative of others. Plaintiffs refuse to produce Documents responsive to this Request.

As stated above, the fact that a Request might be duplicative of another Request—which we do not concede—is not a basis for refusing to produce responsive Documents. Please confirm that the sole basis on which Plaintiffs are refusing to produce responsive Documents is based on privilege, and that all Documents responsive to this Request are being withheld on privilege grounds. If you are withholding Documents responsive to this Request on other grounds, please produce them immediately. For any Documents "between You and any current or former

employee of Clover" for which you claim a privilege, please identify those on a privilege log as soon as possible so we can understand the nature of any such claim of protection.

### Request No. 12

Request No. 12 seeks "[a]ll Documents and Communications concerning any payment or other compensation that You have received or expect to receive in connection with this Class Action." Subject to their objections, Plaintiffs agree to produce "their respective retainer agreements with counsel." Please confirm that these retainer agreements are the only non-privileged Documents or Communications concerning payment or other compensation that Firas Jabri, Jean-Nicolas Tremblay, or any person acting on their behalf, collectively or individually, has received or expect to receive in connection with this Class Action.

### Request No. 14

Request No. 14 seeks "[a]ll Documents and Communications regarding Your decision to sue any Defendant." Subject to their objections, Plaintiffs agree to produce "their respective retainer agreements with counsel." Please confirm that these retainer agreements are the only non-privileged Documents or Communications concerning the decision of Firas Jabri, Jean-Nicolas Tremblay, and any person acting on their behalf, to, collectively or individually, sue any Defendant.

### Request No. 19

Request No. 19 seeks "Documents sufficient to identify: (i) the names of the accounts for whose benefit any Clover Security was purchased; (ii) the terms under which those accounts are or were maintained or those assets managed; (iii) the source of any funds used to purchase any Clover Security; and (iv) whether those accounts have authorized the maintenance of the Class Action." Subject to and without waiving their objections, Plaintiffs agree to produce "responsive, non-privileged documents in their possession, custody, or control" subject to a "reasonable search."

Please confirm that this production will include Documents Defendants have requested in categories (i) through (iv) of this Request.

### Request Nos. 21, 22, and 23

Request No. 21 seeks "Documents and Communications concerning or analyzing the performance of, or realized or unrealized gains or losses on, Your investment in any Clover Securities." Request No. 22 seeks "[a]ll tax returns filed by You or on Your behalf reflecting income gains for losses from transactions in Clover Securities." Request No. 23 seeks "[a]ll financial statements or profit and loss statements reflecting gains or losses from transactions in

Clover Securities." In response to all three Requests, Plaintiffs agree to produce nothing more than "an expert report delineating damages." These responses are insufficient.

Although each of these Requests does relate to the damages that each Plaintiff can claim, each of these Requests also seeks information regarding Plaintiffs' gains or losses with respect to Clover Securities. As such, they seek information directly relevant to Plaintiffs' adequacy as class representatives. *See, e.g.*, *In re Grupo Televisa Sec. Litig.*, 2021 WL 2000005, at *3 (S.D.N.Y. May 19, 2021) ("An applicant's collateral investments in the same issuer which produce results equaling or exceeding his losses are relevant and material to whether he is a typical class member.").

Please confirm that in addition to the expert report on damages, Plaintiffs will immediately produce non-privileged Documents and Communications responsive to these Requests.

### Request No. 25

Request No. 25 seeks "Documents sufficient to show Your ownership and the chain of title of Clover Securities issued in connection with the Business Combination." Subject to and without waiving their objections, Plaintiffs agree to produce "responsive, non-privileged documents in their possession, custody, or control" subject to a "reasonable search."

Please confirm that this production will include all transaction Documents related to the Business Combination.

### Request No. 30

Request No. 30 seeks "[a]ll analyst reports, SEC filings, and annual and quarterly reports concerning Clover or any Clover Securities." Plaintiffs refuse to produce Documents responsive to this Request and object, in part, on the grounds that the responsive Documents are protected by attorney-client and/or attorney work-product privilege.

That cannot be correct. None of the requested materials are privileged.

Please confirm that Plaintiffs will produce all non-privileged Documents responsive to this Request.

### Request No. 31

Request No. 31 seeks "[a]ll recordings or transcripts of conference calls held by Clover during the Period and any related analysis." Plaintiffs object to this Request and refuse to produce responsive Documents on the basis, among other things, that "the requested documents are either already in defendants' possession or are publicly available."

Brian Calandra, Esq.
August 1, 2022
Page 7

Please confirm that Plaintiffs have no recordings or transcripts of such conference calls other than official recordings or official transcripts of conference calls publicly released by Clover. If Plaintiff do possess recordings or transcripts of such conference calls other than official recordings or official transcripts publicly released by Clover, please produce them immediately.

**Request No. 32**

Request No. 32 seeks "[a]ll Communications related to analyst coverage of Clover or any Clover Securities." Plaintiffs object to this Request on the grounds that it seeks "documents that are already in Defendants' possession, publicly available, or are available to Defendants from another source that is more convenient, less burdensome, or less expensive." Defendants agree that Plaintiffs need not produce Clover's or SCH's filings with the SEC, or Documents specifically identified in the Complaint as coming from Clover's websites.

Please confirm that Plaintiffs will immediately produce all non-privileged Documents responsive to this Request, as limited herein.

*         *         *

Defendants have undertaken a good faith effort to respond to Plaintiffs' Responses and Objections and are available to meet and confer with respect to the issues in this letter. Defendants reserve all rights, including their rights to correct or amend the responses in this letter in the future and to petition the Court for an extension to Defendants' current September 9, 2022, deadline to file their opposition to class certification if Plaintiffs do not produce Documents responsive to Defendants Requests or do not address the issues raised in this letter.

Very truly yours,

*/s/ Jed M. Schwartz*

Jed M. Schwartz

cc:    Jeremy A. Lieberman, Esq. (*via email* at jalieberman@pomlaw.com)
       Paul Kent Bramlett, Esq. (*via email* at PKNASHLAW@aol.com)
       Scott A. Edelman, Esq. (*via email* at sedelman@milbank.com)
       Gary A. Crosby II, Esq. (*via email* at gcrosby@milbank.com)
       Britt K. Latham, Esq. (*via email* at blatham@bassberry.com)