TIMOTHY BOND,

              Lead Plaintiff

and

JEAN-NICOLAS TREMBLAY

              Named Plaintiff,

individually and on behalf of all others similarly situated,

              v.

CLOVER HEALTH INVESTMENTS, CORP. f/k/a SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. III, VIVEK GARIPALLI, ANDREW TOY, JOE WAGNER and CHAMATH PALIHAPITIYA,

              Defendants.

Case No. 3:21-cv-00096

Judge Aleta A. Trauger

## STIPULATED PROTECTIVE ORDER

1.      Pursuant to Federal Rule of Civil Procedure 26(c), Lead Plaintiff Firas Jabri and Named Plaintiff Jean-Nicolas Tremblay (collectively "Plaintiffs") and Defendants Clover Health Investments, Corp. ("Clover"), Vivek Garipalli, Andrew Toy, Joe Wagner, and Chamath Palihapitiya (collectively, "Defendants") (each individually a "Party," and collectively the "Parties") by and through their respective attorneys, hereby stipulate and agree to the entry of this Stipulated Protective Order (hereinafter the "Protective Order") in the above-captioned action (this "Proceeding").

2.      Discovery in this Proceeding will involve the disclosure of certain trade secrets or other confidential research, development, or commercial information, including, but not limited to, financial, pricing, marketing and/or other sensitive business or personal information in the possession of Plaintiff, Defendants, and/or persons or entities that are not parties to the Proceeding ("Non-Parties" and each a "Non-Party").  Unrestricted disclosure of such information to a Party, competitors, and/or other Non-Parties may be damaging and prejudicial to the business interests of the Producing Party.  Accordingly, for at least these reasons, good cause exists for the entry of a Protective Order in this Proceeding.

3.      This Protective Order shall govern all information disclosed during discovery in this Proceeding, including, but not limited to, documents, things, discovery requests, responses to discovery requests, Court-ordered disclosures, deposition testimony, deposition transcripts, deposition video, hearing transcripts, expert reports, pleadings, dispositive motions, non-dispositive motions, and all other discovery taken, and filings made, pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court.

4.      Each Party and any Non-Party (each a "Producing Party") that produces to any other Party (each a "Receiving Party") any document, thing, material, or information pursuant to a discovery request (including subpoenas) propounded in this Proceeding (collectively, "Discovery Material") shall have the right to designate in good faith under this Protective Order that the Discovery Material contains Confidential Information (defined herein) or Attorneys' Eyes' Only Information (defined herein).

5.      "Confidential Information" means non-public, sensitive, and confidential financial, proprietary, patent, trademark, copyright, trade secret, marketing, customer or client, research, manufacture, regulatory, commercial, business, strategic, or product development

information, or any other confidential technical or non-technical information or know-how of such a nature as to be protectable under Federal Rules of Civil Procedure. No production or disclosure of Confidential Information under this Protective Order shall constitute a waiver or otherwise prejudice the right of the Producing Party to maintain the trade secret or proprietary status of any Confidential Information.

6. Any Producing Party may designate Discovery Material it produces as "Attorneys' Eyes Only" if that party believes in good faith that such Discovery Material constitutes, contains, embodies or reflects sensitive trade secrets or intellectual property, or personal information, such as names, addresses, social security numbers, or Protected Health Information pertaining to Clover's members ("Attorneys' Eyes Only Information"). Protected Health Information consists of "individually identifiable health information" as defined in 45 C.F.R. § 160.103, which includes but is not limited to health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to any individual, which identifies the individual or which reasonably could be expected to identify the individual. Unless otherwise stated, all references to "Confidential Information" in this Protective Order also should be understood to include Attorneys' Eyes Only Information.

7. Confidential Information does **not** include any information that

a. comes within the public domain through no fault of, or action by, the Receiving Party or the persons permitted access to that information under this Protective Order;

b.      is in the Receiving Party's possession and was not acquired or obtained through discovery in this Proceeding;

c.      is disclosed to the Receiving Party by a Non-Party that was not then under an obligation to Producing Party to keep that information confidential; or

d.      is independently developed, without relying on any Confidential Information, by Receiving Party.

8.      Confidential Information, including all information derived therefrom, and all copies, summaries, abstracts, excerpts, indices, and descriptions of such material, shall be held in confidence by the Receiving Party, shall be used only by persons permitted access to it under this Protective Order, and shall not be used for any purpose other than in connection with this Proceeding, any appeal therefrom, and remands thereto.  Notwithstanding the foregoing, Confidential Information may be disclosed by a Receiving Party if required by law, court order, or regulatory process; provided, however, that promptly after receiving any request for disclosure of Confidential Information and prior to any disclosure of Confidential Information, the Receiving Party shall, if legally permitted, provide the Producing Party with written notice so that it may seek a protective order or other appropriate remedy, at the Producing Party's own (sole) expense.  A Receiving Party shall not, however, produce information under this paragraph that constitutes Protected Health Information, unless such production is consistent with the Health Insurance Portability and Accountability Act's Privacy Rule, as codified at 45 C.F.R. Parts 160 and 164 and would be consistent with the same if the Receiving Party were a business associated or covered entity as defined in 45 C.F.R. § 160.103.

9.      Any Party or Non-Party may designate as "Confidential Information" all or any part of any Discovery Material produced and/or served by a Party or Non-Party, or filed

with the Court, including without limitation, documents and things, pleadings, motions, interrogatory answers, testimony adduced at depositions, and responses to requests for admission.

**I.      <u>Designation Procedure for Confidential Information</u>**

10.     In the case of physical or electronic documents or data (apart from depositions or other pretrial testimony, but including discovery responses such as interrogatories, compulsory disclosures and other written information), designation of a document or thing as Confidential Information or Attorneys' Eyes Only Information by the Party or Non-Party producing it shall be made by stamping it with the legend "CONFIDENTIAL" or "ATTORNEYS" EYES ONLY" on each page of the relevant materials at the time of their production.

11.     Anything that cannot be so marked on its face shall be marked by placing the appropriate legend on a container or package in which the thing is produced or on a tag attached thereto, or in the filename thereof.

12.     The designation of material as "CONFIDENTIAL" by the Producing Party constitutes the representation of the Producing Party that it reasonably and in good faith believes that the designated material constitutes or discloses sensitive confidential financial, patent, trademark, copyright, trade secret, marketing, customer, research, manufacture, regulatory, commercial, business, product development information, or any other confidential technical or non-technical information or know-how within the meaning of Federal Rule of Civil Procedure 26(c).  The designation of material as "ATTORNEYS' EYES ONLY" by the Producing Party constitutes the representation of the Producing Party that it reasonably and in good faith believes that the designated material constitutes or discloses sensitive trade secrets or

intellectual property, or personal information, such as names, addresses, social security numbers, or Protected Health Information pertaining to Clover's members.

13.     In such cases where the marking of each piece of Discovery Material as Confidential or Attorneys' Eyes Only is impractical or impossible, the Producing Party shall designate in writing the Discovery Material that it regards as Confidential or Attorneys' Eyes Only at the time of its production.

14.     Any material provided for inspection in this Proceeding is to be treated by the Receiving Party as Confidential Information pending the copying and delivery of any copies of the same by the Producing Party to the Receiving Party.  After copies are delivered to the Receiving Party, the information in such documents or things will be treated consistent with any legend produced on each document or thing.  Inspection of documents or things by any Party or Non-Party shall be conducted by outside counsel who are eligible under the terms of this Order.

15.     Deposition testimony taken in connection with this Proceeding will temporarily be designated as Confidential for up to thirty (30) calendar days from all Parties' receipt of the final transcript of the deposition.  Within thirty (30) calendar days of such receipt, each Party (or, if relevant, Non-Party) must confirm any or all portions of the transcript as Confidential or Attorneys' Eyes Only, designating any such portions by page and line number. After thirty (30) calendar days have elapsed, any portions of the transcript that have not been affirmatively designated as Attorneys' Eyes Only or Confidential will cease to be treated as Attorneys' Eyes Only or Confidential under this Protective Order.  In any event, a deponent may review the full transcript of his or her deposition at any time.

16.     The Parties agree to mark the first page of all copies of deposition transcripts containing Confidential Information or Attorneys' Eyes Only Information with the

appropriate legend indicating that the transcripts contain such Confidential or Attorneys Eyes' Only information.

17.     Extracts, summaries, compilations and descriptions of Confidential Information and notes, electronic images or databases containing Confidential Information ("Derivative Information") shall be treated as Confidential or Attorneys' Eyes Only in accordance with the provisions of this Order to the same extent as the Discovery Material or information from which such Derivative Information is made or derived.

18.     If a Producing Party produces Discovery Material that it considers to be Confidential or Attorneys' Eyes Only without affixing the appropriate legend(s) to such Discovery Material, the Producing Party may subsequently designate such Discovery Material as Confidential or Attorneys' Eyes Only by promptly notifying the Receiving Party.    Such inadvertent disclosure shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality.

## II.     Access to Confidential Information

19.     Any Discovery Material designated as Confidential Information may be disclosed only to the following persons, and only insofar as such disclosure, summary, description, characterization or communication is reasonably necessary for the prosecution or defense of this Proceeding:

a.     The Parties to the Proceeding;

b.     Outside Litigation Counsel retained by the Receiving Party as counsel for this Proceeding (defined as attorneys from firms retained by the Receiving Party and necessary support personnel assisting such attorneys);

c. Directors, officers, and employees of the Receiving Party who are assisting Outside Litigation Counsel in connection with this Proceeding;

d. Independent litigation support service personnel, outside exhibit preparation companies, outside copying services, mock trial or focus group participants and personnel responsible for setting up and conducting such mock trials or focus groups, or production vendors retained by a party for litigation support with whom such outside counsel work in connection with this Proceeding to the extent such persons have an express agreement with Outside Litigation Counsel to maintain the confidentiality of their work, and provided that such personnel are regularly engaged in the provision of such services;

e. Outside consultants or experts that are assisting Outside Litigation Counsel ("Outside Experts"), including jury consultants, along with outside support personnel employed by said Outside Experts (as required for, and in relation to, said Outside Expert's work in this Proceeding) who are not current employees of any of the Parties in the litigation and are in compliance with the requirements of this Order (provided that such Outside Experts have singed the form attached as Exhibit A hereto);

f. Any witness during their deposition or other proceeding in this Proceeding. All such witnesses, and their counsel, will be bound by the provisions of the Protective Order, and no such witnesses or deponents or their counsel (except to the extent the counsel represents a Party) shall be permitted to retain any Confidential Information;

g. Any fact witness in this Proceeding or any person whom a Party's counsel believes in good faith will testify in this Proceeding, and his or her counsel, to the extent the Confidential Information disclosed to such person relates to the anticipated subject matter of

the witness's testimony, and provided that such witness and his or her counsel is not provided by the Receiving Party with copies of such Confidential Information for his or her retention;

h.      The Court and any members of its staff to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court in this Proceeding;

i.      Any mediator, arbitrator, or other person who is assigned to hear this Proceeding, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order (provided that such persons have singed the form attached as Exhibit A hereto);

j.      Stenographic employees, court reporters and typists for the sole purpose of recording, or transcribing testimony, documents or information relating to this Proceeding;

k.      Interpreters and translators for the sole purpose of recording, transcribing or translating testimony or documents relating to this Proceeding;

l.      Any person who prepared a particular document or thing, who is listed on the document as a sender, recipient, or carbon-copy recipient of the document, or who otherwise is or was eligible to have access to or knowledge of the Confidential Information disclosed in the particular document or thing in the regular course of business, but the disclosure shall be limited to the specific Confidential Information disclosed in the particular document or thing;

m.      The original source of information reflected in Confidential Information, provided that such person is notified that such Confidential Information is subject to this Order and is not provided with copies of such Confidential Information for his or her retention, and provided further that, if such source was not the author or recipient of such

Confidential Information, only the portion of such Confidential Information reflecting information provided by the source may be disclosed to the source;

n.       Any present or former officer, director, or employee of the Producing Party; and,

o.       Any person to whom the Producing Party agrees Confidential Information may be disclosed.

20.       Information, documents and things designated as Attorneys' Eyes Only shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of those persons or entities referred to above in sub-paragraphs 19(b), 19(d)-(e), 19(h)-(o).

21.       Nothing shall prevent disclosure beyond the terms of this Order if the Party designating the material as Confidential Information consents in writing or on the record in a deposition or hearing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

22.       Nothing contained in this Order shall preclude any Party from using its own Confidential Information in any manner it sees fit, without prior consent of any party or the Court.  Similarly, this Order has no effect upon, and shall not apply to, any information or material that: (i) was, is, or becomes public knowledge, not in breach of this Order; (ii) is acquired, developed or learned by the Receiving Party independent of discovery in this Litigation; or (iii) is required by law to be made available to third parties.

23.       Nothing in this Order shall restrict any Party's Outside Litigation Counsel from rendering advice to its clients with respect to this Proceeding and, in the course thereof, relying upon Confidential Information, provided that in rendering such advice, Outside

Litigation Counsel shall not disclose any other Party's or Non-Party's Confidential Information other than in a manner provided for in this Order.

24. Every person or entity given access to Confidential Information or information contained therein:

a. shall not make copies, duplicates, extracts, summaries or descriptions of such material, or any portion thereof, except for use in connection with the Proceeding, and each such copy is to be treated in accordance with the provisions of this Order; and

b. shall be advised by the Party providing such access that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to such terms.

25. If Confidential Information is disclosed to any person other than in the manner authorized by this Order, the Receiving Party shall within two (2) business days of learning of such unauthorized disclosure inform the Producing Party of all pertinent facts relating to such disclosure. The Receiving Party shall also use reasonable efforts to obtain the prompt return of any such Confidential Information and to bind each unauthorized person or party who received such information to the terms of this Protective Order by providing a copy of this Protective Order to such unauthorized person or Party and requesting such unauthorized person or Party to sign the Certification attached hereto as **Exhibit A**. The requirements set forth in this Paragraph shall not prevent the Producing Party from applying to the Court for further or additional relief.

26. In the event of a data breach or other unauthorized use of any Confidential Information, the Receiving Party agrees to notify the Producing Party of the breach or

unauthorized use within two business days after the breach or unauthorized use is discovered. The notification shall include a brief description of the nature of the breach or unauthorized use and how it occurred, and, if the breach involved Protected Health Information, such notification shall also include, to the extent possible, the identification of each individual whose individually identifiable health information is involved and the types of individually identifiable health information involved in the breach or unauthorized use

### III. Challenging a Producing Party's Designation of Confidential Information

27. A Party shall not be obligated to challenge the propriety of the designation (or re-designation) of Confidential Information at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. The acceptance of receipt by the Receiving Party of material designated as Confidential Information shall not constitute an admission or concession, or permit an inference that such material is, in fact, Confidential Information. In the event that a Party disagrees at any time with a confidentiality designation made by a Party or Non-Party, the following procedure shall be used:

a. The Party seeking removal of a confidentiality designation shall serve the Producing Party written notice thereof (by hand delivery, courier, or e-mail), specifying by Bates number or line and page number for deposition the documents, things, or information for which such removal of the confidentiality designation is sought and the reasons for the request. The Producing Party shall have ten (10) business days after service of the notice within which to justify in writing why the confidentiality designation is appropriate and to object to its removal.

b. If, after service of the objection and conferring in good faith, the Parties and/or Non-Party cannot reach agreement concerning the matter, then the Receiving Party

seeking the removal of protection for the designated Confidential Information shall file a motion with the Court. The designated material shall continue to be treated as either Confidential or Attorneys' Eyes Only until the issue is resolved by Order of this Court (or by agreement of the Producing Party and Receiving Party).

## IV. Changing the Designation of Confidential Information

28. Any Producing Party may change a designation to Confidential or Attorneys' Eyes Only (or withdraw a designation) regarding any material that it has produced, provided, however, that such change in designation shall be effective only as of the date of such change. Such change in designation (or withdrawal) shall be accomplished by notifying counsel for each party in writing of such change in designation (or withdrawal). Upon receipt of any such written change in designation, counsel of record shall: (i) not make any further disclosure or communication of such newly designated material except as provided for in this Order; (ii) take reasonable steps to notify any persons known to have possession of any material with the original designation of the effect of such a change in designation under this Order; and (iii) promptly retrieve all copies and transcriptions of such originally designated material from any persons known to have possession of any such originally designated material who are not authorized to receive Confidential or Attorneys' Eyes Only information under this Order to the extent practicable. Properly marked documents shall be promptly provided by the Producing Party of any such newly designated Confidential or Attorneys' Eyes Only information. Any Party that objects to the change in designation shall follow the procedure set out in Section III.

29. Under no circumstances shall a Party change or remove the designation of Confidential Information, or object to such change or removal, to vex or harass another Party.

30.     If Confidential Information is used inadvertently during depositions in contravention of other provisions of this Order, it shall not lose its Confidential or Attorneys' Eyes Only status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use.  If Confidential Information is inadvertently disclosed to a deposition witness, and the witness has testified substantively concerning that information, the witness may be examined and cross-examined with respect to the document(s) or information disclosed for the remainder of the deposition.

## V.     **Inadvertent Production of Privileged Materials**

31.     Inadvertent disclosure of any document or other information covered by the attorney-client privilege, work-product or other applicable privileges ("Privileged Materials") during discovery shall be without prejudice to any claim that such document or other information is privileged and/or protected, and no Party shall assert that the Producing Party has waived any rights by such inadvertent disclosure.  If the Producing Party claims in writing that Privileged Materials were inadvertently disclosed, the Receiving Party shall not challenge that representation, and without any (further) examination of the inadvertently disclosed materials, except as provided below, shall within five (5) business days of such notice do one of the following: either (i) return to Outside Litigation Counsel for the Producing Party any and all copies of the inadvertently produced Privileged Materials; (ii) destroy the inadvertently produced Privileged Materials and certify such destruction to the Producing Party; or (iii) sequester and not further use the materials except for the limited purpose described below.

32.     Within a reasonable time following notice of inadvertently produced materials, the Producing Party shall serve a privilege log identifying such inadvertently produced

Privileged Materials that conforms to the requirements of the Document Discovery Protocol agreed to by the Parties.

33. The Receiving Party may continue to use the inadvertently produced materials for the limited purpose of submitting the materials, under seal, for *in camera* review in the course of challenging the claim of privilege.

## VI. <u>Non-Parties</u>

34. The Parties acknowledge that they each may possess responsive documents and information that they are under an obligation not to disclose without first providing notice to a Non-Party. Usually, though not always, these obligations are contained in non-disclosure and/or confidentiality provisions within agreements with Non-Parties. The Parties therefore agree to the following procedure when a Producing Party reasonably believes that responding to a request for information will breach an ongoing duty of confidentiality to a Non-Party:

a. First, the Producing Party agrees that it will promptly give notice to the Non-Party of the pending discovery request that the Producing Party has received. The Producing Party shall provide that Non-Party with a copy of the discovery request and a copy of this Protective Order. Further, the Producing Party will then produce a copy of said communication with the Non-Party to counsel for the Receiving Party;

b. At the time of serving its response and objections to the Receiving Party's request, or any supplement thereto, the Producing Party shall provide: (i) the name of the Non-Party to whom the obligation is owed; (ii) the name, date, and general subject matter of each agreement with a Non-Party containing a Non-Disclosure or Confidentiality agreement that the Producing Party believes may be at issue in this case; (iii) a redacted version of the

agreement containing all provisions necessary to understand the non-disclosure obligations of the Producing Party; and (iv) a declaration, by the Producing Party, that its obligation to the Non-Party is made in writing pursuant to a legally binding contract, court order, or similar document; and (v) a good-faith estimate of the additional time that the Producing Party will require before either providing the requested information (upon receipt of consent of disclosure by the Non-Party) or moving for relief from the Court;

  c. If the Non-Party does not consent to the disclosure of the information and intends to seek a protective order from the Court, the Producing Party shall notify the Requesting Party and provide the Non-Party's (legal) representative's contact information.

  35. Any Non-Party from whom Discovery Material is or has been sought in this Litigation may obtain the protections of this Order by giving written notice to the Parties that it intends to be bound by the provisions of this Order and designating that its provision of Discovery Material is subject to the Order.

  36. The subpoenaing or requesting party shall advise any Non-Party from whom Discovery Material is sought of the existence of this Order and its right to obtain its protections.

  37. To the extent that any Non-Party produces Discovery Material in this Litigation that contains Confidential Discovery Material of a Party to this Litigation, that Party may designate such Discovery Material as "Confidential" or "Attorneys' Eyes Only," for purposes of this Order by delivering written notice of such designation to the Parties within sixty (60) days of receipt by counsel for all Parties of the Non-Party's production of such Discovery Material.  Until the expiration of the 60-day period, the Parties shall treat any Discovery Material

produced by a Non-Party as Confidential Discovery Material. Thereafter, only those portions of such Discovery Material designated as "Confidential" or "Attorneys' Eyes Only" shall be deemed Confidential Discovery Material.

38. No later than seven (7) business days after a Receiving Party's receipt of written responses and/or Discovery Material provided or produced in response to a subpoena pursuant to Federal Rule of Civil Procedure 45, including written responses and objections and written meet-and-confer correspondence, and any court filings related to the subpoena, that Receiving Party must make copies of such written responses and/or Discovery Material available to all other Parties.

**VII.   Use of Confidential Information in Filings and in Open Court**

39. Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony, or other evidence.

40. Per Local Rule 5.03, documents or other information should not be filed under seal with the Court, except preceding a motion showing that there are compelling reasons to seal the documents and the sealing is narrowly tailored to those reasons. In accordance with Local Rule 5.03 and Section 5.07 of Administrative Order No. 167-1, whenever a Party seeks to file with the Court any Discovery Materials designated as Confidential Discovery Material, or any papers containing or revealing such information (including, but not limited to, any pleading, motion, deposition, transcript, brief, exhibit, or other filing with the Court), the filing Party shall contemporaneously (i) file on ECF a motion for leave of Court requesting permission to file such materials under seal; (ii) file redacted versions of the briefing and any supporting materials if practicable, or an affirmative statement if the filing of redacted versions is impracticable, (iii) submit unredacted copies to the Court by separate entry, and (iv) serve upon the other

Parties unredacted copies of such materials. Nothing in this Paragraph, however, shall preclude a Party from filing Discovery Materials that the Party itself has designated as Confidential Discovery Material in unredacted form and without requesting sealing.

41. In certain instances, materials submitted to the Court may be designated Confidential Discovery Material by another Party or Non-Party (the "Designating Party"), and the filing Party may disagree or have no position with respect to whether sealing is appropriate. In such instances, the filing Party shall comply with the procedures in Paragraph 5(a), but shall indicate in its motion for permission to file under seal that the confidentiality designation was made by another Party or a Non-Party. If the Designating Party is a Non-Party, such Designating Party shall also be served with copies of the motion and the unredacted materials submitted to the Court. The Designating Party will have ten (10) days thereafter to submit a motion specifying the portions of the Discovery Materials to be sealed and setting forth the reasons why sealing is appropriate under the circumstances, or otherwise consenting that the Discovery Materials need not be sealed.

42. All materials for which a Party is requesting permission to file under seal ("Sealed Documents") pursuant to this Order, shall be filed in unredacted form in conformity with the sealing procedures set by the Clerk of Court. Such Sealed Documents shall be released by the Clerk of the Court only upon further order of the Court.

43. Sealed records that have been filed may be removed by the Designating Party (i) within ninety (90) days after a final decision disposing of the Proceeding is rendered if no appeal is taken, or (ii) if an appeal is taken, within thirty (30) days after final disposition of the appeal.

## VIII.  Disposition of Confidential Materials Upon Conclusion of This Proceeding

44.     The provisions of this Order shall, absent written permission of the Producing Party or order of the Court, continue to be binding throughout and after the conclusion of the Proceeding.  Upon the conclusion of this Proceeding, all Confidential Information and any and all copies and transcriptions thereof, shall be destroyed or returned within 90 calendar days to the Producing Party, provided, however, that Outside Litigation Counsel may retain a single archival copy of all documents produced, and may retain all documents and things that contain or reflect their attorney work product (*e.g.*, notes, memoranda, drafts of pleadings, deposition summaries, document review summaries, documents reviewed in preparation for depositions, hearings, or trial whether introduced or not), all correspondence, all pleadings, all deposition transcripts, all expert reports, all hearing and trial exhibits, and all court-filed documents even though they contain Confidential Information, but such retained work product and documents shall remain subject to the terms of this Order.  Accordingly, upon final termination of this Proceeding, no one other than Outside Litigation Counsel for the Receiving Party shall retain any information designated Confidential Information obtained in the course of this Proceeding. Notwithstanding the foregoing, Receiving Party may keep copies of its own Confidential Information pursuant to its records retention policy and regulatory requirements.

45.     Notwithstanding the foregoing, upon the conclusion of this Proceeding, any discovery material that may contain "individually identifiable health information" as defined in 45 C.F.R. §160.103 shall be returned or destroyed (including all copies made) as necessary for this to be a "qualified protective order" as defined by 45 C.F.R. §164.512(e)(v).

46.     At the written request of the Producing Party, any person or entity (other than Outside Litigation Counsel) who has received the Producing Party's Confidential

Information from the Receiving Party, including any recordings, notes, memoranda, summaries or other written materials, and all copies thereof, shall deliver, or have delivered by the Receiving Party, to the Producing Party a declaration from that person confirming that reasonable efforts have been made to assure that all such Confidential Information and any copies thereof, any and all records, notes, memoranda, summaries or other written material regarding the Confidential Information, have been destroyed or delivered in accordance with the terms of this Order. For the sake of clarity and to avoid confusion: This paragraph does not refer to Outside Litigation Counsel. It refers to other persons (*e.g.*, experts and consultants) who have received Confidential Information.

## IX. <u>Miscellaneous Provisions</u>

47. This Order shall be binding upon the Parties to this Proceeding and signatories to the Certification, including their successor(s) and assigns, and their respective attorneys, agents, representatives, officers and employees.

48. This Order shall apply to all information and material produced in this Proceeding, including all previously produced information and material prior to the execution of this Order by the Court.

49. The Parties acknowledge and agree that if any Party hereto (including any signatory of Exhibit A) breaches, or threatens to commit a breach of, any of the provisions of this Order, each Non-breaching Party shall have the right to ask the Court for the remedy, which remedy shall be in addition to and not in lieu of any other remedies available to the Non-breaching Party under law or in equity, to have the Order specifically enforced (without posting any bond) including, without limitation, the right to an entry against the Breaching Party of restraining orders and injunctions (preliminary and permanent) against breaches, threatened or

actual, it being agreed and acknowledged that, in the event of any such breach or threatened breach, the Breaching Party is not entitled to a presumption that money damages or legal remedies are sufficient or adequate to remedy such a breach.

50.     By written agreement of the parties, or upon motion and order of the Court, the terms of this Order may be amended or modified.

51.     This Order shall continue in force until amended or superseded by express order of the Court.  This Order shall survive termination of this Proceeding, including any final judgment, appeal, or settlement.

52.     Nothing in this Order shall prejudice the right of any Party or Non-Party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

53.     In the event that a new Party is added, substituted, or otherwise brought into this Proceeding, neither their outside counsel nor experts or consultants retained to assist such counsel shall have access to Confidential Information produced by or obtained from any other Producing Party until the New Party has executed and filed with the Court a copy of this Order.

54.     The entry of this Order does not:

a.     Operate as an admission by the Receiving Party that any particular Discovery Material designated as Confidential or Attorneys' Eyes Only by the Producing Party is appropriately designated as such;

b.     Prevent any Party from seeking a further order of this Court pursuant to Federal Rule of Civil Procedure 26(c);

c.     Waive any applicable privilege, protection or immunity;

d.      Waive a Party's right to move the Court for an order allowing disclosure of Confidential Discovery Material for good cause;

e.      Prevent any Party from seeking further, greater or lesser protection with respect to the use of any Confidential Information, in connection with this Litigation or any other proceeding;

f.      Waive any applicable privilege, protection or immunity;

g.      Affect, or be construed to affect, in any way the admissibility of any document, interrogatory response or other evidence at hearings or trial of the Litigation;

55.     The Parties agree to meet and confer concerning any dispute between the Parties regarding this Protective Order before seeking assistance from the Court.  If the Parties are unable to resolve the dispute, any Party may make an appropriate application to the Court for relief.

56.     This Protective Order may be executed in any number of actual, telecopied or emailed counterparts, and by each of the different parties thereto on several counterparts, each of which when executed and delivered shall be an original.  The executed signature page(s) from each actual, telecopied or emailed counterpart may be joined together and attached to one such original and shall constitute one and the same instrument.

57.     This Order shall become effective as a stipulation among the Parties immediately upon its execution.

**SO ORDERED.**

_____
Aleta A. Trauger
United States District Judge

<u>**EXHIBIT A**</u>

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**

|  |  |
|---|---|
| TIMOTHY BOND,<br><br>          Lead Plaintiff<br><br>and<br><br>JEAN-NICOLAS TREMBLAY<br><br>          Named Plaintiff,<br><br>individually and on behalf of all others similarly situated,<br><br>          v.<br><br>CLOVER HEALTH INVESTMENTS, CORP. f/k/a SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. III, VIVEK GARIPALLI, ANDREW TOY, JOE WAGNER and CHAMATH PALIHAPITIYA,<br><br>          Defendants. | Case No. 3:21-cv-00096<br><br>Judge Aleta A. Trauger |

**CERTIFICATION REGARDING PROTECTIVE ORDER**
**(RELATING TO THE DISCLOSURE OF CONFIDENTIAL INFORMATION)**

I, _____, declare:

    1.    My present address is _____.

    2.    My present occupation is _____.

    3.    I am not a current employee of any of the Parties to the litigation. My present employer, if any, is _____.

4. I have received a copy of the Protective Order in this Proceeding. I have read and understand its provisions. I consent to the jurisdiction of the United States District Court of the Middle District of Tennessee solely for the purpose of enforcing the Protective Order.

5. I will comply with all provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will use only for purposes of this Proceeding, any information, documents or things designated as containing Confidential Information, or stamped with the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" including the substance and any copy, summary, abstract, excerpt, index or description of such material, that is disclosed to me as well as any knowledge or information derived from any of the above mentioned items which I receive in this Proceeding, except as allowed in accordance with the Protective Order. I will take reasonable steps to restrict access to any Confidential Information to only those persons authorized by the Protective Order to have such access.

6. I will return all materials containing Confidential Information that come into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or from whom I received such material, when requested to do so.

7. I understand that if I violate the provisions of the Protective Order, I will be subject to sanctions by the Court and that any or all of the parties or third-parties that designate information pursuant to the Protective Order may assert other remedies against me. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Proceeding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Print: _____

Executed this _____ day of _____ at _____