# EXHIBIT 1

| | |
|---|---|
| TIMOTHY BOND,<br><br>     Lead Plaintiff<br><br>and<br><br>JEAN-NICOLAS TREMBLAY<br><br>     Named Plaintiff,<br><br>individually and on behalf of all others similarly situated,<br><br>     v.<br><br>CLOVER HEALTH INVESTMENTS, CORP. f/k/a SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. III, VIVEK GARIPALLI, ANDREW TOY, JOE WAGNER, AND CHAMATH PALIHAPITIYA, and JOE WAGNER,<br><br>     Defendants. | Case No. 3:21-cv-00096-AT-AN |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of May 19, 2023 (the "Stipulation") is entered into between (a) Lead Plaintiff Firas Jabri and Named Plaintiff Jean-Nicolas Tremblay (together, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below);[1] and (b) defendant Clover Health Investments, Corp. f/k/a Social Capital Hedosophia Holdings Corp. III ("Clover"), and defendants Vivek Garipalli ("Garipalli"), Andrew Toy ("Toy"), Joseph Wagner ("Wagner"), and Chamath Palihapitiya ("Palihapitiya" and, together with Garipalli, Toy, and

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein. The singular forms of nouns and pronouns include the plural and vice versa.

Wagner, the "Individual Defendants," and together with Clover, "Defendants"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action"). Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims asserted therein against Defendants as set forth below.

WHEREAS:

A. On February 5, 2021, Timothy Bond commenced this Action in the United States District Court for the Middle District of Tennessee, styled *Timothy Bond v. Clover Health Investments, Corp., et al.*, Case No. 3:21-cv-00096. The original Complaint (ECF No. 1) named Clover, Palihapitiya, Garipalli, and Toy as defendants.

B. By Order dated April 23, 2021, Jabri was appointed Lead Plaintiff in the Action and Pomerantz LLP ("Pomerantz") was appointed Lead Counsel for the putative class. ECF No. 58.

C. On June 28, 2021, Plaintiffs filed an Amended Class Action Complaint (the "Complaint"). ECF No. 70. The Complaint asserted claims against Defendants under Section 10(b) of the Securities Exchange of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act. The Complaint alleged, among other things, that during the Settlement Class Period, Defendants made false and/or misleading statements and/or failed to disclose that (i) the Company had committed legal or regulatory violations after January 1, 2018 and was under investigation by the DOJ; (ii) the Company's growth stemmed from illegal gifts and/or payments to healthcare practitioners or office staff and unreported related party transactions; (iii) only a fraction of the healthcare providers who had contracted with the Company were actually using its Clover Assistant software; (iv) Clover's

financial statements did not comply with GAAP; and (v) the Company's SEC filings failed to comply with Items 303 and 503 of Regulation S-K. The Complaint alleged that Clover's stock price was artificially inflated as a result of these alleged false and misleading statements, and that Clover's stock price declined when the truth regarding the alleged misrepresentations was revealed.

D.      On August 27, 2021, Defendants filed a motion to dismiss the Complaint. *See* ECF Nos. 74-76.  Among other things, Defendants argued that the Complaint failed to adequately plead any actionable misstatement or omission, and failed to adequately allege scienter. On November 3, 2021, Plaintiffs filed a brief opposing Defendants' motion to dismiss. *See* ECF No. 80. On December 17, 2021, Defendants filed their reply brief in further support of their motion to dismiss. *See* ECF Nos. 83-84. On February 28, 2022, the Court (as defined below) denied Defendants' motion to dismiss in full. ECF Nos. 87-88.

E.      On July 1, 2022, Plaintiffs filed a motion to certify the Settlement Class. *See* ECF Nos. 101-03. Defendants filed an opposition to that motion on September 30, 2022. *See* ECF Nos. 108-09. On December 31, 2022, Plaintiffs filed their reply in further support of their motion for class certification. *See* ECF Nos. 110-11. On February 14, 2023, the Court granted Plaintiffs' motion for class certification. ECF No. 114.

F.      On July 19, 2023, the Parties participated in a private all-day mediation with before Jed D. Melnick of JAMS ("Melnick").  In advance of the mediation, the Parties submitted and exchanged detailed mediation statements and exhibits, which addressed, among other things, issues related to liability, loss causation, and damages.  The full-day mediation was conducted in person at JAMS's offices in New York, NY. During the session, the Parties agreed to hold a video teleconference with their respective damages experts to discuss the Parties' respective damages

estimates and to submit supplemental mediation statements concerning those damages estimates. The teleconference with the Parties' experts was held on July 22, 2022, the parties submitted supplemental mediation statements on July 28, 2022, and the Parties participated in a second virtual mediation via Zoom for half a day on Monday, August 1, 2022. The second mediation also ended without resolving the Action.

G.      With Melnick's assistance, the Parties continued their efforts to resolve the Action after the second mediation did not resolve the Action. On April 21, 2023, the Parties reached an agreement in principle to settle and release all claims asserted against the Defendants in the Action in exchange for a payment of $22,000,000.00 for the benefit of the Settlement Class, subject to the execution of a settlement stipulation and related papers and Court approval.

H.      On April 24, 2023, Plaintiffs and Defendants informed the Court that they had reached an agreement in principle to settle the case.  ECF No. 125. On April 25, the Court ordered that "a stipulation of dismissal or other settlement document shall be filed within thirty (30) days of the entry of this Order." ECF No. 127.

I.      This Stipulation (together with the exhibits hereto and the Supplemental Agreement) has been duly executed by the undersigned signatories on behalf of their respective clients and reflects the final and binding settlement agreement between the Parties.

J.      Based upon their investigation, prosecution, and mediation of the case, Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiffs and the other members of the Settlement Class, and in their best interests.  The Parties agree that certification of the Settlement Class, for settlement purposes only, is appropriate.  The Parties intend that the provisions herein concerning certification of a Settlement Class shall have no effect whatsoever in the event that the Settlement is not approved

and/or does not become final. Based on Plaintiffs' direct oversight of the prosecution of this matter, and with the advice of their counsel, Plaintiffs have agreed to settle and release the claims raised in the Action against the Defendants pursuant to the terms and provisions of this Stipulation, after considering: (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; (b) the significant risks of continued litigation and trial against Defendants; and (c) the desirability of permitting the settlement to be consummated as provided by the terms of this Stipulation.

K. This Stipulation constitutes a compromise of matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Defendants further expressly deny, *inter alia*, that they made any material misstatements or omissions in Clover's public filings, press releases, or other public statements, that Plaintiffs or the Settlement Class have suffered any damages, that the prices of Clover's securities were artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, and that Plaintiffs or the Settlement Class were harmed by any conduct alleged in the Action or that could have been alleged therein. Messrs. Garipalli, Toy, Wagner, and Palihapitiya further assert that, at all relevant times, they acted in good faith and in a manner they reasonably believed to be in the best interests of Clover and its shareholders. Similarly, this Stipulation shall

in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit. Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed, and prosecuted by Plaintiffs in good faith and defended by Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate, and reasonable.

NOW, THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## **DEFINITIONS**

1.      As used in this Stipulation, any exhibits attached hereto, and the Supplemental Agreement, made a part hereof, the following capitalized terms shall have the following meanings:

a.      "Action" means the securities putative class action currently pending in the United States District Court for the Middle District of Tennessee styled *Bond v. Clover Health Investments, Corp., et al.*, 3:21-cv-00096-AT-AN.

b.      "Authorized Claimant" means a Settlement Class Member who submits a Proof of Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

c.　　"Clover" means Clover Health Investments, Corp. f/k/a Social Capital Hedosophia Holdings Corp. III.

d.　　"Claim" means a Proof of Claim Form submitted to the Claims Administrator.

e.　　"Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit A-2, that a Claimant or Settlement Class Member must complete and submit should that Claimant or Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

f.　　"Claimant" means a Settlement Class Member who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

g.　　"Claims Administrator" means JND Legal Administration ("JNDLA"), the firm retained by Plaintiffs and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

h.　　"Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

i.　　"Complaint" means the Amended Class Action Complaint filed by Plaintiffs on June 28, 2019. Dkt. No. 70.

j.　　"Court" means the United States District Court for the Middle District of Tennessee.

k.　　"Defendants" means Clover and the Individual Defendants (defined herein).

l.　　"Defendants' Counsel" means Milbank LLP.

7

m.      "Defendants' Releasees" means Defendants and any and all of their related parties in any forum, including, without limitation, any and all of their current or former parents, subsidiaries, affiliates, predecessors, successors, divisions, investment funds, joint ventures, and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, accountants, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, underwriters, representatives, insurers in their capacities as such, as well as each of the Individual Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns.

n.      "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 37 of this Stipulation have been met and have occurred or have been waived.

o.      "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

p.      "Escrow Agent" means The Huntington National Bank.

q.      "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

r.      "Final," with respect to the Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such

appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified); or (iii) the procedures for determining Authorized Claimants' recognized claims, or distribution of the Net Settlement Fund to Authorized Claimants, shall not in any way delay or preclude a judgment from becoming Final.

s. "Individual Defendants" means Vivek Garipalli, Andrew Toy, Joseph Wagner, and Chamath Palihapitiya.

t. "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement (or in such other form as may be approved in writing by all of the Parties acting by and through their respective counsel in this Action).

u. "Lead Counsel" means Pomerantz LLP.

v. "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the reimbursement of lost wages, costs and expenses of Plaintiffs directly related to Plaintiffs' representation of the Settlement Class), for which Lead Counsel intend to apply to the Court for reimbursement from the Settlement Fund.

w.     "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

x.     "Notice" means the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-1, which shall be made available online at a website maintained by the Claims Administrator and mailed to Settlement Class Members upon request.

y.     "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

z.     "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

aa.     "Parties" means Defendants and Plaintiffs, on behalf of themselves and the Settlement Class.

bb.     "Plaintiffs' Counsel" means Lead Counsel and Bramlett Law Offices, The Schall Law Firm, and Holzer & Holzer, LLC.

cc.     "Plaintiffs' Releasees" means Plaintiffs, Lead Counsel, and the Settlement Class. Plaintiffs' Releasees do not include any persons and entities who or which exclude themselves by submitting a request for exclusion from the Settlement Class that is accepted by the Court.

dd.     "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

ee.     "Postcard" means the Postcard Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-4, which is to be mailed to Settlement Class Members.

ff.     "Preliminary Approval Order" means the order (a proposed draft of which is attached hereto as Exhibit A) to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

gg.     "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

hh.     "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

ii.     "Released Defendants' Claims" means all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities, whether known claims or Unknown Claims, contingent or non-contingent, or suspected or unsuspected, whether foreign or domestic, whether arising under federal, state, common, or foreign law, rules, or regulations, that have been asserted, could have been asserted, or could be asserted in the future against Plaintiffs or any other of Plaintiffs' Releasees that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants in the Action. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who

or which submits a request for exclusion from the Settlement Class that is accepted by the Court, and further does not include claims or causes of action of a Defendant (including their affiliates) against any of their current or former employees, agents, or consultants arising out of any breach of an obligation, contractual or otherwise, owed to any of the Defendants (or their affiliates).

jj. "Released Plaintiffs' Claims" means all claims, demands, losses, rights, duties, obligations, actions, causes of action, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities of any nature whatsoever, whether known claims or Unknown Claims, contingent or non-contingent, or suspected or unsuspected, whether foreign or domestic, whether arising under federal, state, common, or foreign law, rules, or regulations, that have been asserted, could have been asserted, or could be asserted in the future against the Defendants or any other of Defendants' Releasees that (i) arise out of, are based upon, or relate to in any way, directly or indirectly, any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in this Action; and (ii) in any way is based upon, arises out of, or is related to the purchase (or other acquisition), sale, ownership, holding, redemption, or decision not to redeem Clover securities during the Class Period. Released Plaintiffs' Claims do not include (i) any claims relating to the enforcement of the Settlement; or (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

kk. "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

ll. "Releases" means the releases set forth in ¶¶ 4–10 of this Stipulation.

mm. "Settlement" means the settlement between Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

nn.     "Settlement Amount" means twenty-two million dollars ($22,000,000) in cash. Defendants shall not have any obligation whatsoever to pay any amount over and above the amount of twenty-two million dollars ($22,000,000.00) in cash.

oo.     "Settlement Class" means all persons or entities who purchased or otherwise acquired Clover securities (including Clover warrants) during the Settlement Class Period. Excluded from the Settlement Class are Defendants herein, the officers and directors of Clover, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest, and any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

pp.     "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

qq.     "Settlement Class Period" means the period between October 6, 2020 and February 3, 2021, both dates inclusive.

rr.     "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

ss.     "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

tt.     "Summary Notice" means the Summary Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

uu.     "Taxes" means (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund, including but not limited to any taxes or tax detriments that might be imposed upon Defendants or Defendants' Releasees with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes, which if imposed shall be reimbursed from the Settlement Fund to Defendants or Defendants' Releasees within fourteen (14) days of written demand for such reimbursement; (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

vv.     "Unknown Claims" means any Released Plaintiffs' Claims which Plaintiffs, any other Settlement Class Member, or any other Plaintiffs' Releasee does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement including, but not limited to, whether to object to the Settlement or seek exclusion from the Settlement Class. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Plaintiffs' Releasees and Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United

States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs and the Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such additional or different facts. Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Plaintiffs' Releasees and Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## <u>CLASS CERTIFICATION</u>

2. Solely for purposes of the Settlement and for no other purpose, Defendants and Plaintiffs on behalf of themselves and each of the Settlement Class Members stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Plaintiffs as representatives for the Settlement Class; and (c) appointment of Lead Counsel as counsel for

the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. In the event that the Settlement, upon the terms and conditions set forth in this Stipulation, is not approved by the Court, is terminated, or the Effective Date does not occur for any reason, the certification of the Settlement Class automatically shall be revoked without requiring any additional action by the Parties or the Court. In such event, Defendants reserve their right to object for any and all reasons to the certification of the Settlement Class or to the appointment of Lead Plaintiffs as Settlement Class representatives or to the appointment of Lead Counsel as Settlement Class Counsel, and this Stipulation shall not be used or considered in any way in connection with class certification or class representation, or otherwise in the further proceedings in this Action.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.     Promptly upon execution of this Stipulation, Plaintiffs will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A. All proceedings in the Action shall be stayed, other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination whether the Settlement should be approved, Defendants, Plaintiff, Lead Counsel, and all members of the Settlement Class are barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), that asserts any of the Released Claims against any of the Releasees. In the event that the Settlement, upon the terms and

conditions set forth in this Stipulation, is not approved by the Court, is terminated, or the Effective

Date does not occur for any reason, the stay of the Action shall be lifted thirty days after such date

without requiring any additional action by the Parties or the Court.

## RELEASE OF CLAIMS

4.      The obligations incurred pursuant to this Stipulation are in consideration of: (i) the

full and final disposition of the Action; and (ii) the Releases provided for herein.

5.      As a material condition of the Settlement, pursuant to the Judgment, without further

action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the other

Settlement Class Members, on behalf of themselves, and their respective heirs, executors,

administrators, predecessors, successors, assigns, assignees, employees, associates, insurers, co-

insurers, reinsurers, spouses, trustees, general or limited partners or partnerships, limited liability

companies, members, stockholders, underwriters, personal or legal advisors or representatives,

estates, or other individuals or entities in which they have a controlling interest or which is related to

or affiliated with them, any members of their immediate families, or any trusts for which any of them

are trustees, settlors, or beneficiaries, and the predecessors, successors, administrators and assigns of

each of the foregoing, in their capacities as such, and anyone claiming through or on behalf of any of

them, regardless of whether they execute and deliver a Proof of Claim and Release and regardless of

whether they share in the Settlement Fund, shall be deemed to have, and by operation of this

Stipulation, of law, and of the Judgment shall have fully, finally and forever compromised, settled,

released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim

against the Defendants' Releasees, and covenant not to commence, institute, intervene in,

participate in, or prosecute, and shall forever be barred and enjoined from prosecuting any or all

of the Released Plaintiffs' Claims against any of the Defendants' Releasees in any court of law or

equity, arbitration tribunal, administrative forum, or other forum of any kind or character, whether brought directly, in a representative capacity, derivatively, or in any other capacity.

6. Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of this Stipulation, of law, and of the Judgment shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

7. Upon the Effective Date, Plaintiffs and each of the other Settlement Class Members are forever barred and enjoined from prosecuting any Released Plaintiffs' Claims against any of the Defendants' Releasees.

8. Upon the Effective Date, to the extent allowed by law, this Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Settlement Class Member against any of the Defendants' Releasees with respect to any Released Plaintiffs' Claims, or brought by a Defendant against any of the Plaintiffs' Releasees with respect to any Released Defendants' Claim.

9. Notwithstanding ¶¶ 4–8 above, nothing in the Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

10.     The Judgment shall, among other things, provide for the dismissal with prejudice of the Action against the Defendants, without costs to any Party, except for the payments expressly provided for herein.

**THE SETTLEMENT CONSIDERATION**

11.     In consideration of the Settlement and the release of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, Clover shall cause the Settlement Amount to be deposited into the Escrow Account within thirty (30) calendar days following the later of (1) entry by the Court of an order preliminarily approving this Settlement and (2) the Escrow Agent providing Defendants' Counsel with: (a) a W-9 for the Escrow Account; (b) a completed wire transfer, ACH transfer, or similar anti-fraud payment request form signed by an authorized representative of the Escrow Account; and (c) all required wire and check funding instructions and information including payee name, telephone and e-mail contact information, and a physical address for the Escrow Agent.  The Settlement Amount represents the entirety of Defendants' financial obligations under this Stipulation and in connection with this Settlement, meaning that it includes all attorneys' fees and expenses, Notice and Administration Costs, Taxes, and costs of any kind whatsoever associated with the Settlement.  The full payment of the entire Settlement Amount into the Escrow Account in accordance with this paragraph fully discharges Defendants' financial obligations under this Stipulation and in connection with the Settlement, meaning that none of the Defendants shall have any other obligation to make any payment into the Escrow Account or to any Settlement Class Member, or any other Person, under this Stipulation or as part of the Settlement once the payment described in this paragraph has been made.

**USE OF SETTLEMENT FUND**

12.     Subject to the terms and conditions of this Stipulation and the Settlement, the Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs;

(c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 21–34 below, or as otherwise ordered by the Court.

13. Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.

14. The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of 26 CFR § 1.468B-1 and that Lead Counsel, as administrators of the Settlement Fund within the meaning of 26 CFR § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in 26 CFR § 1.468B-2(k)) for the

Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Defendants' Releasees shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Lead Counsel the statement described in 26 CFR § 1.468B-3(e). Lead Counsel, as administrators of the Settlement Fund within the meaning of 26 CFR § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in 26 CFR § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

15. All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. The Defendants and the other Defendants' Releasees shall have no responsibility or liability for the acts or omissions of the Claims Administrator, the Escrow Agent, Lead Counsel, or their agents with respect to the payment of Taxes, as described herein, and the Settlement Fund shall indemnify and hold each of the Defendants and Defendants' Releasees harmless for Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

16. The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount, shall have any right to the return of the Settlement Fund or any

portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of recognized claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

17.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, Notice and Administration Costs actually incurred and paid or payable, which shall not exceed $1,000,000.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to any of the Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

18.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Plaintiffs' lost wages, costs and expenses directly related to Plaintiffs' representation of the Settlement Class, to be paid from (and out of) the Settlement Fund.  Lead Counsel's application for an award of attorneys' fees or Litigation Expenses is not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation.

19.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees or Litigation Expenses is reduced or reversed, and such order reducing or reversing the award has become Final.  Lead Counsel shall make the appropriate refund or repayment in full (including interest thereon at the same rate as would have been earned had those sums remained in the Escrow Account) no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees or Litigation Expenses has become Final. An award of attorneys' fees or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  Neither Plaintiffs nor Lead Counsel may cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to attorneys' fees or Litigation Expenses.

20.     Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the payment, allocation, or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Settlement Fund in the Escrow Account. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

23

## NOTICE AND SETTLEMENT ADMINISTRATION

21.     As part of the Preliminary Approval Order, Plaintiffs shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including, but not limited to, the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Other than Clover's obligation to provide shareholder information as provided in ¶ 22 below, none of the Defendants nor any other Defendants' Releasees shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Settlement Class Members, or Lead Counsel, in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

22.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Postcard to those members of the Settlement Class as may be identified through reasonable effort.  Lead Counsel shall also cause the Claims Administrator to (a) post downloadable copies of the Notice and Claim Form online at www.CloverHealthsecuritieslitigation.com; and (b) have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For the purposes of identifying and providing notice to the Settlement Class, within ten (10) business days of the date of entry of the Preliminary Approval Order, Clover shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) a shareholder list and securities position report for Clover, in

electronic form or other form as is reasonably available to Clover or its transfer agent, which information the Claims Administrator shall treat and maintain as confidential.

23. The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized claim compared to the total recognized claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).

24. The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the approval of the Settlement. Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any other Defendants' Releasee, shall have any involvement with or liability, obligation, or responsibility whatsoever in connection with the Plan of Allocation or any other Court-approved plan of allocation.

25. Any Settlement Class Member who does not submit a valid Claim Form by the deadline set by the Court (unless and to the extent the deadline is extended by the Court) will not be entitled to receive any distribution from the Net Settlement Fund, but will, nevertheless, upon the occurrence of the Effective Date, be bound by all of the terms of this Stipulation and Settlement

(including the terms of the Judgment) and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any of the Defendants or any of the other Defendants' Releasees with respect to the Released Plaintiffs' Claims.

26.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in the Preliminary Approval Order (unless otherwise ordered by the Court): (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of this Stipulation, the Settlement, and all proceedings, determinations, orders and judgments in the Action relating to the Settlement, including, but not limited to, the Judgment, and the Releases provided for therein whether favorable or unfavorable to the Settlement Class; and (d) shall be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

27.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  No Defendant, or any other Defendants' Releasee, shall be permitted to review, contest or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member.  Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

28.     The Net Settlement Fund shall be distributed to Authorized Claimants only after the later of the Effective Date; the Court having approved a plan of allocation in an order that has become Final; and the Court issuing a Class Distribution Order that has become Final.

29.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.     Each Settlement Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit A-2, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

b.     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless extended by the Court. Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and by the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form

shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

c.       Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

d.       Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

e.       If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court, on reasonable notice to Defendants' Counsel.

30.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms, nor shall there be any discovery from Defendants or Defendants' Releasees.

31.     Lead Counsel will apply to the Court, on reasonable notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account. If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining shall be re-distributed among Authorized Claimants in an equitable and economic manner and any remainder donated to shall be donated to the Investor Protection Trust, 750 First Street NE, Suite 990, Washington, DC, 20002 without further order of the Court, unless the Court orders otherwise.

32.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members who do not submit a Claim

or whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action; and by the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

33.     No Claimant or Settlement Class Member shall have any claim against Plaintiffs, Plaintiffs' Counsel, Defendants, Defendants' Counsel, any Parties' damages experts, the Claims Administrator (or any other agent designated by Lead Counsel), or the Defendants' Releasees based on any investments, costs, expenses, administration, allocations, calculation, payments, the withholding of taxes (including interest and penalties) owed by the Settlement Fund (or any losses incurred in connection therewith), or distributions that are made substantially in accordance with this Stipulation and the Settlement, the plan of allocation approved by the Court, or further orders of the Court.

34.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

35.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

36.     The Judgment shall, as a material condition of the Settlement, contain a bar order ("Bar Order") substantially in the form set forth in Exhibit B that permanently bars, enjoins, and restrains any individual or entity from commencing, prosecuting, or asserting any claims, future claims, or claims over against any of the Defendants' Releasees, and by the Defendants' Releasees against any individual or entity, whether asserted in the Action or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, for (a) contribution or indemnity (or any other claim or claim over, however denominated, whether as a claim, cross-claim, counterclaim, third-party claim, or otherwise, on whatsoever theory) based upon, arising out of, or related to the claims or allegations asserted by Plaintiffs in the Action, or (b) any other claim of any type, whether arising under state, federal, common or foreign law, for which the injury claimed is that person's or entity's actual or threatened liability to Plaintiffs and/or members of the Settlement Class. Nothing in the Bar Order shall be construed to impair, negate, diminish, or adversely affect any rights of Defendants' Releasees or their successors or assigns under or with respect to any insurance policies, including, but without limitation, any rights to seek to recover or to recover insurance proceeds or payments under any insurance policies with respect to amounts paid pursuant to the Settlement or incurred in connection with the Action, or any other actual or alleged loss or liability, and Defendants' Releasees expressly reserve all rights, claims, positions, arguments, contentions, and defenses with respect to such matters.  The Bar Order shall be the broadest permitted under the PSLRA and common law.  The Bar Order shall also provide that notwithstanding the Bar Order, should any final verdict or judgment be obtained against any individual or entity subject to the Bar Order, it shall nonetheless be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Defendants for common

damages; or (b) the amount paid by or on behalf of the Defendants to the Settlement Class or Settlement Class Member for common damages. If the Judgment fails to include any material part of the Bar Order, or if appellate review of the Bar Order is sought and on such review any material part of the Bar Order is vacated, modified or reversed, then Plaintiffs, provided they unanimously agree, and Defendants, provided they unanimously agree, shall each have the right to terminate the Settlement and this Stipulation.

## CONDITIONS OF SETTLEMENT AND EFFECT OF <u>DISAPPROVAL, CANCELLATION OR TERMINATION</u>

37.    The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

a.    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

b.    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 11 above;

c.    the time for Defendants to exercise their option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 44 below) has expired or otherwise been waived;

d.    the time for Plaintiffs to exercise their option to terminate the Settlement pursuant to the provisions of this Stipulation has expired or otherwise been waived; and

e.    the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final.

38. Upon the occurrence of all of the events referenced in ¶ 37 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

39. If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

    a. The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

    b. Plaintiffs and Defendants shall revert to their respective positions in the Action as of April 20, 2023.

    c. The terms and provisions of this Stipulation, with the exception of this ¶ 39 and ¶¶ 17, 19, 44, 45, and 65 herein, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

    d. Within five (5) business days after the cancellation and termination of the Settlement as set forth herein, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 19 above), less any expenses and any costs which have either been disbursed or incurred and chargeable to Notice and Administration Costs and less any Taxes paid or due or owing, shall be refunded by the Escrow Agent to Defendants pursuant to Defendants' instructions, to be provided in the event of a termination. In the event that the funds received by Lead Counsel consistent

with ¶ 19 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants pursuant to Defendants' instructions, to be provided in the event of a termination, immediately upon those funds' deposit into the Escrow Account consistent with ¶ 19 above.

40.     It is further stipulated and agreed that Plaintiffs, provided they unanimously agree, and Defendants, provided they unanimously agree, shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so (the "Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; or (d) the date upon which the Judgment is modified or reversed in any material respect. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation, shall not be considered material to the Settlement, shall not affect the finality of any Judgment and shall not be grounds for termination of the Settlement.

41.     In addition to the grounds set forth in ¶ 39 above, Clover shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in the confidential supplemental agreement with Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that Agreement as set forth in ¶ 44 below.

## OPT-OUTS & OPT-OUT THRESHOLD

42.      All persons and entities who are entitled to be Settlement Class Members ("Potential Members") shall have the right to exclude themselves, or opt out, from the Settlement Class.  Such Potential Members who wish to elect to opt out must submit a request for exclusion that satisfies the requirements set forth in the Notice to the Claims Administrator by no later than 21 calendar days before the Settlement Hearing (the "Opt-out Deadline").  All Potential Members who validly opt out shall be excluded from any and all rights and obligations under the Settlement, but those who do not opt out in the manner and time prescribed in this Stipulation shall be deemed to be members of the Settlement Class regardless of whether such person or entity timely files a Proof of Claim, unless otherwise ordered by the Court.

43.      No later than seven (7) calendar days following the Opt-out Deadline, the Claims Administrator shall provide to Defendants' Counsel and Lead Counsel copies of all exclusion requests.

44.      Simultaneously herewith, Lead Counsel and Defendants' Counsel are executing a Supplemental Agreement setting forth certain conditions under which this Settlement may be terminated by Clover if the number of shares by Potential Members who exclude themselves from the Settlement Class by timely submitting valid exclusion requests exceeds the Opt-out Threshold (as defined in the Supplemental Agreement).  The Supplemental Agreement shall not be filed with the Court unless a dispute arises with respect to its terms or application or if the Court requires disclosure of the Supplemental Agreement or some or all of its contents.  If required by the Court, the Supplemental Agreement and/or any of its terms may be disclosed to the Court *in camera* for purposes of approval of the Settlement, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement, particularly the Opt-out Threshold. In the event that the Court requires

the Supplemental Agreement or some or all of its contents to be publicly disclosed including in the Notice and/or filed with the Court, all terms of the Supplemental Agreement other than those relating to confidentiality shall remain in full force and effect, and any such requirement by the Court for disclosure of the Supplemental Agreement or some or all of its contents shall not constitute a basis for any Party to void the Settlement. In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation and Settlement shall become null and void and of no further force and effect, except that the provisions of ¶¶ 17, 19, 39, 44, 45, and 65 herein above shall survive termination.

## NO ADMISSION OF WRONGDOING

45. Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the documents prepared to effectuate the Settlement (including but not limited to the "Memorandum of Understanding" the Parties entered into after their mediation), the Judgment, the Supplemental Agreement, the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation or approval of the Settlement (including any arguments proffered in connection therewith):

a. shall be (i) offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to (a) the truth of any fact alleged by Plaintiffs; (b) the validity of any claim that was or could have been asserted in this Action or in any other litigation; (c) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; or (d) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees; or (ii) in any way referred to for any other reason against any of the Defendants' Releasees, in any civil,

criminal, or administrative action or proceeding (including any arbitration) other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

b.     shall be (i) offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees (a) that any of their claims are without merit, that any of the Defendants had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or (b) with respect to any liability, negligence, fault or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

c.     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement, and Defendants and/or the Defendants' Releasees may file the Stipulation and/or the Judgment in any action that might be brought against them to support a defense, claim, or counterclaim based on principles of res judicata, collateral estoppel, release and discharge, good faith settlement, judgment bar or other bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense, claim, argument, or counterclaim.

## MISCELLANEOUS PROVISIONS

46.     All of the exhibits attached hereto, and the Supplemental Agreement are material and integral parts hereof and are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

47.     As set forth in the Class Action Fairness Act of 2005 ("CAFA"), Clover shall timely serve the notices required by 28 U.S.C. § 1715 within ten (10) business days of the filing of this Stipulation with the Court.  Clover shall be responsible for all costs and expenses related thereto, but not related to any objection or proceeding that might arise thereafter or any other costs or expenses, provided however, that in no event shall Plaintiffs, Lead Counsel, or members of the Settlement Class be liable to Defendants or Defendants' Releasees for attorneys' fees, costs, or expenses.

48.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, then, at the election of Plaintiffs, Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment, in which event the Releases and Judgment shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 39 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 39.

49.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Settlement

Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims. Accordingly, except in the event of the termination of this Settlement, Plaintiffs, Plaintiffs' Counsel, Defendants, and Defendants' Counsel agree not to assert in any forum that this Action was brought by Plaintiffs or defended by Defendants in bad faith and without a reasonable basis. No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

50.     While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. Likewise, while retaining their right to assert their claims in the action were meritorious, Plaintiffs and Plaintiffs' Counsel, in any statement made to any media representative (whether or not for attribution) will not assert that Defendants' defenses were asserted in bad faith, nor will they deny that Defendants defended the Action in good faith and that the action is being settled voluntarily after consultation with competent legal counsel. In all events, Plaintiffs, Plaintiffs' Counsel, Defendants, and Defendants' Counsel shall not make any accusations of wrongful or actionable conduct by either

Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

51. The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Plaintiffs and Defendants (or their successors-in-interest).

52. All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by the terms of this Stipulation or by order of Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which case the period shall run until the end of the next day that is not one of the aforementioned days. As used in the preceding sentence, "legal holiday" bears the meaning assigned to it in Federal Rule of Civil Procedure 6(a)(6).

53. The headings herein are used for the purpose of convenience only and are not meant to have legal effect, though the introduction, "Whereas" clauses, and every other part of this Stipulation, the attached exhibits, and the Supplemental Agreement are meant to have legal effect.

54. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses, and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

55.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

56.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

57.     This Stipulation may be executed in one or more counterparts and exchanged among the Parties by facsimile or email of the .pdf or .tif image of the signature.  The signatures so transmitted shall be given the same effect as the original signatures.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

58.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

59.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate it shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

60.     Any action arising under or to enforce this Stipulation, or any portion thereof, shall be commenced and maintained only in the Court.

61.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of

the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

62.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

63.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

64.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery, or delivery a national overnight courier service (such as Federal Express, DHL, etc.) , with a courtesy copy also by email transmission, with confirmation of receipt.  Notice shall be provided as follows:

| | |
|---|---|
| If to Plaintiffs or Lead Counsel: | Pomerantz LLP<br>Attn: Jeremy A. Lieberman<br>600 Third Avenue, 20th Floor<br>New York, NY 10016<br>Telephone: (212) 661-1100<br>Email: jalieberman@pomlaw.com |
| If to Defendants: | Milbank LLP<br>Attn: Scott A. Edelman and Jed Schwartz<br>55 Hudson Yards<br>New York, NY 10001<br>Telephone: (212) 530-5000<br>Email: sedelman@milbank.com and<br>jschwartz@milbank.com |

65.    Except as otherwise provided herein, each Party shall bear its own costs.

66.    Whether or not the Stipulation is approved by the Court and whether or not the Settlement is consummated, or the Effective Date occurs, the Parties and their counsel shall use reasonable efforts to keep all negotiations, discussions, acts performed, the Supplemental Agreement, and drafts, in connection with the Stipulation confidential. For clarity, the Defendants are permitted to disclose and discuss the Stipulation with counsel in the following actions: (1) *Sun v. Garipalli, et al.*, Lead Case No. 3:21-cv-00311 (M.D. Tenn.); (2) *Luthra v. Garipalli, et al.*, Member Case No. 3:21-cv-00320 (M.D. Tenn.); (3) *In re Clover Health Investments, Corp. Derivative Litigation*, Case No. 1:21-cv-00191-GBW (D. Del.); (4) *In re Clover Health Investments, Corp. Stockholder Derivative Litigation*, Index No. 655420/2021 (N.Y. Sup. Ct.); and (5) *Davies v. Garipalli, et al.*, No. 2021-1016-SG (Del. Ch.).

67.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

68.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel, nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed,

by their duly authorized attorneys, as of May 19, 2023.

**POMERANTZ LLP**

By:_____

Jeremy A. Lieberman
Brian Calandra
600 Third Avenue, 20th Floor
New York, NY 10016
P: (212) 661-1100
jalieberman@pomlaw.com
bcalandra@pomlaw.com

*Lead Counsel for Plaintiffs and for the Settlement Class*

**MILBANK LLP**

By:_____

Scott A. Edelman
Jed Schwartz
55 Hudson Yards
New York, NY10001
Telephone: (212) 530-5000
Email: sedelman@milbank.com and jschwartz@milbank.com

*Counsel for Defendants*

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE

TIMOTHY BOND,           )
          )
          Lead Plaintiff )
          )
and           )    **Case No. 3:21-cv-00096-AT-AN**
          )
JEAN-NICOLAS TREMBLAY      )
          )
          Named Plaintiff, )
          )
individually and on behalf of all others similarly )
situated,           )
          )
          v.           )
          )
CLOVER HEALTH INVESTMENTS,     )
CORP. f/k/a SOCIAL CAPITAL      )
HEDOSOPHIA HOLDINGS CORP. III,   )
VIVEK GARIPALLI, ANDREW TOY, JOE )
WAGNER, AND CHAMATH       )
PALIHAPITIYA, and JOE WAGNER,    )
          )
          Defendants. )
          )
          )

## [PROPOSED] ORDER PRELIMINARILY APPROVING
## SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, in connection with the above-captioned action (the "Action") (a) Lead Plaintiff Firas Jabri ("Lead Plaintiff") and Named Plaintiff Jean-Nicolas Tremblay ("Named Plaintiff" and, together with Lead Plaintiff, the "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below), and (b) defendant Clover Health Investments, Corp. f/k/a Social Capital Hedosophia Holdings Corp. III ("Clover" or the "Company"), and defendants Vivek Garipalli ("Garipalli"), Andrew Toy ("Toy"), Joseph Wagner ("Wagner") and Chamath Palihapitiya ("Palihapitiya" and, together with Garipalli, Toy, and Wagner, the "Individual

Defendants," and together with Clover, "Defendants"), have entered into a Stipulation and Agreement of Settlement dated May 19, 2022 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members, as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who purchased or otherwise acquired Clover securities (including Clover warrants) between October 6, 2020 and February 3, 2021, both dates inclusive (the "Settlement Class Period"). Excluded from the Class are Clover, the Individual Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are those entities and individuals who timely and validly exclude themselves in accordance with the requirements set by the Court.

2

2.    **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action on behalf of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the Action.

3.    The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs are adequate class representatives and certifies them as Class Representatives for the Settlement Class.  The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.    **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.    **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, at __:__ _.m. in Courtroom 6C of the Fred D. Thompson U.S. Courthouse and Federal Building, 719 Church Street, Nashville, TN 37203, or by telephonic, video conferencing or other electronic means, as posted on the website of the Claims Administrator, for the following purposes: (a) to determine whether the proposed Settlement on the terms and

3

conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved and any application for an award to Lead Plaintiff and/or Named Plaintiff; and (e) to consider any other matters that may be properly brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.      The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.      **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel are hereby authorized to retain JND Legal Administration ("JNDLA") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)      within ten (10) business days of the date of entry of this Order, Clover shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) a shareholder list and securities position report for Clover, in electronic form or other form as is reasonably available to Clover or its transfer agent, which information the Claims Administrator shall treat and maintain as confidential;

4

(b)     not later than twenty-one (21) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall commence mailing the Postcard Notice ("Postcard"), substantially in the form attached hereto as Exhibit A-4 by first-class mail to potential Settlement Class Members at the addresses set forth in the records which Clover caused to be provided, or who otherwise may be identified through further reasonable effort, and shall post the Postcard on its website at www.cloverhealthsecuritieslitigation.com;

(c)     contemporaneously with the mailing of the Postcard, the Claims Administrator shall cause copies of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits A-1 and A-2, respectively, to be posted on the website www.cloverhealthsecuritieslitigation.com, from which copies of the Notice and Claim Form can be downloaded;

(d)     not later than twenty-one (21) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)     not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, the Summary Notice, and the Postcard attached hereto as Exhibits A-1, A-2, A-3, and A-4, respectively, and (b) finds that the mailing and distribution of the Postcard and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members

5

of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of the Settlement Class Members' right to object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable laws and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9. **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Clover securities during the Settlement Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Postcard request from the Claims Administrator sufficient copies of the Postcard to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Postcard to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses

6

incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be potentially eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than seven (7) calendar days after the Settlement Hearing. Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

11. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete, must contain no material deletions or modifications of any of the printed

7

matter contained therein, and must be signed under penalty of perjury.

12. Any Settlement Class Member who or which does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13. **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: Clover Securities Litigation, ATTN: EXCLUSIONS, c/o JND Legal Administration. PO Box 91462, Seattle, WA 98111, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Bond v. Clover Health Investments, Corp., et al.*, 3:21-cv-00096"; (iii) state the identity and number of Clover securities that the person or entity requesting exclusion purchased/acquired and sold during the Settlement Class Period, as well as

the dates and prices of each such purchase/acquisition and sale, and the number of securities held at the beginning of the Settlement Class Period; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

15. Any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

16. **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to representatives of both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that

9

it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

17. Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses or any application for an award to the Plaintiffs and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

|  **Lead Counsel**  |  **Defendants' Counsel**  |
| :---: | :---: |
| Pomerantz LLP | Bass Berry & Sims PLC |
| Brian Calandra | Britt K. Latham |
| 600 Third Avenue, 20th Floor | 150 Third Avenue South, Suite 2800 |
| New York, NY 10016 | Nashville, TN 37201 |
|  | Tel.: (615) 742-6200 |
|  |  |
|  | Milbank LLP |
|  | Scott A. Edelman |
|  | Jed M. Schwartz |
|  | 55 Hudson Yards |
|  | New York, NY 10001 |
|  | Tel.: 212-530-5000 |

10

18.     Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the identity and number of Clover securities that the objecting Settlement Class Member purchased/acquired and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of securities held at the beginning of the Settlement Class Period.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.     Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses or any application for an award to the Plaintiffs and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

11

20.    **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.    Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.  For the avoidance of doubt, this does not apply to any shareholder derivative action already pending as of the date hereof.

21.    **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.  Notwithstanding the foregoing, prior to the Effective Date, such Notice and Administration Costs paid shall not exceed $1,000,000 without further approval of the Court.

22.    **Payment of the Settlement Fund** – On or before thirty (30) calendar days after the later of: (i) entry of this Order, and (ii) the Escrow Agent providing Defendants' Counsel with: (a) a W-9 for the Escrow Account; (b) a completed wire transfer, ACH transfer, or similar anti-fraud payment request form signed by an authorized representative of the Escrow Account; and (c) all required wire and check funding instructions and information including payee name, telephone and e-mail contact information, and a physical address for the Escrow Agent, Clover shall cause twenty-two million United States Dollars ($22,000,000) in cash to be paid into the Escrow Account pursuant to ¶ 11 of the Stipulation.

23.    The contents of the Settlement Fund held by The Huntington National Bank, for which The Huntington National Bank will serve as the Escrow Agent, shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the

12

Court, until such time as they shall be distributed pursuant to the Stipulation or further order(s) of the Court.

24. **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of April 21, 2023, as provided in the Stipulation.

26. **Use of this Order** – Neither this Order nor the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Supplemental Agreement, and the documents prepared to effectuate the Settlement (including but not limited to the "Term Sheet" the Parties entered into during their mediation), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation, or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall (i) be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to, (aa) the truth of any fact alleged by Plaintiffs; (bb)

13

the validity of any claim that was or could have been asserted in the Action or in any other litigation; (cc) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; or (dd) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees; or (ii) in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be (i) offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees (aa) that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or (bb) with respect to any liability, negligence, fault, or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

14

27.    **Supporting Papers** – Lead Counsel shall file the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and Plaintiffs and Lead Counsel are authorized to file reply papers, which shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

28.    **CAFA Notice** – Defendants shall, no later than ten (10) business days following the filing of the Stipulation with the Court, serve upon the appropriate state and federal officials a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  At least fourteen (14) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

29.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2023.


_____
The Honorable Aleta A. Trauger
United States District Judge

15

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| TIMOTHY BOND, | ) |
| Lead Plaintiff | ) |
| and | ) |
| JEAN-NICOLAS TREMBLAY | ) Case No. 3:21-cv-00096 |
| Named Plaintiff, | ) Judge Aleta A. Trauger |
| individually and on behalf of all others similarly situated, | ) |
| v. | ) |
| CLOVER HEALTH INVESTMENTS, CORP. f/k/a SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. III, VIVEK GARIPALLI, ANDREW TOY, JOE WAGNER and CHAMATH PALIHAPITIYA, | ) |
| Defendants. | ) |

**NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT OF CLASS ACTION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

***A Federal Court authorized this Notice. This is not a solicitation from a lawyer.***

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Middle District of Tennessee (the "Court"), if, during the period from October 6, 2020 to February 3, 2021, both dates inclusive (the "Settlement Class Period"), you purchased or

otherwise acquired Clover Health Investments, Corp. f/k/a Social Capital Hedosophia Holdings Corp. III ("Clover") common stock or warrants.[1]

NOTICE OF SETTLEMENT:  Please also be advised that the Court-appointed Lead Plaintiff, Firas Jabri ("Jabri"), and Named Plaintiff Jean-Nicolas Tremblay ("Tremblay," and collectively, with Jabri, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in paragraph 18 below), have reached a proposed settlement of the Action for $22,000,000.00 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Clover, any other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (see paragraph 88 below).**

1. **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Clover, Vivek Garipalli, Andrew Toy, Joseph Wagner and Chamath Palihapitiya (collectively, the "Individual Defendants," and, together with Clover, "Defendants," and together with Plaintiffs, the "Settling Parties") violated the federal securities laws by making false and misleading statements related to (i) legal or regulatory violations; (ii) regulatory investigations into those violations; (iii) the sources of Clover's growth; (iv) use of Clover's proprietary software by healthcare providers during patient visits; (v) compliance with generally accepted accounting principles ("GAAP"); and (vi) compliance with the United States' Securities and Exchange Commission's ("SEC") Regulation S-K.  A more detailed description of the Action is set forth in paragraphs 11-17 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 18 below.

2. **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $22,000,000.00 in cash (the "Settlement Amount") to be deposited into an interest-bearing escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth in paragraphs 46-72 below.

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement (the "Stipulation"), which is available at www.cloverhealthsecuritieslitigation.com.

2

3.    **Estimate of Average Amount of Recovery Per Security:**  Based on Plaintiffs' damages expert's estimate of the number of Clover securities purchased during the Settlement Class Period that may have been affected by the alleged conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per allegedly damaged security is $0.22.  Settlement Class Members should note, however, that the foregoing average recovery per security is only an estimate.  Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Clover securities, and the total number and recognized loss amount of valid Claim Forms submitted.  Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (see paragraphs 46-72 below) or such other plan of allocation as may be ordered by the Court.

4.    **Average Amount of Alleged Damages Per Security:**  The Parties do not agree on the average amount of alleged damages per security that would be recoverable if Plaintiffs were to prevail in the Action.  Among other things, Defendants deny the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.    **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.  Court-appointed Lead Counsel Pomerantz LLP will apply to the Court for an award of attorneys' fees in an amount not to exceed 25% (*i.e.*, one-quarter) of the Settlement Fund.  In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $500,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  The estimate of the average cost per allegedly damaged Clover security, if the Court approves Lead Counsel's fee and expense application, is $0.06. In addition, Lead Counsel may apply for awards to Plaintiffs in connection with their representation of the Settlement Class in an amount not to exceed $100,000, combined.

6.    **Identification of Attorneys' Representatives:**  Plaintiffs and the Settlement Class are represented by Jeremy A. Lieberman (jalieberman@pomlaw.com) and Brian Calandra (bcalandra@pomlaw.com) of Pomerantz LLP ("Pomerantz"), 600 Third Avenue, 20th Floor, New York, NY, 10016; as well as Brian Schall (brian@schallfirm.com) of The Schall Law Firm ("Schall"), 2049 Century Park East, Suite 2460, Los Angeles, CA 90067, Corey D. Holzer (cholzer@holzerlaw.com) of Holzer & Holzer, LLC ("Holzer"), 211 Perimeter Center Parkway, Suite 1010, Atlanta, GA 30346, and PK Bramlett (pknashlaw@aol.com) of Bramlett Law Offices, 40 Burton Hills Blvd., Suite 200, Nashville, TN 37215.

7.    **Reasons for the Settlement:**  Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement

must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after further contested motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

Before agreeing to the Settlement, Lead Counsel conducted extensive investigation and research into the merits of the Action. This investigation included consultation with experts concerning the amount of damages allegedly suffered by the Class; detailed review of Clover's public filings, including SEC filings, press releases, and other public statements; locating and interviewing fact witnesses; collecting documents from Defendants; and researching the applicable law with respect to the claims asserted in the complaint filed in this Action and the potential defenses thereto.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 202_.** | This is the only way to be potentially eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in paragraph 27 below) that you have against Defendants and the other Defendants' Releasees (defined in paragraph 28 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 202_.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 202_.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **ATTEND A HEARING ON _____, 202_ AT ___:___ .M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 202_.** | Filing a written objection and notice of intention to appear by _____, 202_, allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice?                                                    Page __
What Is This Case About?                                                      Page __
How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Settlement Class?                          Page __
What Are Plaintiffs' Reasons For The Settlement?                             Page __
What Might Happen If There Were No Settlement?                              Page __
How Are Settlement Class Members Affected By The Action
   And The Settlement?                                                   Page __
How Do I Participate In The Settlement?  What Do I Need To Do?              Page __
How Much Will My Payment Be?                                                Page __
What Payment Are The Attorneys For The Settlement Class Seeking?
  How Will The Lawyers Be Paid?                                            Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
    How Do I Exclude Myself?                                          Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
   Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
   Don't Like The Settlement?                                             Page __
What If I Bought Clover Securities On Someone Else's Behalf?                Page __
Can I See The Court File?  Whom Should I Contact If I Have Questions?       Page __

| WHY DID I GET THIS NOTICE? |
|---|

8.      The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Clover securities during the Settlement Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.      The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and any motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, and a compensatory award to Plaintiffs (the "Settlement Hearing").  See paragraph 79 below for details about the Settlement Hearing, including the date and location of the hearing.

10.   The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.   On February 5, 2021, Timothy Bond commenced this Action in the United States District Court for the Middle District of Tennessee, styled Timothy Bond v. Clover Health Investments, Corp., et al., Case No. 3:21-cv-00096.

12.   By Order dated April 23, 2021, Jabri was appointed Lead Plaintiff in the Action and Pomerantz LLP ("Pomerantz") was appointed Lead Counsel for the putative class.

13.   On June 28, 2021, Plaintiffs filed their First Amended Class Action Complaint (the "Complaint"), on behalf of the Settlement Class, asserting claims against Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.  The Complaint alleges, among other things, that during the Settlement Class Period (as defined below), Defendants made false and misleading statements related to (i) legal or regulatory violations; (ii) regulatory investigations into those violations; (iii) the sources of Clover's growth; (iv) use of Clover's proprietary software by healthcare providers during patient visits; (v) compliance with GAAP; and (vi) compliance with the SEC Regulation S-K.  The Complaint further alleges that the prices of Clover securities were artificially inflated as a result of Defendants' false and misleading statements, and that the price of Clover securities declined when the truth regarding Defendants' alleged misrepresentations was revealed.  Defendants denied all of the allegations, and moved to dismiss the Complaint.  By Order dated February 28, 2022, the Court denied Defendants' motion to dismiss in full.  For the next four months, the Parties engaged in extensive negotiation and litigation regarding document discovery; the service of and response to requests for production; and extensive document review.  Defendants produced documents to Plaintiffs and Plaintiffs produced documents to Defendants.  On July 1, 2022, Plaintiffs filed a motion in support of class certification.  On September 30, 2022, Defendants filed a brief opposing class certification.  On October 31, 2022, Plaintiffs filed a reply brief in further support of class certification.

14.   Plaintiffs and Defendants participated in mediation sessions in July and August 2022, before nationally recognized mediator Jed D. Melnick, Esq. and continued negotiations with Mr. Melnick's assistance thereafter. As a result of the mediation, the Parties reached an agreement in principle to settle the Action for a cash payment of $22,000,000.00 for the benefit of the Settlement Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

15.   Based on their investigation, discovery, prosecution and mediation of the case, Plaintiffs and Lead Counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable and adequate to Plaintiffs and the other members of the Settlement Class, and in their best interests.  Based on Plaintiffs' oversight of the prosecution of this matter and with the advice

7

of their counsel, each of the Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; (b) the significant risks and costs of continued litigation and trial; and (c) the desirability of permitting the proposed Settlement to be consummated as provided by the terms of the Stipulation.

16.    The Stipulation and the Settlement constitute a compromise of matters that are in dispute among the Parties.  Defendants have entered into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing, and the Settlement and Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. The Stipulation and the Settlement also shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiffs of an infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

17.    On _____, 2023, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider, among other things, whether to grant final approval to the Settlement.

---

### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

---

18.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you file a timely and valid request to be excluded.  The Settlement Class consists of:

all persons or entities who purchased or otherwise acquired Clover securities (including Clover warrants) between October 6, 2020 and February 3, 2021, both dates inclusive.[2]

---

[2] On January 7, 2021, the merger between Clover Health Investments, Corp. and Social Capital Hedosophia Holdings Corp. III ("SCH") was consummated (the "Merger").  Prior to the Merger, SCH's Class A ordinary shares, public warrants, and units were listed on the New York Stock Exchange ("NYSE") under the ticker symbols "IPOC," "IPOC.WS," and "IPOC.U," respectively. Each SCH warrant entitled the holder thereof to purchase one SCH Class A ordinary share at a price of $11.50 per share.  Each SCH unit ("SCH Unit") consisted of one Class A ordinary share and one-third of one public warrant.  As a result of and upon the effective time of the Merger: (1) each of the then issued and outstanding SCH Class A ordinary shares automatically converted, on a one-for-one basis, into a share of Clover Class A common stock; (2) each of the then issued and outstanding SCH Class B ordinary shares automatically converted, on a one-for-one basis, into a share of Clover Class A common stock; (3) each then issued and outstanding SCH warrant automatically converted into a Clover warrant; and (4) each of the then issued and outstanding

Excluded from the Class are Clover, the Individual Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are any persons and entities who or which properly exclude themselves by filing a valid and timely request for exclusion that is accepted by the Court. See "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?" on page 19 below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE POTENTIALLY ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 202_.**

| WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
|:---:|

19. Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through further motion practice, trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. Plaintiffs and Lead Counsel recognized that Defendants had numerous avenues of attack that could preclude a recovery. For example, Defendants would assert that their statements were not materially false and misleading, and that even if they were, they did not cause any damage to the Settlement Class. Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statements would be hotly contested. Plaintiffs would have to prevail at several stages – class certification, motions for summary judgment, trial, and if they prevailed on those, on the appeals that would be likely to follow. Thus, there were very significant risks attendant to the continued prosecution of the Action.

20. In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair,

---

SCH Units that had not been previously separated into the underlying SCH Class A ordinary shares and SCH warrants upon the request of the holder thereof, was cancelled, entitling the holder thereof to one share of Clover Class A common stock and one-third of one Clover warrant. The continuing company was renamed "Clover Health Investments, Corp," and the Company's Class A stock and warrants were listed on the NASDAQ Stock Market ("Nasdaq") under the ticker symbols "CLOV and "CLOVW," respectively. The Company did not have publicly traded units followingly the closing of the Merger. Herein, SCH Class A ordinary shares (IPOC), SCH warrants (IPOC.WS), SCH Units (IPOC.U), Clover Class A stock (CLOV) and Clover warrants (CLOVW) are collectively referred to as "Clover Securities." SCH Class A ordinary shares (IPOC) and Clover Class A stock (CLOV) are collectively referred to as "Clover Common Stock." SCH warrants (IPOC.WS) and Clover warrants (CLOWV) are collectively referred to as "Clover Warrants."

reasonable and adequate, and in the best interests of the Settlement Class. Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $22,000,000.00 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller or no recovery after summary judgment, trial and appeals, possibly years in the future.

21. Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, as noted above, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

22. If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

23. As a Settlement Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

24. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?" below.

25. If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

26. If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on

behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, assignees, employees, associates, insurers, co-insurers, reinsurers, spouses, trustees, general or limited partners or partnerships, limited liability companies, members, stockholders, underwriters, personal or legal advisors or representatives, estates, or other individuals or entities in which they have a controlling interest or which is related to or affiliated with them, any members of their immediate families, or any trusts for which any of them are trustees, settlors, or beneficiaries, and the predecessors, successors, administrators and assigns of each of the foregoing, in their capacities as such, and anyone claiming through or on behalf of any of them, regardless of whether they execute and deliver a proof of claim and release and regardless of whether they share in the Settlement Fund, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in paragraph 27 below) against the Defendants' Releasees (as defined in paragraph 28 below), and covenant not to commence, institute, intervene in, participate in, or prosecute, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind or character, whether brought directly, in a representative capacity, derivatively, or in any other capacity.

27. "Released Plaintiffs' Claims" means all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities, whether known claims or Unknown Claims, contingent or non-contingent, or suspected or unsuspected, whether foreign or domestic, whether arising under federal, state, common, or foreign law, rules, or regulations, that have been asserted, could have been asserted, or could be asserted in the future against Defendants or any other of Defendants' Releasees that (i) arise out of, or relate in any way to, or are based upon, the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the Complaint or in any of the prior complaints in this Action and (ii) in any way are based upon or related to, directly or indirectly, the purchase or sale or other acquisition or disposition, or holding, of Clover securities during the Settlement Class Period. Released Plaintiffs' Claims do not include (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

28. "Defendants' Releasees" means Defendants and any and all of their related parties in any forum, including, without limitation, any and all of their current or former parents, subsidiaries, affiliates, predecessors, successors, divisions, investment funds, joint ventures, and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, underwriters, insurers in their capacities as such, as well as each of the Individual Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns.

29. "Unknown Claims" means any Released Plaintiffs' Claims which Plaintiffs, any other Settlement Class Member, or any other Plaintiffs' Releasee (as defined in paragraph 32 below) does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims (as defined in paragraph 31 below) which any Defendant or

11

any other Defendants' Releasee does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Plaintiffs' Releasees and Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Plaintiffs' Releasees and Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

30. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in paragraph 31 below) against any of the Plaintiffs' Releasees (as defined in paragraph 32 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

31. "Released Defendants' Claims" means all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities, whether known claims or Unknown Claims, contingent or non-contingent, or suspected or unsuspected, whether foreign or domestic, whether arising under federal, state, common, or foreign law, rules, or regulations, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants in the Action. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court, and further does not include claims or causes of action of a Defendant (including their affiliates) against any of their current or former employees, agents, or consultants arising out of any breach of an obligation, contractual or otherwise, owed to any of the Defendants (or their affiliates).

32. "Plaintiffs' Releasees" means (i) Plaintiffs, all members of the Settlement Class, Lead Counsel and all other counsel for Plaintiffs, (ii) each of their respective immediate family members (for individuals) and each of their direct or indirect parent entities, subsidiaries, related entities, and affiliates, any trust of which any Settlement Class Member is the settler or which is for the benefit of any Settlement Class Member and/or member(s) of his or her immediate family, and

(iii) for any of the entities listed in parts (i) or (ii), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managing directors, employees, contractors, consultants, auditors, accountants, financial advisors, investment bankers, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, and any controlling person thereof, in their capacities as such, and any entity in which a Settlement Class Member has a controlling interest. Plaintiffs' Releasees do not include any persons and entities who or which exclude themselves by submitting a request for exclusion from the Settlement Class that is accepted by the Court.

33.    The Judgment will also provide that, upon the Effective Date, to the extent allowed by law, the Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Settlement Class Member against any of the Defendants' Releasees with respect to any Released Plaintiffs' Claim, or brought by a Defendant against any of the Plaintiffs' Releasees with respect to any Released Defendants' Claim.

34.    The Judgment shall, among other things, provide for the dismissal with prejudice of the Action against the Defendants, without costs to any Party, except for the payments expressly provided for in the Stipulation.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

35.    To be potentially eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation postmarked no later than _____, 202_.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.cloverhealthsecuritieslitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-800-877-381-0387.  Please retain all records of your ownership of and transactions in Clover securities, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

36.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

37.    Pursuant to the Settlement, Defendants have agreed pay twenty-two million dollars ($22,000,000.00) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes (including any interest or penalties thereon) on any income earned by the Settlement Fund, the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants), and all taxes imposed on payments by the Settlement Fund, including withholding taxes; (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement

13

on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

38.     The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

39.     Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

40.     Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

41.     Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before _____, 202_, shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in paragraph 27 above) against the Defendants' Releasees (as defined in paragraph 28 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

42.     Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Clover securities held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those Clover securities that they purchased or acquired outside of the ERISA Plan.

43.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

44.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

45.     Only Settlement Class Members will be potentially eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

### PROPOSED PLAN OF ALLOCATION

46.     The objective of this Plan of Allocation is to determine an equitable distribution of the Net Settlement Fund to all Class Members who have suffered economic losses stemming from the alleged violations of federal securities laws. Calculations pursuant to the Plan of Allocation are

meant to be estimates or indications of neither the maximum amount Class members may have been able to recover following a trial, nor the amounts that will be paid to Authorized Claimants pursuant to the Settlement Agreement. Rather, any computations under the Plan of Allocation have been conducted for the sole purpose of making *pro rata* allocations of the Net Settlement Fund by determining the relative weight of each Claimant's claim in this matter.

47.     Plaintiffs' damages expert worked in conjunction with Lead Counsel to estimate the amount of artificial inflation in the daily prices of (a) Clover Common Stock, and (b) Clover Warrants, which Plaintiffs allege were inflated by Defendants' alleged materially false and misleading statements and omissions.

48.     Under federal securities laws, losses can be represented as compensable only if the disclosure of the allegedly misrepresented or omitted information is the cause of changes in the prices of the relevant securities. Lead Plaintiffs have alleged that over the course of the Settlement Class Period, Defendants omitted material facts and issued false statements that lead to Plaintiffs purchasing Clover Securities at artificially inflated prices. Lead Plaintiffs further allege that information was disclosed on February 4, 2021 that corrected the allegedly misrepresented or omitted information, thereby causing a statistically significant decline in the prices of the Clover Securities that removed the alleged artificial inflation.

49.     In order to calculate the estimated alleged artificial inflation caused by Defendants' alleged materially false and misleading statements and omissions, Plaintiffs' damages expert evaluated price changes in the Clover Securities in reaction to the aforementioned corrective disclosure on February 4, 2021, that allegedly revealed the truth concerning Defendants' alleged misrepresentations and omissions. The alleged artificial inflation was estimated under a common methodology based on case-specific assumptions provided by Lead Counsel and in a manner that was independent of market and industry trends during the Settlement Class Period. The estimated alleged artificial inflation for Clover Common Stock can be found in **Table 1a** below. The estimated artificial inflation for Clover's Warrants can be found in **Table 1b** below.

50.     The "Recognized Loss Amount" and recovery for each Claimant is based on the number and value of claims submitted and the timing of the purchase and sale of any Clover Securities by that Claimant. Specifically, the Recognized Loss Amount for each Claimant is primarily estimated as the difference between the amount of alleged artificial inflation in the price of a Clover Security on that Claimant's purchase date and the amount of alleged artificial inflation in the price of a Clover Security on that Claimant's sale date. Therefore, in order to have a Recognized Loss Amount under this Plan of Allocation, a Claimant who purchased or otherwise acquired one of the Clover Securities during the Settlement Class Period must have held that security over the sole date on which alleged corrective information was released to the market, thus removing all of the alleged artificial inflation from the price of that security.

51.     An SCH Unit purchased during the Settlement Class Period that was subsequently separated into its underlying component securities (*i.e.*, separated into one share of Clover Common Stock and one-third of a Clover Warrant) at the request of the holder thereof or automatically in the Merger, shall be treated as a purchase of such underlying securities on the

date of separation. The purchase price of each underlying security received by the holder of the SCH Unit shall be the closing price of the underlying security on the date of separation.[3, 4]

52. The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss Amounts. The limitations on the calculation of the Recognized Loss Amounts imposed by the PSLRA are applied such that losses on Clover Securities purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for the security and the average price of the security during the 90-Day Lookback Period. The Recognized Loss on Clover Securities purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid the security and the rolling average price of the security during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

## Calculation of Recognized Loss Amounts

53. A Claimant's "Recognized Claim" will be equated to the sum of that Claimant's Recognized Loss Amounts, which will be calculated according to the relevant formulas in the following sections. The *pro rata* share of the Net Settlement Fund will then be calculated for each Authorized Claimant as the Claimant's Recognized Claim divided by the sum of all Authorized Claimants' Recognized Claim multiplied by the total amount of the Net Settlement Fund.

54. In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. Any transaction in a Clover Security executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

### Clover Common Stock

55. A Recognized Loss Amount will be calculated based on the formula below for each purchase or other type of acquisition of Clover Common Stock during the Settlement Class Period. In order to be eligible as an Authorized Claimant under this Plan of Allocation, adequate documentation must be provided confirming all transactions. Recognized Loss Amounts are floored at zero, meaning any Recognized Loss Amount that is calculated as negative under the formula below will be equal to zero.

---

[3] SCH Units purchased prior to the Settlement Class Period that were subsequently separated into their underlying component securities during the Settlement Class Period are not eligible for a recovery from the Settlement.

[4] The automatic conversion of: (1) SCH Class A ordinary shares into shares of Clover Class A common stock; (2) SCH Class B ordinary shares into shares of Clover Class A common stock; and (3) SCH warrants into Clover warrants, that occurred in connection with the Merger will not be treated as a new purchase or acquisition of Clover Common Stock or Warrants. Furthermore, Clover Common Stock acquired pursuant to Subscription Agreements as part of the Company's PIPE financing are not eligible for a recovery from the Settlement.

16

56.     For each share of Clover Common Stock that was purchased or otherwise acquired during the period October 6, 2020 through February 3, 2021, both dates inclusive, and:

i)      sold before the close of trading on February 3, 2021, the Recognized Loss Amount will be $0.00.

ii)     sold during the period February 4, 2021 through May 4, 2021, both dates inclusive, the Recognized Loss Amount will be ***the least of:*** (i) the amount of artificial inflation per share on the date of purchase or acquisition as stated in **Table 1a**; (ii) the price of purchase or acquisition minus the average closing price of Clover Common Stock between February 4, 2021 and the date of sale as detailed in **Table 2a**; or (iii) the price of purchase or acquisition minus the price of sale.

iii)    held as of the close of trading on May 4, 2021, the Recognized Loss Amount will be ***the lesser of:*** (i) the amount of artificial inflation per share on the date of purchase or acquisition as stated in **Table 1a**; or (ii) the price of purchase or acquisition minus $9.20.

### Clover Warrants

57.     A Recognized Loss Amount will be calculated based on the formula below for each purchase or other type of acquisition of Clover Warrants during the Settlement Class Period. In order to be eligible as an Authorized Claimant under this Plan of Allocation, adequate documentation must be provided confirming all transactions. Recognized Loss Amounts are floored at zero, meaning any Recognized Loss Amount that is calculated as negative under the formula below will be equal to zero.

58.     For each Clover Warrant that was purchased or otherwise acquired during the period October 6, 2020 through February 3, 2021, both dates inclusive, and:

i)      sold or exercised before close of trading on February 3, 2021, the Recognized Loss Amount will be $0.00.

ii)     sold or exercised during the period February 4, 2021 through May 4, 2021, both dates inclusive, the Recognized Loss Amount will be ***the least of:*** (i) the amount of artificial inflation per warrant on the date of purchase or acquisition as stated in **Table 1b**; (ii) the price of purchase or acquisition minus the average closing price of Clover Warrants between February 4, 2021 and the date of sale/exercise as detailed in **Table 2b**; or (iii) the price of purchase or acquisition minus the price of sale, if sold, or the closing price of the Clover Warrants on the date of exercise, if exercised.

iii)    held as of the close of trading on May 4, 2021, the Recognized Loss Amount will be ***the lesser of:*** (i) the amount of artificial inflation per warrant on the date of purchase or acquisition as stated in **Table 1b**; or (ii) the price of purchase or acquisition minus $2.39.

**Table 1a**

**Clover Common Stock – Estimated Artificial Inflation Per Share**
**(October 6, 2020 – February 4, 2021, inclusive)**

| Security | Purchase/Sale Date Range | Artificial Inflation per Share |
|---|---|---|
| Clover Common Stock | Oct 6, 2020 - Feb 3, 2021 | $2.19 |
| | Feb 4, 2021 - Present | $0.00 |

**Table 1b**

**Clover Warrants – Estimated Artificial Inflation Per Warrant**
**(October 6, 2020 – February 4, 2021, inclusive)**

| Security | Purchase/Sale Date Range | Artificial Inflation per Warrant |
|---|---|---|
| Clover Warrants | Oct 6, 2020 - Feb 3, 2021 | $0.37 |
| | Feb 4, 2021 - Present | $0.00 |

**Table 2a**

**Clover Common Stock – 90-Day Lookback Table**
**(Average Closing Price: February 4, 2021 – May 4, 2021, inclusive)**

| Table 2 90-Day Lookback Value | | | | | |
|---|---|---|---|---|---|
| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
| Feb 04, 2021 | $12.23 | Mar 08, 2021 | $10.58 | Apr 07, 2021 | $9.35 |
| Feb 05, 2021 | $12.58 | Mar 09, 2021 | $10.48 | Apr 08, 2021 | $9.34 |
| Feb 08, 2021 | $12.51 | Mar 10, 2021 | $10.38 | Apr 09, 2021 | $9.31 |
| Feb 09, 2021 | $12.67 | Mar 11, 2021 | $10.31 | Apr 12, 2021 | $9.28 |
| Feb 10, 2021 | $12.64 | Mar 12, 2021 | $10.25 | Apr 13, 2021 | $9.25 |
| Feb 11, 2021 | $12.53 | Mar 15, 2021 | $10.20 | Apr 14, 2021 | $9.21 |
| Feb 12, 2021 | $12.47 | Mar 16, 2021 | $10.15 | Apr 15, 2021 | $9.17 |
| Feb 16, 2021 | $12.35 | Mar 17, 2021 | $10.10 | Apr 16, 2021 | $9.16 |
| Feb 17, 2021 | $12.23 | Mar 18, 2021 | $10.04 | Apr 19, 2021 | $9.17 |
| Feb 18, 2021 | $12.09 | Mar 19, 2021 | $9.99 | Apr 20, 2021 | $9.16 |
| Feb 19, 2021 | $11.99 | Mar 22, 2021 | $9.96 | Apr 21, 2021 | $9.16 |
| Feb 22, 2021 | $11.92 | Mar 23, 2021 | $9.91 | Apr 22, 2021 | $9.15 |
| Feb 23, 2021 | $11.78 | Mar 24, 2021 | $9.84 | Apr 23, 2021 | $9.14 |
| Feb 24, 2021 | $11.68 | Mar 25, 2021 | $9.78 | Apr 26, 2021 | $9.14 |
| Feb 25, 2021 | $11.54 | Mar 26, 2021 | $9.72 | Apr 27, 2021 | $9.14 |
| Feb 26, 2021 | $11.41 | Mar 29, 2021 | $9.66 | Apr 28, 2021 | $9.17 |
| Mar 01, 2021 | $11.35 | Mar 30, 2021 | $9.59 | Apr 29, 2021 | $9.19 |
| Mar 02, 2021 | $11.22 | Mar 31, 2021 | $9.54 | Apr 30, 2021 | $9.20 |
| Mar 03, 2021 | $11.07 | Apr 01, 2021 | $9.49 | May 03, 2021 | $9.20 |
| Mar 04, 2021 | $10.88 | Apr 05, 2021 | $9.44 | May 04, 2021 | $9.20 |
| Mar 05, 2021 | $10.73 | Apr 06, 2021 | $9.39 | N/A | N/A |

**Table 2b**

### Clover Warrants – 90-Day Lookback Table
### (Average Closing Price: February 4, 2021 – May 4, 2021, inclusive)

| Table 2 90-Day Lookback Value | | | | | |
|---|---|---|---|---|---|
| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
| Feb 04, 2021 | $3.39 | Mar 08, 2021 | $2.89 | Apr 07, 2021 | $2.35 |
| Feb 05, 2021 | $3.42 | Mar 09, 2021 | $2.85 | Apr 08, 2021 | $2.35 |
| Feb 08, 2021 | $3.42 | Mar 10, 2021 | $2.82 | Apr 09, 2021 | $2.34 |
| Feb 09, 2021 | $3.45 | Mar 11, 2021 | $2.79 | Apr 12, 2021 | $2.33 |
| Feb 10, 2021 | $3.44 | Mar 12, 2021 | $2.77 | Apr 13, 2021 | $2.31 |
| Feb 11, 2021 | $3.42 | Mar 15, 2021 | $2.74 | Apr 14, 2021 | $2.31 |
| Feb 12, 2021 | $3.41 | Mar 16, 2021 | $2.72 | Apr 15, 2021 | $2.30 |
| Feb 16, 2021 | $3.39 | Mar 17, 2021 | $2.69 | Apr 16, 2021 | $2.30 |
| Feb 17, 2021 | $3.36 | Mar 18, 2021 | $2.67 | Apr 19, 2021 | $2.31 |
| Feb 18, 2021 | $3.32 | Mar 19, 2021 | $2.64 | Apr 20, 2021 | $2.31 |
| Feb 19, 2021 | $3.31 | Mar 22, 2021 | $2.62 | Apr 21, 2021 | $2.31 |
| Feb 22, 2021 | $3.31 | Mar 23, 2021 | $2.59 | Apr 22, 2021 | $2.31 |
| Feb 23, 2021 | $3.28 | Mar 24, 2021 | $2.56 | Apr 23, 2021 | $2.31 |
| Feb 24, 2021 | $3.26 | Mar 25, 2021 | $2.53 | Apr 26, 2021 | $2.32 |
| Feb 25, 2021 | $3.22 | Mar 26, 2021 | $2.51 | Apr 27, 2021 | $2.33 |
| Feb 26, 2021 | $3.18 | Mar 29, 2021 | $2.48 | Apr 28, 2021 | $2.35 |
| Mar 01, 2021 | $3.16 | Mar 30, 2021 | $2.45 | Apr 29, 2021 | $2.36 |
| Mar 02, 2021 | $3.12 | Mar 31, 2021 | $2.43 | Apr 30, 2021 | $2.37 |
| Mar 03, 2021 | $3.05 | Apr 01, 2021 | $2.41 | May 03, 2021 | $2.38 |
| Mar 04, 2021 | $2.98 | Apr 05, 2021 | $2.39 | May 04, 2021 | $2.39 |
| Mar 05, 2021 | $2.94 | Apr 06, 2021 | $2.37 | N/A | N/A |

## <u>INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS</u>

59.  The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the total number and Recognized Loss Amount of valid Claim Forms submitted. The number of claimants who send in claims varies widely from case to case.

60.  In order to submit a valid claim, you will need to show that you engaged in transactions in Clover Securities. You may do this by demonstrating that you transacted in Clover Common Stock that traded under the ticker symbols "CLOV" or "IPOC"; Clover Warrants, which traded under the ticker symbols "CLOVW" or "IPOC.WS"; or SCH Units that traded under the ticker symbol "IPOC.U."

61.  A purchase or sale of Clover Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

62.     Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired Clover Securities during the Settlement Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer.   To the extent that Clover Securities were originally purchased prior to commencement of the Settlement Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

63.     Notwithstanding any of the above, receipt of Clover Securities during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Clover Securities.

64.     The first-in-first-out ("FIFO") basis will be applied to purchases and sales.  Sales will be matched in chronological order, by trade date, first against Clover Securities held as of the close of trading on October 5, 2020 (the last trading day before the Settlement Class Period begins) and then against the purchases of like Clover Securities during the Settlement Class Period.

65.     The date of covering a "short sale" is deemed to be the date of purchase of shares.  The date of a "short sale" is deemed to be the date of sale of shares.  In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero.  In the event that a claimant has an opening short position in Clover Securities, the earliest Settlement Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

66.     Option contracts are not securities eligible to participate in the Settlement. With respect to Clover Common Stock purchased through the exercise of a call or put option,[5] the purchase date of Clover Common Stock shall be the exercise date of the option and the purchase price shall be the exercise price of the option.  Any Recognized Loss arising from purchases of Clover Common Stock acquired during the Settlement Class Period through the exercise of an option on Clover Common Stock shall be computed as provided for other purchases of Clover Common Stock in the Plan of Allocation. The submission of Claims for such purchases of Clover Common Stock acquired during the Settlement Class Period through the exercise of an option on Clover Common Stock shall otherwise be subject to the same requirements described in this Notice and the Plan of Allocation for submitting a Claim for other purchases of Clover Common Stock.

67.     With respect to Clover Common Stock purchased through the exercise of a Clover Warrant, the purchase date of the stock shall be the exercise date of the Warrant, and the purchase price of the stock shall be $11.50.  Any Recognized Loss Amount arising from purchases of Clover Common Stock acquired during the Settlement Class Period through the exercise of a Clover Warrant shall be computed as provided for other purchases of Clover Common Stock in the Plan of Allocation.

68.     Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants.  A Claimant's "Recognized Claim" under the Plan of Allocation shall be

---

[5] Including (1) purchases of Clover Common Stock as the result of the exercise of a call option, and (2) purchases of Clover Common Stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

the sum of his, her or its Recognized Loss amounts. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

69. Settlement Class Members who do not submit an acceptable Claim Form will not share in the Settlement proceeds. The Stipulation and the Judgment dismissing this Action will nevertheless bind Settlement Class Members who do not submit a request for exclusion or submit an acceptable Proof of Claim.

70. Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

71. Defendants, their respective counsel, and all other Releasees will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Plaintiff and Lead Counsel likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

72. Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (i) first, to pay any amounts mistakenly omitted from the initial disbursement; (ii) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If such second distribution is not economically feasible, the remainder of the settlement fund will be donated to a non-profit selected by Plaintiffs.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

73. Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an

amount not to exceed 25% (*i.e.*, one-quarter) of the Settlement Fund.[6]  At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $500,000, which may include an application for reimbursement of the reasonable lost wages, costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  In addition, Lead Counsel may apply for awards to Plaintiffs in connection with their representation of the Settlement Class in an amount not to exceed $100,000, combined. Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

### WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

74.  Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion from the Settlement Class, addressed to Clover Health Securities Litigation, ATTN: EXCLUSIONS, c/o JND Legal Administration, PO Box 91462, Seattle, WA 98111.  The exclusion request must be received no later than _____, 202_.  You will not be able to exclude yourself from the Settlement Class after that date.  Each request for exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Bond v. Clover Health Investments, Corp., et al.,* No. 21-cv-00096"; (c) state the number of Clover securities that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of Clover securities held at the beginning of the Settlement Class Period; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

75.  If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

76.  If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

77.  Clover has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds

---

[6] The attorney fee application will be made collectively on behalf of Pomerantz, Schall, and Holzer. Any attorneys' fees awarded by the Court will be divided pursuant to fee sharing agreements as follows: Pomerantz (75%); Schall (20%), and Holzer (5%), in accordance with each firm's level of contribution to the Action.

an amount agreed to by Plaintiffs and Clover, as set forth in a confidential Supplemental Agreement.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

78.    Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing.

79.    The Settlement Hearing will be held on _____, 202_ at __:__ _.m., before the Honorable Aleta Trauger at the United States District Court for the Middle District of Tennessee, Courtroom 6C, Fred D. Thompson U.S. Courthouse and Federal Building, 719 Church Street, Suite 1300, Nashville, TN 37203, or by telephonic, video conferencing or other electronic means, as posted on the website of the Claims Administrator. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, an award to Plaintiffs and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

80.    Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must also serve the papers on the Lead Counsel representative and on the Defendants' Counsel representative at the addresses set forth below so that the papers are received on or before _____, 202_.

| Clerk's Office | Lead Counsel Representatives | Defendants' Counsel Representative |
|---|---|---|
| U.S. District Court, Middle District of Tennessee Aleta A. Trauger Fred D. Thompson U.S. Courthouse and Federal Building 719 Church Street Suite 1300 Nashville, TN 37203 | Pomerantz LLP Attn: Brian Calandra 600 Third Avenue, 20th Floor, New York, NY 10016 | Milbank LLP Attn: Scott A. Edelman and Jed Schwartz 55 Hudson Yards New York, NY 10001 Telephone: (212) 530-5000 Email: sedelman@milbank.com and jschwartz@milbank.com |

81.    Any objection (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including

23

the identity and number of Clover securities that the objecting Settlement Class Member purchased/acquired and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of securities held at the beginning of the Settlement Class Period.  You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

82.    You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

83.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 80 above so that it is received on or before _____, 202_.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

84.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 80 above so that the notice is received on or before _____, 202_.

85.    The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

86.    Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

## WHAT IF I BOUGHT CLOVER SECURITIES ON SOMEONE ELSE'S BEHALF?

87.    If you purchased or otherwise acquired Clover securities during the Settlement Class Period for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice,

provide a list of the names and addresses of all such beneficial owners to c/o Clover Health Securities Litigation, c/o JND Legal Administration, PO Box 91462, Seattle, WA 98111. If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.cloverhealthsecuritieslitigation.com, or by calling the Claims Administrator toll-free at 1-877-381-0387.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

88.    This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which are available online via the Public Access to Court Electronic Records (PACER) system at https://pacer.uscourts.gov/or will be provided by Lead Counsel upon request. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.cloverhealthsecuritieslitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| Clover Health Securities Litigation | and/or | Brian Calandra |
|---|---|---|
| c/o JND Legal Administration | | POMERANTZ LLP |
| PO Box 91462, | | 600 Third Avenue, 20th Floor, |
| Seattle, WA 98111 | | New York, NY, 10606 |
| info@cloverhealthsecuritieslitigation.com | | (212) 661-1100 |
| | | bcalandra@pomlaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2023

By Order of the Court
United States District Court
Middle District of Tennessee

# PROOF OF CLAIM AND RELEASE FORM

**Deadline for Submission:** _____

If you purchased or otherwise acquired defendant Clover Health Investments, Corp. f/k/a Social Capital Hedosophia Holdings Corp. III ("Clover") securities, including common stock or warrants, during the period October 6, 2020 through February 3, 2021, both dates inclusive (the "Settlement Class Period"), you are a "Settlement Class Member" and you may be entitled to share in the settlement proceeds. (Excluded from the Class are Clover, the Individual Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.)

If you are a Settlement Class Member, you must complete and submit this Claim and Release Form ("Claim Form") in order to be eligible for any Settlement benefits. You can complete and submit the electronic version of this Claim Form by 11:59 p.m. EST on _____ __, 202_ at www.cloverhealthsecuritieslitigation.com.

If you do not complete and submit an electronic version of this Claim Form, you must complete and sign this Claim Form and mail it by first class mail, postmarked no later than _____, 202_, to JND Legal Administration ("JNDLA"), the Claims Administrator, at the following address:

Clover Health Securities Litigation
c/o JND Legal Administration
PO Box 91462
Seattle, WA 98111

Your failure to submit your claim by _____, 202_ will subject your claim to rejection and preclude you from receiving any money in connection with the Settlement of this Action. Do not mail or deliver your claim to the Court or to any of the Parties or their counsel, as any such claim will be deemed not to have been submitted. Submit your claim only to the Claims Administrator. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not share in the Settlement, but you nevertheless will be bound by the Judgment of the Court unless you exclude yourself.

Submission of a Claim Form does not assure that you will share in the proceeds of the Settlement.

## CLAIMANT'S STATEMENT

1.  I (we) purchased or otherwise acquired Clover securities, including common stock or warrants, during the Settlement Class Period. (Do not submit this Claim Form if you did not purchase or otherwise acquire Clover securities during the Settlement Class Period.)

2.  By submitting this Claim Form, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3.  I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Claim Form. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Claim Form.

4.  I (we) have set forth where requested below all relevant information with respect to each purchase or acquisition of Clover common stock during the Settlement Class Period, and each sale, if any, of such securities. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5.  I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase/acquisition and sale of Clover common stock listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.  I (we) understand that the information contained in this Claim Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Loss (as that term is defined in the Notice). In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of

additional information, including, where applicable, information concerning transactions in any derivative securities such as options.)

7. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and final release, relinquishment and discharge by me (us) and my (our) successors and assigns in any capacity (or, if I am (we are) submitting this Claim Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their successors and assigns in any capacity) of each of the "Releasees" of all "Released Claims," as those terms are defined in the Stipulation of Settlement, dated May 19, 2023 ("Stipulation"). I (we) further agree and acknowledge that I (we) and anyone claiming through or on my behalf (or, if I am (we are) submitting this Claim Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her, or them and anyone claiming through or on its, his, her, or their behalf), will be permanently and forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute, in any capacity, any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum asserting the Released Claims against any of the Releasees.

8. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and anyone claiming through or on my behalf (or, if I am (we are) submitting this Claim Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and anyone claiming through or on its, his, her, or their behalf) to permanently refrain from instituting, commencing or prosecuting in any capacity any Released Claims against any of the Releasees.

9. "Releasees" has the meaning laid out in the Stipulation.

10. "Released Claims" has the meaning laid out in the Stipulation.

11. "Unknown Claims" has the meaning laid out in the Stipulation.

12. I (we) acknowledge that I (we) may hereafter discover facts in addition to or different from those which I (we) now know or believe to be true with respect to the subject matter of the Released Claims, but expressly fully, finally and forever settle and release, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

13. I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of claims released pursuant to the Stipulation was separately bargained for and is a material element of the Settlement of which this release is a part.

14. NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with authority to file on behalf of (a) accounts of multiple Settlement Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format.  If you are a Representative Filer, you must contact the Claims Administrator at Clover Health Securities Litigation, c/o JND Legal Administration, PO Box 91462, Seattle, WA 98111 or visit their website at www.cloverhealthsecuritieslitigation.com to obtain the required file layout.  Claims which are not submitted in electronic spreadsheet format and in accordance with the Claims Administrator's instructions may be subject to rejection. All Representative Filers MUST also submit a manually signed Claim Form, as well as proof of authority to file (see Item 2 of the Claimant's Statement), along with the electronic spreadsheet format.  No claims submitted in electronic spreadsheet format will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

15. NOTICE REGARDING ONLINE FILING:  Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.cloverhealthsecuritieslitigation.com.  If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Claim Form has been submitted.  If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at Clover Health Securities Litigation, c/o JND Legal Administration, PO Box 91462, Seattle, WA 98111, by phone on 1-877-381-0387, or via email at info@cloverhealthsecuritieslitigation.com. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

## I. CLAIMANT INFORMATION

| Beneficial Owner Name | | |
|---|---|---|
| | | |
| Address | | |
| | | |
| City | State | ZIP |
| Foreign Province | Foreign Country | |
| Day Phone | Evening Phone | |
| Email | | |
| Account Number | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

## II. SCHEDULE OF TRANSACTIONS IN CLOVER COMMON STOCK

1. State the total number of shares of Clover Common Stock[1] owned at the close of the U.S. financial markets on October 5, 2020, long or short (*if none, enter "0"; if other than zero, must be documented*):

---

[1] On January 7, 2021, the merger between Clover Health Investments, Corp. and Social Capital Hedosophia Holdings Corp. III ("SCH") was consummated (the "Merger"). Prior to the Merger, SCH's Class A ordinary shares, public warrants, and units were listed on the New York Stock Exchange ("NYSE") under the ticker symbols "IPOC," "IPOC.WS," and "IPOC.U," respectively. Each SCH warrant entitled the holder thereof to purchase one SCH Class A ordinary share at a price of $11.50 per share. Each SCH unit ("SCH Unit") consisted of one Class A ordinary share and one-third of one public warrant. As a result of and upon the effective time of the Merger: (1) each of the then issued and outstanding SCH Class A ordinary shares automatically converted, on a one-for-one basis, into a share of Clover Class A common stock; (2) each of the then issued and outstanding SCH Class B ordinary shares automatically converted, on a one-for-one basis, into a share of Clover Class A common stock; (3) each then issued and outstanding SCH warrant automatically converted into a Clover warrant; and (4) each of the then issued and outstanding SCH Units that had not been previously separated into the underlying SCH Class A ordinary shares and SCH warrants upon the request of the holder thereof, was cancelled, entitling the holder thereof to one share of Clover Class A common stock and one-third of one Clover warrant. The continuing company was renamed "Clover Health Investments, Corp," and the Company's Class A stock and warrants were listed on the NASDAQ Stock Market ("Nasdaq") under the ticker symbols "CLOV and "CLOVW," respectively. The Company did not have publicly traded units following the closing of the Merger. Herein, SCH Class A ordinary shares (IPOC), SCH warrants (IPOC.WS), SCH Units (IPOC.U), Clover Class A stock (CLOV) and Clover warrants (CLOVW) are collectively referred to as "Clover

_____

2. Separately list each and every purchase of Clover Common Stock during the period from October 6, 2020 through May 4, 2021, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (*list chronologically*) (MM/DD/YY) | Ticker Symbol (IPOC or CLOV) | Number of Shares Purchased | Price Per Share (*excluding commissions, taxes, and other fees*) | Total Purchase Price (*excluding commissions, taxes, and other fees*) | Was Stock Purchase due to Exercise of Warrant? (Y/N) |
|---|---|---|---|---|---|
| ____/____/____ | | | $ | $ | |
| ____/____/____ | | | $ | $ | |
| ____/____/____ | | | $ | $ | |

3. Separately list the number of share of Clover Common Stock acquired during the period October 6, 2020 through January 7, 2021, both dates inclusive, as the result of the separation of SCH Units into the underlying component securities (*must be documented*):[2]

| Date of Separation of SCH Units (MM/DD/YY) | Ticker Symbol of Shares Acquired (IPOC or CLOV) | Number of Shares Acquired |
|---|---|---|
| | | |
| | | |

4. Separately list each and every sale of Clover Common Stock during the period from October 6, 2020 through May 4, 2021, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (*list chronologically*) (MM/DD/YY) | Ticker Symbol (IPOC or CLOV) | Number of Shares Sold | Price Per Share (*excluding commissions, taxes, and other fees*) | Total Sale Price (*excluding commissions, taxes, and other fees*) |
|---|---|---|---|---|
| ____/____/____ | | | $ | $ |
| ____/____/____ | | | $ | $ |

Securities." SCH Class A ordinary shares (IPOC) and Clover Class A stock (CLOV) are collectively referred to as "Clover Common Stock." SCH warrants (IPOC.WS) and Clover warrants (CLOWV) are collectively referred to as "Clover Warrants."

[2] One SCH Unit consisted of one SCH Class A ordinary share and one-third of one SCH warrant. On January 7, 2021, each of the then issued and outstanding SCH Units that had not been previously separated into the underlying SCH Class A ordinary shares and SCH warrants upon the request of the holder thereof, was cancelled, entitling the holder thereof to one share of Clover Class A common stock and one-third of one Clover warrant.

6

| | | | | |
|---|---|---|---|---|
| ___/___/___ | | | $ | $ |

5.  State the total number of shares of Clover Common Stock owned at the close of the U.S. financial markets on May 4, 2021, long or short (*if none, enter "0"; if other than zero, must be documented*):

                            _____

## III.  SCHEDULE OF TRANSACTIONS IN CLOVER WARRANTS

1.  State the total number of Clover Warrants[3] owned at the close of the U.S. financial markets on October 5, 2020, long or short (*if none, enter "0"; if other than zero, must be documented*):

                            _____

2.  Separately list each and every purchase of Clover Warrants during the period from October 6, 2020 through May 4, 2021, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (*list chronologically*) (MM/DD/YY) | Ticker Symbol (IPOC.WS or CLOVW) | Number of Warrants Purchased | Price Per Warrant (*excluding commissions, taxes, and other fees*) | Total Purchase Price (*excluding commissions, taxes, and other fees*) | Exercised? (Y/N) | Exercise Date (MM/DD/YY) |
|---|---|---|---|---|---|---|
| ___/___/___ | | | $ | $ | | ___/___/___ |
| ___/___/___ | | | $ | $ | | ___/___/___ |
| ___/___/___ | | | $ | $ | | ___/___/___ |

3.  Separately list the number of Clover Warrants acquired during the period October 6, 2020 through January 7, 2021, both dates inclusive, as the result of the separation of SCH Units into the underlying component securities (*must be documented*):

| Date of Separation of SCH Units (MM/DD/YY) | Ticker Symbol of Warrants Acquired (IPOC.WS or CLOV.W) | Number of Warrants Acquired |
|---|---|---|
| | | |
| | | |

---

[3] During the Settlement Class Period, the Clover Warrants were listed under the ticker symbols "IPOC.WS" and "CLOVW."

7

4. Separately list each and every sale of Clover Warrants during the period from October 6, 2020 through May 4, 2021, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (*list chronologically*) (MM/DD/YY) | Ticker Symbol (IPOC.WS or CLOVW) | Number of Warrants Sold | Price Per Warrant (*excluding commissions, taxes, and other fees*) | Total Sale Price (*excluding commissions, taxes, and other fees*) |
|---|---|---|---|---|
| ____/____/____ | | | $ | $ |
| ____/____/____ | | | $ | $ |
| ____/____/____ | | | $ | $ |

5. State the total number of Clover Warrants owned at the close of the U.S. financial markets on May 4, 2021, long or short (*if none, enter "0"; if other than zero, must be documented*):

_____

## IV.    SCHEDULE OF TRANSACTIONS IN SCH UNITS

1. State the total number of SCH Units[4] owned at the close of the U.S. financial markets on October 5, 2020, long or short (*if none, enter "0"; if other than zero, must be documented*):

_____

2. Separately list each and every purchase of SCH Units during the period from October 6, 2020 through January 7, 2021, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (*list chronologically*) (MM/DD/YY) | Number of Units Purchased | Price Per Unit (*excluding commissions, taxes, and other fees*) | Total Purchase Price (*excluding commissions, taxes, and other fees*) | Separated Into Component Securities? (Y/N) | Separation Date (MM/DD/YY) | Number of Shares Received Upon Separation | Number of Warrants Received Upon Separation |
|---|---|---|---|---|---|---|---|
| ____/____/____ | | $ | $ | | ____/____/____ | | |
| ____/____/____ | | $ | $ | | ____/____/____ | | |
| ____/____/____ | | $ | $ | | ____/____/____ | | |

---

[4] During the Settlement Class Period, through January 7, 2021, the SCH Units were listed under the ticker symbol "IPOC.U."

3. Separately list each and every sale of SHC Units during the period from October 6, 2020 through January 7, 2021, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (*list chronologically*) (MM/DD/YY) | Number of Units Sold | Price Per Unit (*excluding commissions, taxes, and other fees*) | Total Sale Price (*excluding commissions, taxes, and other fees*) |
|---|---|---|---|
| ____/____/____ | | $ | $ |
| ____/____/____ | | $ | $ |
| ____/____/____ | | $ | $ |

4. State the total number of SCH Units owned at the close of the U.S. financial markets on January 7, 2021, long or short (*if none, enter "0"; if other than zero, must be documented*): _____

## V. TAXPAYER IDENTIFICATION NUMBER

The Claimant Information form above requests a Taxpayer Identification Number. For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

## VI. CERTIFICATION

I (We) submit this Claim Form under the terms of the Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Middle District of Tennessee, with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases/acquisitions or sales of Clover common stock or warrants during the Settlement Class Period and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)


_____
(Signature)


_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)
☐ Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)

Date: _____

10

**THIS CLAIM FORM MUST BE SUBMITTED ELECTRONICALLY AT WWW. CLOVERHEALTHSECURITIESLITIGATION.COM BY 11:59 P.M. EST ON _____, 202_, OR MAILED TO THE CLAIMS ADMINISTRATOR AT THE BELOW ADDRESS, POSTMARKED NO LATER THAN _____:**

Clover Health Securities Litigation
c/o JND Legal Administration
PO Box 91462
Seattle, WA 98111
Email: info@cloverhealthsecuritieslitigation.com

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, 202_ and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

The Claims Administrator will acknowledge receipt of your Claim Form by mail or email within 45 days of receipt. Your claim is not deemed filed until you receive such an acknowledgement. If you do not receive an acknowledgement within 45 days, please contact the Claims Administrator by telephone toll free at 1-877-381-0387 or by email at info@cloverhealthsecuritieslitigation.com.

You should be aware that it will take a significant amount of time to process fully all of the Claim Forms and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Claim Form. Please notify the Claims Administrator of any change of address.

## REMINDER CHECKLIST

o Please be sure to sign this Claim Form on page _____. If this Claim Form is submitted on behalf of joint claimants, then each claimant must sign.

o Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

o Do NOT use highlighter on the Claim Form or any supporting documents.

o If you move or change your address, telephone number, or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or deliver payment to you.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| TIMOTHY BOND,<br><br>               Lead Plaintiff<br><br>and<br><br>JEAN-NICOLAS TREMBLAY<br><br>               Named Plaintiff,<br><br>individually and on behalf of all others similarly situated,<br><br>               v.<br><br>CLOVER HEALTH INVESTMENTS, CORP. f/k/a SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. III, VIVEK GARIPALLI, ANDREW TOY, JOE WAGNER, AND CHAMATH PALIHAPITIYA, and JOE WAGNER,<br><br>               Defendants. | **Case No. 3:21-cv-00096-AT-AN** |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT OF CLASS ACTION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO: All persons and entities who, during the period from October 6, 2020 and February 3, 2021, both dates inclusive (the "Settlement Class Period"), purchased or otherwise acquired Clover Health Investments, Corp. f/k/a Social Capital Hedosophia Holdings Corp. III ("Clover") securities (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Middle District of Tennessee, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class as set forth in the full printed Notice Of (I) Pendency Of Class Action, Certification Of

Settlement Class, And Proposed Settlement of Class Action; (II) Settlement Hearing; And (III) Motion For An Award Of Attorneys' Fees And Reimbursement Of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action have reached a proposed settlement of the Action for $22,000,000.00 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 202_ at __:___ .m., before the Honorable Aleta Trauger at the United States District Court for the Middle District of Tennessee, Fred D. Thompson U.S. Courthouse and Federal Building, Courtroom 6C, 719 Church Street, Nashville, TN 37203, or by telephonic, video conferencing or other electronic means, as posted on the website of the Claims Administrator. The hearing will determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation And Agreement Of Settlement (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved, and (v) whether to award Plaintiffs out of the Settlement Fund pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Settlement Class and, if so, in what amount.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at Clover Health Securities Litigation , c/o Clover Health Securities Litigation, c/o JND Legal Administration, PO Box 91462, Seattle, WA 98111, toll free on 1-877-381-0387, or via email at info@cloverhealthsecuritieslitigation.com. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.cloverhealthsecuritieslitigation.com.

If you are a member of the Settlement Class, in order to be potentially eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than _____, 202_.  If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 202_, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to representatives of Lead Counsel and Defendants' Counsel such that they are *received* no later than _____, 202_, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Clover, or Defendants' counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Requests for the Notice and Claim Form should be made to:

Clover Health Securities Litigation
c/o JND Legal Administration
PO Box 91462
Seattle, WA 98111
info@cloverhealthsecuritieslitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

POMERANTZ LLP
Brian Calandra
600 Third Avenue, 20th Floor
New York, NY 10016
bcalandra@pomlaw.com

Dated: _____, 2023

By Order of the Court
United States District Court
Middle District of Tennessee

3

**Court-Ordered Legal Notice
Forwarding Service Requested**

*A federal court authorized this
notice. This is not a solicitation
from a lawyer.*

*This Notice may affect your legal
rights. You may be entitled to a
payment from this securities
class action settlement.*

Clover Health Securities Litigation

[]
[]
[]
[]
[]

PRESORTED
FIRST-CLASS
MAIL U.S.
POSTAGE PAID

The U.S. District Court for the Middle District of Tennessee ("Court") has preliminarily approved a Settlement of claims against Clover Health Investments, Corp. f/k/a Social Capital Hedosophia Holdings Corp. III ("Clover"), and certain of its current and/or former officers and directors (collectively, "Defendants"). Plaintiffs allege that Defendants made public statements at certain times in 2020-2021 that were materially false and misleading or omitted material information, causing damages to persons who purchased or otherwise acquired Clover securities. Defendants deny any wrongdoing.

You received this notice because you or someone in your family or household may have purchased or acquired Clover securities, including common stock or warrants between October 6, 2020 and February 3, 2021, both dates inclusive ("Settlement Class Period"). The Settlement provides that, in exchange for dismissal and release of claims known or unknown against Defendants, Defendants will pay or cause to be paid into a settlement fund $22,000,000 ("Settlement Fund"). The Settlement Fund, less attorneys' fees and expenses, and a compensatory award to Lead and Named Plaintiffs, will be divided among Settlement Class Members who timely submit valid Proof of Claim and Release Forms ("Proof of Claim"). For a full description of the Settlement, your rights, and to make a claim, please view the Stipulation of Settlement and Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice") in any of the following ways: (1) by mail: Clover Health Securities Litigation, c/o JND Legal Administration, PO Box 91462, Seattle, WA 98111; (2) by phone: toll free, 1-877-381-0387; (3) by email: info@cloverhealthsecuritieslitigation.com; or (4) by visiting the website: www.cloverhealthsecuritieslitigation.com.

To qualify for payment, you must submit a Proof of Claim to the Claims Administrator. PROOFS OF CLAIM ARE DUE BY _____, 202_ TO: CLOVER HEALTH SECURITIES LITIGATION, C/O JND LEGAL ADMINISTRATION, PO BOX 91462, SEATTLE, WA 98111, OR SUBMITTED ONLINE AT WWW.CLOVERHEALTHSECURITIESLITIGATION.COM. **If you DO NOT want to be legally bound by the Settlement, you must exclude yourself from the Settlement Class by _____, 202_ or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by _____, 202_. The Notice and Stipulation of Settlement explain how to opt-out or to object.**

The Court will hold a hearing in this case on _____ 202_ at _____ at 719 Church Street, Courtroom 6C, Nashville, TN 37203, to consider whether to approve the Settlement, the Plan of Allocation, a request by Lead Counsel for attorneys' fees up to 25%, plus actual expenses up to $500,000, and compensatory awards to Lead Plaintiffs not to exceed $[] collectively ("Final Approval Hearing"). You may attend the hearing and ask to be heard by the Court but you do not have to. The Court may hold the Settlement Hearing by telephone or by or by other virtual means. For more information, call 1-877-381-0387 or visit the website, www.cloverhealthsecuritieslitigation.com.

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| TIMOTHY BOND,<br><br>              Lead Plaintiff<br><br>and<br><br>JEAN-NICOLAS TREMBLAY<br><br>           Named Plaintiff,<br><br>individually and on behalf of all others similarly situated,<br><br>           v.<br><br>CLOVER HEALTH INVESTMENTS, CORP. f/k/a SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. III, VIVEK GARIPALLI, ANDREW TOY, JOE WAGNER and CHAMATH PALIHAPITIYA,<br><br>           Defendants. | Case No. 3:21-cv-00096<br><br>Judge Aleta A. Trauger |

### [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, an action is pending before this Court entitled *Bond v. Clover Health Investments, Corp., et al.,* 3:21-cv-00096-AT (M.D. Tenn.) ("Litigation");

WHEREAS, (a) Lead Plaintiff Firas Jabri ("Jabri" or "Lead Plaintiff") and Named Plaintiff Jean-Nicolas Tremblay ("Tremblay" or "Named Plaintiff," and, with Jabri, "Plaintiffs"), individually and on behalf of all Settlement Class Members (defined below), and (b) Clover Health Investments, Corp. ("Clover" or the "Company"), and Vivek Garipalli, Andrew Toy, Joseph Wagner and Chamath Palihapitiya (collectively, the "Individual Defendants," and, together with Clover, "Defendants," and together with Plaintiffs, the "Settling Parties"), have determined to fully, finally and forever compromise, settle, release, resolve, relinquish, waive and discharge each and every Released Claim on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated May 19, 2023 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 20__ (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 20__ (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement

1

are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Incorporation of Settlement Documents** – This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation annexed as Exhibit 1 hereto, unless otherwise set forth herein.

2. **Jurisdiction** – This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Settlement Class Members.

3. **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the "Settlement Class" consisting of all persons or entities that purchased or otherwise acquired Clover securities (including Clover warrants) between October 6, 2020 and February 3, 2021, both dates inclusive (the "Settlement Class Period"). Excluded from the Class are Clover, the Individual Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from

the Settlement Class are the persons and entities listed on Exhibit __ hereto who or which are excluded from the Settlement Class pursuant to request.

4. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as class representatives for the Settlement Class and appointing Lead Counsel as class counsel for the Settlement Class. Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Litigation and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Final Settlement Approval and Dismissal of Claims** – Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a)     the Stipulation and the Settlement described therein, are, in all respects, fair, reasonable, and adequate, and in the best interest of the Settlement Class;

(b)     there was no collusion in connection with the Stipulation;

(c)     the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d)     the record is sufficiently developed and complete to have enabled Plaintiffs and Defendants to adequately evaluate and consider their positions.

6. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Litigation and all claims contained therein are dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

3

7.     The finality of this Final Judgment and Order shall not be affected, in any manner, by rulings that the Court may make on Lead Counsel's application for an award of attorneys' fees and expenses or an award to Plaintiffs.

8.     **Notice** – In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.  Thus, it is hereby determined that all Settlement Class Members are bound by this Final Judgment and Order except those persons listed on Exhibit __ to this Final Judgment and Order.

9.     **Plan of Allocation** – The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

10. **Releases** – Upon the Effective Date, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, assignees, employees, associates, insurers, co-insurers, reinsurers, spouses, trustees, general or limited partners or partnerships, limited liability companies, members, stockholders, underwriters, personal or legal advisors or representatives, estates, or other individuals or entities in which they have a controlling interest or which is related to or affiliated with them, any members of their immediate families, or any trusts for which any of them are trustees, settlors, or beneficiaries, and the predecessors, successors, administrators and assigns of each of the foregoing, in their capacities as such, and anyone claiming through or on behalf of any of them, regardless of whether they execute and deliver a Proof of Claim and Release and regardless of whether they share in the Settlement Fund, shall be deemed to have, and by operation of the Stipulation, of law, and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants' Releasees, and covenant not to commence, institute, intervene in, participate in, or prosecute, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind or character, whether brought directly, in a representative capacity, derivatively, or in any other capacity. Claims to enforce the terms of the Stipulation are not released.

11. Upon the Effective Date, all Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and anyone claiming through or on behalf of any of them, will be permanently and forever barred and enjoined from, and shall be deemed to permanently covenant to refrain

5

from, commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any capacity in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting the Released Plaintiffs' Claims against any of the Defendants' Releasees.

12. Upon the Effective Date, to the fullest extent provided by the Private Securities Litigation Reform Act of 1995, (i) all persons shall be permanently enjoined, barred, and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution against any of the Released Defendant Parties seeking as damages or otherwise the recovery of all or part of any liability, judgment, or settlement which they pay or are obligated to pay or agree to pay to the Releasing Plaintiff Parties arising out of, relating to or concerning the Released Claims; and (ii) all Released Defendant Parties shall be permanently enjoined, barred and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution against any Persons seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Releasing Plaintiff Parties arising out of, relating to, or concerning the Released Claims; ***provided that*** clauses (i) and (ii) of this Paragraph shall not be construed to apply to any claim under an insurance policy or similar agreement, or any indemnification rights that any of the Individual Defendants may have.

13. Upon the Effective Date, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of this Judgment shall have, compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Plaintiffs' Releasees.

14.     Claims to enforce the terms of the Stipulation are not released.

15.     The Settling Parties may file the Stipulation and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Order and Final Judgment.

16.     **No Admissions** – Neither the Stipulation, including the exhibits thereto and the Plan of Allocation, this Judgment, the Supplemental Agreement, the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation or approval of the Settlement (including any arguments proffered in connection therewith):

a.     shall be (i) offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to (a) the truth of any fact alleged by Plaintiffs; (b) the validity of any claim that was or could have been asserted in this Action or in any other litigation; (c) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; or (d) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees; or (ii) in any way referred to for any other reason against any of the Defendants' Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than such proceedings as may be necessary to effectuate the provisions of the Stipulation and the Settlement referred to therein;

b.     shall be (i) offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees (a) that any of their claims are without merit, that any of

the Defendants had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or (b) with respect to any liability, negligence, fault or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than such proceedings as may be necessary to effectuate the provisions of the Stipulation or the Settlement referred to therein; or

  c.  shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration given in connection with the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that the Settling Parties and the Releasees and their respective counsel may refer to the Stipulation and this Judgment to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

  17. **<u>Retention of Jurisdiction</u>** – Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (ii) disposition of the Settlement Fund; (iii) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (iv) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

  18. **<u>Rule 11 Findings</u>** – The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

19.    **Attorneys' Fees** – Lead Counsel is awarded attorneys' fees in the amount of $ _____ , and expenses in the amount of $ _____ , plus any applicable interest, such amounts to be paid out of the Settlement Fund immediately upon entry of this Order. Lead Counsel shall thereafter be solely responsible for allocating the attorneys' fees and expenses amongst Lead Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

20.    **Plaintiff Award** – Lead Plaintiff is awarded $_____ , as a compensatory award for reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement. Named Plaintiff is awarded $_____ , as a compensatory award for reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

21.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendants, and the Settling Parties shall revert to their respective pre-mediation positions in the Litigation, as provided in the Stipulation.

22.    **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement

that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

23.     **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.


        IT IS SO ORDERED.


DATED:  _____          _____ _____
                                   THE HONORABLE ALETA A. TRAUGER
                                   UNITED STATES DISTRICT JUDGE