# EXHIBIT 4

DocuSign Envelope ID: 442B01FB-B3A0-4621-AD9F-30CAF8A5D98C

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| TIMOTHY BOND, Individually and on behalf of all others similarly situated, | Civil Action No. 3:21-cv-00096-AT-AN |
| Lead Plaintiff, | |
| and | |
| JEAN-NICOLAS TREMBLAY | |
| Named Plaintiff, | |
| individually and on behalf of all others similarly situated, | |
| v. | |
| CLOVER HEALTH INVESTMENTS, CORP. f/k/a SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. III, VIVEK GARIPALLI, ANDREW TOY, JOE WAGNER, AND CHAMATH PALIHAPITIYA, and JOE WAGNER, | |
| Defendants. | |

**DECLARATION OF BRIAN J. SCHALL IN SUPPORT OF LEAD COUNSEL'S MOTION FOR APPROVAL OF ATTORNEYS' FEES AND EXPENSES**

DocuSign Envelope ID: 442B01FB-B3A0-4621-AD9F-30CAF8A5D98C

I, Brian J. Schall, hereby declare as follows:

1. I am the founding partner at The Schall Law Firm ("Schall"), additional counsel for Lead Plaintiff Firas Jabri and the Class. I have been actively involved in this litigation, and thus have personal knowledge of all material matters related to this Action. I submit this declaration in support of Lead Counsel's application for an award of attorneys' fees as well as reimbursement of expenses incurred by my firm in connection with services rendered in the above-captioned class action (the "Action").[1]

2. My firm serves as additional counsel for Lead Plaintiff Firas Jabri in this Action. In that role, my firm was involved in all aspects of the prosecution and settlement of the Action as set forth in the Declaration of Brian Calandra submitted herewith.

3. The information in this declaration regarding my firm's time, included in the schedule attached hereto as Exhibit 1, was prepared based upon daily time records regularly prepared and maintained by my firm in the ordinary course of business. I am the partner who oversaw the work conducted by my firm in this Action. I reviewed the daily time records with an effort to confirm their accuracy. The time for timekeepers who had worked only a *de minimis* total amount of time on this case (*e.g.*, less than 20 hours) was removed from the time report. Time expended in preparing the application for fees and expenses has not been included in this report. As a result of this review and adjustments, I believe that the time reflected in the firm's lodestar calculation is reasonable in amount and was necessary for the effective and efficient prosecution and resolution of the litigation.

---

[1] Unless otherwise noted, capitalized terms have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated May 19, 2023 (ECF. No. 130-1).

4.      The total number of hours expended on this Action by my firm's attorneys is 71.25. The total resulting lodestar for my firm is $53,775.00. The schedule attached hereto as Exhibit 1 is a detailed summary indicating the amount of time spent by each attorney of my firm who was involved in this Action, and the lodestar calculation based on my firm's current billing rates. The Firm's rates are set based on periodic analysis of rates charged by firms performing comparable work both on the plaintiff and defense side. For personnel who are no longer employed by my firm, the lodestar calculation is based upon the billing rates of such personnel in his or her final year of employment by my firm.

5.      The hourly rates are the same as those that have been billed to a paying client in 2023 and are comparable to the rates previously submitted to and approved by federal courts in other matters.

6.      My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately, and such charges are not duplicated in my firm's billing rates.

7.      As detailed in Exhibit 2, my firm has incurred a total of $1,157.29 in unreimbursed expenses in connection with the prosecution of this Action.

8.      The expenses incurred in this Action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses incurred.

9.      With respect to the standing of my firm, attached hereto as Exhibit 3 is a biography of my firm.

2

DocuSign Envelope ID: 442B01FB-B3A0-4621-AD9F-30CAF8A5D98C

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed on 8/25/2023 _____.

DocuSigned by:

*Brian Schall*

43E36EEDF1854E7...

Brian J. Schall

DocuSign Envelope ID: 442B01FB-B3A0-4621-AD9F-30CAF8A5D98C

# EXHBIIT 1

*Bond v. Clover Health Investments, Corp.*

## SCHALL LAW FIRM TIME REPORT
### Inception through August 25, 2023

| Timekeeper | Hours For Period | Rate | Lodestar for Period |
|---|---|---|---|
| Brian J. Schall (P) | 32.25 | $800.00 | $31,200.00 |
| Rina J. Restaino (P) | 39 | $700.00 | $22,575.00 |
| **Total** | **71.25** | | **$53,775.00** |

**Legend**
P= Partner
OC= Of Counsel
A= Associate
PL= Paralegal

4

DocuSign Envelope ID: 442B01FB-B3A0-4621-AD9F-30CAF8A5D98C

**EXHIBIT 2**

*Bond v. Clover Health Investments, Corp.*

**SCHALL LAW FIRM EXPENSE REPORT**

| DISBURSEMENT | TOTAL |
|---|---|
| Mediation Flight: Los Angeles, CA to New York, NY | $391.60 |
| Mediation Flight: New York, NY to Los Angeles, CA | $368.60 |
| Mediation Hotel: New York, NY | $397.09 |
| **TOTAL** | **$ 1,157.29** |

5

**EXHIBIT 3**

6



# FIRM RESUMÉ

*The Schall Law Firm*
*2049 Century Park East, Suite 2460*
*Los Angeles, CA 90067*
*Telephone: (310) 301-3335*
*Fax: (877) 590-0482*



# ABOUT THE FIRM

Since 2017, the Schall Law Firm ("SLF" or the "Firm") has recovered nearly half a billion dollars for investors worldwide who have been harmed by securities fraud and corporate malfeasance. The Firm has been and is co-lead or co-counsel on some of the largest securities fraud class action cases in the U.S.

Notably, SLF was co-counsel and played an integral role in *Erickson, et al. v. Snap, Inc.*, et al., No. 17-CV-03679 (C.D. Cal.), securing the second largest securities class action settlement recovery in the U.S. in 2021. In every case in which the Firm is involved, its attorneys actively work to ensure that investors obtain the maximum possible recovery and that all its clients' questions and concerns are addressed promptly and fully.

# CLASS ACTION EXPERIENCE

SLF's attorneys have represented both plaintiffs and defendants in class action and complex civil cases in federal and state courts nationwide. That broad experience encompasses securities fraud, common law fraud, employment, and consumer claims across multiple industries.

In addition, the Firm's attorneys have previously worked for judges in federal court as well as national class action and complex civil litigation firms on cases involving hundreds of millions, if not billions, of dollars in damages. Drawing on that experience, the Firm's clients receive the gold standard in client development and legal representation. This gold standard encompasses SLF added value in its participation in mediations for all matters that have reached that significant phase. SLF is active in all phases of securities litigation, with special emphases and expertise in the deposition and mediation stages.



# SECURITIES FRAUD EXPERIENCE

SLF has the expertise and experience to zealously litigate securities fraud cases of any size, scope, or level of complexity. The Firm's attorneys have prosecuted securities fraud class actions on behalf of all types of investors and amassed the expertise necessary to navigate every challenge that may be raised in litigating cases under the Securities Act of 1933 and the Securities Exchange Act of 1934.

Currently, SLF is co-lead counsel in *In re The Hain Celestial Group Inc. Securities Litigation*, No. 2:16-cv-04581 (E.D.N.Y.) and *Bergman v. Caribou Biosciences, Inc.*, No. 4:23-cv-0174 (N.D.C.A.). SLF is also on the executive committee in *Tan v. Goldman Sachs Group Inc et al*, No. 21-CV-08413 (S.D.N.Y) as well as other major cases alleging 1933 Act claims.

# RECENT SECURITIES FRAUD RECOVERIES
## By SLF as Co-Counsel:

*Erickson, et al. v. Snap, Inc., et al.,* No. 17-CV-03679 (C.D. Cal.) (alleging 1934 Act claims based on Snap's growth statements).
- $187.5M settlement in 2021

*Klein, et al. v. Altria Group., et al.,* No. 3:20-cv-00075-DJN (E.D. V.A.) (alleging claims based on Altria and Juul Labs Inc. failure to disclose).
- $90M settlement in 2022

*St. Clair County Employees' Retirement System, et al. v. Resideo Technologies, Inc., et al.,* No. 0:19-CV-02863 (D. Minn.) (alleging 1934 Act claims based on Resideo's statements about competing with former parent Honeywell International Inc.)
- $55M settlement in 2022

*He et al v. Uniti Group Inc et al.,* No. 4:19-cv-00756 (E.D. Ark.) (alleging 1934 Act claims based on Uniti's concealment of a prohibited sale-leaseback transaction with its parent company relating to a 2015 spinoff).
- $39M settlement in 2022



*Perdomo v. ADT Inc., et al.*, No. 9:18-cv-80668 (S.D. Fla.) (alleging 1933 Act claims based on ADT's IPO Registration Statement).
- $30M settlement in 2020

*Bilinsky v. Gatos Silver, Inc., et al.,* No. 22-CV-00453 (D. Col.) (alleging 1934 Act claims based statements about Gatos' silver mine located in Mexico).
- $21M settlement in 2023

*Bond v. Clover Health Investments Corp. et al.*, No. 3:21-cv-00096 (M.D. Tenn.) (alleging 1934 Act claims based statements about Clover's de-SPAC transaction).
- $20M settlement in 2023 (preliminary approval)

*Turocy, et al. v. El Pollo Loco Holdings, Inc., et al.,* No. 15-CV-01343 (C.D. Cal.) (alleging 1934 Act claims based on El Pollo Loco's sales growth statements).
- $20M settlement in 2020

*Zwick Partners, LP, et al. v. Quorum Health, et al.,* No. 16-CV-02475 (M.D. Tenn.) (alleging 1934 Act claims based on impairment indicators that existed when Quorum spun off from CHS).
- $18M settlement in 2020

*In re Douyu*, No. 0651703/2020 (Supreme Court, New York County) (alleging 1934 Act claims based on Douyu's concealment of major shareholder Tencent Holdings funding a competitor at the time of Douyu's U.S. IPO).
- $15M settlement in 2022

*In re Avon Products, Inc. Securities Litigation,* No. 19-CV-01420 (S.D.N.Y) (alleging 1934 Act claims based on Avon's disclosure of credit terms).
- $14.5M settlement in 2020

*In re Toronto-Dominion Bank Securities Litigation,* No. 17-CV-01665 (D.N.J.) (alleging 1934 Act claims based on Toronto-Dominion's policies which led its employees to break the law at customers' expense in order to meet sales targets).
- $13.2M settlement in 2019

*Ortiz v. Canopy Growth Corp. et al.*, No. 2:19-cv-20543 (D.N.J.) (alleging 1934 Act claims based on Canopy's concealment of an inventory oversupply problem).
- $13M settlement in 2022

*Abadilla v. Precigen Inc. et al.,* No. 5:20-cv-06936, (N.D. Cal.) (alleging 1934 Act claims based on statements about the progress or viability about Precigen's methane bioconversion platform program)

- $13M settlement in 2023 (preliminary approval)

*Sonny St. John v. Cloopen Group Holding Limited et al.,* No. 652617/2021 (N.Y. Sup. Ct., N.Y. Cnty.) (alleging Section 11 claims based on omissions in Cloopen's registration documents).

- $12M settlement in 2023

*In re CPI Card Group Inc. Securities Litigation*, No. 16-CV-04531 (S.D.N.Y.) (alleging 1933 Act claims based on omissions in CPI's Registration Statement).

- $11M settlement in 2019

*Lowry et al. v. RTI Surgical Holdings, Inc. et al.*, No. 20 C 01939 (N.D. Ill.) (alleging 1934 Act claims based on alleged manipulative accounting practices)

- $10.5M settlement in 2021

*Machniewicz v. Uxin Limited., et al.*, No. 1:19-CV-00822 (E.D.N.Y.) (alleging 1933 Act claims based on Uxin's IPO).

- $9.5M settlement in 2021

*Lea v. TAL Education Group et al.,* No. 1:18-cv-05480 (S.D.N.Y.) (alleging 1934 Act claims based on improper $50 million pretax gain and overstatement of net income by failing to disclose a variable interest entity).

- $7.5M settlement in 2021

*Zaller v. Fred's Inc. et al.*, No. 2:19-cv-02415 (W.D. Tenn.) (alleging 1934 Act claims based on increased regulatory risks resulting from the acquisition of The Rite Aid Corporation by Walgreens Boots Alliance, Inc.)

- $7.25M settlement in 2022

# OUR TEAM



# BRIAN J. SCHALL
## *Founding Partner*

Brian founded SLF with the vision of a client-centered approach to achieving the maximum recovery possible for all class members. To that end, SLF has helped recover nearly half a billion dollars for investors since 2017, including some of the largest recoveries of all time in securities fraud cases. Committed to his vision, Brian looks forward to continuing to empower investors to take a more active role in the litigation than they traditionally have, thereby shaping the securities class action sector to better represent the interests of clients.

Brian began his legal career at a multi-billion-dollar fund manager where he focused on Dodd-Frank compliance, with a special emphasis on complex derivatives. He then worked at a prominent securities fraud class action firm, and subsequently co-founded Goldberg Law PC where he vigorously fought for shareholder rights in some of the largest class action cases in recent years.

## Education

- University of the Pacific, McGeorge School of Law, J.D.
- University of California, Riverside, B.A.

## Admissions

- California
- U.S. District Court: Northern District of California


SCHALL LAW

# RINA RESTAINO
## *Partner*

Rina started with SLF in 2019 and shares Brian's vision of a client-centric approach. She is committed to understanding clients' needs and providing them clear and fulsome counsel from the inception of a class action through final approval of any settlement.

On behalf of the Firm's clients, Rina has participated in over 20 mediations, resulting in millions of dollars recovered for shareholders. She also has extensive experience in all phases of litigation, particularly in securities fraud and employment class actions involving over 1,000 plaintiffs. Her expertise arises from cases involving multifaceted data management and damage analysis.

Rina has made significant contributions to SLF, namely securing the client and ensuring an optimal recovery for the shareholders in the $90 million settlement in *Klein, et al. v. Altria Group., et al.*

In addition, Rina has worked for Fortune 500 companies in different legal and business capacities. She has handled single plaintiff and class action litigation for employees and employers, including cases alleging wrongful termination, discrimination, wage claims, and unfair labor practices.

## Education

- Loyola Law School, Los Angeles, J.D. (2012)
- New York University, B.A. (2009), Dean's List

## Admissions

- California
- U.S. District Court: Northern District of California, Central District of California



# DAVID J. SCHWARTZ
## *Of Counsel*

David focuses on event-driven and special situation litigation using legal strategies to enhance clients' investment returns. Over the last several years, he has helped secure leadership roles on behalf of his clients in some of the largest securities and Delaware class actions in the country, including cases against Lordstown, Nikola, Alta Mesa, and Paypal.

David's extensive experience includes prosecuting, as well as defending against, securities and corporate governance actions for an array of domestic and international clients, including hedge funds, merger arbitrageurs, retail investors, pension funds, mutual funds, and asset management companies. He has played a pivotal role in numerous large securities class action and corporate governance cases in recent years, achieving over $170 million in settlements in 2022 alone:

- *In re CannTrust, Inc. Securities Litigation* (CA$129.5M settlement)
- *In re Resideo Securities Litigation* ($55M settlement, one of the three largest in the Eighth Circuit)
- *Makris, et al. v. Ionis Pharmaceuticals, Inc., et al.* ($12.5M settlement)

David has also done substantial work in mergers and acquisitions appraisal litigation and direct action/opt-out litigation, including over a dozen appraisals in domestic and foreign jurisdictions. He is currently prosecuting *In re Lordstown Securities Litigation* and several international appraisal actions.

In recognition of David as one of the nation's most accomplished attorneys, Benchmark Litigation named him a "Future Star" and selected him, three years in a row, to its "40 & Under Hot List." In addition, Lawdragon has recognized him as one of the country's "500 Leading Plaintiff Financial Lawyers" and featured him in its Lawyer Limelight series.

## Education

- Fordham University School of Law, J.D.
  - Urban Law Journal
- University of Chicago School of Law, B.A., *cum laude* (Economics)

## Admissions

- New York
- U.S. District Court: Southern District of New York



# IVY T. NGO
## *Of Counsel*

Ivy, an experienced class action attorney focusing on prosecuting securities fraud, is a creative and collaborative problem-solver with a proven track record of recovering hundreds of millions of dollars on behalf of clients. Most recently, along with SLF, she successfully obtained a $10.5M recovery in *Lowry et al. v. RTI Surgical Holdings, Inc. et al.*, a case arising out of manipulative accounting practices. That recovery represents approximately 30% of plaintiffs' estimated damages, which is over 3x the typical amount recovered in securities fraud class actions of that size.

Before joining SLF, Ivy successfully prosecuted numerous securities fraud class actions resulting in hundreds of millions of dollars in recoveries for injured investors at a national class action firm. Those cases include *In re Cardinal Health, Inc. Sec. Litig*. ($600M settlement); *Jones v. Pfizer Inc.* ($400M settlement); *Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co., et al.* ($388M settlement); *Silverman v. Motorola, Inc.* ($200M settlement); *In re HealthSouth Corp. Sec. Litig.* ($109M auditor settlement); *In re MGM Mirage Securities Litigation* ($75M settlement); *Massachusetts Bricklayers and Masons Trust Funds et al. v. Deutsche Alt-A Securities Inc et al.* ($32.5M settlement); *City of Ann Arbor Employees' Retirement System et al. v. Citigroup Mortgage Loan Trust Inc. et al.* ($25M settlement); In re Genworth Financial, Inc. Sec. Litig.* ($20M settlement); and *Shankar v. Imperva, Inc.* ($19M settlement). She was a member of the team that certified classes in the cases against *Motorola, Inc., Pfizer Inc., Genworth Financial, Inc.,* and *J.P. Morgan Chase & Co.*

Recognizing her work in securities fraud and class action litigation, *Super Lawyers Magazine* named Ivy a Rising Star for 2015-2018 and a Super Lawyer for 2019.

<table>
<tr><td>

## Education

- Rutgers University School of Law, Camden, J.D. (2006)
- University of California, Los Angeles, B.A. (2003) (English, Neuroscience Minor)

</td><td>

## Admissions

- California, District of Columbia
- U.S. Court of Appeals: Ninth Circuit
- U.S. District Courts: Northern District of California, Central District of California, Eastern District of California, Southern District of California, Northern District of Illinois, Colorado, Maryland
- U.S. Patent and Trademark Office

</td></tr>
</table>



# ANGUS NI
## *Of Counsel*

Angus is one of a handful of U.S. attorneys practicing complex commercial litigation who is also fluent in Mandarin. He advises individuals and companies in numerous complex disputes, with particular expertise in securities litigation and risk management for listed companies.

Angus was a litigator at the top shareholder rights law firm in the U.S., where he prosecuted numerous securities class actions against U.S. listed corporations on behalf of hedge fund and pension fund investors. These actions ranged across a multitude of industries, were before diverse jurisdictions throughout the U.S., and involved both domestic and international discovery.

Earlier in his career, Angus also practiced as an associate in the litigation department of a major transnational law firm, where he participated in complex arbitrations before the International Chamber of Commerce (ICC) and World Bank Investment Treaty (ICSID) Tribunals, and in large-scale corporate investigations in several jurisdictions.

## Education

- University of Chicago, J.D. (Honors)
- University of Toronto, B.A. (High Distinction, College Scholar)

## Admissions

- New York; Washington
- U.S. Court of Appeals: Second Circuit, Ninth Circuit.
- U.S. District Courts: Southern District of New York, Eastern District of New York, Western District of Washington, Northern District of Illinois.

 SCHALL LAW

# SHERIN MAHDAVIAN
## *Associate*

Sherin, a transactional and litigation attorney with experience in business and regulatory law, focuses her practice at SLF on client services and case development.

While in law school, Sherin worked as a federal agency liaison for Congressman Brad Sherman's office at one of the top lobbying firms in Los Angeles. After graduating, she worked at a mid-sized law firm in Downtown LA, where she specialized in regulatory, business, and environmental law and focused her efforts on transactional work and client relations.

## Education

- University of California, Los Angeles – School of Law, J.D. with specialization in business law (2014)
- University of California, Los Angeles, B.S. (2011)

## Admissions

- California
- U.S. District Court: Central District of California