# EXHIBIT B

|  |  |
|---|---|
| TIMOTHY BOND,<br><br>        Lead Plaintiff<br><br>and<br><br>JEAN-NICOLAS TREMBLAY<br><br>        Named Plaintiff,<br><br>individually and on behalf of all others similarly situated,<br><br>        v.<br><br>CLOVER HEALTH INVESTMENTS, CORP. f/k/a SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. III, VIVEK GARIPALLI, ANDREW TOY, JOE WAGNER and CHAMATH PALIHAPITIYA,<br><br>        Defendants. | Case No. 3:21-cv-00096<br><br>Judge Aleta A. Trauger |

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, an action is pending before this Court entitled *Bond v. Clover Health Investments, Corp., et al.,* 3:21-cv-00096-AT (M.D. Tenn.) ("Litigation");

WHEREAS, (a) Lead Plaintiff Firas Jabri ("Jabri" or "Lead Plaintiff") and Named Plaintiff Jean-Nicolas Tremblay ("Tremblay" or "Named Plaintiff," and, with Jabri, "Plaintiffs"), individually and on behalf of all Settlement Class Members (defined below), and (b) Clover Health Investments, Corp. ("Clover" or the "Company"), and Vivek Garipalli, Andrew Toy, Joseph Wagner and Chamath Palihapitiya (collectively, the "Individual Defendants," and, together with Clover, "Defendants," and together with Plaintiffs, the "Settling Parties"), have determined to fully, finally and forever compromise, settle, release, resolve, relinquish, waive and discharge each and every Released Claim on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated May 19, 2023 (ECF No. 130-1) (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated May 26, 2023 (ECF No. 132) (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on October 2, 2023 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair,

reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Incorporation of Settlement Documents** – This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation annexed as Exhibit 1 hereto, unless otherwise set forth herein.

2. **Jurisdiction** – This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Settlement Class Members.

3. **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the "Settlement Class" consisting of all persons or entities that purchased or otherwise acquired Clover securities (including Clover warrants) between October 6, 2020 and February 3, 2021, both dates inclusive (the "Settlement Class Period"). Excluded from the Class are Clover, the Individual Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from

the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.

4. **<u>Adequacy of Representation</u>** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as class representatives for the Settlement Class and appointing Lead Counsel as class counsel for the Settlement Class. Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Litigation and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **<u>Final Settlement Approval and Dismissal of Claims</u>** – Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a) the Stipulation and the Settlement described therein, are, in all respects, fair, reasonable, and adequate, and in the best interest of the Settlement Class;

(b) there was no collusion in connection with the Stipulation;

(c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d) the record is sufficiently developed and complete to have enabled Plaintiffs and Defendants to adequately evaluate and consider their positions.

6. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Litigation and all claims contained therein are dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. The finality of this Final Judgment and Order shall not be affected, in any manner, by rulings that the Court may make on Lead Counsel's application for an award of attorneys' fees and expenses or an award to Plaintiffs.

8. **Notice** – In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all Settlement Class Members are bound by this Final Judgment and Order except those persons listed on Exhibit 1 to this Final Judgment and Order.

9. **Plan of Allocation** – The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

10.     **Releases** – Upon the Effective Date, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, assignees, employees, associates, insurers, co-insurers, reinsurers, spouses, trustees, general or limited partners or partnerships, limited liability companies, members, stockholders, underwriters, personal or legal advisors or representatives, estates, or other individuals or entities in which they have a controlling interest or which is related to or affiliated with them, any members of their immediate families, or any trusts for which any of them are trustees, settlors, or beneficiaries, and the predecessors, successors, administrators and assigns of each of the foregoing, in their capacities as such, and anyone claiming through or on behalf of any of them, regardless of whether they execute and deliver a Proof of Claim and Release and regardless of whether they share in the Settlement Fund, shall be deemed to have, and by operation of the Stipulation, of law, and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants' Releasees, and covenant not to commence, institute, intervene in, participate in, or prosecute, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind or character, whether brought directly, in a representative capacity, derivatively, or in any other capacity. Claims to enforce the terms of the Stipulation are not released.

11.     Upon the Effective Date, all Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and anyone claiming through or on behalf of any of them, will be permanently and forever barred and enjoined from, and shall be deemed to permanently covenant to refrain

from, commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any capacity in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting the Released Plaintiffs' Claims against any of the Defendants' Releasees.

12. Upon the Effective Date, to the fullest extent provided by the Private Securities Litigation Reform Act of 1995, (i) all persons shall be permanently enjoined, barred, and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution against any of the Released Defendant Parties seeking as damages or otherwise the recovery of all or part of any liability, judgment, or settlement which they pay or are obligated to pay or agree to pay to the Releasing Plaintiff Parties arising out of, relating to or concerning the Released Claims; and (ii) all Released Defendant Parties shall be permanently enjoined, barred and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution against any Persons seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Releasing Plaintiff Parties arising out of, relating to, or concerning the Released Claims; *provided that* clauses (i) and (ii) of this Paragraph shall not be construed to apply to any claim under an insurance policy or similar agreement, or any indemnification rights that any of the Individual Defendants may have.

13. Upon the Effective Date, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of this Judgment shall have, compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Plaintiffs' Releasees.

14. Claims to enforce the terms of the Stipulation are not released.

15. The Settling Parties may file the Stipulation and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Order and Final Judgment.

16. **<u>No Admissions</u>** – Neither the Stipulation, including the exhibits thereto and the Plan of Allocation, this Judgment, the Supplemental Agreement, the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation or approval of the Settlement (including any arguments proffered in connection therewith):

    a. shall be (i) offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to (a) the truth of any fact alleged by Plaintiffs; (b) the validity of any claim that was or could have been asserted in this Action or in any other litigation; (c) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; or (d) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees; or (ii) in any way referred to for any other reason against any of the Defendants' Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than such proceedings as may be necessary to effectuate the provisions of the Stipulation and the Settlement referred to therein;

    b. shall be (i) offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees (a) that any of their claims are without merit, that any of

the Defendants had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or (b) with respect to any liability, negligence, fault or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than such proceedings as may be necessary to effectuate the provisions of the Stipulation or the Settlement referred to therein; or

      c.     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration given in connection with the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that the Settling Parties and the Releasees and their respective counsel may refer to the Stipulation and this Judgment to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

17.     **<u>Retention of Jurisdiction</u>** – Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (ii) disposition of the Settlement Fund; (iii) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (iv) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

18.     **<u>Rule 11 Findings</u>** – The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

19. **Attorneys' Fees** – Lead Counsel is awarded attorneys' fees in the amount of $5,500,000, and expenses in the amount of $365,656.44, plus any applicable interest, such amounts to be paid out of the Settlement Fund immediately upon entry of this Order. Lead Counsel shall thereafter be solely responsible for allocating the attorneys' fees and expenses amongst Lead Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

20. **Plaintiff Award** – Lead Plaintiff is awarded $60,000, as a compensatory award for reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement. Named Plaintiff is awarded $20,000, as a compensatory award for reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

21. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendants, and the Settling Parties shall revert to their respective pre-mediation positions in the Litigation, as provided in the Stipulation.

22. **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the

rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

23.     **<u>Entry of Final Judgment</u>** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.


     IT IS SO ORDERED.


DATED: _____          _____

                                 THE HONORABLE ALETA A. TRAUGER
                                 UNITED STATES DISTRICT JUDGE