| | |
|---|---|
| TIMOTHY BOND, Individually and on behalf of all others similarly situated, | Civil Action No. 3:21-cv-00096-AT-AN |
| Lead Plaintiff, | |
| and | |
| JEAN-NICOLAS TREMBLAY | |
| Named Plaintiff, | |
| individually and on behalf of all others similarly situated, | |
| v. | |
| CLOVER HEALTH INVESTMENTS, CORP. f/k/a SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. III, VIVEK GARIPALLI, ANDREW TOY, JOE WAGNER, AND CHAMATH PALIHAPITIYA, and JOE WAGNER, | |
| Defendants. | |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUND**

IT IS HEREBY ORDERED THAT:

1. Plaintiffs' Unopposed Motion for Distribution of Class Action Settlement Fund is GRANTED.

2. The funds that are currently in the Net Settlement Fund[1] (after deducting all payments approved by the Court, and after payment of any Taxes, the costs of preparing appropriate tax return and any escrow fees, while maintaining a 10% Reserve to address any tax liability and claims administration-related contingencies that may arise) shall be distributed on a *pro rata* basis to the Authorized Claimants identified in Exhibits D and E to the Declaration of Luiggy Segura in Support of Plaintiffs' Motion for Distribution of Class Action Settlement Fund (the "Segura Declaration"), at the direction of Lead Counsel pursuant to the Stipulation and the Plan of Allocation set forth in the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement of Class Action; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that was distributed pursuant to this Court's May 26, 2023 Order Preliminarily Approving Settlement and Providing for Notice (ECF 132) (the "Preliminary Approval Order").

3. Specifically, as set forth in paragraph 46(a) of the Segura Declaration: (a) JND will calculate award amounts for all Authorized Claimants as if the entire Net Settlement Fund were to be distributed now. JND will calculate Authorized Claimant's pro rata share of the Net Settlement Fund in accordance with the Court-approved Plan of Allocation; (b) JND will eliminate from the Initial Distribution any Authorized Claimant whose pro rata share calculates to less than $10.00. These Claimants will not receive any payment from the Net Settlement Fund; (c) After eliminating

---

[1] Unless otherwise noted, capitalized terms have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated May 19, 2023 (ECF. No. 130-1). Also, unless otherwise noted, all internal citations and quotation marks have been omitted and emphasis has been added.

Claimants who would receive less than $10.00, JND will recalculate the pro rata share of the Net Settlement Fund for Authorized Claimants who would have received $10.00 or more. A "Distribution Amount" will be calculated for each of these Authorized Claimants, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants who would have received $10.00 or more, multiplied by the total amount in the Net Settlement Fund; (d) Authorized Claimants whose Distribution Amount Calculates to less than $100.00 will be paid their full Distribution Amount in the Initial Distribution ("Claims Paid in Full). These Authorized Claimants will receive no additional funds in subsequent distributions; (e) After deducting the payments to the Claims Paid in Full, 90% of the remaining balance of the Net Settlement Fund will be distributed *pro rata* to Authorized Claimants whose Distribution Amount calculates to $100.00 or more. The remaining 10% of the Net Settlement Fund will be held in reserve (the "Reserve") to address any tax liability and claims administration-related contingencies that may arise following the Initial Distribution. To the extent the Reserve is not depleted, the remainder will be distributed in the "Second Distribution" described in paragraph (7) below.

4. No new Claims may be accepted after May 5, 2024, and no further adjustments to claims received on or before May 5, 2024, the date used to finalize the administration based on the Segura Declaration, except for good cause shown.

5. The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, including, but not limited to Lead

Counsel and the Court-appointed Claims Administrator, JND Legal Administration ("JND"), are released and discharged from any and all claims arising out of such involvement, and all Class Members are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order.

6. The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY 90 DAYS AFTER ISSUE DATE." Class Counsel and JND are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time.

7. Pursuant to the Plan of Allocation, if any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after JND has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund after six (6) months from the initial distribution (whether by reason of tax refunds uncashed checks or otherwise), after deducting JND's unpaid fees and expenses incurred in connection with administering the Settlement, including JND's estimated costs of the Second Distribution, and after deducting the payment of any estimated taxes, the costs of preparing appropriate taxes and any escrow fees, Lead Counsel, in connection with JND, shall, if feasible and cost-effective make a second distribution to claimants who cashed their checks from the initial distribution (other than Claims Paid in Full) and who would receive at least $10.00. Additional re-distributions may occur thereafter in six (6) month intervals until Class Counsel, in consultation with JND, determines that further re-distribution is not cost-effective. Any remainder donated to shall be donated to the Investor Protection Trust, 750 First Street NE, Suite 990, Washington, DC, 20002 without further order of the Court.

3

8. JND's fees and expenses, as reflected in the invoices attached as Exhibit G to the Segura Declaration, along with incurred monthly fees and expenses during the interim period between submission of this declaration and entry of a Distribution order, as outlined in paragraph 46 of the Segura Declaration, are approved for payment from the Settlement Fund.

9. This Court retains jurisdiction over any further application or matter which may arise in connection with this action.

IT IS SO ORDERED.

Dated: _____          _____
                                      THE HONORABLE ALETA A. TRAUGER
                                      UNITED STATES DISTRICT JUDGE

4