# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| TIMOTHY BOND, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 3:21-cv-00096 Judge Trauger |
| CLOVER HEALTH INVESTMENTS CORP. CHAMATH PALIHAPITIYA, VIVEK GARIPALLI, AND ANDREW TOY, | ) ) ) ) | LEAD CASE |
| Defendants. | ) ) | |

**CONSOLIDATED WITH:**

| | | |
|---|---|---|
| MATTHEW YAIV, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 3:21-cv-00109 Judge Trauger |
| CLOVER HEALTH INVESTMENTS CORP. CHAMATH PALIHAPITIYA, VIVEK GARIPALLI, AND ANDREW TOY, | ) ) ) ) | Member Case |
| Defendants. | ) ) | |

AND

JEAN-NICHOLAS TREMBLAY, Individually )
and On Behalf of All Others Similarly Situated, )
                                               )
        Plaintiff,                             )
                                               )
v.                                             )    Civil No.  3:21-cv-00096
                                               )    Judge Trauger
CLOVER HEALTH INVESTMENTS CORP.                )
f/k/a SOCIAL CAPITAL HEDOSOPHIA                )    Member Case
HOLDINGS CORP. III, VIVEK GARIPALLI,           )
ANDREW TOY, CHAMATH PALIHAPITIYA,              )
STEVEN TRIEU, IAN OSBORNE,                      )
JACQUELINE D. RESES AND JAMES RYANS,           )
                                               )
        Defendants.                            )

## ORDER

In connection with the Unopposed Motion for Distribution of Class Action Settlement Funds (Doc. No. 149), the court is called upon to rule on a claim dispute raised by claimant Belay and presented in the papers filed. (Doc. No. 151 at 40-72).   Mr. Belay maintains that his purchases of Clover Health options come within the broad definition of "securities" and that, therefore, his claim should be honored.

The Notice establishing the parameters for proper claims in this case specifically states: "Option contracts are not securities eligible to participate in the settlement." (Doc. No. 142-1 at 113). Clover Common Stock and Warrants are covered in the settlement, but clearly option contracts are not.

For these reasons, claimant Belay's claim was properly denied by the Claims Administrator (Doc. No. 151 at 68), and the claimant's request that the court reverse this determination is DENIED.

The Claims Administrator shall assure that claimant Belay receives a copy of this Order.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
U.S. District Judge